UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

     *Plaintiff*,

v.

                                 Case No.:

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG., INC., GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A.B.,

     *Defendants.*

## JOINT NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendants, Joel M. Greenberg, Andrew W. Greenberg, Susan Greenberg, Abby Greenberg, AWG, Inc., Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., Greenberg Dental Specialty Group, LLC, and A.B. ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446 and Rule 1.06 of the Local Rules for the Middle District of Florida, hereby remove this action from the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division and, in support therefor, state:

## BACKGROUND

On April 7, 2023, Plaintiff, Christopher Dorworth filed an initial Complaint[1] against Defendants in the Eighteenth Judicial Circuit in Seminole County, Florida, Case No. 2023-cv-002601 (the "State Court Action"). Plaintiff's Complaint alleges that, in the wake of the well-publicized investigation, indictment, and conviction of former Seminole County Tax Collector Joel Greenberg ("Joel"), Joel falsely implicated Plaintiff, a former State Representative and lobbyist, as having participated in Joel's crimes—allegedly costing Plaintiff his job and reputation. Plaintiff further claims that Joel did not operate alone, but as part of the "Greenberg Racketeering Enterprise."

According to Plaintiff, this enterprise included Joel's parents—Andrew and Susan—Joel's ex-wife—Abby—and four business entities associated with Joel's parents—AWG, Inc., Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC. Compl. ¶¶ 10–17. In short, Plaintiff alleges that Joel's parents, their business entities, and his ex-wife participated in a racketeering scheme that caused him harm. Plaintiff also alleges that A.B., a minor for relevant time periods in this matter, conspired with Joel's family and defamed him.

---

[1] At this stage of the proceeding, Defendants merely recite the allegations in Plaintiff's Complaint, and in no way concede their accuracy or legal sufficiency.

Plaintiff's Complaint alleges five federal RICO counts (Counts 1–5) against various combinations of Defendants.[2] As this Court knows, RICO stands for Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. §§ 1961–68. Against various combinations of Defendants, Plaintiff also alleges Florida common-law claims for defamation, aiding and abetting defamation, civil conspiracy, and declaratory relief (Counts 6–9). The current docket and filings in the State Court Action are attached to this Notice as **Exhibits 1 through 3**. Defendants now timely invoke this Court's federal question and supplemental jurisdiction over this action.

**BASIS FOR JURISDICTION**

This Court has subject-matter jurisdiction over all of Plaintiff's RICO claims because they arise under the laws of the United States. In turn, this Court has supplemental jurisdiction over Plaintiff's state-law claims because they form part of the same case or controversy as Plaintiff's federal claims. Finally, removal is procedurally proper.

I.   **This Court has federal question jurisdiction over Plaintiff's federal RICO claims, this Court is a proper venue, and Defendants are entitled to removal.**

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In turn, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Because

---

[2] Although Plaintiff does not appear to allege that Defendant "A.B." is part of the "Greenberg Racketeering Enterprise," he does allege a claim for RICO conspiracy against A.B.

this Court has original jurisdiction over Plaintiff's RICO claims, they are subject to removal. *See Ou v. Click Labs, Inc.,* No. 8:22-CV-1341-WFJ-SPF, 2023 WL 2499151, at *7 (M.D. Fla. Mar. 14, 2023) ("[T]his Court's jurisdiction derives from original federal question jurisdiction, 28 U.S.C. § 1331, based on federal RICO claims.").

The State Court Action is currently pending in the jurisdictional area covered by the Orlando Division of the United States District Court for the Middle District of Florida. Thus, this Court is a proper venue as well.  And this action may be removed to this Court pursuant to 28 U.S.C. §1441(a); M.D. Fla. Local Rule 1.06(a).

## II.    This Court has supplemental jurisdiction over Plaintiff's Florida-law claims.

Provided a district court has original jurisdiction, it shall also "have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The constitutional 'case or controversy' standard confers supplemental jurisdiction over all state claims which arise out of a common nucleus of operative fact with a substantial federal claim." *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). Here, Plaintiff's state-law claims arise out of a common nucleus of operative fact. Indeed, each of Plaintiff's state-law claims "incorporates herein all Allegations Common to All Counts"—including Plaintiff's federal counts. *See* Compl. ¶¶ 881, 893, 900, & 910. Moreover, the civil conspiracy claim (Count 8) is expressly based, at least in part, on the underlying activity asserted in the RICO claims. *See id.* ¶ 906

("Defendants' activity also violates the RICO statute, as set forth above."). This Court therefore has supplemental jurisdiction over Plaintiff's state-law claims.[3]

### III.   Procedural requirements for removal are satisfied.

<u>Removal is timely</u>.  A defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). That said, the removal clock never starts *before* service of process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). Here, all Defendants were served or accepted service less than thirty days before this notice of removal. *See Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009) ("[T]he removal period for a defendant does not begin to run until that defendant is properly served or until that defendant waives service."); *see also* 28 U.S.C. § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

Andrew Greenberg, Susan Greenberg, and AWG, Inc. accepted service on April 18, 2023. Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC accepted service on

---

[3] Even if this Court did not have supplemental jurisdiction over Plaintiff's state-law claims, the entire action is still removable pursuant to 28 U.S.C. § 1441(c).  *See id.* ("If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States . . . , and (B) a claim not within the original or supplemental jurisdiction of the district court . . . , the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).").

