UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH, <br><br> *Plaintiff*, <br><br> v. <br><br> JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG., INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B., <br><br> *Defendants*. | Case No.: 6:23-cv-871-JA-DCI |

**UNOPPOSED JOINT MOTION FOR EXTENSION OF
TIME TO RESPOND TO VERIFIED COMPLAINT**

Defendants hereby jointly move to extend the deadline for all Defendants to respond to Plaintiff's Verified Complaint up to and including June 19, 2023—the deadline by which Defendants were originally permitted to file their responses in state court. Plaintiff does not oppose this motion. In support of this unopposed request, Defendants state:

1. This case was originally filed in state court on April 7, 2023. (Doc. 1-1).

2. While this case was still pending in state court, all Defendants waived service of process with an effective date ranging between April 18 and May 2, 2023. (*See* Doc. 1-3 at 26–35). In exchange for the Defendants waiving service, Defendants

each received 60 days to file their responses to the Verified Complaint, which resulted in an agreed response deadline of on or about June 19, 2023 for all Defendants. *See* Fla. R. Civ. P. 1.070(i)(4).

3. This case was removed to this court on May 10, 2023. (Doc. 1).

4. Pursuant to Rule 81, Federal Rules of Civil Procedure, the deadline for all Defendants—except for Defendant A.B.—to file their responses to the Verified Complaint is Wednesday, May 17, 2023. *See* Fed. R. Civ. P. 81(c)(2)(C) (providing that a defendant who did not answer before removal must file a response to the complaint on or before "7 days after the notice of removal is filed"). Defendant A.B. was the last defendant to waive service in this case, effective May 2, 2023, which resulted in a response deadline of May 23, 2023—21 days later. *See* Fed. R. Civ. P. 81(c)(2)(A) (providing that a defendant who did not answer before removal must file a response to the complaint 21 days after receiving a copy of the initial pleading).

5. By this motion, Defendants seek to reestablish their original June 19, 2023 deadline based upon their acceptance of the Verified Complaint and waivers of service while the case was pending in state court.

6. The Court has not entered a Case Management and Scheduling Order and consequently there are no deadlines set in this case that will be affected by the proposed extension sought in this motion.

7. Defendants bring the instant motion in good faith and not for the purpose of delay. The requested extension has been filed before Defendants' deadline to file their responses to the Verified Complaint.

8. Defendants seek the requested relief because Defendants require additional time to review, analyze, and investigate the voluminous allegations of the Verified Complaint and prepare their responses. The parties further recognize the efficiencies gained by coordinating the deadlines among all Defendants.

## INCORPORATED MEMORANDUM OF LAW

This Court, for good cause shown, may extend the time prescribed by the Federal Rules of Civil Procedure for the doing of any act required or allowed by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 6(b)(1); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 897 n.5 (1990). A request for an extension of time should generally be granted when a party demonstrates a reasonable basis for the request. *See, e.g.*, *Lewis v. Charlotte Corr. Inst. Emps.*, 589 F. App'x 950, 951 (11th Cir. 2014) (unpublished); *Jozwiak v. Stryker Corp.*, No. 6:09-cv-1985, 2010 WL 743834, at *2–*3 (M.D. Fla. Feb. 26, 2010). This Court has typically "always been receptive to motions for enlargement of time before deadlines pass based on the good cause standard . . . ." *Landis v. Direct Wireless Enters., Inc.*, No. 6:08-cv- 1603, 2009 WL 2605074, at *5 n.7 (M.D. Fla. June 10, 2009). Here, extra time is warranted for at least three reasons.

*First*, this case's complexity provides good cause to extend the deadline to respond. RICO cases can be extraordinarily complex. *See Sun Sav. & Loan Ass'n v. Dierdorff*, 825 F.2d 187, 196–97 (9th Cir. 1987) (Burns, J., concurring) ("RICO is for me (and many, if not most, of my district court colleagues) an agonizingly difficult and confusing area of the law."). And this case is no exception: Plaintiff's Verified

3

Complaint is over 100 pages long, contains 918 individual paragraphs, and alleges at least 22 federal crimes underpinning Plaintiff's RICO claims alone. (Doc. 1-1 ¶¶ 736, 770–71, 778–79, 800). To review and investigate all of the issues presented by Plaintiff's Verified Complaint, Defendants will require an extension of time.

