# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

      Plaintiff,

v.                                                                    Case No.:  6:23-cv-00871-CEM-DCI

JOEL MICAH GREENBERG,
ANDREW W. GREEBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, AND
A.B.,

      Defendants.

---

## DEFENDANT, ABBY GREENBERG'S, RULE 12(F)  MOTION TO STRIKE; RULE 12(F) AND LOCAL RULE 1.11 MOTION TO SEAL; AND RULE 12(B) MOTION TO DISMISS

The Defendant, Abby Greenberg, hereby moves the Court: (1) to strike pursuant to Rule 12(f) immaterial, impertinent, and scandalous matters from the Verified Complaint; (2) to seal pursuant to Rule 12(f) and Local Rule 1.11 immaterial, impertinent, and scandalous matters from the Verified Complaint; and (3) to dismiss pursuant to Rule 12(b) Counts One; Two; Four; Five; Seven; and Eight as pled against Abby Greenberg, for failure to state a claim.

## I.  RULE 12(f) MOTION TO STRIKE AND MOTION TO SEAL

Abby Greenberg first moves the Court to strike paragraphs 353; 634; 635; 645; 648; and 789 from the Verified Complaint as immaterial, impertinent, and scandalous pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and to seal paragraphs 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789 on the same grounds pursuant to Rule 12(f) of the Federal Rules of Civil Procedure and Local Rule 1.11.  Those allegations regarding Abby Greenberg's alleged open marriage with ex-husband Joel Greenberg; sexual promiscuity; and cuckolding do not remotely support any factual element of any claim sought to be asserted against Abby Greenberg or any other party.  On their face, they are scandalous and have no place being included in the record of this case.  They also detract from the dignity of the Court offering only to malign and embarrass Abby Greenberg.

### A.  INTRODUCTION

This action involves claims for civil violations of the Racketeer Influenced and Corrupt Organizations Act (hereinafter, "RICO"); defamation; and civil conspiracy. Dorworth alleges that he was threatened and extorted by Defendants to pursue a preemptive pardon from President Trump for Joel Greenberg's criminal activities and/or the termination or reassignment of the Assistant United States Attorney (hereinafter, "AUSA") investigating Joel Greenberg.  *See* Complaint at ¶ 3.  Dorworth further alleges that upon refusing to partake in a preemptive pardon and/or the

termination or reassignment of the AUSA, Defendants colluded to falsely accuse him of involvement in, among other things, child sex trafficking and an illegal ghost political candidate scheme.  *See id.* at ¶ 4.  As a result, Dorworth alleges that he lost his job, reputation, and more.  *See id.*

The allegations of fact against Abby Greenberg that are the subject of this motion to strike and seal, even assuming that they are true for purposes of this motion, do not actually support any of the elements of the various claims asserted against her in this case, namely alleged violations of Federal Civil RICO, 18 U.S.C. § 1962(a) for Acquiring/Maintaining Control in an Enterprise (Count I); alleged violations of Federal Civil RICO, 18 U.S.C. § 1962(b) for Acquiring/Maintaining Control in the Seminole County Tax Collector's Office (Count II);  alleged violations of Federal Civil RICO, 18 U.S.C. § 1962(c) for Substantive RICO violations (Count IV);  Federal Civil RICO, 18 U.S.C. § 1962(d), Conspiracy (Count V); Aiding and Abetting Defamation (Count VII); and Civil Conspiracy (Count VIII).

The Verified Complaint is one hundred and fifteen pages long and contains nine hundred and eighteen paragraphs of allegations.  Of significance here, the primary allegation lodged against Abby Greenberg is that she was the source of false information that Dorworth paid $25,000 to Ben Paris to run for the Seminole County Board of County Commissioners.  *See* Complaint at ¶¶ 651, 663, 666, and 668.

In the course of the meet and confer process regarding this Motion, Plaintiff voluntarily withdrew, without prejudice, many of the grossly disgraceful, repugnant and scandalous but immaterial allegations; namely paragraphs 354, 355, 622, 628, 629, 630, 632, 633, 641, 642, 643, and 644, in full, and all of Paragraph 649 prior to "Abby Greenberg." (Doc. No. 36).  Abby Greenberg will not quote or paraphrase any of those paragraphs because to do so will only exacerbate the problem, and their immateriality and repugnancy are evident on their face.

Unfortunately, Plaintiff has not agreed to withdraw paragraphs 353, 634, 635, 645, 648, and 789 from the Verified Complaint even though those paragraphs are replete with allegations that have no value in developing the issues of the case and are not remotely relevant to the issues in the case.  Those problematic allegations are indefensible, wholly inappropriate, have no place in the Court's filings, and should be stricken by the Court as immaterial, impertinent, and scandalous.  Again, Abby Greenberg will not quote or paraphrase any of those paragraphs because to do so will only exacerbate the problem.

