UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER R. DORWORTH,

      Plaintiff,                Case No.: 6:23-cv-00871-CEM-DCI

v.

JOEL MICAH GREENBERG, ANDREW W.
GREENBERG, SUE GREENBERG, ABBY
GREENBERG, AWG, INC., GREENBERG
DENTAL ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A., GREENBERG
SPECIALTY GROUP, LLC, and A.B.,

      Defendants.
_____/

**DEFENDANT'S JOEL MICAH GREENBERG'S
MOTION FOR A MORE DEFINITE STATMENT**

The Defendant, JOEL MICAH GREENBERG, by and through his undersigned counsel, moves this Court pursuant to Fed. R. Civ. P. 12(e) and Eleventh Circuit precedent for a more definite statement. In support thereof, Defendant states the following:

*Procedural History*

On April 7, 2023, the Plaintiffs filed their Complaint against the Defendant. The undersigned accepted service on behalf of Defendant and filed a joint motion

1

for extension of the time to respond to the Complaint. Said response is now due on or before June 20, 2023.

*Facts Regarding the Complaint*

The Plaintiff's Complaint is 115 pages and contains 918 paragraphs. Doc. 1. at 1-115. It raises 9 claims against the Defendants, including five various federal RICO claims and three state claims based on defamation and civil conspiracy. *Id.* at 102-114. Finally, the Plaintiff has also moved this Court for declaratory relief. *Id.* at 115. The sole basis for federal jurisdiction is the Plaintiff's RICO claim pursuant to 18 U.S.C. § 1962.

In its first 102 pages, the Complaint provides 810 paragraphs of general allegations. *See id.* at 1-102. A number of these paragraphs assert allegations that are not relevant to any of the claims. For example, paragraphs 57-62 of the Complaint describe Joel Greenberg's adolescent struggles with attention deficit disorder and Tourette's Syndrome. *Id.* at ¶¶ 57-62. To illustrate his struggles, paragraphs 64 and 66 detail his failures in school. *Id.* at ¶¶ 64; 66.

To further cast aspersion on the Defendant, Paragraphs 449 through 458 chronicle Joel's Greenberg's violation of his federal pretrial supervision including an alleged stand-off with police and the burning of his co-defendant Abby Greenberg's clothes. *Id.* at ¶¶ 449-458. Such a narrative falls within an exhaustive treatment of all of Mr. Greenberg's crimes.

Not content with Defendant Greenberg, the Complaint goes to great lengths to designate Defendant AB as a porn star (in three separate paragraphs) and to describe the nature of her work. *See id.* at ¶¶ 19, 370-71, and 447.  And provides allegations concerning Greenberg Dental's treatment of black clients. *Id.* at ¶¶ 268-69.

Against a backdrop of 102 pages and 815 paragraphs, every count in the Complaint reincorporates all of the preceding general allegations contained in the 815 paragraphs. Indeed, the five RICO claims incorporate "all Allegations Common to All Counts and Allegations Common to RICO Counts." *See id.*, Counts 1 through 5 at ¶¶ 811, 820, 829, 850, and 866.  In turn, the state claims, including the request for declaratory relief, incorporate all "Allegations Common to All Counts." *See id.* at ¶¶ 881, 893, 900, and 114.

Despite incorporating all preceding allegations, the nine claims, both federal and state, are not necessarily brought against all Defendants. In this regard, counts 1 and 2 are brought against all Defendants, except A.B. *Id.* at ¶¶ 811-828. Count 3 is brought solely against Joel Greenberg. *Id.* at ¶¶ 829 -849.  Counts 4 and 7 exclude Joel Greenberg and A.B. *Id.* at ¶¶ 850 – 865 and ¶¶ 893-899. Count 6 is brought only against Joel Greenberg and A.B. *Id.* at ¶¶ 881 -892.  Count 9 is brought solely against A.B. *Id.* at 910-917. In sum, then, despite incorporating all common

allegations in the 815 paragraphs, the sole claims brought against all Defendants are Counts 5 and 8.

## MEMORANDUM OF LAW

Faced with a "shotgun complaint," the Defendant's request for a more definite statement is predicated on Rule 12(e) of the Federal Rules of Criminal Procedure. The Defendant's challenge to the complaint through the means of a motion for a more definite statement rather than through the expected motion to dismiss is controlled by Eleventh Circuit precedent. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015).

I. *The Application of Rules 8(a)(2), 10(b) and 12(e) of the Federal Rules of Civil Procedure.*

Rule 12 states, in pertinent part, that

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

In determining whether a complaint warrants relief under Rule 12(e), Rules 8 and 10 of the Federal Rules of Civil Procedure provide the necessary analytical framework since they provide the minimum standards for complaints. *See Kendall*

*v. Boston Scientific Corp*, 6:17-cv-1888-Orl-37GJK, 2017 WL 6042020, at *1 (M.D. Fla. Dec. 6, 2017).

Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 10(b) further provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Failing to adhere to Rules 8(a) and 10(b) results in an impermissible "shotgun pleading." *See Kendall,* 2017 WL 6042020, at *2 (citing *Weiland,* 792 F.3d at 1320).

## II.   *The Proper Remedy for a Shotgun Pleading*

The Eleventh Circuit maintains that actions based on shotgun pleadings should not proceed because "issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *See Kendall,* 2017 WL 6042020, at *1 (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. College*, 77 F.3d 364, 367 (11th Cir. 1996)). "Thus, when confronted with a shotgun complaint, district courts must require the party to replead." *Id.* (citation omitted).

