UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER E. DORWORTH,**

        **Plaintiff,**

v.                                                           Case No: 6:23-cv-871-CEM-DCI

**JOEL MICAH GREENBERG et al.,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Motion for Leave to File Under Seal (Doc. 66) |
| **FILED:** | August 18, 2023 |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

### I.    Procedural History

Chris E. Dorworth (Plaintiff) initiated this case in state court against Joel Micah Greenberg; Andrew W. Greenberg; Sue Greenberg; Abby Greenberg; AWG, Inc.; Greenberg Dental Associates, LLC; Greenberg Dental & Orthodontics, P.A.; Greenberg Dental Specialty Group, LLC; and A.B. (Defendants) for defamation, aiding and abetting defamation, civil conspiracy, and federal civil RICO violations. Doc. 1-1 (the Initial Complaint). Defendants removed the case. Doc. 1.

On June 3, 2023, Plaintiff filed a notice of withdrawal of "Paragraphs 354, 355, 622, 628, 629, 630, 632, 633, 641, 642, 643, and 644, in full, and all of Paragraph 649 prior to 'Abby Greenberg,'

all from the Verified Complaint filed in the Eighteenth Judicial Circuit on April 7, 2023." Doc. 36. Plaintiff stated that "[t]his withdrawal is without prejudice, as a courtesy to Abby Greenberg, and solely to streamline the allegations and avoid unnecessary litigation." *Id*.  On July 7, 2023, Plaintiff filed another notice of withdrawal of "Paragraphs 353, 634, 635, 645, 648, and 789" to be "without prejudice, as a courtesy to Abby Greenberg, and solely to streamline the allegations and avoid unnecessary litigation." Doc. 54.

Plaintiff subsequently filed an Amended Complaint and did not reassert the withdrawn paragraphs. *See* Doc. 62 (the Amended Complaint).  Pending before the Court is the Unopposed Motion to Seal Select Paragraphs from Plaintiff, Christopher Dorworth's, Now Superseded Verified Complaint (Doc. No. 1-1) from the Public Record, filed by Defendant Abby Greenberg (Greenberg, for purposes of this Order).  Doc. 66 (the Motion).

## II.     Legal Standard

Greenberg cites to no statute, rule, or other order that authorizes the request for relief.  *See* Doc. 66.  Greenberg instead cites to Local Rule 1.11 for filing under seal.  The filing of documents in redacted format or under seal with the Court is governed by Local Rule 1.11(c), which provides as follows:

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. An order permitting leave under this section must state the reason that a seal is required.

Local Rule 1.11(c).

Also, in deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

"The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assur. Certification, LLC v. Pendolino*, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> by the nature and character of the information in question. *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

**III.     Discussion**

Greenberg moves for the Court to seal Paragraphs 353, 354, 355, 622, 628, 629, 630, 632, 633, 634, 635, 641, 642, 643, 644, 645, 648, 649, and 789 (the Paragraphs) from the Initial Complaint.  Doc. 66.  Greenberg states that even though Plaintiff did not reassert the Paragraphs in the Amended Complaint, "the select paragraphs remain part of the public record" and, therefore, Greenberg requests a "seal by redaction" pursuant to the Federal Rules of Civil Procedure and Local Rule 1.11.  *Id*. at 3, 4.  Greenberg has attached redacted version of the Initial Complaint.  Doc. 66-1.

The Motion is due to be denied.  Absent from the Motion—but required by the Local Rule—is any legitimate legal or factual basis for sealing the publicly filed document.  Greenberg simply does not explain why sealing or redacting the Paragraphs is necessary.[1]  To the extent Greenberg's position is that redaction is appropriate because the Paragraphs no longer appear in the operative complaint, Greenberg cites to no authority to support that proposition.  Pursuant to Local Rule 1.11(c), the Court must state the reason the seal is required, and Greenberg provides no authority for the proposition that sealing or redaction is warranted simply because the pleading was amended.[2]

---

[1] To the extent Greenberg's refers the Court to the motion to strike or seal filed earlier in the case as a basis for relief, the Court will not revisit previous arguments to find support for the Motion. *See Fennell v. Novient Sols., LLC*, 2019 WL 4671163, at *2 (M.D. Fla. Apr. 1, 2019*)* ("The Court will not refer back to previous filings to comprehend Plaintiff's position. This type of reference violates Local Rule 3.01(a).")  Also, Greenberg's reference to Plaintiff's withdrawal of the Paragraphs as a "courtesy" to Greenberg, does not otherwise assist the Court in determining that redaction is appropriate under the law.

[2] Greenberg's citations to a few cases from other circuits on a court's authority to effectuate relief is not helpful.  *See* Doc. 66 at 3-4.

To the extent Greenberg seeks relief because Plaintiff abandoned the allegations as a "courtesy" and did not reassert the Paragraphs in the Amended Complaint, Greenberg fails to adequately explain why this reason outweighs the common law right to public view. Nor does Greenberg address her interest in keeping the information at issue confidential. Nor does Greenberg even mention the common law right to public view of court filings. Litigation is inherently public, and this case clearly involves matters of public interest and importance—the allegations involve the conduct of public figures, members of the press, and elected public officials, including conduct of elected public officials while in public office and seeking reelection. Accordingly, the Court is not convinced that Plaintiff's decision to remove the allegations wen filing an amended pleading controls the Court's decision as to whether information filed on the public docket is later sealed from public view.

In sum, the Motion is wholly insufficient. Greenberg provides no basis for the relief grounded in the law. Even though the Motion is unopposed, the Court is charged with upholding the integrity of the judicial process and the Court will not deviate from the public's right to access because the parties say so; especially where, as here, the movant has failed to comply with the Local Rule or provide an adequate memorandum of legal authority.

**IV.   Conclusion**

Based on the foregoing, the Motion (Doc. 66) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 24, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE