UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

     *Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A.B.,

     *Defendants*.

Case No.: 6:23-cv-00871-CEM-DCI

## GREEENBERG DENTAL DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC (collectively, the "Greenberg Dental Defendants") move to dismiss Plaintiff's Amended Complaint (Doc. 62) for failure to state a cause of action.

## INTRODUCTION

Shrugging off many of the criticisms in Defendants' motions to dismiss his original Complaint, Plaintiff Christopher Dorworth ("Dorworth") has once again tried to invoke the civil provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO") to bring claims for treble damages based on alleged

harm caused by his prior association with Defendant Joel Greenberg. Like its predecessor, Dorworth's Amended Complaint is improperly pleaded and fails to allege any viable claim under RICO or state law. The Greenberg Dental Defendants move to dismiss the Amended Complaint for failure to state a cause of action under Rule 12(b)(6).

Rather than alleging a short and plain statement of the facts, Dorworth has once again filed a vague, conclusory, and overly dramatized pleading spanning 62 pages and 498 paragraphs.[1] But the prolixity of the Amended Complaint cannot hide its complete lack of substance. For all its length, the Amended Complaint still lacks the one thing necessary to satisfy Dorworth's pleading burden: actual allegations of fact supporting his claims against the Greenberg Dental Defendants.

In his new pleading, Dorworth abandons his original theory of liability against the Greenberg Dental Defendants. His original Complaint alleged that the Greenberg Dental Defendants operated a "pill mill" that illegally sold opioids to dental patients. The Amended Complaint deletes these allegations, drops the substantive RICO claims, and replaces them a claim for conspiracy to violate the federal and state RICO statutes (Counts II and IV). It also realleges state law claims for aiding and abetting defamation (Count VI), and civil conspiracy (Count VII).

---

[1] Compounding the confusion, the Amended Complaint incorporates by reference the entirety of the original Complaint it replaces. Doc. 62 ¶ 348. Because the excessive incorporation of the prior complaint would create an unwieldy shotgun pleading that defies any logical response, the Greenberg Dental Defendants hereby move to strike paragraph 348 of the Amended Complaint under Rule 12(f) of the Federal Rules of Civil Procedure. *See Terrell v. Direct TV, LLC,* No. 12-81244-CIV, 2013 WL 451914, at *2 (S.D. Fla. Feb. 6, 2013) (finding that complaint which "merged several different complaints into one" was a shotgun pleading that violated Rules 8 and 10(b)).

But as with the original Complaint, the Amended Complaint contains no factual allegations sufficient to state a plausible cause of action against the Greenberg Dental Defendants. Aside from the introductory allegations identifying them, in fact, the Greenberg Dental Defendants themselves are barely mentioned in the Amended Complaint at all. And all Greenberg Dental is really alleged to have done is provide a source of income for Defendant Andrew Greenberg that he used to support his family. However, operating a successful business that financially benefits the owners is neither an act of racketeering nor a basis for inferring participation in a racketeering conspiracy.[2] Dorworth's liberal use of group-pleading only highlights the Amended Complaint's complete lack of substantive allegations against the Greenberg Dental Defendants.

Indeed, when stripped of its sensationalized language, unsupported legal conclusions, and group-pled allegations, the Amended Complaint contains no non-conclusory allegations of fact from which to infer (1) the existence of a RICO conspiracy between the Defendants; (2) that the Greenberg Dental Defendants knew about, let alone aided and abetted, any defamatory statements made about Dorworth, or (3) that the Greenberg Dental Defendants conspired with the other Defendants to defame Dorworth.

---

[2] This is true even if Andrew Greenberg did use some of his earnings to support his troubled son, Defendant Joel Greenberg, which is all that Dorworth has accused Andrew and Susan Greenberg of here. *See Knight v. Merhige*, 133 So. 3d 1140, 1146-47 (Fla. 4th DCA 2014) (holding that "parents 'may not be held legally responsible for the conduct of their emancipated, adult child'") (quoting *Carney v. Gambel*, 751 So. 2d 653, 654 (Fla. 4th DCA 1999)).

It seems apparent that Dorworth is well aware of these glaring deficiencies in his latest pleading, but chose to file it anyway in the hopes of using discovery to unearth a viable claim. Dorworth all but concedes he is on a fishing expedition, reassuring the Court that his allegations are "likely to have evidentiary support after a reasonable opportunity for further investigation, discovery, and public records requests, some of which is currently pending." Doc. 62 ¶ 41. But the Eleventh Circuit has made it clear that RICO is a powerful weapon that must be used with restraint and only *after* the facts supporting a claim are known:

> Particularly with regard to civil RICO claims, plaintiffs must *stop and think* before filing them…. When used improperly, as in this case, those provisions allow a complainant to shake down his opponent and, given the expense of defending a RICO charge, to extort a settlement. Such improper use of the civil RICO provisions comes at the expense of the federal judiciary and those who need ready access to the courts.

