UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

    Plaintiff,

v.

JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,

    Defendants.

Case No.: 6:23-CV-00871

# PLAINTIFF'S MOTION TO EXTEND DEADLINE TO AMEND PLEADINGS OR ADD PARTIES

COMES NOW, Plaintiff Christopher Dorworth, by and through counsel, and for good cause shown herein, respectfully requests an order extending the deadline by which Plaintiff must move to amend the complaint or add parties from its current deadline of September 5, 2023, to November 3, 2023. In support of this motion, Plaintiff states:

1. The current deadline to move for leave to add parties or amend pleadings is September 5, 2023. The date in the Case Management and Scheduling Order (Doc. 51) is September 3, 2023; however, September 3 falls on a Sunday and September 4 is Labor Day. Thus, the deadline rolls to Tuesday, September 5.

2.	This matter was filed in state court on April 7, 2023. It was removed to the Middle District on May 10, 2023. Each Defendant requested, received, and returned waivers, making their response deadline to the original Complaint June 19, 2023.[1]

3.	The parties timely conducted the planning conference on June 15, 2023, and timely filed their report on June 20, 2023.

4.	Plaintiff then promptly propounded discovery on June 29, 2023. See Rule 26(d)(1) (requiring a party to await the conferral prior to propounding discovery).

5.	Despite this diligence by Plaintiff, discovery remains very incomplete.

6.	Each Defendant subsequently requested and received multiple discovery extensions. As a result of granting these courtesy extensions, to date, Plaintiff has only recently received limited discovery responses, and only starting this past week. These responses include Abby Greenberg the Greenberg Dental Entities, and A.B. The remaining Defendants' discovery responses are not yet due or have not yet been provided.

7.	In particular, Plaintiff has not received any responses from Andrew Greenberg, Sue Greenberg, AWG, or Joel Greenberg.

8.	Of the discovery responses received, Plaintiff received no meaningful responses, other than very limited information from A.B.

9.	Plaintiff received numerous objections. Some of the responses also stated that they will await either a "mutually agreed place and time" or a "protective order" before producing documents. As a result, Plaintiff has received no documents to date.

---

[1] All Defendants filed motions to dismiss on June 19, 2023. In response to Defendants' motions, Plaintiff filed an Amended Complaint on August 8, 2023.

10. In fact, Plaintiff has checked his records and has no record of receiving any document from any Defendant.

11. That is, no documents have been produced by any Defendant, including documents identified in Defendants' own Rule 26 disclosures. (These documents are now subject to a pending discovery request propounded after Rule 26 disclosures on August 4, 2023.)

12. Although Plaintiff was diligent in propounding discovery and extended substantial courtesies in providing multiple extensions to each Defendant, it is without meaningful discovery and will be without discovery through the deadline to file a motion to add parties or amend pleadings.[2]

13. Plaintiff is not stating that a motion to add parties or amend pleadings will be necessary. Rather, the absence of basic discovery has left Plaintiff between a rock and a hard place. If, for example, Plaintiff does not seek to preserve his ability to file the motion, and discovery reveals additional members to Defendants' conspiracy, or different claims, Plaintiff may have difficulty adding or modifying claims or adding any parties.

14. This is not a situation where Plaintiff has pursued discovery as a fishing expedition for purposes of overcoming motions to dismiss. Indeed, the Amended Complaint sets forth many pages of facts and evidence.

15. Rather, Plaintiff simply seeks to avoid prejudice from his cooperation with Defendants in granting extensions and to preserve his ability to file a motion for leave to add parties or amend his pleading, just as is permitted in any other lawsuit.

---

[2] Plaintiff will, of course, address any issues as diligently and promptly as he can through conferral, and if necessary, motion practice.

16.     Plaintiff seeks to extend the deadline to file a motion for leave to add parties or amend his pleading to November 3, 2023. *This was the date previously agreed by the parties in the planning conference and will not require an extension of any other dates in the Case Management and Scheduling Order.* The next case deadline is not for a full year – a September 3, 2024 deadline for Plaintiff's expert disclosures. Discovery does not close until November 1, 2024, a year from the proposed extended deadline. (*See* Doc. 51).

17.     Notably, although the CMO set a later discovery cutoff than that suggested in the CMR (November 1, 2024, versus August 1, 2024), the deadline to moving to join a party or amend the pleadings was set earlier (September 3, 2024 versus November 3, 2024). Thus, there is ample time to accommodate this request based upon the deadlines the parties agreed to propose.

18.     Again, Plaintiff does not know at this time whether a motion for leave to add parties or amend will be necessary. To avoid any potential prejudice resulting from extending courtesy discovery extensions, Plaintiff asks the Court to extend the deadline to November 3, 2023.

19.     The Court's orders are clear that parties must not delay filing a motion to extend deadlines. As a result, Plaintiff seeks to address this proactively rather than allowing the deadline to pass and waiting for the results of discovery.

20.     Plaintiff may also need or want to amend his pleading in response to information learned from other sources, or based upon orders from the Court. Plaintiff does not mean to suggest that the Court should not give such leave or that the Court should not grant such leave after any extension.

21.     Plaintiff wishes to address this issue now in case an amendment becomes necessary or desirable in the future.

22. All parties conferred on Plaintiff's request for extension. Although counsel for Defendants do not oppose an extension to September 30, 2023, they oppose a longer extension. Defendants also reserve their right to oppose any actual motion to amend the pleadings.

23. Under Rule 6(b), "When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." The Court may modify Case Management Deadlines based upon good cause. *See e.g. Myeress v. Marmont Hill*, 18-cv-438 (M.D. Fla. October 16, 2018) (extending deadline to amend pleadings and add parties); *Thompson v. The Fresh Market*, 12-cv-122 (M.D. Fla. July 28, 2014) (extending deadline to amend pleadings or add parties from July to December).[3]

24. Based upon the foregoing, Plaintiff seeks an extension to November 3, 2023, the original date agreed upon by the parties in the planning report. At the very least, the deadline should be extended through September 30, 2023, which was agreed by the parties.

WHEREFORE Plaintiff Christopher E. Dorworth respectfully requests an Order of this Court extending the deadline for Plaintiff to file a motion for leave to add parties or amend pleadings to November 3, 2023, or such other date as the Court deems proper.

September 1, 2023.                                    Respectfully Submitted,

/s/Michael Paul Beltran
Michael P Beltran (Lead Counsel)
Fla. Bar No. 0093184
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607

---

[3] https://scholar.google.com/scholar_case?case=2332123601991891430&hl=en&as_sdt=40006 (*Myeress*)
https://scholar.google.com/scholar_case?case=712860726628447152&hl=en&as_sdt=40006 (*Thompson*)

813-870-3073 (o)
mike@beltranlitigation.com
*Counsel for Plaintiff Dorworth*

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Rule 3.01(G) of the Middle District of Florida Local Rules, the undersigned certifies that he has conferred extensively with all opposing counsel, including by phone, email, and Zoom meeting regarding the relief sought in the Motion. Although all Defendants would consent to an extension through September 30, 2023, they oppose an extension to November 3, 2023.

/s/Michael Paul Beltran
Michael P Beltran

## CERTIFICATE OF SERVICE

I certify that on the date listed above, a true and correct copy of this document was filed via CM/ECF, which will serve all counsel of record.

/s/Michael Paul Beltran
Michael P Beltran