UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

   *Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG, INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

   *Defendants*.

Case No.: 6:23-cv-871-JA-DCI

**DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG,
AND AWG, INC.'S CORRECTED[1] RESPONSE
IN OPPOSITION TO DORWORTH'S
SECOND MOTION TO EXTEND FILING DEADLINE (Doc. 86)**

---

[1] The filing corrects a scrivener's error on page 3 of the response, Doc. 92, which identified the date of Plaintiff's first served discovery as July 6, 2023, when the correct date was June 29, 2023. No other edits have been made.

## PRELIMINARY STATEMENT

Plaintiff cannot state a claim against the Greenbergs: No matter how grave a son's crimes are, liability cannot be imputed to his parents based solely on parental support. *Carney v. Gambel*, 751 So. 2d 653, 654 (Fla. 4th DCA 1999) ("No Florida decision has imposed liability upon the parents of an adult child for intentional acts simply because the child may be financially dependent on . . . his or her parents."). Yet this is what Plaintiff Christopher Dorworth seeks to do here—impute a son's alleged misconduct to his parents based on their financial support.

In this case, Dorworth claims that Joel Greenberg ("Joel"); Joel's former wife, Abby Greenberg; and a then-minor victim whom Joel sex trafficked, A.B., defamed Dorworth—all in a supposed effort to secure a lighter sentence for Joel's confessed crimes. But rather than confining his complaint to simple claims of defamation against Joel, Abby, and A.B., Dorworth hurls a grenade at anything Greenberg, asserting a vast RICO conspiracy against innocuous (but solvent) bystanders, including Joel's parents, Susan and Andrew Greenberg and their closely held entity, AWG, Inc. (the "Greenbergs"), and—even more remotely—three dentistry-practice entities bearing the Greenberg name.

Casting aside the heaps of gratuitous and conclusory allegations that litter the Amended Complaint, Dorworth's claims against the Greenbergs rest entirely on the Greenbergs' financial aid to their son and his family, both of which were in need when Joel faced criminal charges. Across his two complaints, Dorworth stacks several unwarranted and implausible inferences to claim that, by providing financial help to

1

their son and his family, the Greenbergs knowingly caused their son, daughter-in-law and an unrelated sex-trafficking victim to separately defame Dorworth—costing him his job as a lobbyist.

Dorworth has already twice attempted to state a claim against the Greenbergs, and though he protests in his motion to extend his pleading deadline that he "is <u>not</u> stating that a motion to add parties or amend pleadings will be necessary," the rest of Dorworth's motion lays clear his intention: facing meritorious motions to dismiss, he now wishes to comb through responses to his grossly overbroad requests for discovery in the hope of finding anything on which he can rely in evading the Greenbergs' pending motion to dismiss. Doc. 86 ¶ 15. Indeed, in Dorworth's brief motion, the word discovery appears 24 times.

Dorworth's file suit first and find a claim later strategy is clever, but thoroughly disavowed by the federal courts: after *Twombly* and *Iqbal*, "it is no longer permissible for a party to use the discovery process to obtain the facts it needs to support its claim after filing suit." *Ford v. Dixon*, No. 3:21cv932-LC-HTC, 2022 WL 2181096, at *7 (N.D. Fla. May 17, 2022) (cleaned up). It also defies this Court's scheduling order. This Court, presumably for a reason, set September 3rd as the deadline for the parties to amend their pleadings. And by contrast, it set the discovery deadline on November 1, 2024—over a year later. Then, again presumably for a reason, upon Dorworth's first request for a November 3, 2023 amendment deadline, the Court extended Dorworth's time to amend his pleadings only to September 30th. Doc. 84. The scheduling order,

2

and this Court's subsequent amendments to it, leave no doubt that Dorworth is not entitled to discovery before his deadline to amend runs.

Finally, Rule 16 (which Dorworth wholly ignores) requires this Court to evaluate the specific information Dorworth wishes to add post deadline. But Dorworth will not even admit that he intends to amend—much less identify the parties or information he would add. For all of these reasons, this Court should reject Plaintiff's motion.

## BACKGROUND

Dorworth filed his first complaint on April 7, 2023. It spanned almost 100 pages and included nearly 1,000 paragraphs of allegations. Among those allegations, Dorworth claimed that the Greenbergs headed a vast criminal enterprise dedicated to illegally distributing drugs, profiting off public corruption, and were responsible for all of Joel Greenberg's bad acts. *See generally* Doc. 1-1.

On May 10, 2023, Defendants removed this case to this Court. Doc. 1. Soon after—on June 16, 2023—the Greenbergs moved to dismiss. Doc 45. As early as June 30, 2023, Dorworth's counsel previewed that he would amend his complaint, given the pending motions to dismiss. At the same time, he asked for an extension to do so, "through the end of July."

