UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>　　Plaintiff,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>　　Defendants. | Case No.: 6:23-CV-00871 |

## PLAINTIFF'S PROVISIONAL MOTION TO AMEND PLEADING

Plaintiff Christopher Dorworth, by and through counsel, and for good cause shown herein, respectfully requests an order allowing him to replead within 30 days of any order on the pending Motions to Dismiss, in the event that the Court deems that Plaintiff has not stated a claim as to any count or party. In support of this motion, Plaintiff states:

1.　The current deadline to move for leave to add parties or amend pleadings is September 30, 2023, which was extended by consent of the Defendants and Order of the Court. (Doc. 84)

2. The Court directed Plaintiff to renew his Motion for Extension, with sufficient time for a response by Defendants, if he desired the further extension that was previously requested but not consented to by Defendants. (Doc. 84)

3. Plaintiff duly renewed his Motion for Extension of the deadline to file a motion for leave to add parties or amend his pleading through at least November 3, 2023.[1] (Doc. 86)

4. At that time, Plaintiff noted that he did not know whether it would be necessary to amend the pleading, but wishes to reserve the right to request leave to do so, given the slow progress of discovery relative to the deadline. (Doc. 86)

5. Defendants have opposed Plaintiff's Motion for Extension (Docs. 92, 96, 97, 98, 99), and the Court has not yet ruled.

6. Thus, Plaintiff is simply filing this Motion to alert the Court that, although he believes his pleading states a cause of action, and he is not requesting to add additional parties at this time, he does wish to amend his pleading if the Court finds that it does not state a claim as to any defendant.

7. In particular, Plaintiff can, if needed, supply additional details about the following categories of information:

   a. Defendants' interactions with the news media and the supplying of defamatory information.

---

[1] This is the date agreed by the parties in the planning conference. (*See* Doc. 51)

  b. Defendants' use of agents to defame Dorworth to the news media.

  c. Greenberg's statements about the investigation and prosecution to other Defendants and to third parties that show that there was no basis for implicating Dorworth and others.

  d. Defendants' provision of dozens of payments, amounting to seven figure sums, to or on behalf of Greenberg in connection with his criminal activities, the prosecution, and the investigation.

  e. Defendants' meetings with Joel's lawyers and cooperation between lawyers representing the Greenberg family and/or Joel.

  f. Additional confirmation that Joel Greenberg offered to arrange for legal services for A.B.

  g. Additional confirmation of the Greenbergs' purchase of a home for Abby Greenberg.

  h. Additional detail or clarification on any portion of the pleading found insufficient by the Court.

8. Should the Court find the current pleading deficient in any respect, Dorworth requests leave to replead, to correct any remaining shortcoming. See Rule 15 and *Bryant v. Dupree*, 252 F.3d 1161 (11th Cir.2001) ("A district court's discretion to dismiss a complaint without leave to amend is severely restricted by Fed.R.Civ.P. 15(a), which directs that leave to amend shall be freely given when justice so

requires.") (citations and quotes omitted). There the Appeals Court noted that the District Court had improperly refused to allow amendment based upon a similar procedural posture:

> First, the district court stated that the plaintiffs already had been "given one opportunity to amend their complaint." This assertion apparently refers to the plaintiffs' Amended Complaint, filed in response to the defendants' original motion to dismiss. . . . The Amended Complaint was filed as a matter of course, and until the renewed motion to dismiss came before the court, the plaintiffs had not asked for leave to amend. Therefore, it cannot be said that the plaintiffs already had been given an opportunity to amend or that the plaintiffs repeatedly had failed to cure deficiencies through previously allowed amendments.

See *Bryant, id*. at 1164. The Appeals Court reversed the District Court for failing to provide leave to amend. *Id*. at 1165.

9. In *ADA v. Cigna*, 605 F.3d 1283 (11th Cir. 2010), relied upon extensively by the Greenbergs, the plaintiff was given two opportunities to replead, even after seriatim court orders dismissing the complaint for failure to state a claim. *Id*. at 1287–88. Here, as noted, there has been no order from the Court regarding the pleading.

10. This court has granted leave to amend when justice so requires. *See Lockheed Martin v. Boeing,* 314 F.Supp.2d 1198, 1238 (M.D. Fla. 2004) (granting 30 days' leave to file amended complaint in case involving RICO claims); *Lawrie v. Ginn Dev. Co., LLC,* 09-cv-446, 2013 WL 222258 at *8-9 (M.D. Fla. Jan. 9, 2013) (recommending grant of 20 days' leave to file third amended complaint alleging

RICO claims, even though it doubted that the "plaintiffs will be . . . able to cure this causation defect").[2]

WHEREFORE Plaintiff Christopher E. Dorworth respectfully requests that in the event any part of the pleading or any defendant is dismissed, that the Court provide leave to replead.

Filed: September 30, 2023.                    Respectfully Submitted,

/s/Michael Paul Beltran
Michael P Beltran
Fla. Bar No. 0093184
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607
813-870-3073 (o)
mike@beltranlitigation.com
*Counsel for Plaintiff Dorworth*

---

[2] Other courts have adopted a similar approach in the RICO context, *Allwaste v. Hecht*, 65 F.3d 1523, 1530-31 (9th Cir. 1995) (noting that district court should allow RICO plaintiff to amend); *Heinrich v. Waiting Angels Adoption*, 668 F.3d 393, 400 (6th Cir. 2012) (noting that plaintiffs received leave to amend), and even in the Rule 9(b) context, which at least one Defendant claims is applicable here. *Vess v. Ciba-Geigy*, 317 F.3d 1097, 1108 (9th Cir. 2003) ("As with Rule 12(b)(6) dismissals, dismissals for failure to comply with Rule 9(b) should ordinarily be without prejudice.")

## LOCAL RULE 3.01(G) CERTIFICATION

Pursuant to Rule 3.01(G) of the Middle District of Florida Local Rules, the undersigned certifies that he has conferred with opposing counsel by Zoom, email, and phone, and they oppose the relief sought in the Motion.

/s/Michael Paul Beltran
Michael P Beltran

## CERTIFICATE OF SERVICE

I certify that on the date listed above, a true and correct copy of this document was filed via CM/ECF, which will serve all counsel of record.

/s/Michael Paul Beltran
Michael P Beltran