**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CHRISTOPHER E. DORWORTH,**

      **Plaintiff,**

v.                                                                 Case No: 6:23-cv-871-CEM-DCI

**JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A. B.,**

      **Defendants.**

# ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Motion to Extend Deadline to Amend Pleadings or Add Parties (Doc. 86)** |
| **FILED:** | **September 11, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Chris E. Dorworth (Plaintiff) initiated this case in state court against Joel Micah Greenberg; Andrew W. Greenberg; Sue Greenberg; Abby Greenberg; AWG, Inc.; Greenberg Dental Associates, LLC; Greenberg Dental & Orthodontics, P.A.; Greenberg Dental Specialty Group, LLC; and A.B. (Defendants) for defamation, aiding and abetting defamation, civil conspiracy, and

federal civil RICO violations. Doc. 1-1 (the Initial Complaint). On May 10, 2023, Defendants removed the case. Doc. 1. After Defendants filed motions to dismiss, Plaintiff filed an Amended Complaint. Doc. 62. On July 5, 2023, the Court entered a Case Management and Scheduling Order (CMSO) setting the deadline as September 3, 2023 for motions to join a party or amend pleadings. Doc. 51. Per Plaintiff's request, the Court extended that deadline to September 30, 2023. Doc. 84.

Pending before the Court is Plaintiff's Second Motion to Extend the Deadline to Amend Pleadings and Add Parties. Doc. 86 (the Motion). Plaintiff states that since the previous request for an extension, "nothing has happened to provide undersigned counsel with any confidence that discovery will be in a place where he can identify any need to add parties or amend the pleading by September 30, 2023." *Id*. at 2. Plaintiff asserts that "no Defendant has responded to any discovery designed to identify any other culpable parties." *Id*. at 3.

Plaintiff states that he diligently propounded discovery and "extended substantial courtesies in providing multiple extensions to each Defendant" but he is still without meaningful discovery. *Id*. Plaintiff seeks relief to avoid the "potential prejudice" from granting the extensions. *Id.* at 4. Plaintiff clarifies that a motion to add parties or amend pleadings may be unnecessary, but he does not want to forgo his ability to seek relief if discovery reveals that a motion is required. *Id*. Plaintiff, therefore, requests that the Court extend the deadline to November 3, 2023—the date the parties previously suggested in the Case Management Report. *See* Doc. 49 at 2.

The Motion is due to be denied. Rule 16(b)(4) provides that a case management and scheduling order "may be modified only for good cause and with the judge's consent." "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417,

1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted). The CMSO also warns that motions for extension of the dispositive motions deadline and trial are generally denied and motions to extend other deadlines in the CMSO are disfavored. Doc. 51 at 3.

First, the Motion is deficient because it does not include a legal memorandum in support of the request for relief. *See* Local Rule 3.01(a) ("A motion must include — in a single document no longer than twenty-five pages inclusive of all parts — a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request."). On this basis alone, the Motion is due to be denied.

Second, Plaintiff has not demonstrated that he cannot meet the deadline despite diligence because Plaintiff does not even know if he needs the deadline moved. While discovery may be pending, Plaintiff cites to no authority that stands for the proposition that an extension to the pleading deadline is appropriate simply because something in discovery *may* be revealed. Plaintiff's unsupported speculation regarding future events does not satisfy the good cause standard.[1]

Accordingly, the Motion (Doc. 86) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 2, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court already rejected the parties' proposal for the November 3, 2023 deadline (*See* Docs 49) and set the deadline as September 3, 2023 even though discovery would still be open.

- 3 -