UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,

*Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S MOTION FOR LEAVE TO REPLY**

Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the Greenbergs), pursuant to Local Rule 3.01(d), move for leave to reply to Plaintiff's Memorandum of Law in Opposition to Motion by Andrew Greenberg, Sue Greenberg, and AWG, Inc. to Dismiss Amended Complaint, Doc. 100. In support of their motion, the Greenbergs state:

Two aspects of Plaintiff's opposition to the Greenbergs' motion to dismiss warrant leave to reply: (1) the opposition repeatedly references matters outside the pleadings and (2) the opposition repeatedly attempts to modify, clarify, or amend the allegations in the complaint.

*First*, Plaintiff's opposition repeatedly references matters outside the four corners of the complaint. For example, Plaintiff argues that "the Greenbergs have confirmed in discovery that they paid over $2.2 million in connection with Joel's criminal charges, including attorney fees," Doc. 100 at 12, that "discovery confirms that the Greenbergs purchased a home for Abby Greenberg in late 2020," *id.* at 16, and that "Dorworth has learned in discovery that the Greenbergs messaged [Joel] Greenberg regarding legal strategy and even attended meetings and conference calls with the different lawyers who represented [Joel]," *id.* at 17; *see also id.* at 17 n.27. The Greenbergs should be permitted to address these allegations.

Typically, "[i]n deciding a motion to dismiss, a court can only examine the four corners of the complaint." *Niles Audio Corp. v. OEM Sys. Co.*, 174 F. Supp. 2d 1315, 1317 (S.D. Fla. 2001). And a "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint."

1

*Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). As the Greenbergs argue in their motion to dismiss, on its face, Plaintiff's complaint fails to state a claim. And so, the Greenbergs posit that this Court need not, and should not, convert their motion into one for summary judgment. If this Court is inclined *not* to convert the Greenbergs pending motion to dismiss into one for summary judgment, a brief reply would aid this Court by pointing out those allegations in Plaintiff's response that are based on materials outside the pleadings, and that must therefore be disregarded.

*Second*, Plaintiff's opposition repeatedly attempts to modify or clarify the Amended Complaint's allegations. For example, Plaintiff now appears to allege that Defendants recruited A.B.'s friend into their conspiracy, Doc. 100 at 5 n.5, attempts to add specific dates to otherwise unclear time frames, *id.* at 6 n.8, and—worst of all—Plaintiff asks this Court to disregard his incorporation of his previous complaint into the Amended Complaint to the "extent that [it] creates . . . and issue with the pleading," *id.* at 7 n.10, which of course it does. *See, e.g.*, *Mobile Shelter Sys. USA, Inc. v. Grate Pallet Sols., LLC*, 845 F. Supp. 2d 1241, 1253 (M.D. Fla. 2012) (recognizing that incorporating by reference improperly "foists upon the Court the burden of sifting through irrelevant materials to find the materials referenced"). Plaintiff's attempted amendment by response is improper: "a complaint may not be amended by briefs in opposition to a motion to dismiss." *McKally v. Perez*, 87 F. Supp. 3d 1310, 1317 (S.D. Fla. 2015). That Plaintiff seeks to do so here only belies his professed confidence in his Amended Complaint. The Greenbergs should be given an opportunity to address these deficiencies as well.

**WHEREFORE**, the Greenbergs respectfully request 10 days to file a 10-page reply in support of their motion to dismiss.

## LOCAL RULE 3.01(g) CERTIFICATION

On October 2, 2023, counsel for Andrew Greenberg, Susan Greenberg, and AWG, Inc. conferred with counsel for Plaintiff via emails on the issues raised in this motion. Plaintiff opposes the sought relief.

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

and

William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400

3


Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com
ftlcrtpleadings@wickersmith.com

*Attorney for Defendants Andrew Greenberg and Susan Greenberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 2, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111