UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

    Plaintiff,

v.

JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,

    Defendants.

Case No.: 6:23-CV-00871

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO REPLY [DOC 106]**

Plaintiff Christopher Dorworth opposes the Motion for Leave to Reply filed by Defendants Andrew Greenberg, Sue Greenberg, and AWG, Inc., and states as follows:

"[M]otions for leave to file a reply are not typically granted. Indeed, replies or any other pleading directed to the motion are disfavored." *Regions Bank v. Hyman*, 09–cv–1841, 2013 WL 12166237 at *1 (M.D. Fla. August 26, 2013).[1]

---

[1] Although Defendants address other legal issues they wish to address in a reply in their Motion, they do not address the fact that replies are disfavored.

1

Contrary to Defendants' suggestion, Plaintiff has not attempted to offer extraneous evidence in support of a motion to dismiss. Nor does Plaintiff seek to have the motion decided as a motion for summary judgment. Rather, it appears Defendants seek to have "one more attempt to have one more say," which is prohibited by Local Rule 3.01(d). *Id.*

When placed in context, the language in Plaintiff's opposition is in direct response to Defendants' arguments that Plaintiff's Amended Complaint is speculative or without basis. See e.g. Doc. 77, Page 3. Plaintiff is <u>not</u> asking the Court to consider extraneous evidence in evaluating whether the Amended Complaint states a claim. Plaintiff is merely showing a legitimate basis for his assertions, as confirmed in admissions from and documents produced by Defendants. This is the reason that Plaintiff made limited to reference to the fact that he has confirmed his allegations.[2] This should not be a surprise to Defendants or require further briefing. In sum, Plaintiff is not asking the Court to consider extraneous evidence or convert the pleading to a motion for summary judgment. (In this respect, the parties agree.) He was simply responding to Defendants' assertions that Plaintiff's Amended Complaint was speculative. Because the Court need not

---

[2] Moreover, Plaintiff is cognizant of the Court's prior orders denying relief in the absence of good cause shown. *See, e.g.,* Docket Nos. 78, 105. Should the Court find the Amended Complaint deficient in any respect, Plaintiff would like the opportunity to replead. Plaintiff does not wish to find himself in a circumstance in which the Court finds amendment is unwarranted due to Plaintiff's failure to set forth good cause, i.e., failure to demonstrate Plaintiff can plead additional facts supporting the requested relief.

consider matters outside the Complaint in ruling on the substance of Defendants' motion to dismiss, there is no need for Defendants to submit a reply.

There is even less reason for Defendants to address other matters. For example, the Motion asserts that Plaintiff's response claims the Greenbergs recruited A.B.'s friend. Motion at 2. This is not what the response says. Doc. 100 at 5 n.5 ("Nor is the fact that A.B. recruited a friend . . . ") This issue was raised in the Motion, which cited the allegation of the Complaint, which stands. Doc 77, Page 6, citing Complaint ¶ 120. Nor is Plaintiff's explanation that "late Summer" would refer to activity after August 19, 2020, less than two thirds of the way through the Summer, an "attempt[] to add specific dates to otherwise unclear time frames, id. at 6 n.8." Motion at 2. This is simply Plaintiff's response to Defendant's mischaracterization of the pleading. Response at 4-6. Finally, Defendants inexplicably take issue with Plaintiff agreeing that incorporation of other documents can be disregarded, even though this is presumably the relief they seek from that objection. Plaintiff does not wish to "amend by response," he merely responded to Defendants' Motion to Dismiss.[3]

Plaintiff is already disadvantaged in responding to Defendants' 25-page Motion with only a 20 page Response. See Local Rule 3.01(a) and (b). If Defendants

---

[3] Plaintiff has been more than clear that if any amendment is required, he will amend the pleading in the conventional manner.

are allowed a reply, then the Defendants will have a nearly two-to-one page advantage over Plaintiff (Defendants' 35 pages vs Plaintiff's 20 pages).

Lastly, it is not clear why Defendants are moving at this time. The Court granted Plaintiff's extension to respond to Defendants' Motion. (Doc. 103)

WHEREFORE, Plaintiff Christopher Dorworth respectfully requests the Court deny Defendants' Motion for Leave to Reply and order such further relief the Court finds just and proper.

Filed: October 3, 2023.             Respectfully Submitted,

/s/Michael Paul Beltran
Michael P Beltran
Fla. Bar No. 0093184
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607
813-870-3073 (o)
mike@beltranlitigation.com
*Counsel for Plaintiff Dorworth*

**CERTIFICATE OF SERVICE**

I will file a copy of the foregoing on the Court's electronic system, which will send a copy to all counsel of record.

/s/Michael Paul Beltran
Michael P Beltran