UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

     Plaintiff,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG., INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS,
P.A., GREENBERG DENTAL
SPECIALTY GROUP, LLC, and
A.B.,

     Defendants.

Case No.: 6:23-cv-00871-CEM-DCI

## NOTICE OF NON-CONFERRAL

On October 6, 2023, Plaintiff filed a Motion for Leave to File Omnibus Memorandum in Response to Motions to Dismiss [ECF No. 109]. The motion made two distinct requests: (a) to file an omnibus response to the motions to dismiss not to exceed 100 pages with an alternative option of 70 pages with a third alternative option of simply filing separate motions to dismiss at the current page limit and (b) to receive an extension of time

1

through October 13, 2023 or three days after any ruling on the motion, whichever is later, to respond to the Defendants' motions to dismiss.

In the conferral block of the motion, counsel for Plaintiff stated that he had "conferred with counsel for each party by email followed up by telephone" prior to filing. Motion for Leave at 4. Counsel for Plaintiff further stated that "Laura Wolf for A.B. opposed **any** of the relief requested." *Id.* (emphasis added). This is untrue. Below are details of the actual conferral efforts – and actual conferrals – that took place.

On September 28, 2023, counsel for Plaintiff collectively wrote counsel for Defendants for the first time requesting to confer on an omnibus response to the motions to dismiss.[1] The request included **no** details regarding the page limit proposed, simply stating that a "pooled page limit" would be requested. Undersigned counsel responded on the same day that she needed more information on the proposed page limit to properly confer. Counsel for Plaintiff did not immediately respond. Indeed, he did not respond for **seven days**.

---

[1] Counsel for Plaintiff noted that he had conferred on this matter with at least some defense counsel prior to sending the conferral email. Those attorneys did not include counsel for A.B. The September 28, 2023 email was the first time we received this request.

It was not until October 5, 2023 that counsel for Plaintiff wrote to defense counsel expressing that he would be requesting 100 pages for his combined response.  Undersigned counsel responded the same day noting that Defendant A.B. opposed a pooled limit of 100 pages for the combined response.

At 3:56 p.m. EST the following day – October 6, 2023 – counsel for Plaintiff wrote, in pertinent part, "Thanks for everybody's responses.  Please let me know if anybody's responses change if we agree to limit ourselves to 70 pages."  Counsel for Plaintiff also inquired whether two sets of counsel – undersigned counsel and counsel for Abby Greenberg – were opposing a requested extension of time.  It appears that counsel for Plaintiff requested additional time to respond to the motions to dismiss in his conferral email from October 5, 2023, which undersigned counsel had simply missed given the length of the email as well as the significant number of emails exchanged in this case on separate, non-conferral matters.  Had a request for clarity been made the same day, it likely would have received a response by the following morning.

At the time Mr. Beltran sent his conferral email on October 6, 2023, undersigned counsel was halfway through a two-hour meeting that had

been scheduled well in advance of any last-minute efforts to confer on this motion. The meeting concerned rulemaking on a new Colorado law going into effect on January 1, 2024 that undersigned counsel took a primary role in drafting. As the Court can imagine, undersigned counsel was not in a place to review emails, let alone confer on these matters, in the midst of this meeting.

Importantly, undersigned counsel has previously asked counsel for Plaintiff to provide at least 2-3 business days for conferral, as this has been a pattern of plaintiff's counsel since the beginning of this case. In fact, this is not the first holiday weekend since the case was filed six months ago that has commenced with a last-minute conferral request from Mr. Beltran. Despite undersigned counsel's requests for reasonable, professional timeframes in which to confer, Mr. Beltran continues to send last-minute conferrals immediately prior to filing his motions, which renders the conferral requirement essentially meaningless.

At the conclusion of undersigned counsel's two-hour meeting – which ended at 5pm EST (3pm MDT) – undersigned counsel finalized offboarding an employee for her last day. The office then immediately closed for a pre-planned goodbye celebration for our departing colleague.

