UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br> Plaintiff,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br> Defendants. | Case No.: 6:23-CV-00871 |

**RESPONSE TO NOTICE OF NONCONFERRAL**

 Plaintiff hereby responds to Defendant A.B.'s "Notice of Nonconferral." (Doc. 110) Unfortunately, this document contains many unnecessary aspersions against undersigned counsel, who must now divert attention away from substantive legal work, on this and other matters, to respond.

1) Although styled as a "Notice of Nonconferral," undersigned counsel in fact made four prefiling attempts to confer with counsel for A.B. about his Motion for Leave to File Omnibus Memorandum, from September 28, 2023 until October 6, 2023.

2)      As acknowledged in A.B.'s "Notice of Nonconferral," undersigned counsel sent emails over the course of a week, on September 28, 2023, October 5, 2023, and October 6. 2023. (Doc. 110, Pages 2-3)

3)      However, nowhere in A.B.'s long recitation of many circumstances is any acknowledgement that undersigned counsel called her office on Friday, October 7, 2023, in yet another attempt to confer, and left a voice message. Although perhaps counsel did not receive this call on Friday, she was certainly aware of it before she filed her "Notice of Nonconferral," because undersigned counsel noted the same in his response emailed on Saturday, October 7, 2023, which was sent before A.B. filed her "Notice of Nonconferral."

4)      When counsel for A.B. emailed the undersigned on the morning of Saturday, October 7, 2023, she requested a response, and that undersigned counsel "file a correction immediately."

5)      Undersigned counsel responded within an hour and asked counsel for A.B. what she would like him to correct or indicate to the Court regarding her position, and said that he would file something as soon as he could return to his desk (Saturday afternoon).

6) Instead, before undersigned counsel could file anything, counsel for A.B. immediately drafted and filed a nine (9) page filing complaining about a litany of issues.[1]

7) Undersigned counsel does not know why counsel for A.B. asked undersigned counsel to file a "correction," but then drafted and filed her own nine (9) page "Notice of Nonconferral," as soon as undersigned counsel indicated that he would issue a "correction" and requested clarification of A.B.'s position.

8) Although counsel for A.B. managed to send many emails and file a nine (9) page "Notice of Nonconferral," she still has not informed Court or counsel of her opposition to the main relief sought in the Motion, which is to file the omnibus response.

9) The last clear position that A.B. has articulated, as recently as Thursday, October 5, 2023, was that she opposed the proposed omnibus response. She does not provide any further information about her position in response to numerous follow-up attempts by undersigned counsel from October 6 to October 8, including a call on October 6, 2023.

---

[1] Undersigned counsel is unsure why counsel for A.B. decided to detail her entire schedule for Friday, October 6, 2023. It is unnecessary for undersigned counsel to respond to that, as undersigned counsel has no reason to believe that Ms. Wolf intentionally ignored any emails or calls and has not suggested otherwise. Ms. Wolf was apparently busy. Undersigned counsel accepts Ms. Wolf's representations and this issue is not in dispute. Counsel for A.B. also does not address the fact that A.B. is represented by a total of four (4) attorneys, but this is beside the point.

10) A.B. now states that she will inform undersigned counsel of her position on the 70 page Omnibus Motion on Tuesday, the return date for the Motions to which the omnibus response will be directed.

11) Undersigned counsel would like to acknowledge that A.B. has now clarified that she takes no position on the request for extension of time. However, A.B. only informed undersigned counsel of this in her filing with the Court, Doc. 110, Page 5, and not in response to his emails on October 5, October 6, and October 7, 2023.

12) Undersigned counsel will inform the Court of any update on A.B.'s position on the filing of the Omnibus Memorandum whenever he receives it, notwithstanding that counsel for A.B. states that she will respond outside the three-day window under Rule 3.01(g)(3). Undersigned counsel again inquired as to A.B.'s position on Saturday October 7, 2023, when counsel emailed, and again on Sunday, October 8, 2023, in order to ensure compliance with rule 3.01(g)(3), because counsel for A.B. claims the parties have not conferred.

13) Although she again exchanged several emails, Counsel for A.B. stated again that she would respond with her position "by COB mountain time" (i.e. after business hours in the MDFL) on Tuesday, October 10, 2023. Exhibit 1, Pages 13-16.

14) Counsel for A.B. accepts at least partial responsibility for any miscommunication (Doc. 110, Page 5), yet inexplicably casts aspersions on undersigned counsel.

15) Because A.B. has chosen to cast unnecessary aspersions on undersigned counsel, he unfortunately feels that he should provide the Court with the full email chain, which is attached hereto as Exhibit 1 (BCCs and internal emails omitted).

16) Undersigned counsel emailed several times to confer, and when he received a response that A.B. opposed the relief requested, he emailed and then called to clarify which relief A.B. opposed, and even later offered to compromise his position to obtain consent.

17) Only one Defendant (Joel Greenberg) consented to his motion after he compromised on the page limit by email and then called to follow up by phone, so undersigned counsel had no reason to expect this would result in any change in A.B.'s position.[2]

18) Undersigned counsel regrets if any lack of clarity on his part contributed to the genesis of these filings. He will endeavor to provide greater detail in his Conferral Certificates, and if the situation is unclear, he will note that more specifically in the future.

---

[2] As noted in the Motion, Pages 3-4, Courts routinely allow pooled page limits, and undersigned counsel does not understand why he must compromise his total page limits to obtain consent to the motion, but he did so anyway.

19) The implication by counsel for A.B., however, that undersigned counsel did not attempt to confer in good faith is belied by the extensive correspondence and the phone call that undersigned counsel made to counsel for A.B., all to clarify her ambiguous position.

20) Although not relevant to the Motion, or even the "Notice of Nonconferral," undersigned counsel was not even aware that Monday, October 9, 2023 was a holiday, until counsel for A.B. so informed him, because it did not appear on his online calendar and is not recognized by the State of Florida as a paid holiday. E.g. 110.117. In any event, undersigned counsel will be working on his Memorandum.

21) Although no relief is requested by A.B. in her filing, given the assertions and tenor of the filing, undersigned counsel wished to respond.

October 8, 2023.                                           Respectfully Submitted,

/s/Michael Paul Beltran
Michael P Beltran
Fla. Bar No. 0093184
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607
813-870-3073 (o)
mike@beltranlitigation.com
*Counsel for Plaintiff Dorworth*

## **CERTIFICATE OF SERVICE**

      I will file a copy of the foregoing on the Court's electronic system, which will send a copy to all counsel of record.

                                                        /s/Michael Paul Beltran  
                                                        Michael P Beltran