UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

   *Plaintiff*,

v.

JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,

   *Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG, AND AWG. INC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR <u>LEAVE TO FILE OVER-LENGTH OMNIBUS MEMORANDUM</u>**

Defendants, Andrew and Susan Greenberg, and AWG, Inc. ("Greenbergs") ask that this Court deny Plaintiff's request for leave to respond to the motions to dismiss in an over-length omnibus response. Doc. 109. In support, the Greenbergs state:

## MEMORANDUM OF LAW

Time and again, courts in the Middle District have explained that complaints that "lump[] all the defendants together in each claim and provid[e] no factual basis to distinguish their conduct" fall short of even Rule 8's lenient standard. *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009); *see also In re Auto Body Shop Antitrust Litig.*, No. 6:14-CV-6006-ORL-31, 2015 WL 4887882, at *6 (M.D. Fla. June 3, 2015) (recommending dismissal based on "improper group pleading"); *Diamond Resorts U.S. Collection Dev., LLC v. Sumday Vacations, LLC*, No. 619CV982ORL78DCI, 2020 WL 3250130, at *2 (M.D. Fla. Feb. 21, 2020) ("Generally, the use of group pleading fails to meet federal pleading requirements."); *Gov't Emps. Ins. Co. v. Clear Vision Windshield Repair, LLC*, No. 616CV2077ORL28TBS, 2017 WL 7371184, at *5 (M.D. Fla. Dec. 29, 2017).

But across multiple complaints, Plaintiff has consistently blended the identities and actions of multiple Defendants. *See, e.g.*, Doc. 1-1 ¶¶ 20, 26, 34 (attributing actions to "Greenberg Racketeering Enterprise"); Doc. 62 ¶¶ 6, 8, 9, 45, 84, 128, 350 (attributing actions and knowledge to undifferentiated "Defendants"). Even in his still-pending provisional motion for leave to amend, Plaintiff promises more of the same. *See* Doc. 104 ¶ 7 (alleging that Plaintiff, in an amended complaint, can allege details

1

about "Defendants' interaction with the news media" and "Defendants' use of agents to defame" him).

Now, in his motion for leave to file an omnibus response, Plaintiff asserts that "[a] single response to all motions to dismiss would benefit all parties and the Court, eliminating duplicative briefing and analysis." Doc. 109 at 2. The Greenbergs disagree. Rather, based on Plaintiff's consistent pattern of behavior in this action, the Greenbergs expect that any "omnibus" response will also be replete with references to what "Defendants" have done or what "Defendants" have said, requiring Defendants and this Court to sift through Plaintiff's 62-page Amended Complaint (and his incorporated-by-reference 115-page Complaint) to determine whether Plaintiff has sufficiently alleged facts to state a claim as to *each* Defendant.

Plaintiff's claims against Defendants are also meaningfully different. Plaintiff alleges a civil RICO claim against Joel Greenberg; RICO conspiracy against all Defendants; defamation against Joel Greenberg, Abby Greenberg, and A.B.; aiding and abetting defamation against Andrew Greenberg, Susan Greenberg, Abby Greenberg, Greenberg Dental, and AWG, Inc.; and civil conspiracy against all Defendants.

As such, for example, A.B.'s motion to dismiss spends eight pages discussing Plaintiff's substantive defamation claims, *see* Doc. 80 at 3–12, while the Greenbergs' motion to dismiss relegates these issues to a footnote, Doc. 77 at 25 n.13. Similarly, while the Greenbergs' motion to dismiss (responding to Plaintiff's Amended Complaint) almost entirely addresses Plaintiff's various theories of derivative liability,

Joel's motion to dismiss spends nearly all 25 pages discussing substantive RICO and defamation, *see generally* Doc. 82. *Compare also id.* at 16–17, 21–23 (devoting roughly three and a half pages to conspiracy-related issues), *with* Doc. 77 at 16–18 (dedicating roughly two pages to RICO-enterprise-related issues).

Defendants' various motions to dismiss raise sundry arguments that are different in both stark and nuanced ways. To address them all together in one over-length omnibus response will inevitably confuse the issues and tempt Plaintiff to further engage in impermissible group pleading.

WHEREFORE, the Greenbergs respectfully request that this Court deny Plaintiff's motion for leave to file an over-length omnibus response to the pending motions to dismiss.

Respectfully submitted,

/s/ Frederick S. Wermuth
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

3

/s/ *William E. Peters, Jr.*
William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com
ftlcrtpleadings@wickersmith.com

*Attorney for Defendants Andrew Greenberg and Susan Greenberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 10, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

4