UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH, *Plaintiff*, v. JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B., *Defendants*. | Case No.: 6:23-cv-871-CEM-DCI |

**DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S MOTION FOR LEAVE TO REPLY**

Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the Greenbergs), according to Local Rule 3.01(d), request leave to reply to Plaintiff's omnibus memorandum of law in opposition to the pending motions to dismiss, Doc. 116. In support of this motion, the Greenbergs state:

As to the Greenbergs, two aspects of Plaintiff's opposition to the motions to dismiss warrant leave to reply: (1) the opposition repeatedly references matters outside the pleadings and (2) the opposition rests on the false assumption that Plaintiff has sufficiently pleaded knowledge and agreement by the Greenbergs.

## **INCORPORATED MEMORANDUM OF LAW**

This District generally grants leave to file a reply when there are "new law or facts contained in the opposition's response," *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011), and the reply would "aid [the Court's] resolution of the underlying motion." *In re Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015). Here, a brief reply will both address new facts and aid the Court's resolution of the motion.

*First*, Plaintiff's opposition repeatedly references matters outside the four corners of the complaint. For example, Plaintiff argues that "the Greenbergs have confirmed in discovery that they [paid] . . . over $2.2 million in connection with Joel's criminal charges, including attorney fees," Doc. 116 at 53, that "discovery confirms that the Greenbergs purchased a home for Abby Greenberg in late 2020," *id.* at 15 n.18, and that "Dorworth has learned in discovery that the Greenbergs messaged [Joel]

1

Greenberg regarding legal strategy and even attended meetings and conference calls with the different lawyers who represented [Joel]," *id.* at 16. The Greenbergs should be permitted to address these allegations.

Typically, "[i]n deciding a motion to dismiss, a court can only examine the four corners of the complaint." *Niles Audio Corp. v. OEM Sys. Co.*, 174 F. Supp. 2d 1315, 1317 (S.D. Fla. 2001). And a "district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). As the Greenbergs argue in their motion to dismiss, on its face, Plaintiff's Amended Complaint fails to state a claim. And so, the Greenbergs posit that this Court need not, and should not, convert their motion into one for summary judgment. If this Court is inclined *not* to convert the Greenbergs' pending motion to dismiss into one for summary judgment, a brief reply would aid this Court by pointing out those allegations in Plaintiff's response that are based on materials outside the pleadings and must therefore be disregarded.

*Second*, Plaintiff's response to the Greenbergs' arguments is largely predicated on the (false) assumption that Plaintiff has adequately pleaded that the Greenbergs' provided funds to Joel and others with the knowledge and assent that those funds be used to defame him. *See* Doc. 116 at 15 (arguing that "the Complaint repeatedly alleges that the Greenbergs agreed to further and participate in Joel's felonious scheme"); *id.* at 18 (claiming that the Greenbergs provided "support . . . **for the specific purpose** of aiding Joel in committing crimes"); *id.* at 49–50 (asserting that the Greenbergs knew

2

of Joel's actions); *id.* at 51 ("The VAC clearly states that each Defendant who provided funding knew what the funding would be used for."); *id.* at 52 (asserting that the Greenbergs aided Joel "when they knew that their aid was being used by Joel to commit improper acts against others").

Plaintiff's response as to the Greenbergs rests on these assertions. But despite Plaintiff's repeated contentions to the contrary, his allegations are woefully insufficient. Compare an example from Plaintiff's Amended Complaint[1] to allegations that courts across the country have consistently and repeatedly held are insufficient to allege a claim for RICO (or any) conspiracy. *See Gov't Emps. Ins. Co. v. Wellmart RX, Inc.*, No. 19-CV-4414 (KAM), 2022 WL 17774929, at *7 (E.D.N.Y. June 24, 2022) (finding insufficient allegations that "Davydov, Nektalov, and the Prescribing Defendants knew of, agreed to and acted in furtherance of the common and overall objective"); *Baumer v. Pachl*, 8 F.3d 1341, 1345 (9th Cir. 1993) (finding insufficient allegations that the defendants "knowingly aided and abetted ERDY and EPA"). A brief reply highlighting such authorities against Plaintiff's assertions would aid the Court in resolving the pending motions to dismiss.

**WHEREFORE**, the Greenbergs respectfully request 10 days to file a 10-page reply in support of their motion to dismiss.

---

[1] "Defendants Andrew Greenberg, Sue Greenberg, Abby Greenberg, Greenberg Dental, and AWG, Inc., **each possessed knowledge of Joel Greenberg, Abby Greenberg, and A.B.'s defamation.**" Doc. 116 at 49 (emphasis in original).

## LOCAL RULE 3.01(g) CERTIFICATION

On October 18, 2023, counsel for Andrew Greenberg, Susan Greenberg, and AWG, Inc. conferred with counsel for Plaintiff via telephone on the issues raised in this motion. Plaintiff opposes the sought relief.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

*/s/ William E. Peters, Jr.*
William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com
ftlcrtpleadings@wickersmith.com

4

*Attorney for Defendants Andrew Greenberg and Susan Greenberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 19, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111