United States District Court
Middle District of Florida
Orlando Division

CHRISTOPHER E. DORWORTH,

    *Plaintiff,*

v.     No. 6:23-00871

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBURG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A.B.,

    *Defendants.*

_____

**DEFENDANT A.B.'S MOTION FOR LEAVE TO REPLY**
_____

1

Pursuant to Local Rule 3.01(d), Defendant A.B., by and through her counsel, hereby requests leave to reply to Plaintiff's Omnibus Memorandum of Law in Opposition to Defendants' Motions to Dismiss Verified Amended Complaint ("Response"), and states as follows:

## LEGAL STANDARD

"The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court." *Weiss v. AT&T Inc.*, 2023 WL 3092631, at *1 (M.D. Fla. Apr. 26, 2023) (quoting *Tardif v. People for Ethical Treatment of Animals*, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011)).  A Court should "grant leave to file a reply brief where the reply will benefit the Court's resolution of the pending motion." *Id.* (citing *Schumann v. Collier Anesthesia, P.A.*, 2014 WL 1230644, at *4 n.3 (M.D. Fla. Mar. 25, 2014)).

In this case, A.B.'s proposed reply brief is appropriate to respond to numerous new issues of law raised by Plaintiff in his Response, often confusedly.  The proposed reply would assist the Court in determining these issues, particularly where Plaintiff's new legal arguments are irrelevant to the points raised in A.B.'s Motion to Dismiss, legally unsupported, or in at least one instance, entirely counter to law.

For instance, Plaintiff thoroughly confuses the relevant analysis surrounding the statute of limitations for his defamation claim.  In his Response, Plaintiff suggests that *Wagner, Nugent, Johnson, Roth, Romano, Erikson, & Kupfer, P.A. v. Flanagan*, 629 So.2d 113, 114-15 (Fla. 1993), which rejected the discovery rule for defamation claims, has been undermined by two district courts (one state and one federal) which applied the

2

"multiple publication rule" rather than the "single publication rule" in some cases. *See Resp.* at 59-60. Even if true, this is irrelevant to A.B.'s arguments in her Motion; A.B. never argued that Plaintiff lacks a recovery if the very first publication of A.B.'s alleged defamation is outside of the statute of limitations. Instead, she argued that the statute of limitations applies separately to each individual publication. *See e.g.*, *Mot.* at 6 ("Therefore, the statute of limitations on defamation actions runs two years after *any associated publication*." (emphasis added)). This is, in fact, more similar to the multiple publication rule that Plaintiff seeks to apply. But Plaintiff suggests that this (unrelated) dispute about which publication rule applies undermines *Wagner*'s holding that a publication must itself occur within the limitations period, which is incorrect as a matter of law.[1] Plaintiff also cites to a Florida statute that he contends tolled his statute of limitations, though it contains a clear exception that would apply in this case. *See Mot.* at 62 n.82. A.B. should have the opportunity to respond to Plaintiff's inapposite sidetracks through the law surrounding limitations in order to clarify the actual disputes at issue.

Plaintiff further introduces two theories, never raised in either of his Complaints, regarding his injuries from A.B.'s alleged defamation. He suggests for the first time that the alleged report of truthful information regarding the investigation

---

[1] Plaintiff also misquotes A.B.'s Motion to argue that "A.B. acknowledges that damages are an element that must occur within the limitations period," suggesting that the limitations period runs from the injury rather than the publication. *Mot.* at 61 n.79. In his quotation from A.B.'s Motion, Plaintiff italicizes a portion of the language without noting his modification, giving the sentence a different meaning.

3

into his conduct constituted false-impression defamation, *Resp.* at 62 n.2, and he argues that the injury he suffered when he voluntarily resigned from his job was the result of "compelled self-defamation," *id.* at 61-62. The latter argument in particular warrants a reply as, Plaintiff's statements in the Response notwithstanding, Florida courts have rejected such a theory. *See Valencia v. Citibank Int'l*, 728 So.2d 330, 330-31 (Fla. 3d Dist. App. 1999) ("We hold that Florida law does not provide for [the compelled self-defamation exception] to the publication requirement of defamation nor are we prepared to create such an exception.").

Finally, Plaintiff attempts in his Response to bolster his Verified Amended Complaint ("FAC") without receiving the necessary leave from this Court. As an example, Plaintiff minimizes the importance of an article cited in the FAC (which A.B. showed did not result from her own statements, *see Mot.* at 9-10) by describing it as "merely an example of the many articles" that allegedly caused him injury and stating that he can "easily provide other examples in any amended pleading." *Resp.* at 56-57 n.70. In other words, Plaintiff relies on the existence of matters he did not include in either Complaint to bolster his claims, which remain unidentified. Similarly, Plaintiff for the first time identifies the particular predicate acts he claims A.B. committed. *Resp.* at 36 n.36. Based on the FAC itself, it is impossible to determine which statutes, set forth in 21 paragraphs, Plaintiff alleges A.B., specifically, violated. *See FAC* ¶¶ 234-54.

