UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

    Plaintiff,

v.

JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,

    Defendants.

Case No.: 6:23-CV-00871

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR LEAVE TO REPLY [DOC 119]

Plaintiff Christopher Dorworth opposes the Motion for Leave to Reply filed by Defendant A.B. (the "Moving Defendant") because a reply would expand an already unfair disparity in the amount of briefing directed to the Amended Complaint and would grant the Moving Defendants an unnecessary "last word." Further, A.B.'s additional arguments to dismiss the action lack merit.

Motions for leave to file a reply are "disfavored" and thus "not typically granted." *Regions Bank v. Hyman*, 09–cv–1841, 2013 WL 12166237 at *1 (M.D. Fla. August 26, 2013). The proposed reply would expand an already unfair

1

advantage the Moving Defendant enjoys with respect to briefing the legal issues. The Moving Defendant seeks to file a 7-page reply in addition to the 25 pages contained in her Motion to Dismiss. Collectively, all Defendants filed five motions directed to the Amended Complaint, for a total of 125 pages. Because Defendants filed five separate motions, Plaintiff sought to file an omnibus response. But to get consent to that request from even a single Defendant (Moving Defendant did *not* consent)[1] he had to bargain away 30 of the 100 pages he would have had if he responded to each motion individually. *See* Local Rule 3.01(a) and (b). The Court allowed Plaintiff to file a 70-page omnibus response, which effectively gave Plaintiff 14 pages to respond to each motion.[2] The Moving Defendants request an additional 7 pages, which would place them at 32 pages to Plaintiff's 14 pages. That disparity is not appropriate. For example, in *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011), the Court denied a reply because it would have resulted in a total of 39 pages

---

[1] A.B. filed an erroneous 9-page "Notice of Nonconferral," in response to Plaintiff's Motion for Leave to File the Omnibus Brief. (Doc. 110) As to this instant Motion, A.B. conferred only by email, and after rescheduling and then cancelling a scheduled call, filed the Motion solely based upon emails. (Doc. 119, Page 6) (noting only email conferral). Undersigned counsel would normally not comment upon this aspect of the Motion if not for A.B.'s erroneous claim that the undersigned did not confer on a previous motion when he called and emailed over a period of a week. Doc. 111 (rebutting the Notice of Nonconferral). The Motion's certificate did, however, note at the undersigned's request, that he would be filing a written response.

[2] Nor did Plaintiff benefit from any economy of scale as to A.B.'s Motion to Dismiss, due to the somewhat unique arguments made by A.B., including on defamation, and also on the declaratory judgment, which was not directed to or addressed by the other Defendants.

of briefing, and the proposed filing did not "rise to the level required by the Local Rules to file a reply brief . . . ." *Id.* at *2. *In re Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015), allowed a reply, but only after allowing the Plaintiff an additional 11 pages in response to the Motion.

The Moving Defendant improperly uses her motion to make their reply argument. As noted in Plaintiff's Omnibus Response (Doc. 116), Plaintiff has not attempted to offer extraneous evidence in opposition to the motions to dismiss. Doc. 116, Page 4, n.2. Nor is there any "new" issue as to *Wagner v. Flanagan*, 629 So.2d 113, 114-15 (Fla. 1993). A.B. cited the authority and had ample opportunity to address other cases, especially the caselaw discussed by Dorworth, which cites *Wagner*, in her initial Motion. As A.B. correctly notes, "the statute of limitations on defamation actions runs two years after *any associated publication*." Doc. 119, Page 3 (citing A.B.'s initial Brief). The associated publication would include A.B.'s repeated statements to the authorities, leaks from the investigation, Dorworth's compelled self-defamation, reports to the media, and news publications, among other things. Dorworth alleges associated publications within the limitations period, both by A.B. and by the news media and others, and thus his claim is timely. ¶¶ 349-381.


