UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

   *Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG, INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

   *Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG,
AND AWG, INC.'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS**

## PRELIMINARY STATEMENT

Plaintiff's response spends pages summarizing cases, Doc. 116 at 30–34, improperly referencing discovery, *id.* at 4 n.2, pointing out immaterial errors in the Greenbergs' motion to dismiss,[1] *id.* at 6, and highlighting trivial citation errors, *id.* at 17 n.20. But that sound and fury ultimately signifies nothing. By directing this Court to immaterial issues, Plaintiff draws this Court away from the real issue: Plaintiff's response to the Greenbergs' arguments hinges on the (false) assumption that Plaintiff has adequately pleaded that the Greenbergs provided funds to Joel and others with the knowledge and assent that those funds be used to defame him. *See* Doc. 116 at 15, 18, 49–50, 51, 52.

This Court should cast aside Plaintiff's references to discovery and look beyond Plaintiff's attempts at misdirection to the true issue—Plaintiff's complaint rests on a faulty foundation. Plaintiff has failed to allege any factual matter plausibly suggesting agreement or knowledge by the Greenbergs. Without that, Plaintiff's allegations are merely consistent with liability, and this Court must dismiss.

## ARGUMENT

### I.     Plaintiff improperly references materials outside the complaint.

Anticipating this argument, Plaintiff concedes that he "occasionally references

---

[1] Regarding the error Plaintiff highlights on page 6 of his response, the Greenbergs merely misinterpreted the following: "Shortly after the original charges, on July 19, 2020, Joel Greenberg's wife, Abby Greenberg, lured Dorworth's wife, Rebekah Dorworth, to a resort under the false pretense of a pool day for the wives and children only," Doc. 62 ¶ 71, as alleging that the original charges were on July 19th.

allegations that he has made that have been confirmed in discovery." Doc. 116 at 4 n.2. Yet Plaintiff still claims that he is not referencing matters outside the four corners of the complaint. As he tells it, Plaintiff references discovery because it is "obviously relevant to showing" that he has sufficiently pleaded a claim. *Id.*

In other words, Plaintiff relies on materials outside the complaint (discovery) to support his assertion that he has stated a claim.[2] If this Court considers Plaintiff's references to materials outside the complaint, it *must* convert the motion to one for summary judgment. *Day v. Taylor*, 400 F.3d 1272, 1275–76 (11th Cir. 2005). The parties agree that this Court should not do so. Doc. 117 at 2; Doc. 116 at 4 n.2. And so, this Court should disregard Plaintiff's assertions regarding discovery, found on the following pages: Doc. 116 at 15 n.18 (asserting that discovery shows Greenbergs provided benefits to Abby Greenberg); *Id.* at 15 n.19 (asserting that discovery shows that Andrew Greenberg provided funds to Joel as alleged in complaint); *Id.* at 16 (alleging that discovery shows Greenbergs and Joel communicated regarding legal strategy); *Id.* at 53 (alleging that discovery shows Greenbergs paid restitution on Joel's behalf). This Court should cast these allegations aside when ruling on the Greenbergs' pending motion to dismiss.[3]

---

[2] As the Greenbergs explain in their opposition to Plaintiff's "provisional" motion for leave to amend, and discuss below, whether Plaintiff has indeed "confirmed" the facts he claims to have confirmed (that the Greenbergs financially supported Joel and Abby) is also irrelevant to whether he has stated (or can state) a claim. Doc. 115 at 9–13.

[3] To the extent this Court disagrees, and considers Plaintiff's references to discovery, the Greenbergs ask that this Court also note what is missing from Plaintiff's repeated references to facts confirmed in discovery: any mention of any payment of any kind from the Greenbergs to A.B.; any mention of communication between the Greenbergs and A.B.; or any mention of any communication between

2

### II. The complaint fails because it alleges knowledge and agreement by the Greenbergs in only the most conclusory fashion.

