# EXHIBIT 1

IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA, CIVIL DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH, | **JURY TRIAL DEMANDED** |
| Plaintiff, | |
| v. | Case No.: 2024-CA-_____ |
| JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, and AWG, INC., | |
| Defendants. | |

## **VERIFIED COMPLAINT**

COMES NOW the Plaintiff, Christopher E. Dorworth ("Dorworth"), by and through counsel, and for his Complaint against Defendants states and alleges as follows:

1. Joel Greenberg ("Joel") is a convicted felon and current federal prisoner. He became one of the most corrupt politicians in Florida history by using his position as a county tax collector to steal more than One Million Dollars from the taxpayers of Seminole County through cryptocurrency theft, bribery of public officials, and kickbacks. He also used the power of his office to engage in a child sex trafficking scheme.

2. Defendants concocted unlawful schemes, including a racketeering enterprise, and engaged in a pattern of bullying or defaming others to aid in or cover up criminal, unethical and unlawful activity by Defendants.

3. When Plaintiff Dorworth refused to participate in Defendants' schemes, Defendants engaged in an intentional, malicious and untruthful campaign against Plaintiff that disparaged

Plaintiff's reputation, including the gross and unfounded allegation that Plaintiff Dorworth engaged in inappropriate sexual behavior with a minor, and resulted in Plaintiff losing his employment and standing in the community.

4. As a result of Defendants' activities, Plaintiff Dorworth brought litigation against Defendants.

5. Defendants Joel Greenberg, his parents (Andrew and Sue Greenberg), and family business entity AWG, Inc. fraudulently conveyed assets amongst and between themselves to dilute Joel's financial resources and make those financial assets unavailable to creditors and potential creditors, including Plaintiff.

## PARTIES, JURISDICTION AND VENUE

6. Dorworth is an individual and resident of Seminole County, Florida. He is a former State Representative and Speaker-Designate of the Florida House of Representatives, a prominent businessman, and served as a lobbyist prior to leaving the profession in March 2021 because of defamation by Greenberg and others.

7. Dorworth has retained undersigned counsel and is obligated to pay a reasonable fee for his services.

8. Defendant Joel Micah Greenberg is an individual and resident of Seminole County, Florida. He is the former elected constitutional officer and tax collector of Seminole County, Florida, and is presently an inmate incarcerated by the United States Bureau of Prisons. He is serving an 11-year sentence after pleading guilty to crimes including Underage Sex Trafficking, Wire Fraud, Stalking, Producing a Fake ID Card, and Bribery. He was a member of AWG, Inc.

9. Defendant Andrew W. Greenberg is an individual and resident of Seminole County, Florida. He is the father of Joel Greenberg and serves as principal of AWG, Inc.

10. Defendant Sue Greenberg is an individual and resident of Seminole County, Florida. She is the wife of Andrew W. Greenberg and mother of Joel Greenberg. She is a member of AWG, Inc.

11. Defendant AWG, Inc. is a Florida corporation with its principal address located in Forest City, Seminole County, Florida. AWG, Inc., is the business enterprise of the Greenberg family.

12. All defendants are and were participants in the fraudulent conveyances at issue.

13. This is an action for damages exceeding fifty thousand dollars, exclusive of attorney fees, interest, and costs.

14. This Court has general jurisdiction over the individual defendants pursuant to Section 48.193(1) and (2), Florida Statutes, because they reside in Florida and/or engage in business in the State of Florida.

15. This Court has general jurisdiction over the business entity defendants pursuant to 48.193(2) because they are headquartered in Florida.

16. Venue is proper in this Circuit pursuant to Section 47.011, Florida Statutes, because one or more Defendants reside in, or are headquartered in, Seminole County, Florida, and because the cause of action accrued in Seminole County, Florida as set forth throughout this Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

17. Joel Greenberg disclosed to Dorworth that he received $400,000 per year from his parents via disbursements of $100,000 per quarter from AWG, Inc, which received its value and income from Greenberg Dental.

18. Joel Greenberg advised Dorworth that he provided strategic advice and counsel to Greenberg Dental and was a part owner of the company.

