UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH, *Plaintiff*, v. JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG., INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B., *Defendants*. | Case No.: 6:23-cv-871-CEM-DCI |

### ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S MOTION TO SEAL

Under Local Rule 1.11, Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the "Greenbergs") submit this unopposed motion to seal Plaintiff's privilege log—filed in support of the Greenbergs' contemporaneous motion to compel.

### BACKGROUND

Concurrent with this motion to seal, the Greenbergs move to compel Plaintiff to produce discovery that he has withheld under the spousal-communication privilege. To provide this Court with the full context of that dispute, the Greenbergs wish to file

Plaintiff's privilege log—which describes the nature of the documents Plaintiff has withheld—as an exhibit to their motion to compel. *See* **Ex. 1**, Proposed Sealed Item.

At the outset of discovery in this case, the parties entered into a confidentiality agreement that permits any party to, "in good faith, designate 'Confidential' any document . . . that consists of or includes non-public information that would reasonably be subject to protection by statute, rule, regulation, or precedent." Under that provision, Plaintiff has designated his entire privilege log confidential. The Greenbergs disagree that Plaintiff's log is confidential and have requested that Plaintiff de-designate it as such. Plaintiff has declined to do so. Though the Greenbergs deny that a seal is necessary or warranted, to allow Plaintiff to file a memorandum in support of maintaining a seal as contemplated by M.D. Fla. Local Rule 1.11(c) and the parties' confidentiality agreement, the Greenbergs file this motion to seal.

## MEMORANDUM OF LAW

A document may be filed under seal where a party shows good cause and a compelling justification. *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-CV-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). Filing a document under seal in a civil action requires the sealing party to identify, among other things: (A) the reason filing the item is necessary, (B) the reason sealing the item is necessary, and (C) the reason partial sealing, redaction, or means other than sealing is unavailable or unsatisfactory. M.D. Fla. Local Rule 1.11(b)(3).

Under M.D. Fla. Local Rule 1.11(c), within 14 days of service of a motion to seal, any party with an interest in maintaining the seal may file a memorandum in

support of maintaining the seal. Similarly, the parties' confidentiality agreement provides that "[i]f the nondesignating Party intends to submit Confidential Materials . . . to the Court, it shall confer with counsel for the designating Party . . . to determine whether those Parties approve of the materials being filed publicly." Then, "[i]f any Party wishes for the Confidential Materials . . . to be filed under seal, the filing Party shall file such under seal, however the requesting Party shall assume the obligation to confer over and move the Court to approve maintaining the files under seal."

The Greenbergs maintain that it is necessary to file Plaintiff's privilege log in support of their motion to compel to allow this Court to see exactly what information is at issue. And similarly, the Greenbergs' seek to file Plaintiff's privilege log so this Court can better understand the likely impact of its ruling on the Greenbergs' motion to compel. In short, without Plaintiff's privilege log describing the nature of the documents that the parties' dispute revolves around, this Court would be ruling in the dark. Thus, filing Plaintiff's privilege log is necessary under Local Rule 1.11(b)(3)(A).

As for the remaining requirements for a seal, the Greenbergs contend that the log does not contain confidential information and should not be sealed; redactions are unnecessary as the information within Plaintiff's log does not appear to be confidential; and that the seal should last only long enough for Plaintiff to make any arguments he might wish to make in favor of maintaining the seal. Thus, the Greenbergs request a seal that lasts only until 14 days after this Court has determined that a seal is unwarranted, in accordance with Local Rule 1.11(d).

## LOCAL RULE 3.01(g) CERTIFICATION

On July 12, 2024, counsel for Andrew Greenberg, Susan Greenberg, and AWG, Inc. conferred with counsel for Plaintiff via email on the issues raised in this motion. Plaintiff represented that he does not oppose a seal.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Frederick S. Wermuth
Florida Bar No. 0184111
