UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>*Plaintiff*,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG., INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>*Defendants*. | Case No.: 6:23-cv-871-CEM-DCI |

**ANDREW GREENBERG, SUSAN GREENBERG,
AND AWG, INC.'S MOTION TO COMPEL**[1]

Under Federal Rules of Civil Procedure 26 and 34 and this Court's Standing Order on Discovery Motions, Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the "Greenbergs") move to compel responses to their requests for production 3 and 31 and to Andrew's interrogatories 1 and 9—responses Plaintiff has withheld on spousal privilege grounds. *See* **Exhibit 1** (requests and responses); Doc. 137-1 (Plaintiff's privilege log).

---

[1] The Greenbergs have moved to stay discovery (Doc. 135), but file this motion to preserve their rights in the event this Court denies their motion to stay.

"Federal common law recognizes . . . [a] spousal confidential communications privilege." *Disney Enters., Inc. v. Secret Dis Grp. LLC*, No. 6:22-CV-2417, 2024 WL 621598, at *5 (M.D. Fla. Feb. 14, 2024) (cleaned up). A plaintiff, however, waives the privilege by putting martial health at issue through claims for damages based on harm to a marriage. *Ledbetter v. Wal-Mart Stores, Inc.*, No. 06-CV-01958, 2009 WL 1067018, at *1 (D. Colo. Apr. 21, 2009) (privilege waived when plaintiff "injected the issue of the relationship between her and [her husband] into th[e] case"); *England v. Las Vegas Metro. Police Dep't*, No. 2:07-CV-01238, 2008 WL 11389179, at *2 (D. Nev. June 10, 2008) ("Plaintiffs have placed their marital relationship in issue by asserting a claim for loss of consortium."). More generally, "a party who bases a claim on matters which would be privileged . . . may be deemed to have waived that privilege." *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *18 (M.D. Fla. Mar. 24, 2021) (quoting *GAB Bus. Servs., Inc. v. Syndicate 627*, 809 F.2d 755, 762 (11th Cir. 1987)); *see also Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. 1975) (waiver occurs when a "party asserting the privilege placed information protected by it in issue through some affirmative act for his own benefit").

Plaintiff's operative complaint—which, remarkably, both Plaintiff *and* his wife verify under oath as true—and discovery responses put Plaintiff's spousal communications at issue by alleging martial harm as one basis for damages. Doc. 62 ¶ 408 ("Each above-mentioned crime victimized Dorworth by . . . impacting his . . . marriage."); Pl.'s Am. Resp. to Andrew Greenberg's First Interrog. No. 7 (claiming "Emotional distress: $2.5M"); Pl.'s Resp. to Abby Greenberg's Second Interrogs. No.

4 (Responding to request that Plaintiff "describe in . . . detail the [$2.5 million] emotional distress damages [he] purportedly sustained" by claiming that "Defendants' lies put strains on his relationship with his wife"); Pl.'s Rule 26 Disclosure (listing Rebekah Dorworth as having knowledge of "Dorworth's damages").[2]

Despite raising marriage harm as an issue, Plaintiff invokes "husband-wife" privilege as a shield to withhold directly relevant communications. Plaintiff cannot claim millions in damages based on harm to his marriage while hiding all evidence of those damages behind the spousal privilege. Accordingly, the Greenbergs move to compel all communications withheld based on the spousal privilege.

### LOCAL RULE 3.01(g) CERTIFICATION

On July 5, 10, 11, 2024 counsel for Andrew Greenberg, Susan Greenberg, and AWG, Inc. conferred with counsel for Plaintiff via email on the issues raised in this motion. Plaintiff opposes the sought relief.

### CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion contains 500 words, excluding the case style and certifications, in compliance with this Court's Standing Order on Discovery Motions.

                    Respectfully submitted,

                    */s/ Frederick S. Wermuth*
                    Frederick S. Wermuth (Lead Counsel)
                    Florida Bar No. 0184111
                    Dustin Mauser-Claassen
                    Florida Bar No. 0119289

---

[2] *See* **Exhibit 2** (discovery responses).

>Quinn Ritter
>Florida Bar No. 1018135
>KING, BLACKWELL, ZEHNDER &
>WERMUTH, P.A.
>P.O. Box 1631
>Orlando, FL 32802-1631
>Telephone: (407) 422-2472
>Facsimile: (407) 648-0161
>fwermuth@kbzwlaw.com
>dmauser@kbzwlaw.com
>qritter@kbzwlaw.com
>
>*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 15, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>/s/ Frederick S. Wermuth
>Florida Bar No. 0184111