| | |
|---|---|
| **From:** | Fritz Wermuth |
| **To:** | Michael Beltran |
| **Cc:** | Anastasia Wagner; Melissa Hill; Quinn Ritter; Dustin Mauser-Claassen; Michael J. Furbush |
| **Subject:** | Re: follow up on documents |
| **Date:** | Friday, July 5, 2024 2:43:12 PM |

Mike, I left you a voicemail a few minutes ago. I am following up on my email below because would like to file the motion to stay today by 5pm and we are awaiting your response. To be abundantly clear, our request for relief is that we are seeking a stay of all discovery. As to your claim that we have not articulated any basis to delay depositions that have been coordinated among all counsel— we think Plaintiffs' claims are without merit and will be dispensed by our pending motion to dismiss. Given that the Court is taking longer than we hoped to issue its ruling, we are filing a motion to stay discovery to allow our clients to save on potentially unnecessary discovery costs if Plaintiff's claims are dismissed. We are not including in our motion any request for extending deadlines and we do not agree to make the motion contingent on any extensions of deadlines. We think the deadlines will be re-addressed in due course if Plaintiff's claims survive the pending motions. To reiterate, the expressed goal of our motion is to avoid further costs of litigating this case, even for those depositions that have been coordinated among counsel.

For what it's worth, A.B. opposes the motion, so we are not able to reflect that the motion is unopposed. We kindly ask for you to confirm your opposition to the motion so we can proceed with filing today. Thank you.

Fritz Wermuth | Shareholder
fwermuth@kbzwlaw.com
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
407.341.2342

> On Jul 5, 2024, at 12:46 PM, Fritz Wermuth <FWermuth@kbzwlaw.com> wrote:
>
> I'll review and get back to you about the documents you are referencing. To your questions on the motion to stay, it is premised in part on the fact that the current deadlines would have to be moved anyway given the open state of the pleadings. Accordingly, the stay requested is a complete stay of written discovery and depositions pending the court's ruling on the motion to

dismiss and the pleadings being closed.  At that stage, depending on the outcome the case will be dismissed or we will need to address the schedule in light of the then-pleading claims, counter-claims, and any third-party claims.   Based on your response, I assume you oppose the requested relief. Please confirm.

Fritz Wermuth | Shareholder

fwermuth@kbzwlaw.com

KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.

---

**From:** Michael Beltran <mike@beltranlitigation.com>
**Sent:** Friday, July 5, 2024 12:35 PM
**To:** Fritz Wermuth <FWermuth@kbzwlaw.com>
**Cc:** Anastasia Wagner <anastasia_wagner@outlook.com>; Melissa Hill <mhill@kbzwlaw.com>; Quinn Ritter <qritter@kbzwlaw.com>; Dustin Mauser-Claassen <dmauser@kbzwlaw.com>; Michael J. Furbush <mfurbush@deanmead.com>
**Subject:** Re: follow up on documents

Fritz,

As said in my original email, we are seeking (1) the privilege logged documents and (2) the records of distributions to any of the other parties in the lawsuit from Greenberg Dental. I sent a detailed letter to Mr. Furbush at the beginning of last week referencing the specific issues with the privilege claims. I assume Mr. Furbush shared that communication with you, because he said he spoke to you about it. In any event, I attach it here for your ease of reference.

Generally, none of the documents are privileged because personal emails were sent using company email. Further, many of the entries included persons who broke the privilege or did not provide information supporting any privilege. Much of this is detailed in my email.

Your proposal regarding case management also leaves many matters unaddressed. First, any stay would require moving discovery cutoff and other case management dates. Are you agreeing that is appropriate and do you agree to condition the motion on obtaining an extension to allow sufficient time to complete discovery if it is granted? Also, are you requesting a stay of all discovery or just depositions? Would parties be able to move to compel discovery that has already been propounded or issue third party discovery under your proposal?

I note that your side has already taken four depositions to our one, and noticed and moved or postponed four more. There was talk of setting others. As things are

set, you are poised to take three more depositions before we get to take our next deposition. (Somehow nobody on your side other than Dental ever offered us dates before September even though we began asking for dates in the Early Spring. When we tried to obtain earlier dates we were rebuffed or told that there were no dates that cleared all Summer.) In any event, there are ten depositions set between late July and September, which the parties have put much effort into coordinating. You have not articulated any basis for throwing all this scheduling work away at this point.

In any event, we can discuss my requests, your proposal (for which you will hopefully be able to supply more detail), and case management more generally during any meet and confer. I requested a conferral on Wednesday, but at this point I guess we can shoot for next week. Please let me know your availability, as I have hearings and depos on Monday, morning, but can be available other than that.

Thanks,
Mike

On Tue, Jul 2, 2024 at 8:06 PM Fritz Wermuth <FWermuth@kbzwlaw.com> wrote:

> Mike,
>
> I have two requests in response to your email. First, for any meet and confer on your request for documents to be useful, I ask that you specifically identify the documents you are seeking and the specific reason you believe that each document is not privileged ahead of any call. It is possible that we may be able to resolve some or all of these issues without motion practice, but any conferral that starts without us knowing exactly what you want and why you think you are legally entitled to it will be unproductive.
>
> Second, the Greenbergs intend to move to stay discovery until the pleadings have closed. As you know, our motion to dismiss has been pending since August 2023. Our position is that either the Court will dismiss your complaint (in which case any further discovery will be wasteful) or there will be further pleadings: amended complaints, affirmative defenses, and/or counterclaims which will require extensive motion practice themselves and result in a great deal of further discovery. To avoid further waste of the Greenbergs' resources, the resources of third parties, and court resources, the Greenbergs intend to seek a stay of discovery until the pleadings are closed. I ask that you be prepared to give you position on the Greenbergs motion for a stay at any meet and confer.

Fritz Wermuth | Shareholder

fwermuth@kbzwlaw.com

KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.

---

**From:** Michael Beltran <mike@beltranlitigation.com>
**Sent:** Tuesday, July 2, 2024 3:46 PM
**To:** Michael J. Furbush <mfurbush@deanmead.com>; Fritz Wermuth <FWermuth@kbzwlaw.com>
**Cc:** Anastasia Wagner <anastasia_wagner@outlook.com>
**Subject:** follow up on documents

Gentlemen,

I just got off the phone with Mr. Furbush and he suggested that I reach out to both of you by email. We would like to follow up to confer on our request for (1) the privilege logged documents and (2) the records of distributions to any of the other parties in the lawsuit from Greenberg Dental. Please let me know a good time tomorrow to speak. Thanks.

Regards,

Michael Beltran
Beltran Litigation, P.A.
813-870-3073 (o)
mike@beltranlitigation.com
www.beltranlitigation.com

*Beltran Litigation, P.A. operates a paperless office. Please send orders, service items, correspondence, bills, documents, payments and other items electronically. I can provide a link to send large files or account information to send payments upon request. If you plan to physically deliver money, bulky objects, or voluminous papers, please advise me in advance so that I can plan accordingly. ***Please call to verify any information for sending payments, particularly if somebody is directing you to use information different than we have previously used.***