| | |
|---|---|
| **From:** | Fritz Wermuth |
| **To:** | Michael Beltran |
| **Cc:** | Dustin Mauser-Claassen; Quinn Ritter; Anastasia Wagner; Melissa Hill |
| **Subject:** | RE: Dorworth v. Greenberg |
| **Date:** | Wednesday, July 10, 2024 4:35:20 PM |

Mike,

I'm responding separately to the spousal privilege issue as we consider it separate. I did not raise the spousal privilege issue at the conferral on the motion to stay because I did not want to discuss the issue until I had given you a chance to review and consider our position, as detailed in writing. I understand and will assume—based on your statement that you "see no basis for waiver based upon [our] letter and stand on [your] privilege"—that conferral on this matter is complete. Please let us know if that is not the case. I will respond separately regarding conferral on the Greenberg Dental privilege log issue.

Fritz Wermuth | Shareholder
fwermuth@kbzwlaw.com
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.

---

**From:** Michael Beltran <mike@beltranlitigation.com>
**Sent:** Tuesday, July 9, 2024 8:39 PM
**To:** Melissa Hill <mhill@kbzwlaw.com>; Anastasia Wagner <anastasia_wagner@outlook.com>
**Cc:** Fritz Wermuth <FWermuth@kbzwlaw.com>; Dustin Mauser-Claassen <dmauser@kbzwlaw.com>; Quinn Ritter <qritter@kbzwlaw.com>
**Subject:** Re: Dorworth v. Greenberg

We see no basis for waiver based upon your letter and stand on our privilege.

Late on Friday afternoon, you contacted me and demanded an immediate conferral. Although I am not sure I was obligated to do so just before (or during) a holiday weekend, I obliged you, and our conferral went from 4:08 until 4:33pm. At the end, I asked you if they wished to confer about anything else, and you said the only thing you wanted to confer on was the motion to stay. Further, when I attempted to confer about the logged documents, you said that you would not confer about that and would need to get back to me. I explained that I had been seeking the documents since long before you broached any motion to stay. You said that your motion was more simple and therefore you were entitled to an immediate conferral and I was not. (I have documented other aspects of our conversation in another email.) Then, at 4:57pm, just 24 minutes later on Friday afternoon, you sent a detailed three-page letter demanding spousal communications,

and demanding a further conferral "on or before" July 9, 2024. I am not sure why this was not broached during our Friday conferral, particularly since I asked you if you wanted to confer about anything else, and you certainly knew you would be raising this issue shortly, since you immediately sent a long letter on the subject.

In any event, if you want to circulate some times to confer tomorrow, I will again oblige you, but I will expect you to be prepared to confer in detail about the privilege log first, as that issue has been outstanding far longer. Also, we seem to always have problems with connecting everybody by phone, so please send a Zoom or other link.

Last, please copy Anastasia on all emails.

Thank you.

On Fri, Jul 5, 2024 at 5:13 PM Melissa Hill <mhill@kbzwlaw.com> wrote:

> Good Afternoon - Attached please find correspondence from Mr. Wermuth.
>
> Thank you.
>
> Melissa Hill | Paralegal
> mhill@kbzwlaw.com
> KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
> 25 East Pine St | P.O. Box 1631 | Orlando, FL 32801
> Tel: 407-422-2472 | Fax: 407-648-0161
> kbzwlaw.com
>
> This email is confidential, intended only for the named recipient(s) above and may contain information and attachments that are privileged or otherwise exempt from disclosure under applicable law.  If you have received this email in error, please advise the sender and permanently delete this email and any attachments from your system. Thank you.