# KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.

ATTORNEYS AND COUNSELLORS AT LAW
25 EAST PINE STREET
POST OFFICE BOX 1631
ORLANDO, FLORIDA 32802-1631
www.kbzwlaw.com

DAVID B. KING [1941 – 2020]
BRUCE B. BLACKWELL [RETIRED]
THOMAS A. ZEHNDER
FREDERICK S. WERMUTH
DUSTIN MAUSER-CLAASSEN
KIMBERLY D. HEALY
QUINN B. RITTER
MATTHEW M. SMALL

TELEPHONE
(407) 422-2472

FACSIMILE
(407) 648-0161

fwermuth@kbzwlaw.com

July 5, 2024

**Via Email to** mike@beltranlitigation.com

Michael Beltran
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607

*Re: Dorworth v. Greenberg, et al. – Plaintiff's Discovery Responses*

Michael,

I write to demand production of spousal communications and to contest Plaintiff's assertion of marital privilege in his interrogatory responses and responses to requests for production.

Plaintiff's Verified Amended Complaint puts Plaintiff's spousal communications squarely at-issue by alleging harm to the health of his marriage as one of his bases for damages. (Verified Am. Compl. at ¶ 408) ("Each above-mentioned crime victimized Dorworth by causing a substantial financial loss and impacting his reputation, business ventures, and marriage."). Similarly, Plaintiff's responses to our and co-Defendants' discovery requests allege that his marriage has been harmed by Defendants' actions as alleged in the Verified Amended Complaint. (*See* Pl.'s Am. Resp. to Andrew Greenberg's First Interrog. No. 7 ("Emotional distress: $2.5M"); *see e.g.*, Pl.'s Resp. to Abby Greenberg's Second Interrog. No. 4 ("Defendants' lies put strains on his relationship with his wife")). Throughout Plaintiff's responses to our discovery requests, he asserts the marital privilege over a presumably vast number of responsive documents.

Plaintiff cannot withhold as privileged the marital communications relevant to the state of his marriage while also asserting harm to his marriage as one of the bases for the $2.5 million in emotional damages he is seeking, (*see* Pl.'s Am. Resp. to Andrew Greenberg's First Interrog. No. 7). *See GAB Bus. Servs., Inc. v. Syndicate*, 809 F.2d 755, 762 (11th Cir. 1987) (holding privilege is waived when a claim injects an issue into litigation that requires the disclosure of privileged information in order to be supported). Indeed, Plaintiff cannot avoid waiving privilege while selectively disclosing marital communications to the extent necessary to claim damages, as he did in his Verified Amended Complaint, since he would be using the privilege as both "a sword and

as a shield." *See S.E.C. v. Lavin*, 111 F.3d 921, 933 (D.C. Cir. 1997) ("The prohibition against selective disclosure of confidential materials derives from the appropriate concern that parties do not employ privileges both as a sword and as a shield").

We are preparing to move to compel Plaintiff's production of the marital communications for which Plaintiff has waived privilege, as parties are entitled to conduct discovery and seek information to prove or disprove a claim or defense. *See id.*; *Wesolek v. Wesolek*, No. 2:19-CV-463-JES-MRM, 2021 WL 3576460, at *18 (M.D. Fla. Mar. 24, 2021) (holding defendant waived privilege over the documents evidencing the 'promise to marry' by putting that promise at issue when it was raised as part of an affirmative defense); *see also Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D. Wash. Sept. 26, 1975) (holding a party waives privilege by placing information at issue when the asserting party affirmatively makes the information relevant to the case and applying the privilege would deny the opposing party's access to information vital to its defense). The discovery requests in which we have already sought the documents Plaintiff has withheld as privileged marital communications include:

1. First Request for Production, No. 3: All documents or communications that reference, discuss, regard, or relate to A.B., including by her name, any nickname, or under any pseudonym, such as "Vintage 99."

    a. Amended Response: "… Privileged written and oral communications occurred with Plaintiff's attorney, Richard Hornsby, and Plaintiff's spouse. See January 5, 2024, privilege log."

2. First Request for Production, No. 31: All documents or communications that reference, discuss, reflect, regard, or relate to state or federal investigations of Plaintiff related to any event or occurrence referenced in the Verified Complaint or Verified Amended Complaint. As noted in the Definitions above, Verified Amended Complaint includes any amended, supplemental, or successor complaint filed in this Action.

    a. Response: "Plaintiff was represented by Richard Hornsby with regard to a grand jury subpoena issued to Plaintiff. Nonprivileged portions of Richard Hornsby's file will be produced within two weeks. A privilege log will be provided for any documents withheld."

3. First Set of Interrogatories, No. 1: Identify and Describe all oral or other communications, interactions, or transactions with A.B. or with third-parties that directly or indirectly reference A.B., including by name, nickname, or any pseudonym such as "Vintage 99."

    a. Response: "… Due to overbreadth, the interrogatory also may seek information protected by attorney-client privilege, husband-wife privilege, or other recognized privileges. …"

    b. Amended Response: "… Privileged written and oral communications occurred with Plaintiff's attorney, Richard Hornsby, and Plaintiff's spouse. See Plaintiff's

January 5, 2024, privilege log. Plaintiff objects to identifying the content of privileged communications."

4. <u>First Set of Interrogatories, No. 9</u>: Identify the facts of and Describe all oral communications you had with any other person regarding your decision to initiate this Action.

   a. <u>Response</u>: "… It is also so overbroad that it may encompass information protected by the attorney-client privilege, work product doctrine, husband-wife privilege, or other recognized privilege."

   b. <u>Amended Response</u>: "Plaintiff had separate conversations with his attorney, Michael Beltran, and his wife. The contents of these conversations are privileged. …"

We are aware of Plaintiff's contention that the text messages between him and his wife sent between January 1, 2016 and July 6, 2023 "are not reasonably accessible," (Pl.'s Privilege Log at 7-8, Jan. 5, 2024), and Plaintiff is aware that we and our co-Defendants have taken exception to Plaintiff's document collection practices throughout this case. Accordingly, the inadequacy of Plaintiff's efforts to access those text messages will be addressed if the Greenbergs are forced to move to compel. For example, the Greenbergs will move to require Plaintiff to produce the text messages after July 6, 2023 that Mr. Dorworth identified as accessible. In addition, the Greenbergs will ask the Court to require Plaintiff to do more than visit a retail Apple store to recover his communications with Ms. Dorworth. They will ask for the Court to require Mr. Dorworth to retain a forensic document recovery vendor to employ industry standard document recovery tools to examine Mr. Dorworth's phone and recover any "inaccessible" text messages (and other documents) from January 1, 2016 through July 6, 2023.

Please provide the requested documents by July 10, 2024. If you would like to confer further on this matter, please provide an available time on or before July 9, 2024. If Plaintiff refuses to comply, we will be forced to move to compel Plaintiff's production and will seek attorney's fees under Rule 37(a)(5)(A), Federal Rules of Civil Procedure.

Sincerely,

Frederick S. Wermuth

FSW/qbr