UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

   *Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG, INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

   *Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

## DEFENDANT, ANDREW GREENBERG'S, NOTICE OF SERVICE OF SUBPOENA ON REBEKAH DORWORTH

Defendant, Andrew Greenberg, by and through his undersigned counsel and pursuant to Rule 45(a)(4) of the Federal Rules of Civil Procedure and Local Rule 3.04 of the Local Rules of the Middle District of Florida, hereby gives notice of a Subpoena to Produce Documents directed at Rebekah Dorworth, attached hereto as **EXHIBIT A**.

**DATED**: July 12, 2024

                                          Respectfully submitted,

                                          */s/ Frederick S. Wermuth*
                                          Frederick S. Wermuth (Lead Counsel)
                                          Florida Bar No. 0184111

Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

and

William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY & FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com
ftlcrtpleadings@wickersmith.com

*Attorney for Defendants Andrew Greenberg and Susan Greenberg*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2024, I served a copy of the foregoing by electronic mail to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

# Exhibit A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Christopher E. Dorworth )<br>*Plaintiff* )<br>v. )<br>Joel Micah Greenberg, et al. )<br>)<br>*Defendant* ) | Civil Action No. 6:23-cv-871-CEM-DCI |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Rebekah Dorworth, 1520 Whitstable Court, Heathrow, Florida 32746

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Atttachment A

| Place: King, Blackwell, Zehnder & Wermuth, P.A.<br>25 E. Pine Street<br>Orlando, Florida 32801 | Date and Time:<br>08/12/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 07/12/2024

*CLERK OF COURT*

OR

_____    /s/ Frederick S. Wermuth
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Andrew Greenberg, Susan Greenberg and AWG, Inc. , who issues or requests this subpoena, are:

Frederick S. Wermuth, King, Blackwell, Zehnder & Wermuth, P.A., 25 E. Pine St., Orlando, FL 32801 fwermuth@kbzwlaw.com 407-422-2472

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 6:23-cv-00871-CEM-DCI   Document 139-7   Filed 07/16/24   Page 6 of 17 PageID 1946

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 6:23-cv-871-CEM-DCI

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

## DEFINITIONS

The following definitions apply to each Request contained herein and are deemed incorporated in each Request.

1. The term "You" or "Your" shall mean Rebekah Dorworth.

2. The terms "and" and "or" are construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery requests all responses that might otherwise be construed to be outside of its scope.

3. The term "Communication" means any transmittal of information (in the form of facts, ideas, inquiries or otherwise) by oral, written, telephonic, electronic, or radio frequency transmission, or by any other means.

5. The term "concerning" means comprising, containing, constituting, embodying, evidencing, discussing, reflecting, relating to, referring to, or identifying.

6. The term "Date" means the exact day, month, and year, if ascertainable, or, if not, the best available approximation.

7. The term "Describe" means to identify the date, sender or author of the requested information, Person or Persons involved, a complete and detailed description and explanation of the facts, circumstances, context, analysis, and any other information relating to the subject matter of the specific Request.

8. The terms "Document" or "Documents" is used in the broadest possible sense permissible and means each and every written, recorded or graphic matter or

material of any kind, type, nature or description (whether in tangible, hard copy, printed or electronic form) that is or has been in Your possession, custody or control, including all hard copy documents, communications correspondence, LinkedIn pages, LinkedIn messages, or similar social media pages and messages, client relationship management (CRM) system data, memoranda, tapes, stenographic or handwritten notes, forms of any kind, charts, blueprints, drawings, sketches, graphs, maps, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, electronic mail, instant messages, text messages, calendars, appointment books, computer files, computer printouts, data compilations of any kind, teletypes, telexes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, position reports, summaries, surveys, indices, books, ledgers, notebooks, schedules, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, CDs, computer disks or diskettes, things, brochures, pamphlets or any written or recorded materials of any other kind, however stored, recorded, produced or reproduced (whether in tangible, hard copy, printed or electronic form), and also including drafts or copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original documents or that are otherwise not identical to the original documents.

