# KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.

ATTORNEYS AND COUNSELLORS AT LAW
25 EAST PINE STREET
POST OFFICE BOX 1631
ORLANDO, FLORIDA 32802-1631
www.kbzwlaw.com

DAVID B. KING [1941 – 2020]
BRUCE B. BLACKWELL [RETIRED]
THOMAS A. ZEHNDER
FREDERICK S. WERMUTH
DUSTIN MAUSER-CLAASSEN
KIMBERLY D. HEALY
QUINN B. RITTER
MATTHEW M. SMALL

TELEPHONE
(407) 422-2472

FACSIMILE
(407) 648-0161

fwermuth@kbzwlaw.com

July 12, 2024

**Via Email to** mike@beltranlitigation.com

Michael Beltran
Beltran Litigation, P.A.
4920 West Cypress St.
Suite 104 PMB 5089
Tampa, FL 33607

*Re: Plaintiff's Failure to Comply with Federal Rule of Civil Procedure 26(a)(1)*

As you know, I represent Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the "Greenbergs") in litigation filed by your client, Christopher Dorworth. I send this letter to demand that you correct Mr. Dorworth's inadequate Rule 26 disclosures—specifically, his damages disclosures under Rule 26(a)(1)(A)(iii). That provision requires Mr. Dorworth to disclose "a computation of each category of damages claimed" and to make available all documents or other evidence supporting that computation. Mr. Dorworth's current disclosures state only:

-Dorworth's lost wages at Ballard Partners - $1 million per year, total to date, $2.5 million, and continuing.
-Dorworth's lost business opportunities - $2.5 million total.
-Dorworth's attorney fees – to be determined.
-Dorworth's harm to reputation - $5 million.

These disclosures fall far short of what Rule 26(a) requires. "To comply with [Rule 26(a)], parties must perform some analysis, and cannot rely on general statements." *Go Mobile Flooring, LLC v. Blue Banyan Sols., Inc.*, 663 F. Supp. 3d 1294, 1303 (M.D. Fla. 2023) (quotations omitted). A disclosure that "lack[s] specific calculations" is facially insufficient. *Id.*; *see also Carter v. BPCL Mgmt., LLC*, No. 19-60887-CIV, 2021 WL 7502558, *3 (S.D. Fla. May 10, 2021) (finding claim of "lost work opportunities in an estimated amount of $80,000" inadequate); *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) ("[B]y its very terms Rule 26(a) requires more than providing—without any explanation—undifferentiated financial statements; it requires a 'computation,' supported by documents."). Further, Mr. Dorworth's "failure has continued beyond the initial stages of the case," making the failure to provide such documents and calculations even more egregious. *Go Mobile Flooring*, 663 F. Supp. 3d at 1304.

_____

Mr. Dorworth's failure to comply with Rule 26(a) severely prejudices the Greenbergs in their preparation of a defense and may result in sanctions, including the exclusion of any evidence of damages. *See City of Rome v. Hotels.com, L.P.*, 549 F. App'x 896, 904 (11th Cir. 2013). Accordingly, the Greenbergs demand that Mr. Dorworth supplement his current, inadequate damages disclosures with documents and calculations on or before July 19, 2024.

Sincerely,

Frederick S. Wermuth

FSW/qbr