United States District Court
Middle District of Florida
Orlando Division

CHRISTOPHER E. DORWORTH,

     *Plaintiff,*

v.                     **No. 6:23-00871**

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBURG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A.B.,

     *Defendants.*

---

### DEFENDANT A.B.'S OPPOSITION TO CORRECTED MOTION TO STAY DISCOVERY

---

Defendant A.B., by and through her undersigned counsel, respectfully submits this Opposition to Defendants Andrew Greenberg, Susan Greenberg, and AWG Inc.'s Corrected Motion to Stay Discovery (ECF No. 135) ("Motion"), and states as follows:

### LEGAL STANDARD

This Court has broad discretion to stay discovery as part of its inherent authority to control its docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985) ("[A] magistrate has broad discretion to stay discovery pending decision on a dispositive motion."). A

motion to stay discovery pending a ruling on a dispositive motion is generally disfavored, "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (quoting *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261 (M.D.N.C. 1988)); *see* Middle District Discovery (2015) at (I)(E)(4). The moving party bears the burden of showing good cause to stay discovery. *Feldman*, 176 F.R.D. at 652; *see* Middle District Discovery (2015) at (I)(E)(4) (the court may stay discovery "upon a specific showing of prejudice or undue burden."). In determining whether a stay of discovery is warranted, the Court must balance the harm produced by delay against the possibility that the dispositive motion will be granted and entirely eliminate the need for discovery. *Feldman*, 176 F.R.D. at 652. In making this determination, "it is necessary for the Court to take a preliminary peek at the merits of the [dispositive motion] to see if it appears to be clearly meritorious and truly case dispositive." *Id.* at 652-53 (internal quotation marks omitted).

## ARGUMENT

### I. A Stay of Discovery at This Late Date Would Needlessly Delay the Case

Defendants Andrew Greenberg, Susan Greenberg, and AWG Inc. ("the Greenbergs") filed their Motion seeking a stay of discovery until the pleadings are closed, arguing that it is wasteful to continue with discovery when the pending motions to dismiss are likely to succeed and before all potential issues in the case are squarely

presented.  Despite opposing the Motion, A.B. agrees with several points therein.  For instance, A.B. agrees that the various pending motions to dismiss are likely to succeed and that all parties would benefit from a forthcoming decision by this Court on the merits.  Further, A.B. agrees with both the Greenbergs and Plaintiff that the discovery process in this case has been characterized by a tremendous amount of waste and excess.

However, while these points may be relevant to the Court's decision, none are dispositive.  The most significant failing in the Motion is that it offers no justification for seeking a stay of discovery *now*, as opposed to earlier.  The Case Management and Scheduling Order in this case was entered on July 5, 2023—over one year ago.  ECF No. 51.  At that time, all Defendants had filed their motions to dismiss the original Complaint.  On August 8, 2023, Plaintiff filed his Amended Complaint (ECF No. 62), and by August 29, 2023, all Defendants had filed their motions to dismiss that superseding pleading.  The Greenbergs did not at that time seek to stay discovery pending resolution of the motions to dismiss (or, as noted by Plaintiff, more expansively until the closing of the pleadings, as the Greenbergs now request, ECF No. 139 at 5).  This alone is sufficient reason to deny the Motion, as the Greenbergs have identified no justification for their dilatory failure to request this relief *before* the various costs and burdens that they identify as warranting a stay were incurred, each of which was evident in August 2023.  *See Parker v. Parker*, 2018 WL 11615768, at *3 (M.D. Fla. Dec. 11, 2018) (Irick, J.) (burdens of continuing discovery "were of Defendants' own making and could have easily been avoided had they moved to stay

3

discovery (as is customarily done) when they moved to dismiss the Complaint. Defendants elected not to take such action, and they should not now be able to benefit from their inaction regardless of the prejudice they claim they will suffer if discovery is permitted to continue.").[1]

Staying discovery at this point in the case would not only needlessly prejudice the progress of this case, but it would do so just at the point that persistent scheduling challenges have finally been overcome. As Plaintiff notes in his Opposition, it has taken months to schedule the relevant depositions in this case. ECF No. 139 at 9-11. Initially, defense counsel had intended to take the bulk of depositions in this case in February and March 2024, but they were unable to do so due to the legislative obligations of Plaintiff's counsel, a sitting member of the Florida state legislature. Subsequent efforts to schedule depositions in April 2024 failed because at least one set of defense counsel was unavailable on nearly every date provided.[2] Similar scheduling difficulties have persisted to such a degree that as of the filing of the Motion, only five

---

[1] This Court has consistently denied motions for stays of discovery in similar situations. *See, e.g.*, *Shepherd v. Ocwen Loan Servicing, LLC*, 2019 WL 9341385, at *2 (M.D. Fla. Apr. 18, 2019) (Irick, J.) (when motion for stay was filed less than two months after the Court entered the Case Management Scheduling Order and opened discovery, "[a] stay in discovery, even a temporary stay, at this point in the proceedings would certainly frustrate the progress of this case, and each party's ability to meet the deadlines set forth in the CMSO."); *Shore v. Greenspoon Marder, P.A.*, 2019 WL 11504664, at *2 (M.D. Fla. May 10, 2019) (Irick, J.) (same); *U.S. All Star Federation, Inc. v. Open Cheer & Dance Championship Series, LLC*, 2022 WL 20655920, at *3 (M.D. Fla. Aug. 29, 2022) (Irick, J.) (same when motion for stay filed four months after entrance of Case Management Scheduling Order).

