UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>　　Plaintiff,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>　　Defendants. | Case No.: 6:23-CV-00871 |

## OPPOSITION TO MOTION TO COMPEL SPOUSAL COMMUNICATIONS

Plaintiff Christopher Dorworth hereby responds to the Greenbergs' Motion to Compel (Doc. 138), which should be denied both for failure to properly confer under Local Rule 3.01 (g), and on the merits.

The Greenbergs fail to support the proposition that the Dorworths waived marital privilege. In both *Ledbetter v. Walmart*, 2009 WL 1067018, at *1 (D.Colo. Apr. 21, 2009), and *England v. LVPD*, 2008 WL 11389179, at *2 (D.Nev. June 10, 2008), the injured husbands' wives sued for loss of consortium and thereby waived their privilege. Here, nonparty Rebekah Dorworth, who also holds the privilege,

1

asserts no consortium or other claim. *See e.g. In re Grand Jury Investigation of Hugle*, 754 F.2d 863, 864 (9th Cir. 1985)(holding that nonwitness spouse was entitled to invoke privilege, even when, unlike here, spouses were estranged); *United States v. Neal*, 532 F.Supp. 942, 944-947 (D.Colo. 1982)(one spouse cannot waive the other spouse's privilege). Further, in *England*, any waiver from consortium claims was *dicta*. England's jail calls were not privileged anyway because both spouses knew they were recorded. *Id*. at *1. *England* analyzed whether an "affirmative act, such as filing suit or asserting an affirmative defense," waived privilege, and whether application of the privilege would "deny the opposing party access to information that was vital to the opposing party's defense." *Id*. at. *2. Ms. Dorworth asserts no claim or defense and the marital communications are not "vital."[1] By contrast, *Curlee v. UPS*, 2014 WL 4262036, at *7 (N.D.Tex. Aug. 29, 2014), considered a loss of consortium claim and found that "Plaintiffs have not waived their spousal communications privilege" and denied the Motion to Compel.

The rest of the Greenbergs' cases fail to support the relief they request. *Wesolek v. Wesolek*, 2021 WL 3576460, at *18 (M.D.Fla. Mar. 24, 2021), dealt with a narrow waiver relating only to a promise to marry, not all spousal communications.

---

[1] The Dorworths communicate consistent with the pleading: the Dorworths are indignant at Defendants' misconduct and the accusations against Dorworth are false. This information is unlikely to be helpful, let alone vital, to Defendants' defense. Defendants also fail to identify any relevance or need for marital communications. This Motion is a fishing expedition.

2

*Id*. *GAB v. Syndicate*, 809 F.2d 755, 762 (11th Cir. 1987), was a dispute over settlement costs with a third party. One party sought relevant settlement communications. *Id*. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash. 1975), considered a narrow waiver of attorney-client privilege based upon a "good faith" defense that apparently implicated advice of counsel. None of these cases hold that marital privilege is breached by a passing remark in a complaint that the plaintiff's marriage has been damaged.

## **CONCLUSION**

The Court should deny the Motion, both for failure to comply with Rule 3.01(g), and on the merits, and award Dorworth fees. However, if the Court is inclined to entertain the Motion further, it should not pierce the sacrosanct spousal privilege without full briefing.

## **RESPONSE TO 3.01(g) CERTIFICATION**

The Greenbergs failed to properly confer under Local Rule 3.01(g). On July 5, 2024, just after conferral on the Motion to Stay,[2] the Greenbergs sent a long letter demanding production of spousal communications. Docs. 139-6 and 139-7. They did not broach this issue during a telephone meet-and-confer just 24 minutes prior, despite an invitation to do so. Doc. 139-5, Page 1. The undersigned responded and

---

[2] Until they moved to compel, the Greenbergs did not acknowledge the inconsistency between seeking a stay and commencing their threatened "contentious motion practice." (Doc. 135, Page 6, Note 3).

agreed to the Greenbergs' demand for another conferral. Doc. 139-5, Page 2. The Greenbergs admitted they "did not raise the spousal privilege issue at the conferral on the motion to stay," id., but inexplicably wrote that conferral was "complete," and placed the onus on Plaintiff, the nonmovant, to "let [them] know" if conferral was incomplete. Doc. 139-5, Page 1. The undersigned cannot excuse the Greenbergs' compliance with local rules and court orders. The Greenbergs' failure to comply with Local Rule 3.01(g), requires denial of the Motion.[3]

## CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that this motion contains than 500 words, excluding the case style, certifications (including the response to 3.01(g) certification), and signature block, in compliance with this Court's Standing Order on Discovery Motions.

Filed: July 22, 2024.                                Respectfully Submitted,

/s/Michael Paul Beltran
Michael P Beltran
Fla. Bar No. 0093184
Beltran Litigation, P.A.
4920 West Cypress St.

---

[3] The Court's Order (Doc. 12) and Local Rule 3.01(g) require parties to confer in person or by telephone on any discovery dispute. *Rigney v. Livingston Fin., LLC*, 2012 WL 12915480, at *1 (M.D.Fla. Dec. 4, 2012)("The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter."), *Hughes v. GEICO*, 2016 WL 9559910, at *5 (M.D.Fla. June 16, 2016)("The term 'confer'. . . does not envision an exchange of ultimatums by fax, letter or email."); *Scottsdale Insurance v. Physicians*, 2016 WL 3425675, at *1 (M.D. Fla. June 22, 2016) (collecting cases denying relief, including attorney fees, for failure to confer pursuant to Local Rule 3.01(g).

Suite 104 PMB 5089<br>
Tampa, FL 33607<br>
813-870-3073 (o)<br>
mike@beltranlitigation.com<br>
*Counsel for Plaintiff Dorworth*

## CERTIFICATE OF SERVICE

 I will file a copy of the foregoing on the Court's electronic system, which will send a copy to all counsel of record.

/s/Michael Paul Beltran<br>
Michael P Beltran

5