UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG., INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

*Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**ANDREW GREENBERG, SUSAN GREENBERG,
AND AWG, INC.'S MOTION FOR LEAVE TO REPLY**

Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the "Greenbergs") move for leave to reply to Plaintiff's conferral arguments in his response[1] to the Greenbergs' motion to compel, which mischaracterize the nature of the parties' conferral.

---

[1] In addition to the issue discussed herein, Plaintiff's response exceeds the word limit imposed by this Court's standing order on discovery motions. That order provides that "[n]either the Motion nor any response thereto shall exceed 500 words, exclusive of caption, signature block, and certifications." Doc. 12 at 1. In response to the Greenbergs' motion to compel, Plaintiff filed a 500-word response. Then, however, Plaintiff appended a 352-word "response to 3.01(g) certification" that raises additional arguments as to why the Greenbergs' motion to compel should be denied. Neither the local rules nor this Court's standing order contemplate a "response" to a conferral certification that is exempt from the word limit on responses to discovery motions.

## MEMORANDUM OF LAW

This District generally grants leave to file a reply when there are "new . . . facts contained in the opposition's response," *Tardif v. People for Ethical Treatment of Animals*, No. 2:09-CV-537-FTM-29, 2011 WL 2729145, at *2 (M.D. Fla. July 13, 2011), and the reply would "aid [the Court's] resolution of the underlying motion." *In re Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2015 WL 4470093, at *2 (M.D. Fla. July 21, 2015). Here, a brief reply will both address new facts and aid the Court's resolution of the motion.

Plaintiff's response addresses for the first time the adequacy of the conferral process. In doing so, it mischaracterizes the timeline of conferral and Plaintiff's own failure to respond to conferral emails, much of which can be extrapolated from the exhibits filed at Docs. 139-5, 139-6, 139-8. To address this new issue, the Greenbergs request leave to file a reply of no more than 5 pages.

## LOCAL RULE 3.01(g) CERTIFICATION

The Greenbergs conferred with counsel for Plaintiff regarding this motion by email on July 23, 2024 and then orally over telephonic video conference on July 23, 2024. Plaintiff opposes the Greenbergs' motion for leave to reply and intends to file a written response.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111

>Dustin Mauser-Claassen
>Florida Bar No. 0119289
>Quinn Ritter
>Florida Bar No. 1018135
>KING, BLACKWELL, ZEHNDER &
>WERMUTH, P.A.
>P.O. Box 1631
>Orlando, FL 32802-1631
>Telephone: (407) 422-2472
>Facsimile: (407) 648-0161
>fwermuth@kbzwlaw.com
>dmauser@kbzwlaw.com
>qritter@kbzwlaw.com
>
>*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>*/s/ Frederick S. Wermuth*
>Florida Bar No. 0184111

3