```
 1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
 2                   ORLANDO DIVISION

 3
     CHRISTOPHER E. DORWORTH,
 4
            Plaintiff,
 5
     vs.
 6
     JOEL MICAH GREENBERG
 7   ANDREW W. GREENBERG, SUSAN
     GREENBERG, ABBY GREENBERG,
 8   AWG, INC., GREENBERG DENTAL
     ASSOCIATES, LLC, GREENBERG
 9   DENTAL & ORTHODONTICS, P.A.,
     GREENBERG DENTAL SPECIALTY GROUP, LLC,
10   AND A.B.,

11          Defendants.

12   _____/

13   VIDEOTAPED
     DEPOSITION OF:      CHRISTOPHER DORWORTH
14
     DATE:              WEDNESDAY, JULY 24, 2024
15
     TIME:              9:03 A.M. – 9:37 A.M.
16
     PLACE:             200 SOUTH ORANGE AVENUE
17                      SUITE 10000
                        ORLANDO, FLORIDA 32801
18
     STENOGRAPHICALLY
19   REPORTED BY:       AMBER PORTELLO

20

21

22

23

24

25
```



STATEMENTS OF COUNSELS                          July 24, 2024
DORWORTH V. GREENBERG

```
 1  A P P E A R A N C E S:

 2  MICHAEL BELTRAN, ESQUIRE
    OF: Beltran Litigation
 3      4920 West Cypress Street
        Suite 104
 4      PMB 5089
        Tampa, FL 33607-3837
 5      Office: 813-870-3073
        Mike@beltranlitigation.com
 6      APPEARING ON BEHALF OF THE PLAINTIFF
        (Via Zoom)
 7
    LAURA B. WOLF, ESQUIRE
 8  OF: Spark Justice Law, LLC
        3435 South Inca Street
 9      Suite C-113
        Englewood, CO 80110
10      Office: 303-802-5390
        Laura@spark-law.com
11      APPEARING ON BEHALF OF THE DEFENDANT A.B.

12  CHRISTOPHER W. FORD, ESQUIRE
    OF: Hutchinson, Black, and Cook, LLC
13      921 Walnut Street
        Suite 200
14      Boulder, Colorado 80302
        Office: 303-442-6514
15      Chris.ford@hbcboulder.com
        APPEARING ON BEHALF OF THE DEFENDANT A.B.
16
    JASON PERKINS, ESQUIRE
17  OF: Carlton Fields, PA
        200 South Orange Avenue
18      Suite 1000
        Orlando, FL 32801-3456
19      Office: 407-244-8250, Fax: 407-648-9099
        Jperkins@carltonfields.com
20      APPEARING ON BEHALF OF THE DEFENDANT ABBY GREENBERG

21  FRITZ WERMUTH, ESQUIRE
    QUINN RITTER, ESQUIRE
22  OF: King, Blackwell, Zehnder & Wermuth, PA
        PO Box 1631
23      Orlando, FL 32802-1631
        Office: 407-422-2472, Fax: 407-648-0161
24      Fwermuth@kbzwlaw.com
        Qritter@kbzwlaw.com
25      APPEARING ON BEHALF OF THE DEFENDANTS ANDREW
        GREENBERG, SUSAN GREENBERG, AWG, INC.
```



STATEMENTS OF COUNSELS                          July 24, 2024
DORWORTH V. GREENBERG

```
 1   MICHAEL FURBUSH, ESQUIRE
     OF: Dean Mead
 2       420 South Orange Avenue
         Suite 700
 3       Orlando, FL 32801-4911
         Office: 407-841-1200, Fax: 407-423-1831
 4       Mfurbush@deanmead.com
         APPEARING ON BEHALF OF THE DEFENDANT GREENBERG
 5       DENTAL
         (Via Zoom)
 6
     FRITZ SCHELLER, ESQUIRE
 7   OF: Fritz Scheller, P.L.
         200 East Robinson Street
 8       Suite 1150
         Orlando, FL 32801-1970
 9       Office: 407-792-1285, Fax: 407-649-1657
         Fscheller@flusalaw.com
10       APPEARING ON BEHALF OF THE DEFENDANT JOEL GREENBERG
         (Via Zoom)
11
     WILLIAM PETERS, ESQUIRE
12   OF: Wicker, Smith, O'Hara, McCoy & Ford P.A.
         515 East Las Olas Boulevard
13       Suite 1400
         Fort Lauderdale, FL 33301-4250
14       Office: 954-847-4800
         Wpeters@wickersmith.com
15       APPEARING ON BEHALF OF THE DEFENDANT ANDREW AND
         SUSAN GREENBERG
16       (Via Zoom)

17   ALSO PRESENT:
         Fred Gartrell, Videographer
18       Abby Greenberg (Via Zoom)
         Lisa Di Filippo (Via Zoom)
19

20

21

22

23

24

25
```