April 21, 2023. Abby Greenberg accepted service on April 19, 2023. Joel M. Greenberg accepted service on April 21, 2023. And A.B. accepted service on May 9, 2023, with an effective date of May 2, 2023. Thus, as to the latest served defendant, no more than eight (8) days have run since service. Removal is, thus, timely for each Defendant, and particularly well within the latest deadline for removal applicable to Defendant A.B. *See* 28 U.S.C. § 1446(b)(2)(B) (providing that each defendant shall have 30 days to file a notice of removal).

All Defendants consent to removal.  This is a joint notice, brought by all Defendants, as reflected by the signatures for all defense counsel below. *See Nathe v. Pottenberg*, 931 F. Supp. 822, 825 (M.D. Fla. 1995) ("To effect removal, each defendant must join in the removal by signing the notice of removal or by explicitly stating for itself its consent on the record, either orally or in writing, within the 30-day period prescribed in 28 U.S.C. § 1446(b).").

Notice to Plaintiff and the state court is being promptly provided.  As required by 28 U.S.C. § 1446(d), Defendants are, promptly after filing this Notice of Removal, filing a copy of the Notice of Removal with the Clerk of the Circuit Court of the Eighteenth Judicial Circuit in Seminole County, Florida, and serving a copy of the same upon counsel for Plaintiff.

The complete record of State Court Action is filed herewith.  As required by 28 U.S.C. § 1446(a) and Middle District of Florida Local Rule 1.06(b), true and correct copies of all process, pleadings, orders, and other papers docketed in the state court action are being filed with this Notice of Removal as **Exhibits 1 through 3.**

The filing fee has been paid.  With this Notice of Removal, the appropriate filing fee has been paid to the Clerk of this Court to remove this action.

This notice is signed pursuant to Rule 11.  As required by 28 U.S.C. § 1446(a), this notice of removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**IV.   Defendants reserve all defenses to Plaintiff's claims.**

By removing this action from the Circuit Court of the Eighteen Judicial Circuit in Seminole County, Defendants do not admit any allegations in Plaintiff's Complaint or waive any defenses available to them.

Pursuant to Rule 81(c), Federal Rules of Civil Procedure, Defendants will file their respective responses to Plaintiff's Complaint within the longest applicable period.

CONCLUSION

For all of these reasons, this Court has subject-matter jurisdiction over this action, and Defendants hereby give notice of their removal of the above-styled State Court Action from the Circuit Court of the Eighteenth Judicial Circuit in Seminole County, Florida, to this Court.

WHEREFORE, this action should proceed in the United States District Court for the Middle District of Florida, Orlando Division, as an action properly removed thereto.

Respectfully submitted this 10th day of May, 2023,

/s/ Frederick S. Wermuth                     /s/ Michael J. Furbush
Frederick S. Wermuth                          Michael J. Furbush
Florida Bar No. 0184111                       Florida Bar No. 70009

Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL,
ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com (Primary)
dmauser@kbzwlaw.com (Primary)
qritter@kbzwlaw.com (Primary)
mhill@kbzwlaw.com (Secondary)
courtfilings@kbzwlaw.com (Secondary)

*Attorneys for Defendants Andrew Greenberg,*
*Susan Greenberg, and AWG., Inc.*

Michaela N. Kirn
Florida Bar No. 1018863
Allison P. Barkett
Florida Bar No. 1025306
DEAN, MEAD, EGERTON,
BLOODWORTH, CAPOUANO &
BOZARTH, P.A.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801
Tel: 407-841-1200
Fax: 407-423-1831
mfurbush@deanmead.com (Primary)
mkirn@deanmead.com (Primary)
abarkett@deanmead.com (Primary)
mgodek@deanmead.com (Secondary)
smarshall@deanmead.com (Secondary)

*Attorneys for Defendants Greenberg Dental*
*Associates, LLC, Greenberg Dental &*
*Orthodontics, P.A., and Greenberg Dental*
*Specialty Group, LLC*

/s/ Jason A. Perkins
Jason A. Perkins, Esq.
Florida Bar No. 0610852
Chelsey J. Clements, Esq.
Florida Bar No. 112414
Jason F. Bullinger, Esq.
Florida Bar No. 1002286
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Phone: (407) 849-0300
Fax: (407) 648-9099
jperkins@carltonfields.com (primary)
cclements@carltonfields.com (primary)
jbullinger@carltonfields.com (primary)
mbryan@carltonfields.com (secondary)
dcarlucci@carltonfields.com
(secondary)

*Attorney for Defendant, Abby Greenberg*

/s/ Jesse I. Unruh
Jesse I. Unruh, Esq.
Florida Bar No. 93121
Spire Law, PLLC
2572 W State Rd 426 Suite 2088
Oviedo, Florida 32765
Phone: (407) 494-0135
jesse@spirelawfirm.com (primary)
marcela@spirelawfirm.com (secondary)
filings@spirelawfirm.com (secondary)

*Attorney for A.B.*

/s/ Fritz Scheller
Fritz Scheller
Florida Bar No.: 0183113
Fritz Scheller, P.L.
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
Phone: (407) 792-1285
Fax: (407) 649-1657
fscheller@flusalaw.com (Primary)
arenehan@flusalaw.com (Secondary)

*Attorney for Defendant Joel M. Greenberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2023 I electronically filed the foregoing

with the Clerk of the Court by using the CM/ECF system, which will send a notice of

electronic filing to all counsel of record.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111