*Second*, an extension will harmonize Defendants' (and consequently Plaintiff's) otherwise disparate briefing deadlines and allow this Court to resolve the issues before it in an orderly fashion.

*Third*, Defendants voluntarily accepted or waived service on or between April 18, 2023 and May 2, 2023, (*see* Doc. 1-3 at 26–35), which afforded them 60-days to respond to the Verified Complaint while this matter was pending in state court. (*See* Fla. R. Civ. P. 1.070(i)(4)). Defendants now request that the Court reinstate their original deadline by adopting the shortest 60-day period for all defendants—June 19, 2023—as opposed to the longer period applicable to Defendant A.B. Indeed, this deadline would be the same deadline had the parties waived service under Rule 12(a)(1)(A)(ii), Federal Rules of Civil Procedure, if the case had been initially filed in federal court.

For the foregoing reasons, Defendants respectfully request that this Court harmonize Defendants' deadline to respond to Plaintiff's Verified Complaint to June 19, 2023.

WHEREFORE, Defendants respectfully request that this Court enter an order granting this motion and extending the deadline for all Defendants to respond to the Verified Complaint until June 19, 2023.

## **LOCAL RULE 3.01(g) CERTIFICATION**

Undersigned counsel Frederick Wermuth—for all Defendants' counsel—conferred with counsel for Plaintiff on the instant motion via email on May 15, 2023 and is authorized to represent that Plaintiff does not oppose the relief sought in this motion.

Respectfully submitted this 16th day of May, 2023,

/s/ Frederick S. Wermuth
Frederick S. Wermuth
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL,
ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com (Primary)
dmauser@kbzwlaw.com (Primary)
qritter@kbzwlaw.com (Primary)
mhill@kbzwlaw.com (Secondary)
courtfilings@kbzwlaw.com (Secondary)

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG., Inc.*

/s/ Michael J. Furbush
Michael J. Furbush
Florida Bar No. 70009
Michaela N. Kirn
Florida Bar No. 1018863
Allison P. Barkett
Florida Bar No. 1025306
DEAN, MEAD, EGERTON,
BLOODWORTH, CAPOUANO &
BOZARTH, P.A.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801
Tel: 407-841-1200
Fax: 407-423-1831
mfurbush@deanmead.com (Primary)
mkirn@deanmead.com (Primary)
abarkett@deanmead.com (Primary)
mgodek@deanmead.com (Secondary)
smarshall@deanmead.com (Secondary)

*Attorneys for Defendants Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC*

/s/ Jason A. Perkins
Jason A. Perkins, Esq.
Florida Bar No. 0610852
Chelsey J. Clements, Esq.

/s/ Jesse I. Unruh
Jesse I. Unruh, Esq.
Florida Bar No. 93121
Spire Law, PLLC

Florida Bar No. 112414  
Jason F. Bullinger, Esq.  
Florida Bar No. 1002286  
CARLTON FIELDS, P.A.  
200 S. Orange Avenue, Suite 1000  
Orlando, Florida 32801  
Phone: (407) 849-0300  
Fax: (407) 648-9099  
jperkins@carltonfields.com (primary)  
cclements@carltonfields.com (primary)  
jbullinger@carltonfields.com (primary)  
mbryan@carltonfields.com (secondary)  
dcarlucci@carltonfields.com (secondary)  

*Attorney for Defendant, Abby Greenberg*

/s/ Fritz Scheller  
Fritz Scheller  
Florida Bar No.: 0183113  
Fritz Scheller, P.L.  
200 E. Robinson St., Suite 1150  
Orlando, Florida 32801  
Phone: (407) 792-1285  
Fax: (407) 649-1657  
fscheller@flusalaw.com (Primary)  
arenehan@flusalaw.com (Secondary)  

*Attorney for Defendant Joel M. Greenberg*

2572 W State Rd 426 Suite 2088  
Oviedo, Florida 32765  
Phone: (407) 494-0135  
jesse@spirelawfirm.com (primary)  
marcela@spirelawfirm.com (secondary)  
filings@spirelawfirm.com (secondary)  

*Attorney for A.B.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 16, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

                                              */s/ Frederick S. Wermuth*  
                                              Frederick S. Wermuth  
                                              Florida Bar No. 0184111