B. <u>STANDARD OF REVIEW OF RULE 12(F) MOTIONS</u>

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike.  In pertinent part, that rule provides: "[t]he court may strike from a pleading . . . any . . . immaterial, impertinent, or scandalous matter."  "An allegation is immaterial if it has no value in developing the issues of the case." *Blake v. Batmasian*, 318 F.R.D. 698, 700

n.2 (S.D. Fla. 2017) (internal citations omitted). "An allegation is impertinent if it is irrelevant to the issues and which are not properly in issue between the parties." *Id.* at n.3 (internal citations omitted). "A matter is scandalous if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense." *Id.* at n.4 (citing Black's Law Dictionary). More specifically, "[t]he word 'scandalous' in Rule 12(f) 'generally refers to any allegation that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court.'" *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003) (striking allegations of racism that were "unsupported by facts . . . constitute a form of harassment, and are scandalous").

A district court has "considerable discretion" in striking immaterial, impertinent, and scandalous matter. *See Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613, 618 (1st Cir. 1988). To be sure, "[b]ecause the rule is stated in the permissive . . . it has always been understood that the district court enjoys 'liberal discretion' thereunder." *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000).

As explained below, under the liberal discretion afforded by Rule 12(f), the Court here should strike Dorworth's allegations about Abby Greenberg's purported open marriage with ex-husband Joel Greenberg; sexual promiscuity; and cuckolding as immaterial, impertinent, and scandalous. *See Atraqchi v. Williams*, 220 F.R.D. 1, 3 (D.D.C. 2004) (striking "wildly immaterial, delusional, and quite possibly pathological allegations" made by plaintiffs about a "world-wide religious inquisition,

4

illegal wiretapping by the U.S. Government and others to 'homosexualize them and convert them to this cult,' and conspiracy against them by Black people").

Furthermore, pursuant to Rule 12(f) and Local Rule 1.11, the Court should seal the following paragraphs in the Verified Complaint: 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789.  *See Kamakana v. City and County of Honolulu*, 447 F. 3d 1172, 1179 (9th Cir. 2006) ("In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets") (citing *Nixon v. Warner Communications, Inc.* 435 U.S. 589, 598 (1978)).[1]

C. MOTON TO STRIKE PARAGRAPHS 353, 634, 635, 645, 648, AND 789

Of course, Dorworth may make factual assertions in support of the claims set forth in his Verified Complaint. But he should do so in a measured and professional

---

[1] In the course of the meet and confer process, Plaintiff indicated that he would not oppose or otherwise object to efforts to seal the entire docket associated with this case. As result, Defendant, Abby Greenberg, is exploring with the parties the possibility of filing a separate motion with the Court seeking a broader sealing of the court record under Rule 1.11 of the Local Rules of the Middle District of Florida.  At this point in time, it is unclear whether the other parties to the action will agree to such relief and Abby Greenberg is in the process of meeting and conferring with the other parties to satisfy the requirements of the Local Rules of the Court.  In the meantime, through this Motion, Abby Greenberg asks the Court to seal paragraphs 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789 from the Verified Complaint on the ground that the allegations in those paragraphs are highly objectionable and scandalous.

manner with the respect due to the Court and according to law and recognized standards of ethics.  The pleading at issue here extends well beyond the bounds of zealous advocacy and is abusive, disrespectful, and harassing.  In these circumstances, the Court should strike paragraphs 353, 634, 635, 645, 648, and 789 from the Verified Complaint.

The decisions in *Collura v. City of Philadelphia*, 590 F. App'x. 180 (3d Cir. 2014); *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654 (7th Cir. 1992); and *Alvarado-Morales v. Digital Equip. Corp.*, 843 F.2d 613 (1st Cir. 1988) are instructive on this point.

In *Collura*, the plaintiff's initial complaint referred to certain defendants as "creeps," "scumbags," and "slop."  *See Collura*, 590 F. App'x. 180, 185 n.7.  As a result, the district court dismissed the initial complaint, without prejudice.  On appeal, the Third Circuit affirmed the district court's holding citing Rule 12(f).  In that connection, the appellate court wrote: "We agree with the District Court that [Plaintiff's] initial complaint, replete with abusive language and ad hominem attacks, was 'outrageous and wholly inappropriate.'  The District Court did not abuse its discretion in dismissing the initial complaint without prejudice on this basis."  *See id.* at 185.