5

But, in the context of "shotgun pleadings, the burden is not merely placed on a district court. To be sure, the Eleventh Circuit places a distinct duty on the defendant faced with a shotgun pleading to "move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." *Anderson,* 77 F.3d at 366. As *Anderson* notes, "a defendant faced with a [shotgun] complaint . . . is not expected to frame a responsive pleading. Rather, the defendant is expected to move the court, pursuant to Rule 12(e), to require the plaintiff to file a more definite statement." 77 F.3d at 366.

### III.   *The Complaint is a Shotgun Pleading under Eleventh Circuit Precedent*

Returning to *Kendall,* that decision notes that the most common example of a shotgun pleading "is a complaint containing multiple counts where each count adopts the allegation of all preceding counts." 2017 WL 6042020, at *1 (citing *Weiland*, 792 F.3d at 1321). Alternatively, a shotgun pleading may "begin with a long list of general allegations" that are "incorporated by reference into each count of the complaint." *Id.* (citation omitted).

In the instant case, the "shotgun nature" of the Complaint is readily apparent. Indeed, the Plaintiff has filed a 115-page Complaint that contains over 900 paragraphs, including 810 general statements of fact. Against this unwieldy framework, the Complaint brings nine claims against an ever-changing landscape of Defendants under Florida and federal law. Even though many of the counts are

not raised against all Defendants, the initial paragraph of each count incorporates all allegations common to all counts. Such a presentation underscores the Complaint's "shotgun" nature. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (noting the "all-too-typical shotgun pleading" is one in which the first paragraph of every count "incorporates by reference" all preceding factual allegations). *See also Al-Rayes v. Willingham*, 2016 WL 6080826, *3-4 (M.D. Fla. Aug. 15, 2016)(dismissing 66-page second amended complaint that was "lengthy, repetitive and confusing," and incorporated by reference the same "laundry list of detailed allegations" into each of its nine counts).

Further ensuring its indecipherability, the Complaint's incorporation of all "common" allegations compels the Defendants to deliberate and decide which allegations are "common;" and further to determine whether such common allegations applies either to the RICO claims or to the state claims (or perhaps both). Thus, the "complaint is a perfect example of "shotgun" pleading . . . in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson,* 77 F.3d at 366 (11th Cir. 1996); *see also Chudasama,* 123 F.3d at 1359 n. 9 (finding a shotgun pleading where "a reader of the complaint must speculate as to which factual allegations pertain to which count").

7

In engaging in such deliberation, the Defendants are also forced to parse out "common" allegations in a Complaint replete with immaterial and conclusory allegations. Such deliberation, necessarily doomed at the onset, further demonstrates the shotgun nature of the Complaint. *See*, *e.g.*, *Tamiami Partners, Ltd. v. Miccosukee Tribe of Indians of Fla.,* 63 F.3d 1030, 1046 n. 51 (11th Cir.1995) (characterizing the complaint at issue as "a quintessential shotgun pleading, replete with vague and cursory allegations").

In incorporating unidentified but purportedly "common" allegations to the respective RICO and state claims raises a more fundamental problem. That is, how can common allegations supporting claims for defamation or declaratory relief support a RICO count. And conversely, how do facts purportedly supporting RICO claims indicate defamation or declaratory relief.  As a result, the Defendants are obligated to parse out which specific allegation supporting the class of federal claims are relevant to the class of claims under state law further underscoring the shotgun nature of the Complaint. *See, e.g., Thompson v. RelationServe Media, Inc.,* 610 F.3d 628, 650 n. 22 (11th Cir.2010) (Tjoflat, J., concurring in the appeal, No. 07–13225, and dissenting in the cross-appeal, No. 07–13477) (finding "a typical 'shotgun' pleading" where "each count incorporated by reference all preceding paragraphs and counts of the complaint notwithstanding that many of

the facts alleged were not material to the claim, or cause of action, appearing in a count's heading").

Finally, the fact that most of the claims are not brought against all defendants but rather various changing subsets of that group further complicates the matter.   When a count alleged against some defendants incorporates allegations raised against other defendants, it is impossible to frame a responsive pleading. *See*, *e.g.*, *Weiland*, 792 F.3d. at 1323 (noting that a rare type of shotgun pleading is one which asserts "multiple claims against multiple defendants without specifying which defendants are responsible for which act or omissions, or which of the defendants the claim is brought against"). Although it may be exceedingly problematic for the Defendant to determine which "common" RICO allegations support which state claim, and in turn which "common' state allegations support which RICO claims, it is an impossible task for the Defendant to further ascertain which "common" allegations support which specific claim against which Defendant.

IV.    *Relief Requested*

Against this backdrop, the Defendant requests that this Honorable Court enter an order directing the Plaintiff to replead their complaint. The Defendant further submits that this Amended Complaint should:

1.  identify which specific factual allegations support which claims;

2. identify which factual allegations support claims against which defendant; and

3. eliminate, rather than incorporate, immaterial, irrelevant, or unsupported allegations.

V.  *Certification*

Pursuant to the Local Rules for the Middle District of Florida, the undersigned consulted with Plaintiff's counsel, who opposes Defendant Joel Greenberg's Motion for a More Definite Statement.

Wherefore The Defendant JOEL MICAH GREENBERG, moves this Court pursuant to Fed. R. Civ. P. 12(e) and Eleventh Circuit precedent for a more definite statement.

*/s/ Fritz Scheller*
Fritz Scheller
Florida Bar No. 183113

## <u>CERTIFICATE OF SERVICE</u>

On June 19, 2023, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

*/s/ Fritz Scheller*
Fritz Scheller
Florida Bar No. 183113
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
PH:   (407) 792-1285
FAX:  (407) 649-1657
fscheller@flusalaw.com
*Attorney    for    Defendant    Joel Greenberg*