*Pelletier v. Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991) (emphasis in original) (sanctioning plaintiff for improper RICO filing); *see also Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (RICO is "an unusually potent weapon—the litigation equivalent of a thermonuclear device").

Because the Amended Complaint fails to state any plausible cause of action against the Greenberg Dental Defendants, all of the claims against them should be dismissed.

## LEGAL STANDARD

To survive a motion under Rule 12(b)(6), a "plaintiff must plead more than 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). As the Eleventh Circuit has instructed, courts first "identify conclusory allegations and then discard them—not 'on the ground that they are unrealistic or nonsensical' but because their conclusory nature 'disentitles them to the presumption of truth.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). Having done so, the court is then to "assume any remaining factual allegations are true and determine whether those factual allegations 'plausibly give rise to an entitlement to relief.'" *Id*. (quoting *Iqbal*, 556 U.S. at 679). "That is, a complaint must contain factual allegations that are enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Neither "bald assertions" nor "unwarranted deductions of fact" are sufficient to overcome a motion to dismiss. *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). In addition to the pleading requirements under Rule 12(b)(6), parties alleging RICO claims based on fraud must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

## ARGUMENT

### I.     The Amended Complaint violates Rules 8 and 9(b).

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must provide a defendant with fair notice of the factual basis of the plaintiff's claim. Fed. R. Civ. P. 8(a). To satisfy Rule 8(a), a complaint must set forth "minimal individualized allegations to distinguish their conduct." *Ct. Appointed Receiver of Lancer Offshore, Inc. v. Citco Grp. Ltd.*, No. 05-60080CIV, 2008 WL 926512, at *3 (S.D. Fla. Mar. 31, 2008). The allegations must at least notify each defendant "as to which of their personal actions give rise to the claim upon which the Complaint is based." *Eidson v. Arenas*, 155 F.R.D. 215, 220 (M.D. Fla. 1994). Thus, "Rule 8(a) is violated where a plaintiff, by engaging in 'group pleading,' fails to give each defendant fair notice of the claims against it." *Parker Auto Body Inc. v. State Farm Mut. Auto. Ins. Co.*, No. 614CV6004ORL31TBS, 2016 WL 4086777, at *5 (M.D. Fla. Apr. 5, 2016), *report and recommendation adopted sub nom. Parker Auto Body Inc v. State Farm Mut. Auto. Ins. Co.*, No. 614CV6004ORL31TBS, 2016 WL 4041000 (M.D. Fla. July 28, 2016) (internal quotation and citation omitted).

Moreover, civil RICO claims, which are essentially a certain breed of fraud claims, must be pled with heightened specificity. *See* Fed. R. Civ. P. 9(b); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1380–81 (11th Cir.1997). Where a complaint alleges fraud-based claims against multiple defendants, Rule 9(b) requires specific allegations with respect to each defendant. *Brooks,* 116 F.3d at

1380–81 (11th Cir.1997). These specific allegations "should inform each defendant of the nature of his alleged participation in the fraud." *Ambrosia Coal & Const. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007); *see also Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020) (dismissing RICO claims that "lumped together" defendants in alleging fraud). To satisfy the Rule 9(b) standard, RICO complaints must at a minimum allege: (1) the precise statements, documents, or misrepresentations made; (2) the time and place of and person responsible for the statement; (3) the content and manner in which the statements misled the plaintiffs; and (4) what the defendants gained by the alleged fraud. *Brooks,* 116 F.3d at 1380–81.

Dorworth's Amended Complaint does not comply with the minimal pleading requirements. Throughout the Amended Complaint, Dorworth impermissibly groups the three Greenberg Dental Defendants together as "Greenberg Dental," even though they are separate entities.[3] Dorworth then goes a step further and lumps the three Greenberg Dental entities together with Defendants Joel Greenberg, Andrew Greenberg, Susan Greenberg, and AWG as the "Greenbergs."[4] Finally, Dorworth lumps all the Defendants together and refers to them collectively either as "Defendants"[5] or as the "Greenberg Enterprise."[6] Dorworth's heavy reliance on

---

[3] Doc. 62, ¶¶ 23, 25, 102, 126, 127, 266, 268, 271, 272, 276, 294, 302, 304, 305, 308, 309, 310, 312, 323, 392, 412, 459.