On June 29, 2023, Dorworth served extensive discovery on all Defendants—largely seeking responses and documents vaguely tied to his near 1,000 paragraph, would-be-moot complaint. *See, e.g.*, **Exhibit 1**, Dorworth's Interrogatories to Andrew

Greenberg at 2 (requesting that Andrew identify "transactions . . . that in any way relate to . . . any assertion in any . . . operative pleading at the time of your response.").

On July 26, 2023, Dorworth requested a further extension, up to August 8th, to file his Amended Complaint. The Greenbergs consented to this extension with the caveat that they be permitted 30 days from the date Dorworth filed his Amended Complaint to respond to discovery—as he tied many requests to his "operative pleading."

On August 9th, Dorworth filed his Amended Complaint. Doc. 62. While confusingly (and improperly) purporting to incorporate his entire original complaint, *id.* ¶ 348, the Amended Complaint now alleges that (rather than participating in all of Joel's crimes) the Greenbergs conspired with Joel to defame Dorworth to help secure a lighter sentence for Joel.

But Dorworth's operative Amended Complaint (whatever it consists of) remains insufficient. For example, the Amended Complaint contains at least 42 "upon information and belief" allegations. *See Sellstate Realty Sys. Network, Inc. v. Black*, 220CV00414JLBNPM, 2021 WL 354169, at *2–*3 (M.D. Fla. Feb. 2, 2021) (concluding that allegation "upon information and belief" could not be accepted as true because, without other "well-pleaded facts to accept as true, the Court has no idea how plausible [plaintiff's] 'belief' might be"). And Dorworth's allegations permit a plethora of innocent "obvious alternative explanations" for the Greenbergs' alleged behavior. *Doe v. Samford Univ.*, 29 F.4th 675, 689 (11th Cir. 2022) (quotation omitted). Plus, Dorworth fails to state a claim for RICO conspiracy or aiding and abetting

4

because he has alleged no facts suggesting an agreement by the Greenbergs. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293–94 (11th Cir. 2010) (explaining that conclusory allegations of agreement fail to state a RICO conspiracy claim). For these and other reasons, on August 22, 2023, the Greenbergs again moved to dismiss. Doc. 77.

Clearly in response to this and other motions to dismiss, Dorworth asked this Court to extend his deadline to further amend his complaint by two months. Doc. 83 at 5. This Court granted that motion in part and denied that motion in part, giving Dorworth until September 30, 2023 to amend his pleadings. Doc. 84. Since then, Dorworth has moved for, and obtained, two extensions of time to answer Defendants' pending motions to dismiss. Doc. 87; Doc. 90. Now, Dorworth again asks this Court to extend his deadline to amend to November 3, 2023.[2] Because Dorworth has not shown good cause, this Court should deny that motion.

## ARGUMENT

To show good cause to extend the deadline to amend their pleadings, a party must show diligence. And for at least three reasons, Dorworth has not done so here. *First*, Dorworth fails to address the operative standard, Rule 16. *Second*, Dorworth's strategy—filing a conclusory complaint and then using discovery to identify an actionable claim—has been rejected by courts across the country and cannot constitute

---

[2] Accordingly, Dorworth's current motion is better characterized as a motion for reconsideration. But such reconsideration orders are "an extraordinary remedy, to be employed sparingly." *Hollander v. Wolf*, No. 09-80587-CIV, 2009 WL 10667896, at *1 (S.D. Fla. Nov. 17, 2009) (quotations omitted). Dorworth has not even attempted here to show his entitlement to such a remedy.

5

diligence. And *third*, Dorworth does not identify the specific information or parties he would add by amendment, precluding a finding of good cause. For each of these reasons, this Court should deny Dorworth's motion.

## I.     Dorworth must (and cannot) meet Rule 16's good cause standard.

Not once in his entire motion does Dorworth mention the applicable standard (or for that matter, any standard).[3] Rule 16, which governs scheduling orders, applies to Dorworth's motion. *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). When a party seeks to amend their complaint "after the deadline for such motions, as delineated in the court's scheduling order, the party must show good cause why leave to amend the complaint should be granted." *Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366 (11th Cir. 2007); Fed. R. Civ. P. 16(b)(4). This is so even if the party seeks leave *before* the deadline to amend expires. *Insight Sec., Inc. v. Deutsche Bank Tr. Co. Ams.*, No. 21-12817, 2022 WL 2313980, at *6 (11th Cir. June 28, 2022) ("[T]he standard to amend a scheduling order is for good cause regardless of when a party seeks the amendment."). The essential inquiry into good cause under Rule 16 is whether the moving party failed to meet the original schedule "despite the[ir] diligence." *Sosa*, 133 F.3d at 1418 (quotation omitted).