This morning, undersigned counsel reviewed the motion filed by Plaintiff at 6:51pm EST – less than three hours after the conferral request was made. The certificate of service states that undersigned counsel, on behalf of her client, opposed **all** relief requested. *See* Motion for Leave at 4. This is untrue. Undersigned counsel only ever opposed a 100-page limit to the proposed omnibus brief. Undersigned counsel missed the request for an extension of time sought the day prior, as noted by Mr. Beltran in his October 6, 2023 email. Undersigned counsel apologizes for missing this request, however the appropriate way to reflect a non-response to requested relief is to state that no response was received. Not to claim it was opposed. Further, as undersigned counsel never had an opportunity to respond to the last-minute suggestion of a 70-page limit, it is also untrue that there had been an actual conferral on this request, let alone expressed opposition.

Undersigned counsel takes no position on the requested additional time to file responses to the motions to dismiss. The management of this case rests in the hands of this Court. Undersigned counsel will, however, need time to speak with co-counsel and her client on the 70-page limit for the omnibus brief. As Monday is a federal holiday, undersigned counsel has

informed Mr. Beltran that she would be happy to have this discussion on Tuesday.

A.B. makes no specific request of this court but instead files this Notice of Non-Conferral to correct the record.  Of course, A.B. welcomes the court taking whatever measures it deems appropriate in light of the misrepresentations in the Certificate of Conferral as well as counsel's ongoing concern that conferrals in this case are rendered meaningless when requested within a single day or mere hours before a motion is filed, and well before counsel have had an opportunity to respond.

Dated: October 7, 2023                         Respectfully submitted,

                                                            s/ Laura B. Wolf
                                                            Laura B. Wolf, Esq.* (Lead Counsel)
                                                            Colorado Bar #46833
                                                            Spark Justice Law LLC
                                                            1035 Osage Street, Suite 836
                                                            Denver, CO 80204
                                                            (303) 802-5390
                                                            laura@spark-law.com

                                                            *Attorney for Defendant A.B.*

* *Pro hac vice* admission

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2023, a copy of the foregoing document

was served on the following counsel of record via the federal court e-filing system:

Michael Paul Beltran

Beltran Litigation, P.A.

4920 West Cypress St. Suite 104 PMB 5089

Tampa, FL 33607

813-870-3073

mike@beltranlitigation.com

**Attorney for Plaintiff Christopher Dorworth**

Fritz J. Scheller
Fritz Scheller, PL
Suite 1150
200 E Robinson St
Orlando, FL 32801
407/792-1285
Fax: 407/513-4146
Email: fscheller@flusalaw.com

**Attorney for Defendant Joel Micah Greenberg**

Dustin Michael Mauser-Claassen

Frederick S. Wermuth
King, Blackwell, Zehnder & Wermuth, PA

7

P.O. Box 1631
Orlando, FL 32802-1631
407422-2472
Fax: 407-648-0161
Email: dmauser@kbzwlaw.com

Email: fwermuth@kbzwlaw.com

Quinn B. Ritter
25 East Pine Street
Orlando, FL 32801
407-422-2472
Fax: 407-648-0161
Email: qritter@kbzwlaw.com

**Attorneys for Defendants Andrew W. Greenberg, Susan Greenberg, AWG, Inc.**


Jason A. Perkins

Chelsey Joiner Clements
Carlton Fields Jorden Burt, PA
PO Box 1171
Orlando, FL 32802-1171
407/849-0300
Fax: 407/648-9099
Email: jperkins@carltonfields.com

Email: cclements@carltonfields.com

**Attorneys for Defendant Abby Greenberg**


Allison P. Barkett

Michael J. Furbush

Michaela Kirn
Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, PA
420 S. Orange Ave, Suite 700
Orlando, FL 32801

407-841-1200

Fax: 407-423-1831

Email: mfurbush@deanmead.com

Email: mkirn@deanmead.com

**Attorneys for Defendants Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., Greenberg Dental Specialty Group, LLC**

*s/Laura B. Wolf*

Laura B. Wolf