For the reasons set forth above, Defendant A.B. respectfully requests leave to file a seven-page reply in support of her Motion on or before November 3, 2023.

4

5

| | |
|---|---|
| Dated: October 25, 2023 | Respectfully submitted,<br><br>s/ Stephen Shaw<br><br>Laura B. Wolf, Esq.* (Lead Counsel)<br>Colorado Bar #46833<br>Stephen Shaw, Esq.*<br>Colorado Bar #56720<br>Spark Justice Law LLC<br>1035 Osage Street, Suite 836<br>Denver, CO 80204<br>(303) 802-5390<br>laura@spark-law.com<br>steve@spark-law.com<br><br>Christopher W. Ford, Esq.*<br>Colorado Bar #28632<br>Jonathan Boonin, Esq.*<br>Colorado Bar #23113<br>Hutchinson Black and Cook, LLC<br>921 Walnut Street, Suite 200<br>Boulder, CO 80302<br>(303) 442-6514<br>chris.ford@hbcboulder.com<br>jonathan.boonin@hbcbolder.com<br><br>Jesse Ian Unruh<br>Florida Bar No. 92121<br>Spire Law, LLC<br>2572 West State Road 426, Suite 2088<br>Oviedo, FL 32765<br>(407) 494-0135<br>jesse@spirelawfirm.com<br><br>*Attorneys for Defendant A.B.* |

* *Pro hac vice* admission

## LOCAL RULE 3.01(g) CERTIFICATION

On October 25, 2023, counsel for Defendant A.B. conferred with counsel for Plaintiff via email on the issues raised in this Motion. Plaintiff opposes the sought relief and indicated his intention to file a written response to this Motion.

*s/ Stephen Shaw*

Laura B. Wolf, Esq.* (Lead Counsel)
Colorado Bar #46833
Stephen Shaw, Esq.*
Colorado Bar #56720
Spark Justice Law LLC
1035 Osage Street, Suite 836
Denver, CO 80204
(303) 802-5390
laura@spark-law.com
steve@spark-law.com

Christopher W. Ford, Esq.*
Colorado Bar #28632
Jonathan Boonin, Esq.*
Colorado Bar #23113
Hutchinson Black and Cook, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
chris.ford@hbcboulder.com
jonathan.boonin@hbcbolder.com

Jesse Ian Unruh
Florida Bar No. 92121
Spire Law, LLC
2572 West State Road 426, Suite 2088
Oviedo, FL 32765
(407) 494-0135
jesse@spirelawfirm.com

*Attorneys for Defendant A.B.*

* *Pro hac vice* admission

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, a copy of the foregoing document was served on the following counsel of record:

Michael Paul Beltran
Beltran Litigation, P.A.
4920 West Cypress St. Suite 104 PMB 5089
Tampa, FL 33607
813-870-3073
mike@beltranlitigation.com

**Attorney for Plaintiff Christopher Dorworth**

Fritz J. Scheller
Fritz Scheller, PL
Suite 1150
200 E Robinson St
Orlando, FL 32801
407/792-1285
Fax: 407/513-4146
Email: fscheller@flusalaw.com

**Attorney for Defendant Joel Micah Greenberg**

Dustin Michael Mauser-Claassen
Frederick S. Wermuth
King, Blackwell, Zehnder & Wermuth, PA
P.O. Box 1631
Orlando, FL 32802-1631
407422-2472
Fax: 407-648-0161
Email: dmauser@kbzwlaw.com
Email: fwermuth@kbzwlaw.com
Quinn B. Ritter
25 East Pine Street
Orlando, FL 32801
407-422-2472
Fax: 407-648-0161
Email: qritter@kbzwlaw.com

**Attorneys for Defendants Andrew W. Greenberg, Susan Greenberg, AWG, Inc.**

Jason A. Perkins
Chelsey Joiner Clements
Carlton Fields Jorden Burt, PA
PO Box 1171
Orlando, FL 32802-1171
407/849-0300
Fax: 407/648-9099
Email: jperkins@carltonfields.com
Email: cclements@carltonfields.com
**Attorneys for Defendant Abby Greenberg**

Allison P. Barkett
Michael J. Furbush
Michaela Kirn
Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, PA
420 S. Orange Ave, Suite 700
Orlando, FL 32801
407-841-1200
Fax: 407-423-1831
Email: mfurbush@deanmead.com
Email: mkirn@deanmead.com
**Attorneys for Defendants Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., Greenberg Dental Specialty Group, LLC**

*s/Stephen Shaw*
Stephen Shaw