Nor does Dorworth introduce "two new theories, never raised in either of his Complaints." Doc. 119, Page 5. Instead, he responds to assertions raised by A.B. Contrary to A.B.'s assertions, Dorworth has been clear since the beginning that he claims damages from the loss of his job at Ballard Partners as a result of the impending New York Times story covering false allegations by Defendants. Doc. 62 ¶¶ 359-364, Doc. 1-1 ¶¶ 485-490.³ A.B. erroneously challenged Dorworth's claim because it was true that the false allegations against him were investigated. Dorworth responded by citing *Jews for Jesus v. Rapp*, 997 So.2d 1098, 1106 (Fla. 2008), cited by A.B. in her own Motion, Doc. 80, Page 3, for the proposition that "literally true statements can be defamatory where they create a false impression." A.B. does not need a reply to discuss the impact of her own caselaw on an erroneous argument she raised in her moving papers.

Likewise, Dorworth has always been clear that he was alleging, among other things, compelled self-defamation. ¶ 359 ("When Dorworth informed his employer, Ballard Partners, that he had been falsely implicated in the investigation, he was nonetheless compelled to resign his $1 million per year role with Ballard.") Further, A.B. devotes an entire section of her brief to the proposition that "Mr. Dorworth Caused His Own Damages, Not Defendants." Doc. 80, Page 11. These are not new

---

³ Plaintiff does not attempt to "bolster" the VAC by minimizing the importance of an article cited therein only as an example. The cited passages contain other articles showing defamation against Dorworth by Defendants, and others are readily available.

arguments or facts, notwithstanding that A.B. raised the issue but failed to address any self-defamation caselaw. Nor is Dorworth's claim foreclosed by *Valencia v. Citibank*, 728 So.2d 330, 330-31 (Fla. 3rd DCA 1999). In fact, as noted in the Omnibus, two Federal District Courts, including this one, have recognized the claim. *See e.g., Brown v. Suncoast Beverage*, 09-CV-498, 2010 WL 555675, at *2 (M.D. Fla. Feb. 10, 2010)(recognizing compelled self-defamation when coupled with third party publication by defendant); *Sirpal v. UM*, 684 F.Supp.2d 1349, 1361 (S.D. Fla. 2010)(same, and noting that "each repetition of a defamatory statements is a publication") as cited in Omnibus Page 62. In fact, as noted in the Omnibus, *Brown* distinguishes *Valencia*, because, as here, in *Brown* both the Plaintiff and the Defendant issued defamatory statements. *Brown, id*. at *2. *Sirpal* distinguished *Valencia* on the exact same basis. *Sirpal, id*. at 1361. A.B. does not need a reply to discuss distinguishable caselaw that is already addressed in the authorities cited by Dorworth.

Dorworth's claims are not "unidentified." In fact, A.B. claims on the one hand that Dorworth's introduces new claims and on the other than they "remain unidentified." Both cannot be true. Nor does Dorworth identify particular predicate acts that A.B. committed for the "first time" in his Response. Instead, they are identified in the VAC. A.B. erroneously claimed in her Motion that Dorworth relied upon "defamation" as a RICO, predicate, which he plainly did not. The note that

5

A.B. cites merely lists the RICO predicates alleged – none are defamation. A.B. again makes inconsistent arguments, claiming both that Dorworth "for the first time" identifies the predicate acts that A.B. committed, but at the same time, that it is "impossible to determine which statutes" Plaintiff claims A.B. violated. These too, are contradictory statements. In any event, on the very next page, in the very next note from that cited by A.B., Dorworth identifies all A.B.'s misconduct and the specific predicate acts alleged. Doc. 116, Page 37, n. 37-38.