Plaintiff brings four claims against the Greenbergs: federal and Florida RICO conspiracy, aiding and abetting defamation, and civil conspiracy. Plaintiff must support each of these claims with allegations of knowledge and agreement. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010); *Lawrence v. Bank of Am., N.A.*, 455 F. App'x 904, 906 (11th Cir. 2012); *Parisi v. Kingston*, 314 So. 3d 656, 661 (Fla. 3d DCA 2021). And while Plaintiff makes much of his prolix complaint's many factual allegations against the Greenbergs, none are of knowledge or agreement. Rather, Plaintiff points to potentially innocent conduct—paying for a child's attorneys, paying to support their grandchildren, paying restitution on their child's behalf—and he assumes culpability. That is not enough.

Plaintiff must offer "enough factual matter . . . to suggest that an agreement was made." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). That means Plaintiff's complaint must cross "the line between the conclusory and the factual," *id.* at 557 n.5, *and* the line "between the factually neutral and the factually suggestive," *id.* So "[f]actual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022) (quoting *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012)). Thus, when courts may "infer from the factual allegations in the complaint obvious alternative

---

the Greenbergs and Abby or Joel confirming the existence of an agreement to defame Plaintiff (or any communications regarding the allegations against Plaintiff).

3

explanations, which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer," the complaint fails to state a claim. *Id.* at 686 (quoting *Cigna Corp.*, 605 F.3d at 1290).

In other words, Plaintiff must offer factual allegations—i.e., allegations that cross the line between conclusory and factual—that can convert the Greenbergs' potentially innocent behavior into evidence of a conspiracy—i.e., allegations that cross the line between neutral and suggestive. *Twombly*, 550 U.S. at 557 n.5. Plaintiff acknowledges as much. For example, in responding to the Greenbergs' citation to *Samford*, Plaintiff says "[b]ut the Greenbergs only acknowledge that they financially supported their son, not that support was provided for the specific purpose of aiding Joel in committing crimes." Doc. 116 at 18 (emphasis deleted). The problem for Plaintiff is that he has insufficiently pleaded that knowledge and agreement.

Consider some paragraphs Plaintiff offers as paradigm examples of his supposedly sufficient allegations:

> 126. Andrew and Sue Greenberg, as well as AWG and Greenberg Dental, agreed to provide funding to compensate Abby Greenberg and A.B. for providing false reports and testimony to the authorities and the federal grand jury.
>
> 127. Andrew and Sue Greenberg, as well as AWG and Greenberg Dental, also agreed to provide funding for expenses in connection with providing false reports and testimony to the authorities and the grand jury, including legal, investigative, and other expenses.

4

*Id.* at 21–22; *see also id.* at 49–50.[4] According to Plaintiff, "[t]hese are all statements of fact." *Id.* at 22. Not so. Allegations of "agreement" without "some further factual enhancement . . . stop[] short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557; *see also Quality Auto Painting Ctr. of Roselle, Inc. v. State Farm Indem. Co.*, 917 F.3d 1249, 1262 (11th Cir. 2019) ("Conclusory allegations of agreement or conspiracy are insufficient."). Eleventh Circuit precedent leaves no doubt: "even though *Twombly* was an antitrust case, *Twombly*'s pleading rule for agreements applie[s] in the RICO context." *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1068 (11th Cir. 2017). Thus, allegations "that Defendants entered into an agreement, either express or tacit . . . . simply recite a legal conclusion—the existence of an agreement." *Id.*

For this reason, courts across the country have consistently and repeatedly held that allegations like Plaintiff's fail to allege a claim for RICO (or any) conspiracy. *See Cigna Corp.*, 605 F.3d at 1293 (finding insufficient allegation that "[e]ach Defendant and member of the conspiracy, with knowledge and intent, agreed to the overall objective of the conspiracy"); *GEICO v. Wellmart RX, Inc.*, No. 19-CV-4414 (KAM), 2022 WL 17774929, at *7 (E.D.N.Y. June 24, 2022) (finding insufficient allegations

---

[4] Plaintiff also points to allegations that "[Joel] Greenberg . . . told Dorworth that he **and his parents** would seek A.B.'s cooperation by 'paying her off'" and that "Greenberg told Dorworth that **his family and their business** would pay any amount necessary to obtain a pardon." Doc. 116 at 10 (emphasis in original). Neither allegation actually claims that the Greenbergs agreed to do *anything*, just that Joel claimed they would do something. And at any rate, these allegations do not pertain to the RICO conspiracy alleged: "mitigating Joel and others' criminal liability by falsely implicating others." Doc. 62 ¶ 265. The same is true of paragraphs 102, 103, and 105, also referenced in Plaintiff's response. *See* Doc. 116 at 14. By the same token, even if it were true that Andrew gave money to Joel to "cover up" some bitcoin scheme (a gross mischaracterization), that has nothing to do *with Plaintiff*.