19. As an elected official in Florida, Joel Greenberg is responsible for filing a Form 6 with the

3

Florida Commission on Ethics, which is a statutorily mandated disclosure for elected officials in Florida that receive compensation for their service that must be filed on an annual basis.

20. Greenberg filed financial disclosures for 2016, when he was first elected, 2017, 2018, 2019 and 2020. (Exhibit "A" – Florida Commission on Ethics Filer History for Joel Micah Greenberg)

21. On these disclosures, Greenberg was obligated to disclose his income, his net worth, assets, and liabilities.

22. According to these disclosures, 100% of Joel Greenberg's primary sources of income were AWG, Inc, which received its income from Greenberg Dental, and his position as Seminole County Tax Collector. (Exhibit "B" – 2016 Form 6 (7/5/2017[1] and 12/5/2017); Exhibit "C" – 2017 Form 6; Exhibit "D" – 2018 Form 6; Exhibit "E" – 2019 Form 6 (6-9-2020 and 10-2-2020).

23. It is both unethical and criminal violation to lie or misrepresent information on a Form 6.

24. On July 5, 2017, Joel Greenberg filed a Form 6 with the Florida Commission on Ethics for the Calendar Year 2016. (Exhibit "B" – 2016 Form 6).

25. On Joel Greenberg's 2016 Form 6, he lists a total salary of $400,000, all from AWG, Inc. (Id.)

26. No other income came to Joel Greenberg in 2016 according to his Form 6. (Id.)

27. On the same 2016 Form 6, Joel Greenberg listed a net worth of $6,038,000, of which $5,500,000 was stock in AWG, Inc, AWG FLP and JMG LLC. (Id.)

28. A search of Sunbiz.org shows that organizational papers for JMG, LLG were filed on April 13, 2006.

29. On April 13, 2006, Joel Greenberg was 22 years old.

30. At the time, there was another JMG, LLC organized and operational in Florida.

---

[1] For ease of reference, the dates of Form 6s used herein are the dates of receipt stamped by the Florida Commission on Ethics at the top of each form.

4

31. The Joel Greenberg-controlled JMG, LLC never filed an annual report with the Florida Department of State and was listed as Inactive Pending Reinstatement on January 28, 2015. (Id.)

32. A possible explanation for the administrative termination of JMG, LLC is the existence of another company unaffiliated with Joel Greenberg's JMG, LLC that was organized and operational when Joel Greenberg attempted to organize his JMG, LLC, which prohibited him from registering JMG, LLC successfully.

33. As Joel Greenberg did not own or control JMG, LLC, any representation of it having a value would be incorrect.

34. The Joel Greenberg-managed JMG, LLC did not exist in 2016, and as such could not have had any value of stock.

35. Form 6 requires assets valued at over $1,000 to be individually listed. (See, e.g., Exhibit "B" 2016 - Forms 6s (7/5/2017 and 12/5/2017).

36. Upon information and belief, the Form 6 lumps the three companies together in an attempt to conceal the fact that all of Greenberg's purported wealth was from AWG, Inc.

37. The remaining two stocks were AWG, LLC, and AWG FLP. (Id.)

38. The $5.5 million in value attributed to AWG INC, AWG FLP, and JMG LLC, represents 91% of the total $6,038,000 net worth listed by Joel Greenberg during the entirety of his campaign to take control of the Seminole County Tax Collector's Office. (Id.)

39. In 2016, AWG, Inc. represented 100% of Joel Greenberg's $400,000 income and 91% of his net worth was derived from AWG, Inc. and AWG FLP. (Exhibit "B" – 2016 Form 6).

40. On December 5, 2017, Joel Greenberg filed an Amended Form 6. (Exhibit "B" – 2016 Form 6 (12/5/2017).

41. Both the Amended Form 6 and the originally-filed Form 6 list February 28, 2017, as an

effective date. Exhibit "B" 2016 Forms 6s (7/5/2017 and 12/5/2017).

42. Only two changes appear between the original and Amended Form 6. (Id.)

43. On the original Form 6, under "Automobile," Joel Greenberg claimed, "Range Rover, Jeep" and listed a total value of $115,000. (Id.)

44. On the amended Form 6, "Jeep" is removed, and the entry instead reads "Land Rover Range Rover 2015," but the $115,000 value remains. (Id.)