10. "Transaction" means contracts, gifts, loans, transfers, payments, purchases, salary, bonuses, commissions, distributions, dividends, and any other payments made through any payment method. The terms "payment" and "payments" include amounts paid through any payment method, including, but not limited to,

cash, cryptocurrency, real property, and personal property.

11. The term "Including" shall mean "including, without limitation" and "including but not limited to."

12. The term "Person" shall mean an association, a corporation, an individual, a partnership, a limited liability company, a trust, or any other entity or organization including a governmental entity.

13. The terms "referencing," "referring," and "relating/related" shall be used in the broadest sense and shall mean and include, without limitation, "describing," "referring to," "mentioning," "discussing," "containing," "constituting" or "setting forth" and refers to all information that in any way explicitly or implicitly refers to, or reasonably could be construed to refer to, the subject matter of the information requested.

14. The term "Journalist" refers to any employee or agent of any news-reporting entity associated with publishing journalistic works, opinion works, or both in print, online, or any through other publicly available source.

15. The term "Law Enforcement" refers to any agent or employee of any state or federal law enforcement agency including, but not limited to, state and federal prosecutors and state and federal sworn law enforcement officers.

## **INSTRUCTIONS**

In addition to the Federal Rules of Civil Procedure, governing law, and the applicable Local Rules, please respond in accordance with the following instructions:

1. In responding to these Requests, produce all documents within your possession, custody, or control including, without limitation, documents, tangible things, and electronically stored information located in personal files, hard copy files, computer systems, smartphones, Internet-enabled messaging applications, networks, servers, CDs, DVDs, memory sticks, zip drives, hard drives, floppy disks, magnetic tapes, and other electronic media.

2. If there is no Document, tangible thing, or electronically stored information responsive to a particular Request, please state so in writing.

3. If any Document called for by a Request is withheld because You claim that it is privileged or otherwise protected from disclosure, then You shall provide a privilege log identifying each such Document from which the privilege is claimed together with the following information: (a) the Bates number range of the Document; (b) the date of the Document; (c) the name(s) and title(s) of its author(s) or preparer(s) and whether such person is an attorney; (d) the name and title of each person who was sent or furnished with the Document (including persons "cc'd" or "bcc'd"), and whether such person is an attorney; (e) a brief description of the Document in sufficient detail for Defendant, Andrew Greenberg, to assess the claim of privilege; and (f) an explanation of the basis for the claim of privilege. In the case of Documents that You

claim are privileged that relate to meetings or to other conversations, all participants in the meeting or conversation shall be identified.

4.  Each Document requested herein must be produced in its entirety and without deletion, abbreviation, redaction, expurgation, or excisions, regardless of whether You considers the entire Document to be relevant or responsive to these Requests. If You have redacted any portion of a Document for privilege, stamp the word "redacted" on each page of the Document which You have redacted, identifying the basis for such redaction. All redactions must be included in a privilege log in the manner described in preceding Instruction 3, and describing the privilege basis for the redaction and all information necessary for Defendant, Andrew Greenberg, to assess the basis for the redaction.

5.  You are to produce entire Documents including all attachments, cover letters, memoranda, and appendices, as well as the file, folder tabs, and labels appended to or containing any Documents. Copies that differ in any respect from an original shall be produced separately.

6.  If You object to any Request or part of a Request, set forth the basis for Your objection with particularity and respond to all parts of the Request to which You do not object.

7.  All responsive Documents in existence as of the date of production are to be produced. Any Documents created or obtained after the date of production are to be produced under Your obligation to supplement Your production immediately upon the creation or identification of additional responsive Documents.

8. For any responsive Documents that are no longer in existence, indicate the nature of the Document, its approximate date of creation, its author(s), and recipient(s), its approximate date of destruction or disposal, and the reason for any method by which its destruction or disposal took place.

9. All documents responsive to these Requests shall be produced in accordance with any applicable rules and orders of the Middle District of Florida, and subject to any agreement negotiated by and between the parties regarding the production of electronically stored information ("ESI").

## DOCUMENTS REQUESTED

**REQUEST NO. 1:** All Communications between Rebekah Dorworth and Journalists between 2020 to the date of this request. Note that, as defined above, the term "Journalist" refers to any employee or agent of any news-reporting entity associated with publishing journalistic works, opinion works, or both in print, online, or any through other publicly available source.