[2] It bears mentioning that counsel for A.B. made themselves available for nearly every potential date in April. Indeed, throughout the pendency of this case, A.B.'s counsel have been able to accommodate nearly every proposed deposition date and thus have not contributed to the constant scheduling delays.

depositions have been completed, and only one party deposition: that of A.B. However, as of today's date, the depositions of every other party have finally been scheduled, as have the depositions of several key witnesses whose availability was difficult to coordinate with all sets of counsel, including Congressman Matt Gaetz and Plaintiff's former employer, Ballard Partners, Inc.

If discovery were stayed now and the Court were not to dismiss the matter, the fruits of these months of scheduling attempts would be needlessly squandered. What is more, any stay would likely delay these depositions not just for the length of the stay, but for months thereafter as similar scheduling challenges recur. At a minimum, the parties would be unlikely to complete discovery until well after next year's Florida legislative session, due to Plaintiff's counsel's legislative obligations. That session runs from March into May 2025. Session – The Florida Senate, https://www.flsenate.gov/Session (last visited July 19, 2024) ("The Florida Legislature meets in session every year for sixty consecutive days. A regular session of the legislature shall convene on the first Tuesday after the first Monday in March of each odd-numbered year[.]"). In short, entering a stay now would likely delay completion of discovery in this case by up to or over one year if the case were not fully resolved by the motions to dismiss. This timeline does not even account for the Greenbergs' unconventional request to stay discovery until the pleadings are closed, which process (answers, amended complaints, answers to counterclaims, answers or other pleadings by potential additional parties, etc.) could itself stretch to arguably indefinite lengths.

## II.     A.B. Would Suffer Significant Prejudice if a Stay Were Entered

The delays that would result from this Court granting a stay would cause actual prejudice to A.B.  A.B. is a 24-year-old crime victim swept up in an ongoing dispute between well-connected and well-funded Florida political insiders.  She is the only Defendant whose legal fees are not being paid directly or indirectly by the wealthy parties, and she is the only party who has yet been deposed in this case.  For sixteen months already, she has had to live with this case hanging over her head, and during her recent deposition she was forced to testify as to exceedingly sensitive and upsetting events in her life before an audience of nearly a dozen, almost all of them men, and which included Plaintiff himself.  If the motions to dismiss do not fully resolve this case, she stands to face the financial and emotional precarity of having this case continue for a second or even third year before it is resolved.  Far better, now that so much invasive discovery has already occurred, to complete it and be done.

## III.     The Greenbergs Have Failed to Establish Good Cause to Enter a Stay

As against the real prejudice that A.B. would suffer from the imposition of a stay of discovery, the Greenbergs' alleged prejudice from discovery continuing apace is without merit.  Ultimately, the Greenbergs' arguments would support a stay of discovery in any case with a pending motion to dismiss.[3]  First, the Greenbergs recount

---

[3] While the Greenbergs purport to accept that a pending motion to dismiss does not by itself warrant a stay, they repeatedly appeal to *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997), and its progeny for the principle that "facial challenges to the legal sufficiency of a claim should be resolved before discovery begins."  *See* Motion at 2, 8, 9.  This Court has previously corrected other litigants advancing the same mistaken reading of these cases.  *See, e.g.*, *Delia v. NewRez, LLC*, 2022 WL 20636173, at *2 (M.D. Fla. Apr. 29, 2022) (Irick, J.)

the expenses they have incurred in responding to discovery over the past year.  *See, e.g.*, Motion at 5.  While certainly undesirable for the Greenbergs and Defendant A.B. alike, such costs are the natural result of litigation.  More to the point, the Greenbergs do not argue that they are likely to incur *future* costs on nearly the same level if discovery were to continue.[4]  Given that the costs of engaging in discovery were predictable at the outset of this case, the large sums the Greenbergs have spent thus far would have (at best) justified seeking a stay when they filed their motion to dismiss, not now that the bulk of written and much of testimonial discovery has been completed.  Past expenses do not establish future burdens.[5]

Second, the Greenbergs argue that the potential for future pleadings, including an amended complaint and affirmative defenses and counterclaims raised in Defendants' answers, means that discovery should be stayed until all such pleadings are in place to avoid duplicative discovery.  *See, e.g.*, Motion at 6-7.  But in any case

---

("The holding in *Chudasama* does not establish the general rule that discovery should not proceed while a motion to dismiss is pending. . . .  Instead, *Chudasama* and its progeny stand for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." (quoting *Koock v. Sugar & Felsenthal, LLP*, 2009 WL 2579307, at *2 (M.D. Fla. Aug. 19, 2009)) (internal quotation marks omitted)); *U.S. All Star Federation, Inc.*, 2022 WL 20655920, at *3 (same).

[4] The closest the Greenbergs come to such a claim is their allegation that Plaintiff "continues to demand invasive and improper financial discovery . . . and has continuously sought information from the Greenbergs protected by the attorney-client and work-product privileges."  Motion at 5.  To the extent that such requests are improper or protected by privilege, the proper response would be to object and bring such disputes to the Court's attention for resolution, not to postpone such disputes indefinitely.

[5] The same applies to the Greenbergs' appeal to the burdens on third parties.  Motion at 5-6.  The fact that third parties have been burdened in the past is irrelevant to the question of whether discovery should continue from this point forward.

where a motion to dismiss is pending, there will be a potential for future pleadings that may affect the scope of discovery.  As a rule, that is not enough to justify a stay.  This case is not an exception to that rule.  To the extent that further discovery is warranted by such future pleadings after the scheduled close of discovery, this Court is fully capable of ordering a limited period for supplemental discovery at such a time as it is needed.

## IV. There Is No Reason to Enter a Stay Prior to the Dorworths' Depositions

Finally, there is no warrant to enter a stay of discovery prior to the depositions of Plaintiff and his wife on July 23 and 24, 2024, as Plaintiff requests.  ECF No. 139 at 2.  The only reason provided for Plaintiff's request is that "[s]taying the matter after those depositions, but before the party defendants' depositions, would vastly increase Defendants' informational advantage while protecting themselves from deposition." *Id.*  Needless to say, the maintenance of informational equilibrium between parties is not a basis for imposing a stay of discovery, nor is it a factor to be considered by this Court.  And there would be no benefit to any party from postponing these depositions, given that they are so imminent—presumably, all parties have already expended significant time and effort preparing for these depositions, and requiring them to duplicate these efforts potentially as much as a year in the future would simply be wasteful.  Further, undersigned counsel has not only expended those resources, but they have booked flights and accommodations for these in-person depositions, with their flights out of Denver taking place the next business day: July 22, 2024.

Plaintiff's request also ignores that A.B. is the sole Defendant who noticed these depositions, and she has already sat for her own deposition.  No other Defendant jointly or cross-noticed the depositions of Plaintiff and his wife.  Even if "informational advantage" were an appropriate consideration, entering the stay before these depositions would merely impose just the same disadvantage on A.B. as Plaintiff claims he would suffer if the stay were entered later.  As A.B. opposes the Motion to Stay, it would be particularly inequitable to stay two depositions that only she has noticed based on a motion that she opposes.

As for the suggestion to stay both the Plaintiff's and his wife's depositions, Mrs. Dorworth is not a party to this action and thus does not have standing to request a stay of her deposition.  Delaying her deposition would also invite further prejudice to A.B., as Mrs. Dorworth declined to accept service of her deposition subpoena – despite being represented by the same counsel as Plaintiff – thereby requiring A.B. to expend additional resources and time serving her.  And finally, when asked on April 1, 2024 for their availability to sit for their depositions in June and July, both Plaintiff and Mrs. Dorworth collectively provided five dates that they were available over those 43 business days (specifically, July 22, 23, 24, 30, and 31), suggesting they too lead far too busy lives to reschedule their depositions for a later date, especially when also needing to clear dates with six sets of counsel.

For the reasons set forth above, Defendant A.B. respectfully requests that this Court deny the Greenberg's Motion.

Dated: July 19, 2024                        Respectfully submitted,

                                            *s/ Laura B. Wolf*

                                            Laura B. Wolf, Esq.* (Lead Counsel)
                                            Colorado Bar #46833
                                            Stephen Shaw, Esq.*
                                            Colorado Bar #56720
                                            Spark Justice Law LLC
                                            3435 S. Inca Street, Suite C-113
                                            Englewood, CO 80110
                                            (303) 802-5390
                                            laura@spark-law.com (primary)
                                            steve@spark-law.com (primary)

                                            Christopher W. Ford, Esq.*
                                            Colorado Bar #28632
                                            John Clune, Esq.*
                                            Colorado Bar #27684
                                            Ashlyn Hare, Esq.*
                                            Colorado Bar #59310
                                            Hutchinson Black and Cook, LLC
                                            921 Walnut Street, Suite 200
                                            Boulder, CO 80302
                                            (303) 442-6514
                                            chris.ford@hbcboulder.com (primary)
                                            john.clune@hbcbolder.com (primary)
                                            ashlyn.hare@hbcboulder.com
                                            (primary)
                                            elle.ford@ hbcboulder.com
                                            (secondary)

                                            Jesse Ian Unruh
                                            Florida Bar No. 92121
                                            Spire Law, LLC
                                            2572 West State Road 426, Suite 2088
                                            Oviedo, FL 32765
                                            (407) 494-0135
                                            jesse@spirelawfirm.com (primary)
                                            marcela@spirelawfirm.com
                                            (secondary)
                                            filings@spirelawfirm.com (secondary)

*Attorneys for Defendant A.B.*

\* *Pro hac vice* admission

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2024, a copy of the foregoing document was served on all counsel of record via the CM/ECF system.


*s/Laura B. Wolf*
Laura B. Wolf