STATEMENTS OF COUNSELS                                    July 24, 2024
DORWORTH V. GREENBERG

1                          INDEX OF EXHIBITS

2

    DEFENDANT'S EXHIBITS
3   EXHIBIT 89        5
    (Amended notice of taking the videotaped deposition of
4   Mr. Dorworth)
    EXHIBIT 90        5
5   (Second Amended Notice)
    EXHIBIT 91        9
6   (Doctor's Note)
    EXHIBIT 92       11
7   (Cross-notice of taking deposition of Mr. Dorworth by
    Andrew Greenberg, Susan Greenberg, and AWG)
8   EXHIBIT 93       28
    (Certificate of Nonappearance)
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25



1              P R O C E E D I N G S

2                     * * * * * * * * *

3          MS. WOLF:  This is Laura Wolf entering her

4     appearance for defendant AB along with my colleague

5     Chris Ford.  We are here for Mr. Dorworth's

6     deposition.  It's 9:03 a.m.  Mr. Dorworth has

7     decided not to show for his deposition today despite

8     it being properly noticed.  I'm entering into the

9     record Exhibit 89 which is the amended notice of

10    taking the videotaped deposition of Mr. Dorworth.

11         Actually, there is second amended notice that I

12    will -- Jason, I'm going to send to you -- that

13    we'll mark as Exhibit 90.  Jason, if you could just

14    pull that up.  This deposition was noticed in April,

15    April 1, 2024.  I first made a request for all

16    availability of Mr. Dorworth and his wife for their

17    depositions.  I was provided five days out of 43

18    business days that they were available throughout

19    the months of June and a July 22nd, 23rd, and 24th,

20    as well as the 30th and 31st.

21         (Defendant's Exhibit 89 and Defendant's Exhibit

22    90 were marked for identification.)

23         MS. WOLF:  Counsel is well aware that this

24    deposition is taken in person and that Mr. Dorworth

25    was required to appear in person.  I will note fore



1   the record that there was testimony yesterday during

2   Ms. Dorworth's deposition that

9      She appeared yesterday and was not sick and had

10  no evidence of being sick.  Mr. Beltran stated

11  yesterday on the record

16      Ms. Dorworth also stated to me that

17

                                        I will also

20  add on the record that Mr. Dorworth sat for the

21  entirety of Ms. Dorworth's deposition yesterday

22  which lasted for over 12 hours of time.

23     I will note that we have flown out here for

24  this deposition and incurred significant fees and

25  costs in addition to the court reporter's costs and



1    the videographer's cost.  We will be seeking those

2    fees and costs as well as fees for the time that we

3    are here today.  I will be moving for sanctions and

4    potentially a contempt motion on this issue.  I will

5    also be moving that Mr. Dorworth fly to Denver for

6    his deposition to be taken in person by our firm.  I

7    will be moving in part based on the fact that we had

8    to fly here and in part also based on the fact that

9    given I am in the third trimester of my pregnancy it

10   is dangerous and not recommended to continue flying

11   this much and that Mr. Dorworth had every

12   opportunity to be here today.  He absolutely could

13   have also scheduled this deposition earlier in time

14   and chose not to.

15       I also explained all of this last night to

16   Mr. Beltran and Mr. Dorworth was there listening

17   while I explained all this last night.  I will also

18   be moving that we not be required to reschedule the

19   deposition with every counsel's availability,

20   instead that the deposition be broken up where

21   Mr. Dorworth flies to Denver, has his deposition

22   taken by our team, and then flies back to Orlando

23   and the other defense attorneys can schedule at

24   their convenience as it has been particularly

25   difficult to schedule based on how many sets of



1  counsel there are in this case.

2      I will be asking that all costs and the fees

3  associated with this be paid for by Mr. Dorworth out

4  of his own pocket.  If I consider anything else,

5  Mike, I will let you know, but I will be making that

6  motion.  I will also be moving for any sort of notes

7  from this medical appointment that Mr. Dorworth was

8  apparently healthy enough to attend prior to 9:00

9  a.m. this morning and able to secure on a very

10 last-minute basis despite the fact that he texted

11 you past 9:00 p.m. last night about his illness.

12     Please also preserve all of your communications

13 with Mr. Dorworth from yesterday, Mr. Beltran, as

14 you have placed those into -- you have waived the

15 privilege with respect to those communications, and

16 I would like to see those communications as well.

17 Similarly, if you have any communications with

18 Rebekah Dorworth, I'm asking that you preserve those

19 as those also go to the same matter.

20     MR. PERKINS:  And then let's mark the second

21 amended notice of taking deposition as Exhibit 90.

22     MS. WOLF:  I'm marking -- yes, we will be

23 marking the seconded amended notice that is up on

24 the screen right now as Exhibit 90.  This made it

25 very clear per our communications -- not that, I



1    apologize.  It was what you had up a second ago, the

2    second amended notice.  The doctor's note is Exhibit

3    91.  This states that Mr. Dorworth attended a

4    medical appointment today, July 24th.  It is now

5    9:00 a.m.  So I want to note that I find that very

6    difficult to believe, and that he is being excused

7    by his doctor from all required duties for the

8    following dates.

9         (Defendant's Exhibit 91 was marked for

10   identification.)

11        MS. WOLF:  I will note that no protection order

12   motion was filed in this case.  There is no basis

13   for a stay of any discovery.  I noted last night

14   that if you felt Mr. Dorworth was unable to attend,

15   you needed to file an emergency motion for

16   protection order which was not filed with the court.

17   I will also add that in addition to preserving all

18   communications with his doctor including how this

19   appointment was made so late in the day and how they

20   actually met and what was discussed with this doctor

21   in this appointment, you will need to preserve all

22   of your communications with your client regarding

23   this matter and regarding any communication s during

24   the deposition yesterday, both from Mr. and

25   Ms. Dorworth.



1         Lastly, I do want to note that I do find it

2    offense and I will say I find it to be particularly

3    a offensive that there is any claim by Mr. Beltran

4    in an email that Mr. Dorworth has not shown up here

5    today out of concern for my condition as a pregnant

6    woman.  I am not concerned about his being

7    contagious given his wife was here yesterday, and

8    certainly if that concern existed, she wouldn't have

9    shown up.  She was healthy and had no signs of any

10   contagions, but I also have masks I can wear and I

11   can protect my own safety, Michael.

12        I do not find that not only to be persuasive, I

13   find it to be sexist.  I do not appreciate any claim

14   that I cannot do my job and that you are making the

15   decision whether I do my job based on your client

16   and his contagions which I don't believe exist.

17        Go ahead, Fritz.

18        MR. SCHELLER:  This is Fritz Scheller.  I'm

19   here on behalf of Joel Greenberg.  I want to put on

20   the record that I'm here today.  I was supposed to

21   travel to Miami to meet with a client for a change

22   of plea hearing.  I had to buy -- because of the

23   deposition of the length yesterday, I had

24   actually -- and I have a record of this.

25        I had to buy my ticket at the end of last night



1      to fly in Thursday to Miami and fly out the same day

2      as opposed to traveling today to meet with my

3      client.  I bought a ticket at a significant cost to

4      accommodate this deposition today because yesterday

5      we went to 9:00 p.m.  I assumed we were going to go

6      to 9:00 p.m. today, and I wouldn't be able to get to

7      Miami driving tonight.

8              (Defendant's Exhibit 92 was marked for

9   identification.)

10             MR. PERKINS:  And I put up another exhibit on

11     the screen.  This is Exhibit 92.  This is the

12     cross-notice of taking deposition of Mr. Dorworth by

13     Andrew Greenberg, Susan Greenberg, and AWG.  I'll

14     turn it over to Fritz Wermuth on this.

15             MR. WERMUTH:  This is Fritz Wermuth.  I'm here

16     on behalf of Andrew Greenberg, Susan Greenberg, and

17     AWG, Inc., and I cross-noticed this deposition today

18     and I join in the sentiments of the --

19             MR. BELTRAN:  Could you give me a second?  You

20     can make your record, can you just give me a second,

21     please?  Just I'll be back in a second, thanks.

22             (An off-the-record discussion was had.)

23             MR. BELTRAN:  Guys, do what you need to do.

24             MR. WERMUTH:  As I was saying, we noticed this

25     deposition, and we join in the position and joining



1   in seeking sanctions for failure to appear today at

2   this deposition.  I'll note that your doctor's note

3   indicates that Mr. Dorworth represented that he has

4   these conditions.  There is apparently no documented

5   evidence of his condition whatsoever, and it's, you

6   know, frankly unbelievable after yesterday's display

7   that he is taking this position.

8        MR. PETERS:  This is Bill Peters on behalf of

9   Andy and Susan Greenberg.  I join.

10       MR. PERKINS:  And this is Jason Perkins on

11  behalf of Abby Greenberg.  We reserve all rights to

12  seek sanctions and any other relief as a result of

13  this game switch up.

14       MR. BELTRAN:  Are you guys done?

15       MS. WOLF:  Yeah.  We can go off the record.

16       MR. BELTRAN:  No, no.  I'm going to make --

17  everyone else made a record.  I'm going to make my

18  record.  So we put in -- you have put in as Exhibit

19  21 the four-page packet that I circulated; is that

20  correct?

21       MR. PERKINS:  The doctor's note is Exhibit 91.

22       MR. BELTRAN:  The four pages I circulated this

23  morning?

24       MR. PERKINS:  Yeah, it's a four-page exhibit.

25       MR. BELTRAN:  So that's been provided to me by



1    my client this morning.  There is no -- certainly no

2    waiver of attorney/client privilege.  Obviously I'll

3    have my communications, but we're not -- there has

4    been no waiver of attorney/client privilege or

5    anything like that.  You can obviously inquire of

6    the doctor.  I disagree with the characterization --

7    I don't know what you're talking about the display

8    yesterday or what that has to do with Mr. Dorworth's

9    condition.  I didn't say I was sick.  I said I have

10   been battling a head cold and taking vitamins.

11   It's -- really my condition has nothing to do with

12   Mr. Dorworth.  I'm just saying a lot of people came

13   back from the convention and didn't feel so hot.

14       The travel time, Ms. Wolf is complaining about

15   travel time, that is not compensable, and I don't

16   think it was necessary for anyone to travel for this

17   deposition.  I didn't travel for the deposition.  I

18   haven't traveled for any deposition, so I don't

19   think that is appropriate.

20       Obviously, as I said, we'll reschedule.  We'll

21   reschedule at a mutually convenient time.  People

22   get sick.  That's not an unusual thing.  A lot of

23   the depositions in this case have been moved around.

24   I think Mr. Alcott (sp), Mr. Fisher, Mr. Gaetz,

25   Ms. Garcia.  There has been four or five times at



1  least that depositions have been moved around.

2      We've asked for deposition dates, and we have

3  been put off several months as well.  So I don't

4  think there is anything unusual about the scheduling

5  and rescheduling of this deposition.  There is no

6  basis for any contempt.  There is no court order,

7  and we're not going to agree to go to Denver or to

8  split up the deposition.  We can certainly reset it

9  either in person or Zoom.

10      I say it's not appropriate for Mr. Dorworth to

11  attend today because he's sick, and I'm not being

12  sexist.  You repeated yesterday that you were

13  pregnant, Ms. Wolf, and I guess in your third

14  trimester.  So I think it's odd that you would want

15  Mr. Dorworth to come in when he could be contagious.

16  So, you know, I'm just stating what you've stated.

17  And how I see the situation, if he did come in and

18  he got somebody sick, then I would think he was

19  liable for that.

20      In any event, we've obtained the doctor's note.

21  There was no -- we obtained that this morning.  I

22  barely had time to redact that and get on Zoom.  So

23  the idea that I would file some motion, I informed

24  you all yesterday of the situation.  I think I said

25  this in my e-mail that you guys set the order of



1    depositions.  I suggested that Mr. Dorworth go

2    first.

3        We're not doing any games and shift or trying

4    to evade anything.  In fact, we produced documents

5    early.  We gave you Rule 26th amended disclosures.

6    I don't think we were obligated to do that.  I gave

7    you several extra hours with Ms. Dorworth yesterday,

8    and I was trying to accommodate everyone and give

9    you all extra opportunity to take discovery and that

10   wasn't satisfactory either apparently because that

11   was abused.

12       So we've actually gone above and beyond on our

13   discovery obligations.  I have exceeded that

14   everyone has ever asked for except for spousal

15   communications.  So the idea that it's a evading

16   discovery, I reject that, and I'm again asking to

17   confer with Mr. Wermuth and Mr. Furbush on the

18   privilege log documents.  I think we -- certainly

19   everyone is available today.  I'm -- I have been

20   told they're not available to confer.  So I'd like

21   to confer about that either now or when everyone can

22   go back to their office and again try to confer in

23   person on that.

24       MS. WOLF:  Thank you, Michael.  I'm going to

25   make a further record just in response.  I'll note



1   first, your client, Mr. Dorworth, has attended every

2   single deposition in this case and was not ill for

3   any of those other depositions.  I'll note that to

4   Mr. Wermuth's point, all that's noted in this

5   document is that there is no diagnosis.  There is

6   just what your client has reported and a temperature

7   of 100 degrees which is not a significant fever.

8        I'll add that I don't know what reference

9   you're making that I've used my pregnancy in any

10  way, shape, or form throughout these proceedings or

11  in any other deposition.  And again, I'm going to

12  note that that is incredibly sexist because you

13  didn't even know I was pregnant until a couple of

14  weeks ago when I disclosed it to you.

15       I will also add for the record that when Matt

16  Gaetz needed to reschedule as a nonparty witness and

17  had to -- asked us to reschedule to September, he

18  was more than willing to and will be flying to

19  Denver for his deposition given my flight

20  restrictions and my due date.  I think this is very

21  clear gamesmanship.  I think you are actually using

22  my pregnancy against me which, again, is sexist and

23  at least in Colorado is a violation of our ethics

24  rules.

25       I will note that I would like to get dates



1  right now on the record for this deposition to be
2  reset in Denver.  Your client will be flying there.
3  I can make any time the week of August 5th work.  So
4  please tell me what date on August 5th you would
5  like to reset it for; and again, I will be having
6  all the defendants reserve their rights separately
7  to take Mr. Dorworth's deposition here in Orlando as
8  they should not have to fly to Denver for this.  So
9  please provide me what date the week of August 5th
10  you ask your client will make himself available in
11  Denver at my or my colleague's offices for his
12  deposition at this time.
13      MR. BELTRAN:  I'm not going to be able to
14  schedule that.  And know that I'm going to be
15  driving to the Carolinas --
16      MS. WOLF:  No, you will have to cancel your
17  vacation, Mike --
18      MR. BELTRAN:  Excuse me.  No, I'm not --
19      MS. WOLF:  You don't get to take a vacation.
20  You --
21      MR. BELTRAN:  Excuse me.
22      MS. WOLF:  You can either move other matters on
23  your schedule --
24      MR. BELTRAN:  Excuse me.
25      MS. WOLF:  I don't need to be excused.  Give me



1   the date you'd like.  I will notice it right now if

2   don't provide me a date of your preference.

3        MR. BELTRAN:  I'm telling you I'm traveling to

4   the Carolinas.  We have the hearing set of the 7th

5   which is bad for my schedule.  I was this thinking

6   about asking to continue that, but that is another

7   issue for another time.

8        MS. WOLF:  What are you traveling to the

9   Carolinas for?

10       MR. BELTRAN:  For a live action conference as a

11  legislator.

12       MS. WOLF:  So you can then skip a day of your

13  conference.  I've skipped many a conference for

14  things like preparation, hearings, depositions --

15       MR. BELTRAN:  I'm --

16       MS. WOLF:  -- in my career.

17       MR. BELTRAN:  I'm not scheduling it -- we're

18  not --

19       MS. WOLF:  I will be noticing it, and you can

20  file a motion for protection order, Mike.  I will be

21  scheduling it.

22       MR. BELTRAN:  Well, I have a doctor's

23  appointment that Monday --

24       MS. WOLF:  I have multiple actually, Michael.

25  I will tell you my doctor's appointments actually



1  also related to my pregnancy that I will move to

2  reschedule this deposition.  So let me know.  It's

3  not that I have a completely open calendar.  It's

4  that you've created this problem and your client.

5      MR. BELTRAN:  Laura, I haven't created --

6      MS. WOLF:  So unless you're dying, Michael, and

7  you need to go to the doctor that day --

8      MR. BELTRAN:  Don't do that.

9      MS. WOLF:  -- I think you can move your

10  appointment.

11      MR. BELTRAN:  Excuse me.  You have asked me for

12  dates --

13      MS. WOLF:  I will reschedule.

14      MR. BELTRAN:  Excuse me.  You can file whatever

15  motion.  We're not coming to Colorado.  We will

16  reschedule it.  I'm not doing it new, and we're not

17  doing it whenever -- I mean, you're not the Court.

18  You don't make the orders.

19      MS. WOLF:  I will be noticing the deposition if

20  you don't want to provide me a date today, and I

21  will move whatever appointments are on my calendar

22  the week of August 5th which includes at least two

23  appointments related to my pregnancy that you say

24  I'm utilizing in some fashion to have some type of

25  leverage in this deposition scheduling process.  I



1    will move those appointments --

2         MR. BELTRAN:  Excuse me.

3         MS. WOLF:  Please provide me the date you

4    prefer the week of August 5th.

5         MR. BELTRAN:  First of all, I'm not being

6    deposed.  The 6th is the least bad date, but I don't

7    know if that works for my client.

8         MS. WOLF:  He'll have to make it work, Michael.

9    He doesn't have the right to --

10        MR. BELTRAN:  Excuse me, I haven't done

11   anything wrong.  My client has doesn't anything

12   wrong.  You're going to file a motion.  If you want

13   to -- are you saying the if we reschedule for the

14   6th that you're not going to file a motion, we're

15   not going to have to litigate this?

16        MS. WOLF:  In Denver.

17        MR. BELTRAN:  He's not going to come to Denver.

18        MS. WOLF:  He will have to come to Denver.  I

19   will not be able to fly out with my appointments,

20   it's and also -- thank you so much for deeply caring

21   about my pregnancy.  It is actually risky for me to

22   fly this much in the air.  It is also actually not

23   healthy for me to be on a plane with so many people.

24

                         It's amazing you could make



1  that diagnosis and that causation connection for

2  him.

3       What I will say is if you would like to

4  reschedule, we'll reschedule for August 6th.  He can

5  appear in my office or in Mr. Ford's office.

6       MR. BELTRAN:  I'm not agreeing to the date or

7  the location if you set it unilaterally --

8       MS. WOLF:  I will notice it, and you can file a

9  motion for protection order.  We will be filing our

10  motion for sanctions, and I will be noticing that

11  deposition right now.

12       MR. BELTRAN:  And you said that if -- you said

13  that if we set something when we tried to get dates

14  from you and we didn't get dates and you've

15  threatened --

16       MS. WOLF:  I got dates from you, Mike --

17       MR. BELTRAN:  Excuse me.  Excuse me.  Excuse

18  me --

19       MS. WOLF:  No, no, no.  No, I got dates from

20  you, Mike.

21       MR. BELTRAN:  I listened to you.

22       MS. WOLF:  You did not.  You interrupted me

23  throughout.

24       MR. BELTRAN:  No, I didn't interrupt you

25  throughout.



1      MS. WOLF:  We received dates from you.  This is

2   me rescheduling based on your client failing to

3   appear and failing to file a motion for protection

4   order, just simply failing to appear.  And so your

5   client chose not to appear, and that's his choice.

6   He's in violation of a court order.  He is required

7   to be here.  You've provided me the date that works

8   best for you.  I will accommodate that and move any

9   appointments I have on my schedule that date to

10  accommodate you.  I will send out the notice.  You

11  can file a motion for protection order on that.  We

12  will still be filing a motion for sanctions; and if

13  you would like us to withdraw that motion for

14  sanctions, then we can have a discussion or you can

15  agree to simply come out to Denver for that

16  deposition.  That is your choice, but I will be

17  noticing it now, and you can make the decision you

18  want.

19      MR. BELTRAN:  Are you done because now I'd like

20  to speak into the record.

21      MS. WOLF:  I know you like to speak at

22  infinitum so go right ahead.

23      MR. BELTRAN:  Thank you.  So I haven't done

24  anything wrong.  My client hasn't done anything

25  wrong.  You don't have any court order.  We have



1  agreed to reschedule at a mutually convenient time,

2  and you are insisting on some particular week when

3  I've told you that conflicts on at least four of the

4  five days.

5      I'm not traveling to Colorado.  I don't think

6  it's appropriate for anybody to travel to Colorado.

7  You are in Colorado.  The entire case has to do with

8  Florida.  I suggested that we do everything

9  remotely.  You said my client has attended the

10  depositions.  That's his right.  He has done so

11  remotely, and I have attended and my client has

12  attended everything remotely.  There is nothing in

13  consistent or improper about attending remotely or

14  in person.

15      I think he did watch the deposition yesterday.

16  That's not inconsistent with him being sick in the

17  late evening.  So we'll reserve all our rights as

18  well.  I think -- I don't know.  I don't think this

19  is -- we have gone above and beyond all the

20  discovery matters that I have outlined before, and

21  we're not being sexist.

22      I'm just saying if he showed up, then I don't

23  think anyone would want him showing up when he could

24  be contagious.  My problem, because I'm on Zoom --

25      MS. WOLF:  Then why did Ms. Dorworth show up?



```
 1                              I don't
 2   understand.
 3       MR. BELTRAN:  I didn't say he was sick all
 4   week.  I told you he told me --
 5
 
 
 
 
11       MR. FORD:  Let me just add, Michael, that none
12   of -- the counsel in the room, the videographer, and
13   the court reporter are all willing to proceed with
14   the deposition in spite of the information that you
15   provided.  So just to be clear because you made the
16   statement that counsel wouldn't want to be exposed
17   to him, to be very clear on the record, every person
18   in this room is ready to proceed.  So you're
19   statement that anyone here is concerned about that
20   is incorrect.
21       And additionally, regarding the deposition in
22   Denver, as you stated, you have attended every
23   deposition remotely.  You chose to defend your
24   client yesterday remotely.  The only person who has
25   to come to Colorado is your client.  He is the only
```



1    one --

2        MR. BELTRAN:  Laura said she wanted me to come.

3        MR. FORD:  That would be consistent with your

4    practice the entire case.  So the only one who has

5    to fly is your client.  Everyone here is ready to

6    proceed today.

7        MR. BELTRAN:  And I'm saying she said before

8    that we all had to come to Colorado.

9        MR. FORD:  You can defend from -- I'm happy to

10   have you defend from North Carolina, Florida, where

11   ever you want.

12       MS. WOLF:  You can defend from the moon if you

13   would like.  I don't really care.

14       MR. BELTRAN:  Okay.  Well, that's -- you were

15   asking us yesterday where we were, and you seemed

16   very concerned about whether we were here, there, or

17   on the moon --

18       MS. WOLF:  I think I'm a little concerned that

19   you don't show up for your client's deposition in

20   person, but that is clearly an agreement you have

21   with your client.  I would certainly never do that.

22   That is your choice to make in how you represent

23   your clients and how they choose to be represented

24   by you.  That is a completely separate matter.

25       MR. BELTRAN:  That is our business.



1    MS. WOLF:  Absolutely it is.

2    MR. BELTRAN:  Okay.  So I don't know why you're

3  commenting.

4    Would you like me to convey that you would like

5  Mr. Dorworth to show up possibly contagious?  Would

6  you like me to convey that to him?

7    MR. FORD:  Yes.

8    MS. WOLF:  You're welcome to.  He's welcome to

9  appear in person right now.

10    MR. BELTRAN:  So I will mute and I will call

11  Mr. Dorworth and we go off the record and we'll

12  convey that to him and we'll go back on the record

13  and go from there.

14    MS. WOLF:  Thank you.

15    MR. BELTRAN:  All right.  Thank you.

16    (An off-the-record discussion was had.)

17    MS. WOLF:  You can go back on, Mike.

18    MR. BELTRAN:  All right.  Thank you.  So we're

19  back on?

20    THE COURT REPORTER:  Yes.

21    MS. WOLF:  Yeah.

22    MR. BELTRAN:  All right.  So I telephoned my

23  client.  I informed him that you all would stipulate

24  to him showing up possibly contagious, and you all

25  have no objection to proceeding under that



1    circumstance.  He's informed me again he is not in a

2    condition to appear for the deposition.  He conveyed

3    that he was not in -- he was not lucid because he

4    had taken some over-the-counter cold medication.

5        In any event, he's too sick to appear.  We

6    object to the August 6th setting or to any travel to

7    Denver, and I note that there was some insinuation

8    or an indiction that some sort order or motion

9    should have been filed.  We received -- Mr. Dorworth

10   had a receipt.  I think it was from 8:24 or

11   thereabouts this morning.  The deposition was set

12   for 9:00 a.m.  I don't think it was feasible to

13   draft and file a motion.  I didn't have the

14   documents until this morning and seeing as I had

15   them, I compiled them, circulated them, and came on

16   the Zoom and that was all I was able to accomplish

17   in this timeframe.  So I have telephoned him and

18   conveyed probably not everything you all said but

19   most of what you guys said and that is his response.

20       MS. WOLF:  Thank you, Michael.  What medication

21   did he take that is causing him to be delirious or

22   unable to communicate under oath?

23       MR. BELTRAN:  He did not specify what it was.

24   He said it was an over-the-counter sinus medication.

25       MS. WOLF:  I'm setting up a third amended



```
 1     notice of deposition.  It will be taking place in
 2     Denver.  You are of course always welcome to utilize
 3     the court's resources including a motion for
 4     protective order.  We will be filing our motion for
 5     sanctions shortly.
 6          Is there anything further in conferral you need
 7     for us to do so?
 8          MR. PERKINS:  I would just take a certificate
 9     of nonappearance, and I'll mark that as Exhibit 93
10     to the record.
11          (Defendant's Exhibit 93 was marked for
12   identification.)
13          MR. FORD:  And I'll just add, Mr. Beltran, you
14     made it appear that you had no time to file any kind
15     of motion because you, it sounds like, did not know
16     until this morning from your representation that the
17     deposition would not be going forward.  That is
18     contrary to the record last night --
19          MR. BELTRAN:  That is not what I'm saying.
20          MR. FORD:  Let me finish.  That is contrary to
21     the record that you laid last night informing us
22     that you intended to cancel the deposition.  Your
23     client told you he wasn't well.  You could have
24     filed a motion for protective order last night.  You
25     chose not to.  You could have filed a motion for
```



1    protective order this morning.  You chose not to.

2         So just so the record is clear, you had ample

3    opportunity to file a motion for protective order.

4    The statement that you were not able to do so

5    because you received just before the deposition a

6    doctor's note is contrary to the record you made

7    last night.  I'm just putting on the record what you

8    said and represented last night and that you had

9    ample time to file a motion, but you chose not to.

10        MR. BELTRAN:  Sir, we didn't have the doctor's

11   note until this morning.  I wasn't going to file a

12   motion with just -- I didn't know the diagnosis or

13   where he was going to go or what the documents were

14   going to say.  So I wasn't going to file a motion

15   without documentation.  I point out again, I think

16   we are on the record with you until 9:30 p.m., and

17   then we got the doctor's information this morning.

18        If I filed a motion, I don't think the court

19   would have been able to adjudicate it or you all

20   would have been able to respond in time anyway.  So

21   I don't know what the purpose of that would be.  I

22   acted as diligently as possible and encouraged my

23   client to do the same to get whatever treatment he

24   needed and to document it to the best of our

25   ability.  I've shown up here.  We've been at this



1  for over half an hour.  So I think I have done

2  everything that was reasonable for me to do to make

3  a record or protect my client or document this to

4  the best that we can.

5         MR. WERMUTH:  Not that I want to extend this

6  long and drawn out, self-serving statement on your

7  behalf, but I will note that Christopher Dorworth

8  has not appeared on the Zoom feed to show us himself

9  or try to, you know, do anything as an alternative

10  means to talk with us.  Secondly, whatever he

11  administered himself is apparently inconsistent with

12  what his doctor's recommendation was which was

13  Motrin or Tylenol.  So I just have a real hard time

14  with this excuse that's been raised, but we can

15  resolve that in my motion practice it sounds like.

16  So we'll proceed in that regard.  All right --

17         MR. BELTRAN:  Are you -- hold on.  Are you

18  asking him to appear by Zoom now?

19         MR. WERMUTH:  No.  I'm just saying that he

20  didn't sign in to show up to demonstrate himself to

21  us as an attempt --

22         MR. BELTRAN:  Is that what you would like him

23  to do?  I will call him and ask him to come on and

24  demonstrate himself to you --

25         MS. WOLF:  No, we're going to go off the



 1  record, Mike --
 2       MR. BELTRAN:  No, hold on.
 3       MS. WOLF:  No, I'm all right.  We're spending
 4  the money here --
 5       MR. BELTRAN:  Hold on.
 6       MS. WOLF:  I understand --
 7       MR. BELTRAN:  No, no.  We're not going off the
 8  record.  Mr. Wermuth has asked Mr. Dorworth to
 9  demonstrate himself to you.
10       MS. WOLF:  He did not ask for that.
11       MR. WERMUTH:  I was pointing out that he
12  didn't --
13       MS. WOLF:  He didn't ask for it.  I'm actually
14  done wasting money, Mike.  So you have made your
15  record.  You have made it clear as to --
16       MR. BELTRAN:  Hold on --
17       MS. WOLF:  No. We're going off the record.
18  Thank you.  We're not holding up your client --
19       MR. BELTRAN:  No, you --
20       MS. WOLF:  That's okay.  I'm finishing -- it's
21  my deposition, Mike.  He is not appearing.  If he
22  shows up on that screen, he better be ready to get
23  into his car and show up here in person for this
24  deposition.  So if he's not prepared to do that, I
25  don't need to see his face.  I'm all right.



```
 1          MR. BELTRAN:  Let me call him and ask him to --
 2          MS. WOLF:  We're going to go off the record.
 3    Thank you, Mike.  We're happy to confer with you via
 4    phone.  I'm signing out of the Zoom.
 5          (The proceedings concluded at 9:37 a.m.)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```



STATEMENTS OF COUNSELS                                          July 24, 2024
DORWORTH V. GREENBERG

```
 1                    CERTIFICATE OF REPORTER

 2

     STATE OF FLORIDA        )
 3                           )
     COUNTY OF ORANGE        )
 4

 5

 6        I, AMBER PORTELLO, Notary Public, State of

 7   Florida, I was authorized to and did stenographically

 8   report the foregoing proceedings; and that the

 9   transcript, pages 5 through 31, is a true and accurate

10   record of my stenographic notes.

11

12        I FURTHER CERTIFY that I am not a relative, or

13   employee, or attorney, or counsel of any of the parties,

14   nor am I a relative or employee of any of the parties'

15   attorney or counsel connected with the action, nor am I

16   financially interested in the action.

17        Dated this 24TH day of July, 2024.

18

19

20        _____

21                  AMBER PORTELLO

22

23

24

25
```