In *Talbot*, the plaintiffs' third amended complaint contained allegations implying that defendants intentionally caused a salmonella outbreak at a dairy farm or that defendants allowed the outbreak to continue in order to consummate a fraudulent scheme against plaintiffs in order to deprive them of their jobs.  *See Talbot*,

961 F.2d at 654, 664-65.  Upon reviewing the pleading, the district court struck the allegations as scandalous under Rule 12(f).  *See id.* On appeal, the Seventh Circuit affirmed the district court's decision holding: "The district court did not abuse its discretion in striking the paragraphs as scandalous."  *Id.* at 665.

In *Alvarado-Morales*, plaintiff-employees sued for physical and emotional damages arising from a resignation plan.  *See generally Alvarado-Morales*, 843 F. 2d at 613, 615.  In their complaint, plaintiffs used terms such as "concentration camp", "brainwash", "torture" and similes such as "Chinese communists in Korea," as renderings of their experiences.  *See id.* at 618.  The district court struck those allegations as scandalous.  On appeal, the First Circuit affirmed the district court's determination holding: "No matter the origin of these repugnant words replete with tragic historical connotations, they are superfluous descriptions and not substantive elements of the cause of action.  As such, they have no place in pleadings . . ." *Id.*

As in *Collura*, *Talbot*, and *Alvarado-Morales*, Dorworth's pleading here contains outrageous allegations including ad hominem attacks on Abby Greenberg that are wholly inappropriate and unnecessary.  Moreover, as in *Collura*, *Talbot*, and *Alvarado-Morales*, Dorworth's allegations here are superfluous and not related to any substantive elements of any cause of action.  Accordingly, following the holdings in *Collura*, *Talbot*, and *Alvarado-Morales*, the Court should exercise its discretion under Rule 12(f), and strike paragraphs 353, 634, 635, 645, 648, and 789 from the Verified Complaint.

Although the problematic language adds nothing to the substance of Dorworth's Verified Complaint, the language is highly prejudicial to Abby Greenberg, who is a real estate agent in the community and depends upon consumer goodwill. *See Bureerong v. Uvawas*, 922 F. Supp. 1450, 1479 (C.D. Cal. 1996) (striking term "Slave Sweatshop" from complaint because it "add[ed] nothing to the substance of Plaintiffs' First Amended Complaint" and was "highly prejudicial to Defendants, some of whom are retailers who depend upon consumer goodwill"); *Sadler v. Benson Motors Corp.*, 1997 WL 266735, *1 (E.D. La. May 15, 1997) (striking term "Ku Klux Klan" from race discrimination complaint because term added nothing to substantive allegations of complaint and was highly prejudicial to defendant retailer who depends upon consumer goodwill); *Wiggins v. Philip Morris, Inc.*, 853 F. Supp. 457, 457-58 (D.D.C. 1994) (striking allegations regarding drug use of plaintiff's former supervisor, who was not a party, in employment discrimination lawsuit based on race where allegations were irrelevant to case and prejudicial to defendants); *Hughes v. Kaiser Jeep Corp.*, 40 F.R.D. 89, 93 (D.S.C. 1966) (striking words "death trap" from complaint against auto manufacturer for death resulting from purportedly defective vehicle on ground that words were "unnecessary, argumentative, and prejudicial").

Abby Greenberg is also the mother of young children in a relatively small community where scandalous allegations can run rampant causing harm to her young children. Such sexual accusations could cause great damage to Abby Greenberg and

her children and Dorworth can plead his causes of actions without such outrageous, repugnant, and prejudicial language. *See Jacobsen-Wayne v. Calvin C.M. Kam, M.D., Inc.*, 198 F.3d 254 (9th Cir. 1999) (striking words "rape" and "date rape" from legal briefing because they were unrelated to claims and "[s]uch sexual accusations are subject to being quoted out of context in a way that could cause great damage to the person of whom they are said").

Further, the allegations could poison the pool of potential jurors that may ultimately decide the case all to the prejudice of Defendant, Abby Greenberg. For all of these reasons, Defendant, Abby Greenberg's, Motion to Strike paragraphs 353, 634, 635, 645, 648, and 789 should be granted.

D. <u>MOTON TO SEAL PARAGRAPHS 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789</u>

In addition to striking paragraphs 353, 634, 635, 645, 648, and 789 (all of which have yet to be withdrawn by the Plaintiff), the Court should also seal paragraphs 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789 of the Verified Complaint (Doc. 1) pursuant to Rule 12(f) and Local Rule 1.11.

The allegations in those paragraphs regarding Abby Greenberg are highly objectionable and threaten the integrity of the Court; therefore, it is necessary to both strike those paragraphs from the Verified Complaint (to the extent that they have not already been withdrawn by Plaintiff) as well as seal those allegations from the public records in the Verified Complaint. *See* Wright & Miller, Federal Practice and

Procedure: Civil § 1381 (2023) ("If it is highly objectionable, particularly when it is scurrilous or impugns the integrity of the court, the courts have been willing, in appropriate circumstances, to strike it from the record of the case as well as eliminate it from the pleadings"); *Skolnick v. Hallett*, 350 F. 2d 861 (7th Cir. 1965) (striking from record complaint against state court judge and an attorney alleging that the defendants conducted a "kangaroo court" and alleging that the defendants intimidated and slandered the plaintiff, and containing scurrilous, offensive, and objectionable allegations); *Alward v. Burrelle's Info. Srvs.*, 2001 WL 1708779, *10 (D. Ariz. Dec. 5, 2001) ("because Plaintiffs have again filed the same proposed Second Amended Complaint containing the same scandalous and defamatory material, the Court will grant Defendants' Motion to Strike and Seal Plaintiffs' Second Amended Complaint"); *Mahurin v. Moss*, 313 F. Supp. 1263, 1264 (E.D. Mo. 1970) ("the allegations are scurrilous, scandalous and unsupported by factual allegations; they are immaterial and unrelated to plaintiff's cause of action . . . and totally devoid of credulity, and, therefore, will be stricken from the record"); *Hohensee v. Watson*, 188 F. Supp. 941, 942 (M.D. Pa. 1959) (accord).

The Court has the authority to effectuate this seal pursuant to Rule 12(f) of the Federal Rules of Civil Procedure given the highly objectionable content and scandalous allegations contained in those paragraphs. *See, e.g., Hallett*, 350 F. 2d at 861. Abby Greenberg requests that the seal remain in place for the duration of the case

and survive the termination of the case whether by dismissal, judgment, settlement, or otherwise.  Further, consistent with Local Rule 1.11, Abby Greenberg designates her counsel of record as a person authorized to retrieve the sealed, tangible version of the Verified Complaint (Doc. 1) to the extent that a sealed, tangible version exists.  His contact information is Jason Perkins, Esquire; Carlton Fields, P.A.; 200 S. Orange Avenue, Suite 1000; Orlando, Florida 32801; jperkins@carltonfields.com; (407)-244-8250.

## II. MOTION TO DISMISS COUNTS ONE; TWO; FOUR; FIVE; SEVEN; AND EIGHT OF THE VERIFIED COMPLAINT

In addition to striking and sealing the problematic allegations, the Court should also dismiss Counts One; Two; Four; Five; Seven; and Eight.

### A. AS TO ALL COUNTS

As a preliminary matter, each of those Counts should be dismissed because Dorworth has engaged in "shotgun pleading" which fails to give Abby Greenberg adequate notice.  *See Holiday Haven Homeowners, Inc. v. Taranto*, No. 6:21-CV-174-CEM-EJK, at *2 (M.D. Fla. May 24, 2021)

### B. AS TO COUNTS ONE; TWO; FOUR; AND FIVE (ALLEGING FEDERAL CIVIL RICO VIOLATIONS)

Turning to another issue, Dorworth has failed to plead a civil RICO claim against Abby Greenberg.  *See Cao v. Landco H & L, Inc.* No. 120CV01180ENVRML,

2022 WL 3997746, at *2 (E.D. N.Y. Sept. 1, 2022) (nothing that civil RICO claims "are notoriously difficult to plead plausibly and . . . are rarely successfully pleaded").

In Counts I and II, Dorworth attempts to allege claims against Abby Greenberg for violations of RICO, 18 U.S.C. § 1962(a) (Count I) and 18 U.S.C. § 1962(b) (Count II). In order to accomplish this, Dorworth must allege a specific injury tied to the investment or acquisition. *See Lockheed Martin Corp. v. Boeing Co.*, 357 F. Supp. 2d 1350, 1369 (M.D. Fla. 2005) (cleaned up) (finding that a 1962(a) claim requires pleading harm specifically from "the use or investment of the racketeering income"); *Myers v. Provident Life & Accident Ins. Co.*, 564 F. Supp. 3d 1157, 1177 (M.D. Fla. 2021) (finding that a 1962(b) claim requires pleading an "acquisition injury beyond the injury allegedly incurred as a result of the predicate acts").

Dorworth fails to allege any injury tied to the purported investment or acquisition. Instead, Dorworth alleges purported injuries that stem from other alleged defamation activities unmoored from the allege investment or acquisition giving rise to an enterprise. For this reason, Counts I and II fail as a matter of law.

In Counts III and IV, Dorworth attempts to allege claims against Abby Greenberg for violations of RICO, 18 U.S.C. § 1962(c) (Count III) and 18 U.S.C. § 1962(d) (Count IV). 18 U.S.C. § 1962(c) makes it unlawful to "conduct or participate, directly or indirectly, in the conduct of [a criminal enterprise's] affairs through a pattern of racketeering activity." The elements of such a claim include: (1) conduct; (2)

of an enterprise; (3) through a pattern; (4) of racketeering activity; (5) which causes the plaintiff injury.  *See Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311 (11th Cir. 2000); *Cisneros v. Petland*, 972 F.3d 1204, 1210 (11th Cir. 2020).  A conspiracy claim asserted under 18 U.S.C. § 1962(d) merely adds the further layer of an illicit agreement. *See Jackson v. BellSouth Telecomms.*, 372 F. 3d 1250, 1269 (11th Cir. 2004) ("RICO laws can be violated when defendants 'conspire to violate any of' the substantive provisions . . .").  As set forth in more detail below, Plaintiff has not sufficiently alleged any of the necessary elements to state a RICO claim against Abby Greenberg under 18 U.S.C. § 1962(c) and (d).

> i.  *Plaintiff fails to plead Abby Greenberg directed a RICO enterprise.*

The United States Supreme Court has held that RICO requires a plaintiff to establish that the defendant had some part in directing the affairs of the enterprise. *See Reves v. Ernst & Young,* 507 U.S. 170, 179 (1993).  More specifically, a plaintiff must show that a defendant engaged in the "operation or management" of the enterprise. *Id.* at 185; *see also Williams* v. *Mohawk Indus., Inc.,* 465 F.3d 1277, 1284-85 (11th Cir. 2006) (quoting *Reves)*; *Handeen* v. *LeMaire,* 112 F.3d 1339, 1348 (8th Cir. 1997).

In the Verified Complaint, Plaintiff does not sufficiently plead that Abby Greenberg engaged in the operation or management of an enterprise or otherwise directed the affairs of an enterprise.  Instead, Plaintiff merely alleges that "[a]s a result of her compensation from the Greenberg Racketeering Enterprise, Abby Greenberg

13

defamatorily states that Dorworth paid $25,000 to Ben Paris to run for the Seminole County Board of Commissioners despite no knowledge that such action took place – because such events never took place." *See* Complaint at ¶663.  Plaintiff further alleges in a conclusory fashion that "Abby Greenberg participated in the extortion of Dorworth and making false representations when Dorworth did not follow through on Joel Greenberg's threats" and that Abby Greenberg "engaged in the obstruction of justice by seeking the firing of Assistant U.S. Attorney handling Joe Greenberg's case." *See id.* at ¶ 875.  These conclusory allegations do not plausibly tie Abby Greenberg to directing the criminal activity of the purported enterprises.  As a result they are insufficient to state a claim upon which relief may be granted.

>        ii.        *Plaintiff fails to plead the existence of a RICO enterprise.*

"A RICO enterprise exists 'where a group of persons associates, formally or informally, with the purpose of conducting illegal activity.'" *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004) (quoting *United States v. Hewes*, 729 F.2d 1302, 1311 (11th Cir. 1984)). Though the concept is simple, pleading an association-in-fact enterprise is "challenging." *Id.* (quotations omitted). Plaintiff must plead that the enterprise has "(1) a 'purpose,' (2) 'relationships among those associated with the enterprise,' and (3) 'longevity sufficient to permit these associates to pursue the enterprise's purpose.'" *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1067 (11th Cir. 2017) (quoting *Boyle v. United States*, 556 U.S. 938, 944 (2009)).

Of course, there is a longstanding relationship between Joel Michael Greenberg; Andrew W. Greenberg; Susan Greenberg, Abby Greenberg; and the corporate entities; however, Plaintiff fails to allege a legally cognizable common purpose amongst and between Defendants.  A mere generalized common purpose, like "making money," will not suffice. *Cisneros*, 972 F.3d at 1211. And, crucially, Plaintiff must "plausibly allege that the participants shared the purpose of enriching themselves through a particular *criminal* course of conduct"—not an innocent alternative. *Id.* (emphasis added). Thus, Plaintiff must allege sufficient facts to rebut possible innocent and "obvious alternative" purposes. *Id.* at 1212 (quoting *Twombly*, 550 U.S. at 567); *see also Tam v. Quick Box, LLC*, No. 20-01082, 2020 WL 7226440, at *23 (S.D. Cal. Dec. 8, 2020) (explaining that a RICO complaint must contain "specific factual allegations that enable courts to rule out the innocent explanation in favor of plaintiff's fraudulent scheme hypothesis").

Against that backdrop, Abby Greenberg turns to Plaintiff's allegations of the four interrelated criminal enterprises: (a) the Greenberg Dental Enterprise; (b) the Greenberg Campaign Enterprise; (c) the Seminole County Tax Collector's Office; and (d) the Greenberg Racketeering Enterprise.  *See* Complaint at ¶ 726.

**The Greenberg Dental Enterprise**. Plaintiff alleges that the Greenbergs acted with the purpose of operating their dental business as a "pill mill." On its face, these allegations fall short. These allegations rely solely on Joel's alleged statements. *See*

Complaint at ¶ 736 ("Joel Greenberg's statements suggest that the Greenberg Dental Enterprise has violated numerous state and federal laws . . . ."). But what might be a pill mill to one person might be a legitimate medical practice to another—which is exactly why the Supreme Court requires prosecutors to prove subjective intent when charging doctors for illicitly prescribing narcotics. *See Ruan v. United States*, 142 S. Ct. 2370, 2376 (2022).  Further, Plaintiff has failed to rebut the obvious and innocent alternative. Consider *Cisneros*, where the plaintiff failed to allege sufficient facts to show that Petland and its franchisees were operating with the common purpose to commit fraud, rather than the "obvious alternative explanation that they were simply trying to make money . . ." 972 F.3d at 1212 (quotations and citations omitted).

**The Greenberg Campaign Enterprise**. The next "enterprise," the Greenberg Campaign Enterprise, "through which the Greenberg family acted to secure Joel Greenberg's election as Tax Collector," similarly falls short. This alleged enterprise's purpose is not criminal and is susceptible to a host of "obvious alternative explanations."  *Samford Univ.*, 29 F.4th at 688, 689 (quotations omitted).  Further, contributing to political campaigns is legal and protected by the First Amendment. *See McCutcheon v. Fed. Election Comm'n*, 572 U.S. 185, 191 (2014) (explaining that the First Amendment guarantees "[t]he right to participate in democracy through political contributions").  Turning to another issue, it is difficult to reconcile the allegation that Abby Greenberg was part of a vast criminal conspiracy to help Joel obtain his position

as Seminole County Tax Collector with the allegation that Abby Greenberg cried when Joel Greenberg announced his campaign to run for Seminole County Tax Collector. *See* Complaint at ¶ 120.

**The Seminole County Tax Collector's Office**. Similarly, the alleged Seminole County Tax Collector's Office enterprise falls woefully short. While the alleged purpose appears to be committing crimes for Joel's personal gain, *see* Complaint at ¶ 766, Plaintiff "offer[s] no basis for inferring" that Abby Greenberg shared that purpose with Joel. *See Cisneros*, 972 F.3d at 1212. Plaintiff does not allege the "substance of any . . . communication" regarding criminal activity between the Abby Greenberg and Joel. *Id.* More importantly, "the complaint is wholly devoid of factual allegations suggesting [Abby Greenberg's] purposeful involvement in" Joel's allegedly criminal activities. *Id.* at 1213. For one, "the complaint contains no allegation that [Abby Greenberg] received any money in connection with the alleged scheme," or that she benefited in any way from Joel's crimes. *Id.* Indeed, after Joel was elected, Plaintiff's allegations do not suggest that the Abby Greenberg had any involvement, "or knowledge of" Joel's activities as tax collector—much less any involvement in the criminal activities for which Joel has been found guilty and sentenced, including sex trafficking of a child, identity theft, stalking, and bribery. *Id.*; *see also* Complaint ¶¶ 770–71, 778–79. In short, as to the Tax Collectors Office, Plaintiff makes no plausible

17

allegations that Abby Greenberg even knew of Joel's activities, much less engaged in those activities with a common criminal purpose.

**The Greenberg Racketeering Enterprise**. Finally, it is unclear what "purpose" Plaintiff assigns to the "Greenberg Racketeering Enterprise," aside from conclusory allegations that it engaged in crimes and made money by supporting other conspiracies. Plaintiff fails to state a claim as to the Greenberg Racketeering Enterprise as allegations that the enterprise was dedicated to making money with crime—without identifying any actual crime—falls well short of the pleading standard.

Assuming Plaintiff contends that the racketeering enterprise had the purpose of extorting him, *see* Complaint ¶ 726a, he has not plausibly alleged that Abby Greenberg joined in that purpose. The Complaint generally alleges, in connection with the Racketeering Enterprise, that "Defendant, Abby Greenberg participated in the extortion of Dorworth and making false representations when Dorworth did not follow through on Joel Greenberg's threat" and that "[s]he also engaged in the obstruction of justice by seeking the firing of Assistant U.S. Attorney handling Joe Greenberg's case", *id.* at 875, but there is no description of the purported extortion and false representations. For these reasons, Plaintiff's allegations simply do not elevate Plaintiff's claims of a vast criminal conspiracy to the level of plausibility and specificity required by the Federal Rules of Civil Procedure. Plaintiff has failed to plead the existence of a RICO enterprise.

iii.   *Plaintiff fails to allege Abby Greenberg engaged in a pattern of federal crimes.*

Even assuming Plaintiff pleaded that Abby Greenberg conducted an enterprise—which he cannot—he must also "plead that *each* defendant engaged in the conduct of the affairs of the RICO enterprise through a pattern of at least two predicate criminal acts." *Cisneros*, 972 F.3d at 1208 (emphasis added). Thus, Plaintiff must plead that Abby Greenberg engaged in "at least two acts of racketeering activity the last of which occurred within ten years . . . after the commission of a prior act of racketeering activity." *McCaleb v. A.O. Smith Corp.*, 200 F.3d 747, 750 (11th Cir. 2000) (alteration and internal quotation marks omitted). Stated another way, Plaintiff must plead "(1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Jackson*, 372 F.3d at 1264. And in so alleging, Plaintiff must make a claim that "read[s] like a mini-indictment." *Id.* (quotation omitted). That's not a turn of phrase: "[a] plaintiff must put forward enough facts with respect to each predicate act to make it independently indictable as a crime." *Cisneros*, 972 F.3d at 1215–16 (citing *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

Plaintiff does not sufficiently allege that Abby Greenberg committed at least two predicate crimes.  Indeed, the Complaint does not sufficiently allege that Abby Greenberg committed *any* federal crimes. *Id.* at 1217. True, Plaintiff identifies a host

of federal crimes that he alleges the "Greenberg Racketeering Enterprise" has engaged in, *see, e.g.*, *id.* ¶ 880; *see also id.* ¶¶ 736, 779, but Plaintiff cannot, by "blending the identities of the defendants" in this way, satisfy his pleading burden, *Cisneros*, 972 F.3d at 127. And none of these undifferentiated—and unsupported—allegations even come close to the level necessary to support an indictment against Abby Greenberg. *See United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir.2003) (explaining that an indictment "must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." (internal quotation marks omitted)). Nowhere in the Complaint does Plaintiff address the elements of any crime ascribed to Abby Greenberg.  For this reason alone, Dorworth's RICO claims against Abby Greenberg fail.

> iv.    *Plaintiff fails to allege RICO harm to him.*

Finally, loss causation is an essential element of any RICO claim.  *See Holmes v. Sec. Inv. Prot. Corp.*, 503 U.S. 258, 267 (1992).  Plaintiff pleads only that the Greenberg Racketeering Enterprise extorted and defamed him, but he fails to identify how any of the other enterprises harmed him in any way. *See, e.g.*, Complaint at ¶¶ 3–4. For this additional reason, Plaintiffs RICO claims as to these enterprises fail.

In sum, because Plaintiff has failed to adequately plead the existence of a racketeering enterprise or that Abby Greenberg conducted it through a pattern of federal crime, this Court must dismiss Plaintiff's RICO claims—including Plaintiff's

RICO conspiracy claim. *See Cisneros*, 972 F.3d at 1220 ("Because [Plaintiff] has failed to adequately allege an association-in-fact enterprise or a pattern of racketeering activity, [his] RICO conspiracy claim must also fail.").

   C. <u>AS TO COUNT SEVEN (AIDING AND ABETTING DEFAMATION)</u>

   To state a claim for aiding and abetting, Dorworth must allege: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abetter; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor." *Taubenfeld v. Lasko*, 324 So. 3d 529, 543-44 (Fla. 4th DCA 2021) (quoting *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012)).  Plaintiff's aiding and abetting claims against Abby Greenberg fail because—assuming Joel committed an underlying tort—Plaintiff has not (and cannot) allege that Abby Greenberg had actual knowledge of the actions and provided substantial assistance to advance those actions.

   Indeed, the Complaint contains no allegation that Abby Greenberg had any knowledge of—or, rather, clairvoyance required to foresee—the defamatory statements Plaintiff alleges.  For that reason, Plaintiff has failed to sufficiently allege a claim for aiding and abetting defamation. *See In re Brican America LLC*, 10-MD-2183-PAS, 2015 WL 11661980, *3-4 (S.D. Fla. Aug. 4, 2015) (dismissing aiding and abetting claim predicated on conclusory statements lacking specific facts concerning defendant's actual knowledge and noting that there mere suggestion the defendant

should have known that something was amiss is not enough); *Gilbert & Caddy, P.A. v. JP Morgan Chase Bank, N.A.*, 15-CV-60653-BLOOM, 2015 WL 12862724 (S.D. Fla. Aug. 19, 2015) (dismissing aiding and abetting claim lacking any specifics concerning defendant's actual knowledge of underlying tort); *Moecker v. Bank of America, N.A.*, 8:13-CV-01095-SCB-EAJ, 2013 WL 12159056, *8 (M.D. Fla. Oct. 21, 2013) (dismissing aiding and abetting claim where plaintiff failed to plausibly allege that defendant had actual knowledge of underlying torts).

D. AS TO COUNT EIGHT (CIVIL CONSPIRACY)

To state a claim for civil conspiracy, Dorworth must allege: "(a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy." *Walters v. Blankenship*, 931 So. 2d 137, 140 (Fla. 5th DCA 2006). "[A] claim for civil conspiracy must contain clear, positive and specific allegations; general allegations of conspiracy are not sufficient." *Parisi v. Kingston*, 314 So. 3d 656, 661 (Fla. 3d DCA 2021). To state a civil conspiracy claim requires alleging the scope of the conspiracy, its participants, and when the agreement was entered into. *See In re Chiquita Brands Intern., Inc. Alien Tort Stat. & S'holder Deriv. Litig.*, 690 F. Supp. 2d 1296, 1311 (S.D. Fla. 2010). Thus, Plaintiff must offer facts about "conversation(s), meeting(s), or agreement(s) between" defendants. *Corsi v. Newsmax Media, Inc.*, 519 F. Supp. 3d 1110, 1120 (S.D. Fla. 2021).

Here, Plaintiff's conspiracy allegations are anything but clear, positive, and specific.  Plaintiff does not allege when or how the Defendants agreed to defame him. And beyond conclusory allegations of a vast criminal enterprise, Plaintiff identifies no acts or agreements by Abby Greenberg that would support a claim for conspiracy. Plaintiff does not say when Abby Greenberg entered the alleged conspiracy, or how she supported said conspiracy. Moreover, Plaintiff must allege that he was damaged *as a result of* the conspiracy's acts—but only a small minority of the allegations in the Complaint (Joel's alleged statements about Dorworth to investigators, *see, e.g.,* Complaint ¶ 428) are in any way tied to Plaintiff's alleged damages. These scant allegations cannot support a claim for conspiracy.

Turning to another issue, Plaintiff's conspiracy claim also fails because his underlying defamation claim fails. *See Ovadia v. Bloom*, 756 So. 2d 137, 140 (Fla. 3d DCA 2000) ("The conspiracy to defame claim cannot stand where . . . the defamation action[] fails."). While Plaintiff identifies a host of supposedly defamatory statements, *see* Complaint at ¶¶ 883–84, he does not identify the who, where, when, and what of the defamatory statements he alleges.  *See Jackson v. N. Broward Cnty. Hosp. Dist.*, 766 So. 2d 256, 257 (Fla. 4th DCA 2000) (to state a claim for defamation, plaintiff must "specifically identify the persons to whom the allegedly defamatory comments were made"). For this added reason, Plaintiff's conspiracy claim fails.

### III.   <u>CONCLUSION</u>

Based on the foregoing discussion and authorities, Defendant, Abby Greenberg, respectfully requests that the Court:

(a) strike paragraphs 353, 634, 635, 645, 648, and 789 from the Verified Complaint;

(b) seal paragraphs 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789 of the Verified Complaint.

(c) instruct Plaintiff, Christopher E. Dorworth, to refrain from including immaterial, impertinent, and scandalous matters in future filings with the Court;

(d) grant her Motion to Dismiss Counts One; Two; Four; Five; Seven; and Eight of the Verified Complaint; and

(e) grant such other relief that the Court deems just and proper.

<u>DATED</u>:  Friday, June 16, 2023

Respectfully submitted,

/s/ Jason A. Perkins
Jason A. Perkins, Esq.
Florida Bar No. 0610852
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Phone:  (407) 849-0300
Fax:  (407) 648-9099
jperkins@carltonfields.com (primary)
mbryan@carltonfields.com (secondary)
dcarlucci@carltonfields.com (secondary)

24

*Attorney for Defendant, Abby Greenberg*

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(G)**

Pursuant to Local Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, counsel for Defendant, Jason A. Perkins, hereby certifies that on Thursday, June 15, 2023, he conferred via zoom with counsel for the Plaintiff, Christopher E. Dorworth, regarding the relief sought in the instant Motion and that Plaintiff opposes the relief sought in the Motion; however, Plaintiff is open to the idea of sealing these entire proceedings as discussed in footnote one.

/s/ Jason A. Perkins
Jason A. Perkins, Esq.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on Friday, June 16, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Jason A. Perkins
Jason A. Perkins, Esq.