[4] *See id.*  ¶¶ 24, 101, 104, 107, 317, 319, 325, 326, 388, 389, 397.

[5] *See, e.g., id.* ¶¶ 6, 8, 9, 11, 12, 13, 44, 45, 84, 104, 128, 167, 185, 203, 233, 237, 259, 260, 261, 263, 286, 290, 291, 293, 350, 362, 363, 365, 369, 413, 414, 415, 422, 427, 438, 439, 442, 460-63, 466, 467, 472, 473, 475.

[6] *See id.* ¶¶ 29, 137, 199, 203, 233, 264-66, 277, 278, 280-91, 302-04, 306. 314, 316, 323, 382-84, 400, 402, 407, 413, 423, 430, 431, 437-38.

group pleading with no differentiation among the Defendants is highly improper in a civil RICO case and fails to satisfy the even minimal pleading requirements of Rules 8(a). *See Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273–74 (M.D. Fla. 2009) (finding "group pleading" as a basis to dismiss).

The Amended Complaint contains scarcely any individualized allegations of wrongdoing against the Greenberg Dental Defendants. In fact, after introducing the Greenberg Dental Defendants as parties in paragraphs 20-25, the Amended Complaint only refers to them separately from the other Defendants a total of 22 times. The sole "General Allegations" against Greenberg Dental are not predicate acts under RICO or other specific claims of wrongdoing, but instead obscure allegations that Greenberg Dental provided "funding" for the Greenbergs, with purported knowledge that some of the funds would be used for some improper or unlawful purpose.[7] These extremely vague and conclusory allegations do not identify a single affirmative act committed by any of the Greenberg Dental Defendants, or anyone acting on behalf of the Greenberg Dental Defendants, that might infer their participation in a farfetched racketeering conspiracy to harm Dorworth.

Dorworth's Amended Complaint does not contain individualized allegations sufficient to inform the Greenberg Dental Defendants of the factual basis for the claims against them. Dorworth's indiscriminate overuse of group-pleading makes it almost impossible to determine what alleged acts Greenberg Dental Defendants are

---

[7] *Id.* ¶¶ 102, 126, 127, 276, 294, 302, 304, 308, 312, 323, 392.

accused of committing. The Greenberg Dental Defendants should not have to depend on discovery simply to decipher the factual basis for Dorworth's claims. Because the Amended Complaint fails to satisfy Rules 8 and 9, it must be dismissed.

## II. The Amended Complaint fails to state a RICO conspiracy claim.

RICO claims are frequently dismissed at the pleading stage because the overused RICO statute is not intended to remedy "garden variety fraud claims." *DeBoskey v. SunTrust Mortgage, Inc.*, No. 8:14-cv-1778-MMS-TGW, 2017 WL 4083557, at *8 (M.D. Fla. Sep. 14, 2017). For that reason, "courts have an obligation to scrutinize civil RICO claims early in the litigation—to separate the rare complaint that actually states a claim for civil RICO and should strive to flush out frivolous RICO allegations at an early stage of the litigation." *Id.* (citation and internal quotations omitted). This is not one of those "rare complaints" that actually states a RICO claim.

The RICO statute authorizes a civil cause of action for any person "injured in his business or property by reason of a violation" of RICO. *Id.* § 1964(c). "A private plaintiff suing under the civil provisions of RICO must plausibly allege six elements: that the defendants (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the plaintiff." *Cisneros*, 972 F.3d at 1211; *accord Langford v. Rite Aid of Ala., Inc.*, 231 F.3d 1308, 1311-12 (11th Cir. 2000).

Section 1962(d) of the RICO statutes makes it illegal for anyone to conspire to violate one of the substantive provisions of RICO, including § 1962(c). 18 U.S.C. § 1962(d). "A plaintiff can establish a RICO conspiracy claim in one of two ways: (1) by showing that the defendant agreed to the overall objective of the conspiracy; or (2) by showing that the defendant agreed to commit two predicate acts." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010) (quotation omitted). Further, "[t]o be guilty of conspiracy, ... parties must have agreed to commit an act that is itself illegal--parties cannot be found guilty of conspiring to commit an act that is not itself against the law." *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 139 (11th Cir. 2011) (internal quotation and citation omitted). A RICO conspiracy claim cannot exist without a viable underlying RICO claim. *See Cisneros*, 972 F.3d at 1220 (where underlying RICO claim failed, RICO conspiracy claim likewise failed).

In the Amended Complaint, Dorworth has dropped his substantive RICO claims against the Greenberg Dental Defendants and replaced them with a federal and Florida RICO conspiracy claim. But he still fails to state a cause of action. Dorworth's RICO conspiracy claims fail because the Amended Complaint has not adequately an underlying substantive violation of RICO, but even if he had, he still has not alleged a conspiracy to violate RICO. In particular, the Amended Complaint has not plausibly alleged: (1) the existence of a RICO criminal enterprise; (2) a

pattern of racketeering activity; or (3) that the Greenberg Dental Defendants agreed to violate RICO. Dorworth's RICO claims should be dismissed.

### A. Dorworth has not adequately alleged a substantive RICO violation.

#### 1. Dorworth has not alleged the existence of a RICO enterprise.

Dorworth's conspiracy claim fails because he fails to properly allege the existence of a continuing criminal enterprise. To allege a violation of *any* subsection of section 1962, Dorworth must allege facts sufficient to demonstrate a RICO enterprise through which the alleged acts of racketeering were conducted. *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1264 (11th Cir. 2004). What Dorworth is trying to do, but fails miserably to do, is plead that the Defendants formed an association-in-fact RICO enterprise.

"An 'association-in-fact' enterprise is a continuing unit that functions with a common purpose.'" *Cisneros*, 972 F.3d at 1211 (quoting *Boyle v. United States*, 556 U.S. 938, 948 (2009)). To plead an association-in-fact enterprise, a plaintiff must allege facts establishing at least three structural features: (1) a common purpose; (2) relationships among those associated with the enterprise; and (3) longevity sufficient to permit the associates to pursue the enterprise's purpose. *Boyle*, 556 U.S. at 946; *see also First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174-75 (2d Cir. 2004) (enterprise requirement not met where plaintiff did not allege "solid information regarding the hierarchy, organization, and activities of this association-

in-fact enterprise, from which the court could conclude that its members functioned as a unit").

Dorworth has not alleged the structural features of an enterprise in his Amended Complaint. No distinctness, cohesiveness, or coordination between the members of the alleged Greenberg Enterprise has been alleged. Moreover, Plaintiff has not alleged any facts whatsoever to show the existence of an enterprise as opposed to parents providing financial support to their son using income derived from the legitimate business operations of Greenberg Dental.

For example, Plaintiff fails to plead any facts that show the Defendants acted with a common purpose to engage in illegal activity. Other than speculating that these entities and individuals, grouped together as the "Greenberg Enterprise," Doc. 62 ¶ 266, are somehow related, there are no allegations that explain how Greenberg Dental and the other Defendants shared a common purpose to engage in illegal activity or how each associated together for that illegal purpose.

To satisfy the "common purpose" requirement for a RICO enterprise, a plaintiff must establish "not only that there was some commonly shared purpose among [the alleged associates], but also that they *associated together* for that purpose." *Aim Recycling of Fla., LLC v. Metals USA, Inc.*, 18-CV-60292, 2020 WL 209860, at *15 (S.D. Fla. Jan. 13, 2020) (citing *Lockheed Martin Corp. v. Boeing Co.*, 357 F. Supp. 2d 1350, 1362 (M.D. Fla. 2005)). Merely reciting a purported connection between each alleged member of the "Greenberg Enterprise" is not enough. To prove sufficient

relationships for an associated-in-fact enterprise, **"the group must function as a continuing *unit*,"** not merely through independent, parallel conduct. *Id.* (citing *Boyle*, 556 U.S. at 948 (emphasis added); *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017)).

Despite having an entire section in his Amended Complaint titled "Description of the RICO Enterprise" spanning 27 paragraphs, Dorworth's allegations do not come close to meeting this requirement. Dorworth alleges in conclusory fashion that "[t]he Members of the Greenberg Enterprise shared a common purpose of mitigating Joel and others' criminal liability by falsely implicating others, were related to each other by family and financial ties as stated herein, and worked together for at least several years." *Id.* ¶ 265. He goes on to allege that "[t]he Greenbergs have been associated with Greenberg Dental continuously since the entities making up Greenberg Dental were incorporated between 2009 and 2012", "Joel also worked with Greenberg Dental", and "[t]he Greenbergs used monies from Greenberg Dental and AWG to fund their lifestyle." *Id.* ¶¶ 268, 271, 276.

Alleging that the Defendants, except for A.B., are related in that they all are or were members of the Greenberg family or were Greenberg family companies, does not infer the existence of a criminal enterprise for purposes of RICO. Plaintiff has undeniably failed at alleging the Defendants shared a common purpose to engage in illegal activity and that they associated together for that illegal purpose. In fact,

Dorworth basically admits that the conduct he alleges was only committed by one person, Joel, alleging that "Joel Greenberg is the protagonist of the Greenberg Enterprise and coordinated many of its activities." *Id.* ¶ 285. What is still unclear from the Amended Complaint is how the Greenberg Dental Defendants were part of this alleged enterprise when their only alleged acts are running a dental business and providing a source of financial support to the Greenbergs. The Greenberg Dental Defendants' independent conduct of running a successful dental business and making money that was used to "fund [the Greenberg's] lifestyle"—which is all that has been alleged in the Amended Complaint—does not in any way support an inference that they associated with the other Defendants for an illegal purpose.

Where a business is alleged to be involved in a RICO enterprise, there must be some conduct that goes beyond general, self-interested business activity. *See Cisneros*, 341 F. Supp. 3d at 1373-74 (citing *Parm v. Nat'l Bank of Cal. N.A.*, 242 F. Supp. 3d 1321, 1347 (N.D. Ga. 2017) (finding that the allegations were "more consistent with [the] Defendant conducting its own business initiatives" and were therefore "not sufficient to plead a RICO enterprise"); *Singh v. NYCTL 2009-A Tr.*, 14 Civ. 2558, 2016 WL 3962009, at *10 (S.D.N.Y. July 10, 2016) ("the mere existence of routine business relationships among the defendants is insufficient to establish an 'enterprise' under RICO")). Greenberg Dental conducting self-interested business activities, and making a profit while doing so, is not at all indicative of participation in an alleged RICO enterprise.

Dorworth has not alleged facts to show that the Greenberg Dental Defendants conducted anything other than routine business initiatives or that they associated with the other Defendants as part of an unlawful scheme against Dorworth. Because Dorworth has failed to satisfy his burden to allege actual facts sufficient to demonstrate the existence of an association-in-fact RICO enterprise between the Defendants, his RICO claims (Counts II and IV) against the Greenberg Dental Defendants must be dismissed.

2. <u>Dorworth has not alleged a pattern of racketeering activity.</u>

The Amended Complaint also fails to allege a "pattern of racketeering activity" as required to state a substantive RICO claim. To establish a pattern of racketeering activity, a plaintiff must allege that "(1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a *continuing* nature." *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1264 (11th Cir. 2004) (emphasis in original).

The only offenses which may serve as predicate acts under RICO are the ones listed in 18 U.S.C. § 1961. *See Omnipol, a.S. v. Worrell*, 421 F. Supp. 3d 1321, 1349-50 (M. D. Fla. 2019). "[I]n order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts*." Republic of Panama v. BCCI Holdings (Lux.) S.A.*, 119 F.3d 935, 949 (11th Cir. 1997).

In the Amended Complaint, Plaintiff attempts to list out alleged facts constituting pattern of racketeering activity under the section titled "The RICO Pattern of Racketeering Activity". But the vast majority of these allegations are merely legal conclusions or unjustified inferences. The Greenberg Dental Defendants are mentioned only twice in this section spanning from paragraphs 49-232. In the first instance, Plaintiff alleges that "[a]ccording to Greenberg, Andrew and Sue Greenberg and Greenberg Dental and AWG also agreed with Joel Greenberg and Abby Greenberg to pay any amounts necessary to obtain the pardon or firing of the prosecutor that Joel Greenberg was attempting to extort Dorworth and Gaetz to seek on his behalf." Doc. 62 ¶ 102. One glaring issue with this allegation it is based not on actual facts, but instead based on what Dorworth purportedly heard from Joel Greenberg. This is not enough to satisfy *Twombly*. *See D. P. v. School Board of Palm Beach County*, No. 21-81099-CIV-CANNON/Reinhart 2023 WL 2178384, at *4 (S.D. Fla. Sep. 23, 2023) ("Factually unsupported allegations based 'on information and belief' are not entitled to the assumption of truth.") (quoting *Scott v. Experian Info. Sols., Inc.*, No. 18-CV-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.")).

Plaintiff further alleges that "Andrew and Sue Greenberg, as well as AWG and Greenberg Dental, agreed to provide funding to compensate Abby Greenberg and A.B. for providing false reports and testimony to the authorities and the federal

grand jury." Doc. 62 ¶ 126. This threadbare allegation fails to identify which Greenberg Dental entity purportedly "agreed to provide funding" or who on behalf of Greenberg Dental actually agreed to participate in these activities. And outside of these two short, conclusory paragraphs, Dorworth identifies no other purrported acts of racketeering allegedly committed by the Greenberg Dental Defendants. Dorworth has alleged no facts sufficient to show that the Greenberg Dental Defendants did anything that might remotely be considered a predicate act under RICO.

Thus, Plaintiff fails to plead any facts which would establish that Greenberg Dental agreed to engage in or engaged in at least two predicate acts of racketeering as required to state a cause of action for RICO. Nor has he alleged that any of the other Defendants except perhaps for Joel Greenberg did so. Despite the seriousness of his claims and the highly punitive nature of the relief he seeks, Plaintiff has literally made no effort at all to allege any predicate acts of racketeering that might plausibly state a cause of action for RICO violations.

**B.** **Dorworth has not alleged that the Greenberg Dental Defendants agreed to violate RICO.**

Even if Doworth had alleged a viable substantive RICO violation, his federal and state RICO conspiracy claims against Greenberg Dental still fail to state a cause of action.[8] To state a claim for civil RICO conspiracy, a plaintiff "must allege facts to

---

[8] Florida's RICO law "is informed by case law interpreting the federal RICO statute ... on which Chapter 772 is patterned." *Jones v. Childers,* 18 F.3d 899, 910 (11th Cir.1994) (internal citation omitted). Because "Florida courts often look to the Federal RICO decisions for guidance in interpreting and applying the act[,]" *Fla. Software Sys., Inc. v. Columbia/HCA Healthcare Corp.,* 46 F.Supp.2d 1276, 1284 (M.D.Fla.1999), the analysis applied to Plaintiff's federal RICO claim in

support an agreement to violate a substantive provision of the RICO statute." *Carter v. MGA, Inc.,* 189 Fed. Appx. 893, 894 (11th Cir. 2006) ("But plaintiffs alleged no facts to show or to create a reasonable inference that Defendants made an agreement. Plaintiff's conclusory allegations that Defendants conspired with each other are insufficient to survive a motion to dismiss."). "Allegations that the defendants 'should have known' is not enough to establish conspiracy, which is a crime of specific intent." *Singh v. NVCTL 2009-A Tr.*, 14 CIV-2558, 2016 WL 3962009, at *10 ((S.D.N.Y. July 20, 2016).

The Amended Complaint contains no factual allegations to show that the Greenberg Dental Defendants ever agreed to the alleged conspiracy consisting of "a common purpose of mitigating Joel and others' criminal liability by falsely implanting others."[9] Doc. 62 ¶ 265. Instead, as explained above, the best Dorworth can offer are vague and conclusory allegations that Greenberg Dental provided funds to support the Greenberg family. His generic allegations do not infer that the Greenberg Dental Defendants knowingly agreed to a RICO conspiracy.

For example, Dorworth alleges that the Greenberg Dental Defendants "agreed with Joel Greenberg and Abby Greenberg to pay any amounts necessary to obtain the pardon or firing of the prosecutor" and "agreed to provide funding to

Count II is equally applicable to his state RICO claim in Count IV of the Amended Complaint. *See All Care Nursing Serv., Inc. v. High Tech Staffing Servs., Inc.,* 135 F.3d 740, 745 (11th Cir.1998) ("Florida's RICO statutes have consistently been interpreted using federal RICO claim cases.").

[9] The Amended Complaint does not allege that the Greenberg Dental Defendants agreed to commit two predicate acts under RICO, but even it if had, Dorworth has failed to specify any RICO predicate act attributable to the Greenberg Dental Defendants.

compensate Abby Greenberg and A.B. for providing false reports and testimony to the authorities and the federal grand jury." Doc. 62 ¶¶ 102, 126. But these sparse and conclusory allegations are unsupported by actual allegations of fact which would create a reasonable inference that anyone acting on behalf of the Greenberg Dental Defendants ever entered into such an agreement.

There are also no allegations in the Amended Complaint that the Greenberg Dental Defendants benefitted in any way from the alleged RICO violations. To the extent Dorworth is trying (but failing) to allege that the Greenberg Dental Defendants are vicariously liable for an employee's violation of RICO, he must allege that they derived some benefit from the violations. *See Coquina Investments*, 2011 WL 4971923, at *8 (S.D. Fla. Oct. 19, 2011) (under agency rules, a corporation not liable for its employees' RICO violations unless they were committed in the course of their employment and the employer is benefitted by the violation); *see also Brady v. Dairy Fresh Prods. Co.,* 974 F.2d 1149, 1154 (9th Cir.1992) ("We hold that an employer that is benefited by its employee or agent's violations of section 1962(c) may be held liable under the doctrines of respondeat superior and agency when the employer is distinct from the enterprise."). No such allegation can be found anywhere in the Amended Complaint.

Under controlling Eleventh Circuit cases, Dorworth's conclusory allegations do not show that the Greenberg Dental Defendants knowingly joined in a RICO conspiracy. *See O'Malley v. O'Neil*, 887 F.2d 1557, 1560 (11th Cir. 1989) (affirming

dismissal of RICO conspiracy claim where "no facts were alleged that would indicate that [defendants] were willing participants in a conspiracy"). Instead, they "are the kinds of 'formulaic recitations' of a conspiracy claim that the Court in *Twombly* and *Iqbal* said were insufficient." *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (dismissing RICO conspiracy claim where Plaintiff's allegations "[did] not support an inference of an agreement to the overall objective of the conspiracy or an agreement to commit two predicate acts") (citations omitted). Because Doworth has alleged no facts sufficient to infer the existence of an agreement, his RICO conspiracy claims against the Greenberg Dental Defendants should be dismissed.

## II.    Dorworth's other state law claims should be dismissed.

Dorworth's state law claims against the Greenberg Dental Defendants in Counts VI and VII of the Amended Complaint for aiding and abetting defamation and civil conspiracy are insufficiently pled and also should be dismissed.

### A.    Dorworth fails to plead aiding and abetting defamation.

To state a claim of aiding and abetting, Plaintiff must allege: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abetter; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and

abettor."[10] *Id.* at 543–44 (quoting *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012)). Aid-and-abetting liability is not "boundless," rather "courts have long recognized the need to cabin" such "liability to cases of truly culpable conduct." *Twitter, Inc. v. Taamneh*, 143 S. Ct. 1206, 1220 (2023). Such "culpability . . . is necessary" or else "passive actors like banks [will] become liable for all their customers' crimes by virtue of carrying out routine transactions." *Id.* at 1215.

Plaintiff's aiding and abetting claims against Greenberg Dental fail because, assuming Joel Greenberg or A.B. committed the underlying tort of defamation, Plaintiff has not (and cannot) allege that the Greenberg Dental Defendants knew about their alleged defamatory actions and provided substantial assistance to advance those actions. Dorworth's allegation that the Greenberg Dental Defendants "possessed knowledge of Joel Greenberg, Abby Greenberg, and A.B.'s defamation" (Doc. 62 ¶ 459) is a mere legal conclusion rather than a fact. Similarly, Dorworth's allegation that the Greenberg Dental Defendants "provided substantial assistance to Joel Greenberg and A.B. by providing financial resources to enable the defamatory actions, among other actions" (Doc. 62 ¶ 460) is far too remote to state a claim. Dorworth does not, and cannot, sufficiently allege the Greenberg Dental Defendants knew about and substantially assisted in the defamatory statements allegedly made about Dorworth.

In a seemingly desperate attempt to make a claim against the Greenberg

---

[10] The Greenberg Dental Defendants could find no Florida case that recognizes a claim for aiding and abetting defamation. For this Motion, we assume, without conceding, that such a tort exists in Florida.

Dental Defendants, Plaintiff equates being a profitable, successful dental company, and providing a source of income to its owners, as "substantial assistance" to the alleged defamation. Doc. 62 ¶ 460. The mere fact that the Greenbergs used income derived from Greenberg Dental to support their adult son does not impose strict liability on the Greenbergs or Greenberg Dental for whatever torts Joel may have committed. Indeed, providing "any assistance of any kind" is not sufficient to create liability. *See Twitter*, 143 S. Ct. at 1220. For example, in *ZP No. 54 Ltd. P'ship v. Fid. & Deposit Co. of Md.*, a developer alleged that the surety which issued a performance bond aided and abetted a bid-rigging scheme. 917 So. 2d 368, 369 (Fla. 5th DCA 2005). Rejecting this theory outright, the Fifth DCA held that the surety did not provide substantial assistance to advance the fraud because the surety simply did what sureties do—issue performance bonds—and did not have any duty to third parties to "look behind the contract" to determine if fraud was being committed. *Id.* at 373–75.

Plaintiff makes the same kind of allegations that were rejected in *ZP No. 54 Ltd. P'ship*. Same as performance bonds did not advance an alleged fraud, being a profitable dental practice did not advance an alleged defamation. Merely providing financial support does not constitute material assistance to all tortious action the ultimate recipient of the funds might later commit. *See Carney*, 751 So. 2d at 654; *Knight v. Merhige*, 133 So. 3d 1140, 1151 (Fla. 4th DCA 2014) (rejecting extension of liability of parent over adult child, holding that, as a public policy matter, "[f]amilies

should be encouraged to include a troubled family member in the family circle" and that imposing a legal duty to the family of such children would "discourage families from providing a haven to troubled relatives for fear of civil liability"). The Greenberg Dental Defendants did not assume a legal duty to protect Dorworth merely by providing income that was used for Joel's defense. Dorwroth's aiding and abetting claim is completely implausible and should be dismissed.

> **B.**     **Plaintiff fails to plead civil conspiracy.**

Dorworth's state law claim for civil conspiracy is likewise implausible. The civil conspiracy claim should be dismissed because Dorworth has failed to adequately allege the existence of a conspiracy.

Plaintiff's claim for civil conspiracy against the Greenberg Dental Defendants (Count VII) should be dismissed because Plaintiff has not alleged facts sufficient to reasonably infer the existence of a conspiracy to defame Dorworth. A civil conspiracy only exists when two or more persons agree to commit a separately actionable underlying tort or wrong that injures the plaintiff. *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1027 (Fla. 1981); *Cedar Hills Props. Corp. v. Eastern Federal Corp.*, 575 So. 2d 673, 676 (Fla. 1st DCA 1991). Stating a claim requires "clear, positive and specific allegations; general allegations of conspiracy are not sufficient." *Parisi v. Kingston*, 314 So. 3d 656, 661 (Fla. 3d DCA 2021). A plaintiff must allege the scope of the conspiracy, its participants, and when the agreement occurred. *See In re Chiquita Brands Intern., Inc. Alien Tort Stat. & S'holder Deriv. Litig.*,

690 F. Supp. 2d 1296, 1311 (S.D. Fla. 2010). And, in pleading a conspiracy, a bare assertion of an agreement, mere knowledge of the wrongful conduct, or an association with conspirators is insufficient to make that claim plausible. *See Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1345–46 (S.D. Fla. 2018). Even parallel conduct among parties cannot support a plausible inference of an agreement. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017); *Honig*, 339 F. Supp. 3d at 1345 ("Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality.").

Contrary to this requirement, Plaintiff has not alleged any facts, much less clear, positive, and specific facts, that would infer the existence of an agreement between the Greenberg Dental Defendants and any of the other Defendants to conspire to "create, finance, and disseminate false information about [Plaintiff]." Doc. 62 ¶ 466. The Complaint is devoid of allegations related to the scope of the conspiracy, its participants, when the agreement occurred, or what the terms of the alleged agreement wre. Simply saying the Defendants conspired does not make it so. Plaintiff's sole allegation that the Greenberg Dental Defendants were the source of income for the Greenbergs falls far short of supporting a civil conspiracy claim. Because the Amended Complaint alleges no facts to infer the existence of a

defamation conspiracy, Dorworth's claim for civil conspiracy must be dismissed.[11]

## V.    CONCLUSION

For the foregoing reasons, Greenberg Dental requests an order dismissing, the RICO claims in Counts II and IV and state law claims in Counts VI-VII for failure to state a cause of action.

## LOCAL RULE 3.01(g) CERTIICATION

Pursuant to Local Rule 3.01(g), I conferred with counsel for Plaintiff via phone on August 28, 2023, and Plaintiff opposes this Motion to Dismiss.

*/s/ Michael J. Furbush*

Dated:  August 29, 2023

*/s/ Michael J. Furbush*
Michael J. Furbush
Florida Bar No. 70009
Michaela N. Kirn
Florida Bar No. 1018863
Dean Mead, Egerton, Bloodworth,
CAPOUANO & Bozarth, P.A.
420 S. Orange Avenue, Suite 700
Orlando, FL 32801
Tel: 407-841-1200
Fax: 407-423-1831
mfurbush@deanmead.com (Primary)
mkirn@deanmead.com (Primary)
mgodek@deanmead.com (Secondary)
*Attorneys for Greenberg Dental Associates, LLC,*
*Greenberg Dental & Orthodontics, P.A., and*
*Greenberg Dental Specialty Group, LLC*

---

[11] Plaintiff's conspiracy claim also fails because his underlying defamation claim fails. *See Ovadia v. Bloom*, 756 So. 2d 137, 140 (Fla. 3d DCA 2000). First, Plaintiff does not identify the who, where, when, and what of the defamatory statements he alleges. *Jackson v. N. Broward Cnty. Hosp. Dist.*, 766 So. 2d 256, 257 (Fla. 4th DCA 2000). Plaintiff likely does so because those statements are either time barred, *see Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 200 So. 3d 173, 174–75 (Fla. 5th DCA 2016), or privileged, *see Fridovich v. Fridovich*, 598 So. 2d 65, 69 (Fla. 1992).

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 29, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all CM/ECF participants.

/s/ Michael J. Furbush_____
Michael J. Furbush