Dorworth's motion never even mentions the word diligence, much less attempts to show that he meets the above-recited Rule 16 standard—likely because he cannot meet it. Given that "the movant has the burden" to show good cause, this alone is

---

[3] Dorworth's motion therefore also violates Local Rule 3.01(a), which requires "a legal memorandum supporting [his] request." For this additional reason, his motion should be denied.

6

grounds to dismiss Dorworth's motion. *John Morrell & Co. v. Royal Caribbean Cruises Ltd.*, 243 F.R.D. 699, 701 (S.D. Fla. 2007).

**II.  Filing a complaint without the requisite factual support, then later seeking that support through discovery, is barred by the rules of procedure and cannot constitute diligence.**

Midway through his motion, Dorworth claims that "[t]his is not a situation where Plaintiff has pursued discovery as a fishing expedition for purposes of overcoming motions to dismiss." Doc. 86 ¶ 16. But Dorworth protests too much. Even a cursory glance reveals Dorworth's allegations to be wholly conclusory and his discovery requests to be grossly overbroad.

*First*, Plaintiff's current complaint fails to state a claim. Dorworth's complaint fails across the board: (1) Dorworth has failed to allege *any* nonconclusory allegations of wrongdoing against the Greenbergs, Doc. 77 at 10–16; (2) Dorworth has failed to allege a RICO enterprise, *id.* at 16–18; (3) Dorworth has failed to allege the Greenbergs agreed to enter a RICO conspiracy, *id.* at 19–21; (4) Dorworth has failed to allege the Greenbergs knowingly or substantially assisted anyone—and thus aided and abetted— in defaming Dorworth, *id.* at 21–23; and (5) Dorworth has failed to allege Florida-law civil conspiracy, *id.* at 23–25. In short, after several months and two attempts, Dorworth offers nothing but conclusory, deficient allegations against the Greenbergs.

The following conclusory allegations—which are characteristic of Dorworth's amended complaint—provide telling examples of his complaint's naked insufficiency: "[w]hen referring to acts performed by Joel Greenberg, Andrew Greenberg, or Sue Greenberg, any funding required for those acts came from AWG and/or Greenberg

7

Dental with the knowledge of what the funding would be used for," Doc. 62 ¶ 25, and "[f]urther, upon information and belief, Andrew and Sue Greenberg agreed, at Joel Greenberg's behest, to provide money and other valuable consideration to Abby Greenberg [Joel's former wife] and A.B. [a then-minor who Joel sex trafficked] in exchange for their cooperation [to defame Dorworth], and Abby Greenberg and A.B. agreed to participate, at Joel Greenberg's behest, in exchange for that consideration," *id.* ¶ 154; *see also* Doc. 77-1 (compiling conclusory allegations).

Worse still, the sum of Dorworth's conclusory allegations is a theory that (a) the Greenbergs must have paid Joel's fees in his criminal case because Joel lacked the means to pay, and (b) because the Greenbergs paid Joel's fees, they must have known of every statement Joel made to the authorities *and* must have known whether each statement was true or false. *See* Doc. 77 at 8–9. Thus, the Greenbergs must be responsible for all of Joel's actions. Dorworth's fanciful theory falls far short of the *Twombly/Iqbal* standard. Now, he hopes to find through discovery something, anything, to shore up these baseless allegations.

*Second*, Dorworth's pending discovery requests are grossly overbroad. Though his claims concern actions taken in 2020 and later, Dorworth's initial requests to the Greenbergs cast a wide temporal net (over seven and a half years) and include any transactions that in any way relate to Joel, his former wife Abby, any (of over 1,500) paragraphs in the complaints, all correspondence regarding the criminal charges brought against Joel, all correspondence regarding Joel's campaign for office, all financial records relating to cryptocurrency, over seven and half years of cell phone

8

records, all state and federal tax returns, all financial records relating to vehicles driven by Joel and Abby, three separate real properties, and all financial records relating to the Greenbergs' trusts. *See, e.g.*, **Exhibit 2**, Request for Production to Sue Greenberg.

Dorworth's second set of document requests, **Exhibit 3**, is even worse. Though Dorworth characterizes them as "simply request[ing] information pertaining to the persons and documents referenced in Rule 26 disclosures" they do so much more. Doc. 86 ¶ 8. Dorworth requests "[c]ommunications to and from those persons identified in your initial disclosures as likely to have discoverable information" and documents, other than communications . . . , that refer or relate to persons . . . identified in your initial discovery disclosures." Exhibit 3, at 2. The request imposes *no* temporal limit.

The premise of this overbroad inquest was merely that the Greenbergs, as could well be expected of defendants denying a conspiracy, identified all of the alleged co-conspirator defendants, including Abby Greenberg, Joel Greenberg, Susan Greenberg, Andrew Greenberg, and four entities related to Andrew Greenberg's employment as a dentist, as likely to have discoverable information—to independently contradict Dorworth's claims. In effect then, Dorworth demands access to nearly every document in the Greenbergs' possession—spanning every facet of their lives. Every document *ever*, for example, related to Abby—wedding plans, children's birthdays, holiday plans—or related to Joel—his birth certificate, 3rd grade report card, *anything*. And worst of all, *anything* as to Andrew and Susan, related to their spouse of decades. That Dorworth characterizes this request as simple, and that he implies the Greenbergs

9

requested an extension in bad faith, only lays bare the improper litigation strategy underlying his own motion.

Finally, Dorworth recently issued a third expansive request for discovery to the Greenbergs. *See* **Exhibit 4,** Request for Production to Andrew and Sue Greenberg. These requests again cover a seven-and-a-half-year period and request, for example, all information related to Susan and Andrew's "annual compensation," donations to political campaigns, any communications regarding their son's criminal charges, and documents showing the Greenbergs' relationship with a host of persons and companies. Dorworth may claim he is not engaged in a fishing expedition, but his discovery requests show otherwise.

Dorworth's shoot first and ask questions later approach is hardly diligent. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  And so, filing a complaint without the requisite factual support is not diligence. A diligent party knows that a party that fails to state a claim is not entitled to discovery. *Id.* at 678–79. A diligent party knows that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). And a diligent party knows that, as a corollary, plaintiffs are "not entitled to discovery at the motion to dismiss stage." *Little v. CSRA, Inc.*, 834 F. App'x 495, 500 (11th Cir. 2020).

Dorworth cannot, as here, seek discovery for a purpose for which he has no right to use it and claim diligence. For this added reason, this Court should deny Dorworth's motion.

### III. Dorworth cannot show good cause without identifying the specific amendment he wishes to make.

Finally, Dorworth cannot take an agnostic stance on whether amendment is even necessary and at the same time show good cause. Diligence under Rule 16 requires a case-dependent and "fact intensive analysis." *See Insight*, 2022 WL 2313980, at *6. Thus, courts addressing motions to amend the pleading deadline must consider the *specific* information that the movant wishes to add by amendment. *See, e.g.*, *Sosa*, 133 F.3d at 1419 (asking when the specific information the plaintiff wished to add was first available); *Smith*, 487 F.3d at 1367 (finding no good cause when the plaintiff failed to "indicate what" the "new violations" he wished to plead "were, what facts supported them, and why those facts previously were undiscoverable").

In his motion to extend the amendment deadline, Dorworth insists that—if he "does not seek to preserve his ability to file the motion, and discovery reveals additional members to Defendants' conspiracy, Plaintiff will have forfeited his ability to add those parties." Doc. 86 ¶ 15. Since Dorworth filed his motion to extend, the Greenbergs have produced over 1,100 pages of documents and communications, with more soon to come, aside from and added to productions of other Defendants.[4] None

---

[4] For instance, Defendant Abby Greenberg produced documents bates stamped Abby Greenberg 000001 – Abby Greenberg000367, and Defendant Joel Greenberg produced documents bates stamped JG000001-JG000664.

11

of these documents add credence to Plaintiff's claims or reveal new potential defendants.

But even if discovery did somehow undercover new, potentially liable parties, Dorworth's solution would—at *that* time—be to file a motion to amend the pleading deadline explaining why the information supporting his amendment was unavailable before the deadline ran. *See Sosa*, 133 F.3d at 1419 (explaining that courts should consider whether the information supporting amendment was available when the plaintiff filed suit).

Here, however, Dorworth has not even committed to amendment, let alone shown why the amendment he seeks could not have been made before the deadline. Rule 16 good cause is not found in hypotheticals; maybe, at some later point, good cause will exist. For now, because Dorworth denies that he even plans to amend, he has not shown that "the information supporting the proposed amendment to the complaint was [not] available to" him ahead of the deadline to amend. *Id.* Thus, for this third reason too, Dorworth has failed to show good cause.

## CONCLUSION

At the end of the day, "good cause requires a greater showing than excusable neglect." *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 292 F.R.D. 142, 144 (D.D.C. 2013) (cleaned up). But Dorworth has not even shown that. His motion fails to cite the applicable standard, betrays motives at odds with proper pleading practice, and does not identify the additional information an amendment would add. For all these reasons, this Court should decline to extend the deadline to amend the pleadings.

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY &
FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com
ftlcrtpleadings@wickersmith.com

*Attorney for Defendants Andrew Greenberg and Susan Greenberg*

13

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111