In sum, the Moving Defendants' proposed reply is an unnecessary attempt have the last word and should be denied. *See Tardif, id*. at *2, *Hyman, id.* at *1. If the Court allows additional briefing, however, Plaintiff requests that it allot at least a similar number of pages to Plaintiff in a sur-reply to avoid further increasing the disparity in the briefing directed to the Amended Complaint.[4]

---

[4]     Plaintiff would also like the court to consider providing additional pages to Dorworth based upon the Reply that has been granted to Sue, Andrew, and AWG. Plaintiff should also be allowed to rebut their arguments:

  When placed in context, the language in Plaintiff's opposition is in direct response to Defendants' arguments that Plaintiff's Amended Complaint is speculative or without basis. See e.g. Doc. 77, Page 3. Plaintiff is not asking the Court to consider extraneous evidence in evaluating whether the Amended Complaint states a claim. Plaintiff is merely showing a legitimate basis for his assertions, as confirmed in admissions from and documents produced by Defendants. This is the reason that Plaintiff made limited to reference to the fact that he has confirmed his allegations. This should not be a surprise to Defendants or require further briefing. In sum, Plaintiff is not asking the Court to consider extraneous evidence or convert the pleading to a motion for summary judgment. (In this respect, the parties agree.) He was simply responding to Defendants' assertions that Plaintiff's Amended Complaint was speculative. The Court need not consider matters outside the Complaint in ruling on the substance of that Motion to Dismiss.

  These Defendants will inject entirely new caselaw into the briefing – in a reply brief – on the issue of the Greenbergs provision of funds to aid the illegal acts alleged in the pleading. Not only are these cases not "new law" that would justify a reply, they are not even applicable. *Baumer*

| | |
|---|---|
| Filed: October 26, 2023. | Respectfully Submitted, |
| | /s/Michael Paul Beltran |
| | Michael P Beltran |
| | Fla. Bar No. 0093184 |
| | Beltran Litigation, P.A. |
| | 4920 West Cypress St. |
| | Suite 104 PMB 5089 |
| | Tampa, FL 33607 |
| | 813-870-3073 (o) |
| | mike@beltranlitigation.com |
| | *Counsel for Plaintiff Dorworth* |

## CERTIFICATE OF SERVICE

I will file a copy of the foregoing on the Court's electronic system, which will send a copy to all counsel of record.

/s/Michael Paul Beltran
Michael P Beltran

---

*v. Pachl*, 8 F.3d 1341, 1345 (9th Cir. 1993), simply involved a single unadorned conclusory allegation where the plaintiff did not even attempt to allege that one of the defendants was part of the conspiracy. *Id*. ("If he is part of this conspiracy to do this, allegedly, say so.") It did not involve any knowledge requirement that the Greenbergs attempt to invoke in their Motion. Again, the Greenbergs ignore the voluminous information showing that they would have knowledge of the illegal acts. ¶¶ 204-232 (detailing Joel's widespread discussion of his scheme with anybody why would listen, including family), 325-327 (detailing Greenbergs' monitoring of Joel's case and investigation), 328-339 (detailing Andrew's assistance with coverup), 386 (knowledge of Joel's general propensity to commit crimes), 393-397 (Greenbergs obtaining release and acknowledging that the restitution issue "involved multiple parties"), and Doc. 116, Pages 15-17 (detailing the Greenbergs' knowledge). The pleading is sufficient on this issue. See Doc. 116, Pages 34-35 (setting forth RICO standard), 42-44 (discussing pleading standard), *GEICO v. Wellmart*, No. 19-CV-4414 (KAM), 2022 WL 17774929, at *7 (E.D.N.Y. June 24, 2022), is similarly unavailing. GEICO merely regurgitates Defendants' "parallel" conduct argument, asserted repeatedly in the moving papers. Doc. 77, Pages 24-26, Doc. 79, Page 25, Doc. 81, Pages 13 and 24, Doc. 82, Page 22. This proposition was properly rebutted in the Omnibus Response. Doc. 116, Pages 35 and 44-47. Andrew, Sue, and AWG similarly expand a lopsided briefing advantage. *Tardif, id*. at *2, *Hyman, id*. at *1.

7