5

that "Davydov, Nektalov, and the Prescribing Defendants knew of, agreed to and acted in furtherance of the common and overall objective"); *Baumer v. Pachl*, 8 F.3d 1341, 1345–46 (9th Cir. 1993) (finding insufficient allegations that the defendants "knowingly aided and abetted ERDY and EPA").

Stripped of its conclusory allegations of knowledge and agreement, Plaintiff's complaint only offers that the Greenbergs paid for Joel's lawyers and restitution and gave financial support to Abby Greenberg, the now sole-supporting parent of their two grandchildren. These actions are lawful, normal and—alone—merely consistent with liability. *Samford Univ.*, 29 F.4th at 685.

First, paying another's attorney's fees is not unusual or by itself a suggestion of wrongdoing. *See* Comments to R. Reg. Fla. Bar. 4-1.8(f). ("Lawyers are frequently asked to represent a client under circumstances in which a third person will compensate the lawyer, in whole or in part. *The third person might be a relative or friend . . . .*" (emphasis added)). And if encouraging criminal defendants to provide truthful information to the authorities reflects wrongdoing, our entire legal system is guilty. *See* U.S. Sent'g Guidelines Manual § 5K1.1(a) (allowing a sentencing court to depart from the sentencing guidelines when a defendant has provided truthful, reliable testimony or information to the government)[5]; *Fridovich v. Fridovich*, 598 So. 2d 65, 68 (Fla. 1992)

---

[5] The Greenbergs' assertion that substantial assistance credit is not available for cooperation with state authorities is not "plainly wrong," Doc. 116 at 8, as Plaintiff suggests, *see United States v. Marsillett*, No. 713CV7307GFVTREW, 2014 WL 12829712, at *6 n.8 (E.D. Ky. July 14, 2014) (recognizing "a circuit split on the question whether a defendant may receive substantial assistance credit for assisting state or local (non-federal) prosecutions."). Though the issue is substantively immaterial, this exemplifies the blunderbuss approach Plaintiff takes to nuanced issues throughout his response.

(recognizing qualified privilege for those who provide information in support of a criminal prosecution); *Rehberg v. Paulk*, 566 U.S. 356, 360 (2012) (recognizing absolute civil immunity for grand jury witnesses). Likewise, payment of restitution on a third party's behalf is routine—so routine that this Court's own post-conviction webpage offers instructions on how to do so. *See* United States Probation, Middle District of Florida, *Payment Instructions* https://www.flmp.uscourts.gov/payment-instructions (last visited Oct. 27, 2023) ("Pay.gov can also be used to make payments on behalf of another person. To do so, you will need . . . ."). Finally, the Greenbergs can buy their Grandchildrens' mother a house if they so choose. Contrary to Plaintiff's specious suggestion otherwise, there is no "reasonable" limit of support to grandchildren beyond which a presumption of liability arises. Doc. 116 at 16.

Without allegations of knowledge—knowledge that Joel was lying about Plaintiff as part of a scheme to lessen his liability—and allegations of agreement—agreement to participate in Joel's alleged scheme—Plaintiff has only alleged facts consistent with liability. Even 177 combined pages of complaint and 71 pages of argument cannot change that. Amendment cannot change that either. This Court should dismiss with prejudice. *See also* Doc. 115.

## CONCLUSION

After multiple attempts, Plaintiff has failed to state a claim against the Greenbergs. This Court should dismiss with prejudice.

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

/s/ *William E. Peters*
William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY
& FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com
ftlcrtpleadings@wickersmith.com

*Attorney for Defendants Andrew Greenberg and Susan Greenberg*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 1, 2023 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>/s/ *Frederick S. Wermuth*
>Frederick S. Wermuth
>Florida Bar No. 0184111