45. On the amended report, both AWG FLP and JMG, LLC are removed as stocks with value but the total value of the stock holdings likewise remains at $5.5 million. (Id.)

46. By reporting the three companies as stock holdings in one line item, Joel Greenberg misled the public into believing that he had income or employment outside of his parents.

47. Nonetheless, the Amended Form 6 clearly denotes that AWG, Inc. and only AWG, Inc. provided income to Joel Greenberg during the campaign to take control of the Seminole County Tax Collector's Office.

48. Joel Greenberg utilized his initial Form 6 to suggest that some of his seven-figure net worth might have come from something other than his family and corrected the report to show that 100% of his income, valuables and wealth came from AWG, Inc, a family company.

49. The 2016 Amended Form 6 reveals that the only stock with value - $5,500,000 - is AWG, LLC. (Id.)

50. In 2017, Joel Greenberg reported a net worth of $6,208,800 in net worth, of which $5,665,000, or 91% of his net worth, came from a jointly reported AWG, Inc. and JMG Ventures. (Exhibit "C"- 2017 Form 6).

51. According to Sunbiz.org and the Florida Division of Corporations, JMG Ventures LLC was organized in 2015 and disbanded in 2018.

52. No income is ever attributed to JMG Ventures. (See Id.)

53. If JMG Ventures did not provide any income, it follows that it may have been worthless.

54. On the 2017 Form 6, Joel Greenberg reports $400,000 in salary from AWG, Inc. and $149,253 in salary from the Seminole County Tax Collector's Office. (Id.)

55. On the 2018 Form 6, Joel Greenberg lists a net worth of $5,857,135, of which $5,500,000, or 93.9% of its total, is AWG, Inc. stock. (Exhibit 'D" – 2018 Form 6).

56. JMG Ventures is not mentioned on the 2017 Form 6. (See Id.)

57. Nor is JMG Ventures mentioned on any Form 6 thereafter.

58. Across all of Joel Greenberg's filed Form 6s, nearly all his wealth is derived from AWG, Inc. stock, income from AWG, Inc., and salary as Seminole County Tax Collector.

**Post-Indictment and Resignation, Defendants Take Steps to Fraudulently Convey Assets of Defendant Joel Greenberg to Reduce Assets Available to Creditors and Potential Creditors, including Plaintiff**

59. June 9, 2020, three days before Joel Greenberg's indictment was unsealed and he was arrested, Joel Greenberg filed his Form 6 for the 2019 year in compliance with Florida election law requirements that candidates for office file a Form 6 as part of their qualification process. (Exhibit "E" – 2019 Form 6s (6/9/2020).

60. On the June 9, 2020 Form 6 for 2019, Joel Greenberg utilizes the date of the effective date for the information provided of December 31, 2019. (Id.)

61. On the June 9, 2020 Form 6 for 2019, Joel Greenberg again lists his net worth on the specific date of December 31, 2019 at $5,857,135, the identical amount of his 2018 Form 6. (Id.)

62. On the June 9, 2020 Form 6 for 2019, Joel Greenberg again lists the value of his AWG, Inc. stock at $5,500,000, or 93.9% of his net worth. (Id.)

63. On the June 9, 2020 Form 6 for 2019, Joel Greenberg states that he earned $140,263 from

7

Seminole County and $391,776 from AWG, Inc. (Id.)

64. On his June 9, 2020 Form 6 for 2019, Joel Greenberg claims that as of December 31, 2019, over five months before, he had $52,000 cash in an account at Fairwinds Credit Union. (Id.)

65. On Joel Greenberg's June 9, 2020 Form 6 for 2019, no ownership of a primary residence or mortgage for a primary residence was reported. (Id.)

66. On June 23, 2020, the Department of Justice unsealed an indictment against Joel Greenberg, his home was raided at dawn, and he was arrested.

67. After posting bail, Joel Greenberg resigned as Seminole County Tax Collector.

68. On October 2, 2020, Joel Greenberg submitted an amended Form 6 for 2019. This document still used the effective date for the information provided as December 31, 2019.

69. However, on the Form 6 amended as of October 2, 2020, Joel Greenberg retroactively stripped both assets and income. (Exhibit "E" – 2019 Form 6s (10/2/2020).

70. On the amended Form 6 dated October 2, 2020, Joel Greenberg's stated net worth from December 31, 2019, decreased from $5,857,135 to $322,030, a retroactive reduction of 94.5%. (Id.)

71. On the amended Form 6 dated October 2, 2020, Joel Greenberg's stated ownership of AWG, Inc. stock was removed. (See Id.)

72. On the amended Form 6 dated October 2, 2020, Joel Greenberg's stated income from AWG retroactively from the previous calendar was reduced from $391,776 to $175,000. (Id.)

73. On the amended Form 6 dated October 2, 2020, Joel Greenberg's cash in a Merrill Lynch bank account on December 31, 2019, was reduced from $224,000 to zero. (Id.)

74. On the amended Form 6 dated October 2, 2020, Joel Greenberg's cash in a Fairwinds account on December 31, 2019, was reduced from $52,000 to $18,030. (Id.)

75. On the amended Form 6 dated October 2, 2020, Joel Greenberg's Jewelry, Furniture and Household Items on December 31, 2019, decreased from $85,500 on the June Form 6 to $60,000. (Id.)

76. On the amended Form 6 dated October 2, 2020, Joel Greenberg lists a primary residence with a value of $624,000 and a mortgage of $480,000. (Id.)

77. On the amended Form 6 dated October 2, 2020, Joel Greenberg lists $100,000 of previously unreported Bitcoin. (Id.)

78. The reductions demonstrate that Defendants had control over the resources allocated to Joel Greenberg and intentionally engaged in fraudulent conveyances of those resources to hide those resources from creditors and potential creditors.

79. Upon information and belief, the reduction in assets held by Joel Greenberg between the June 9, 2020 Form 6 for 2019 and the amended Form 6 on October 2, 2020 was accomplished by transfer and/or conveyance of those assets and/or interests from Joel Greenberg to Andrew Greenberg, Sue Greenberg and AWG, Inc.

80. Upon information and belief, this transfer occurred after Joel's indictment on June 23, 2020, and in an attempt to shield his assets from liabilities arising from his criminal misconduct.

81. Upon information and belief, Joel's amended Form 6 for 2019 did not accurately reflect his finances as of the end of 2019, but rather reflected his fraudulent transfers after his indictment.

82. Upon information and belief, Joel Greenberg relinquished assets, including but not limited to his ownership interest in and distributions from AWG, Inc. to Andrew and Sue Greenberg and/or to AWG, Inc.

83. At the time of the alleged transfers and/or conveyances, Defendants knew and/or reasonably should have believed that those transfers and conveyances were fraudulent and/or that

Joel Greenberg had debts and/or would incur debts beyond his ability to pay as those debts became due.

84. Upon information and belief, the transfers of assets were performed after Joel Greenberg's June 23, 2020 indictment in an attempt to shield Joel Greenberg's assets from the consequences of his unlawful activity.

85. Seminole County issued a demand to Defendants for compensation for Joel Greenberg's misconduct on the basis that the facts set forth in this Complaint give rise to, among other things, a fraudulent transfer.

86. The parties then negotiated for several months.

87. Upon information and belief, Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. then arranged for payment of seven-figure restitution sums to Seminole County in behalf of Joel Greenberg.

88. In doing so, Defendants have already acknowledged their liability for fraudulent transfer.

89. The transfers and/or conveyances to and amongst the Defendants were made with the "actual intent to hinder, delay, or defraud any creditor of the debtor," including but not limited to facts demonstrating:

(a) The transfer or obligation was to an insider;
(b) The debtor retained possession or control of the property transferred after the transfer;
(c) The transfer or obligation was concealed;
(d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
(e) The transfer was of substantially all the debtor's assets;
(f) The debtor removed or concealed assets;
(g) The value of the consideration received by the debtor was not reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
(h) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; and/or
(i) The transfer occurred shortly before or shortly after a substantial debt was incurred.

**COUNT I**

10

*Action to Avoid and Recover Fraudulent Transfer Pursuant to§  725.105(l)(a), Florida Statutes*

90.  Plaintiff realleges and reincorporates the allegations contained in Paragraphs 1 through 85 as if fully set forth herein.

91.  This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.105(l)(a) of the Florida Statutes.

92.  Section 726. 105(l)(a), Florida Statutes, provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> (a) With actual intent to hinder, delay, or defraud any creditor of the debtor.

93.  Transfer was caused with the actual intent to hinder, delay, or defraud Dorworth or other creditors.

94.  Plaintiff is authorized to recover the portion of the property transferred that is owed to him pursuant to a Final Judgment entered in this case or any other litigation.

95.  WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in its favor and against Defendants avoiding the transfer of assets by, between and amongst Defendants that results in diminution in the estate of Joel Greenberg, recovering any assets subject to a fraudulent conveyance and/or transfer, awarding attorney's fees and granting such other and further relief as the Court deems necessary and proper.

### COUNT II
*Action to Avoid and Recover Fraudulent Transfer Pursuant to § 726.105(1)(b), Florida Statutes*

96.  Plaintiff realleges and reincorporates the allegations in Paragraphs 1 through 85 as if fully set forth herein.

97.  This is an action to avoid and recover a fraudulent transfer pursuant to Section 726.105(l)(b)

11

of the Florida Statutes. Section 726.l05(1)(b), Florida Statutes, provides:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
>
> . . .
>
> (b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor
>
> 1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> 2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

98. Defendants Andrew Greenberg, Sue Greenberg and/or AWG, Inc. received less than reasonably equivalent value in exchange for the Transfer.

99. Defendants intended to incur, or believed or reasonably should have believed that Defendant Joel Greenberg would incur, debts beyond his ability to pay as they became due.

100. Plaintiff is authorized to recover the portion of assets transferred due and owing under any Final Judgment entered in his favor.

101. WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in its favor and against Defendants avoiding the Transfer of any assets by, between and/or amongst Defendants that results in diminution in the estate of Joel Greenberg, recovering any assets subject to a fraudulent conveyance and/or transfer, awarding attorney's fees and granting such other and further relief as the Court deems necessary and proper.

## COUNT III
*Action to Avoid and Recover Fraudulent Transfer Pursuant to § 725.106(1), Florida Statutes*

102. Plaintiff realleges and reincorporates the allegations in Paragraphs l through 85, as if fully set forth herein.

103. This is an action to avoid and recover a fraudulent transfer pursuant to § 726.106(1) of the Florida Statutes. Section 726.106(1), Florida Statutes, provides:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

104. Defendants Andrew Greenberg, Sue Greenberg and AWG, Inc. received less than reasonably equivalent value in exchange for the Transfer.

105. Defendant Joel Greenberg was insolvent at the time of the Transfer, or became insolvent as a result of the Transfer.

106. Plaintiff is authorized to recover the portion of assets transferred due and owing under any Final Judgment.

107. WHEREFORE, Plaintiff respectfully requests this Court enter a judgment in its favor and against Defendants avoiding the Transfer of any assets by, between and/or amongst Defendants that results in diminution in the estate of Joel Greenberg, recovering any assets subject to a fraudulent conveyance and/or transfer, awarding attorney's fees and granting such other and further relief as the Court deems necessary and proper.

Filed: June 18, 2024.

Respectfully Submitted,

/s/Michael Paul Beltran
Michael P Beltran
Fla. Bar No. 0093184
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607
813-870-3073 (o)
mike@beltranlitigation.com
*Counsel for Dorworth*

## **VERIFICATION**

Under penalties of perjury, I declare that I have read this Verified Complaint and that the facts stated therein are true.

Date: 6/17/2024

DocuSigned by:
68CAC0217C0749B...
Christopher L. Dorworth

(Verification made pursuant to Fla. Stat. § 92.525(2); see *State v. Shearer*, 628 So.2d 1102 (1993) ("In addition to a notarized oath such as the one in rule 3.987, however, section 92.525, Florida Statutes (1991), provides that a signed declaration can substitute for a notarized oath if it contains the following language: 'Under penalties of perjury, I declare that I have read the foregoing [document] and that the facts stated in it are true.'"))

UNOFFICIAL

14