**RESPONSE**:


**REQUEST NO. 2:** All Communications between Rebekah Dorworth and Law Enforcement between 2020 to the date of this request. Note that, as defined above, the term "Law Enforcement" refers to any agent or employee of any state or federal law enforcement agency including, but not limited to, state and federal prosecutors and state and federal sworn law enforcement officers.

**RESPONSE**:


**REQUEST NO. 3**: All Communications between Rebekah Dorworth and any other person referencing acts or allegations (whether true or false) of infidelity against Christopher Dorworth or Joel Greenberg.

**RESPONSE**:


**REQUEST NO. 4**: All Communications between Rebekah Dorworth and any other person regarding gatherings or parties at 1520 Whitstable Court, Lake Mary, FL 32746 involving one or a combination of the following at or in the home: sexual acts, sex workers, and/or use of illegal drugs, including marijuana, cocaine, ecstasy, MDMA, and/or molly.

**RESPONSE**:

**REQUEST NO. 5**: All Communications between Rebekah Dorworth and any other person regarding allegations, speculation, or suspicion of Rebekah Dorworth or any other person as to any sexual activities, drug use, or other unlawful or unauthorized activities or gatherings at 1520 Whitstable Court.

**RESPONSE**:

**REQUEST NO. 6**: All Communications between Rebekah Dorworth and any other person regarding authorization of any individual to enter the neighborhood of Heathrow Master Association during on June 21, 2017, July 15, 2017, July 16, 2017, or July 22, 2017.

**RESPONSE**:

**REQUEST NO. 7**: All Communications between Rebekah Dorworth and any other person regarding discussion, speculation, inquiries, demands, threats, or references to marriage counseling or couples counseling between you and Christopher Dorworth.

**RESPONSE**:

**REQUEST NO. 8**: All Communications between Rebekah Dorworth and any other person regarding discussion, speculation, inquiries, demands, threats, or references to separating from or divorcing Christopher Dorworth.

**RESPONSE**:

**REQUEST NO. 9**: All Communications between Rebekah Dorworth and any other person regarding demands or requests made of Christopher Dorworth to prove he did not engage in extramarital sex acts, sex with a minor child, or engage in other unlawful activities.

**RESPONSE**:

**REQUEST NO. 10**: All Communications between Rebekah Dorworth and any other person regarding allegations that Christopher Dorworth engaged in extramarital sex acts, sex with a minor child, and/or engaged in other unlawful activities.

**RESPONSE**:

**REQUEST NO. 11**: All Communications between Rebekah Dorworth and any other person regarding complaints, grievances, and/or other concerns about Christopher Dorworth relating to extramarital affairs, sexual activities, drug use, or other unlawful activities.

**RESPONSE**:

**REQUEST NO. 12**: All Communications between Rebekah Dorworth and any other person regarding the physical location and/or activities of Christopher Dorworth on June 21, 2017, July 15, 2017, July 16, 2017, or July 22, 2017.

**RESPONSE**:

**REQUEST NO. 13:** All Communications between Rebekah Dorworth and any other person regarding any inquiry about, or effort to seek, a presidential pardon for Joel Greenberg.

**RESPONSE**:

**REQUEST NO. 14:** All Communications between Rebekah Dorworth and any other person regarding Abby Greenberg receiving money, goods, services, or real estate from one or combination of Andrew Greenberg, Susan Greenberg, and AWG, Inc.

**RESPONSE**:

**REQUEST NO. 15:** All Communications between Rebekah Dorworth and any other person regarding the alleged event at the JW Marriott described in paragraphs 71 through 101 of the Amended Complaint in the above-captioned action (Doc. 60).

**RESPONSE**:


**REQUEST NO. 16**: All Communications between Rebekah Dorworth and any other person regarding Chris Dorworth's April 9, 2021 resignation from Ballard Partners, motivations for his resignation, matters leading to his resignation, circumstances around his resignation, any consequences of his resignation, or any combination of such matters.

**RESPONSE**: