United States District Court
Middle District of Florida
Orlando Division

CHRISTOPHER E. DORWORTH,

    *Plaintiff,*

v.                                                                                       No. 6:23-00871

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBURG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A.B.,

    *Defendants.*

___

**DEFENDANT A.B.'S MOTION TO SEAL EXHIBIT**
___

### INTRODUCTION

Under Local Rule 1.11, Defendant A.B. submits this motion to seal Exhibit 6 to her Motion to Hold Plaintiff Christopher Dorworth in Contempt and for Sanctions ("Motion for Sanctions") (ECF No. 147), which was filed as an attachment to the Supplement to the Motion for Sanctions (ECF No. 150). This motion to seal is being filed contemporaneously with the sealed, unredacted Exhibit 6 itself. To be clear, Defendant A.B. disagrees that Exhibit 6 should be filed under seal.

1

## BACKGROUND

On July 24, 2024, A.B. moved for a civil contempt order against Plaintiff and for sanctions against him and his counsel, known herein as the Motion for Sanctions. The Motion for Sanctions was filed under seal because it referenced information learned during the July 23, 2024 deposition of Rebekah Dorworth, which Plaintiff's counsel marked as confidential in its entirety. As noted within that motion, undersigned counsel had already ordered transcripts of both Mrs. Dorworth's deposition testimony as well as the on-the-record discussion between counsel held after Mr. Dorworth failed to appear for his properly noticed deposition, but neither had been received as of the time of filing. After business hours on July 24, 2024, undersigned counsel received a copy of the July 24, 2024 on-the-record discussion between counsel, a redacted copy of which has been filed along with her Supplement to the Motion for Sanctions (ECF No. 150).

At the outset of discovery in this case, the parties entered into a confidentiality agreement that permits any party to, "in good faith, designate 'Confidential' any document . . . that consists of or includes non-public information that would reasonably be subject to protection by statute, rule, regulation, or precedent." Under that provision, Plaintiff designated the entire deposition transcript confidential. A.B. disagrees that the entire deposition can or should be marked confidential, and she has challenged maintaining the confidentiality of any information contained therein outside of her name. Pursuant to the terms of the Confidentiality Agreement, Plaintiff

has ten days from the date of the challenge (July 23, 2024) to file a motion with the court to maintain confidentiality over the deposition transcript. Until that time expires, A.B. is required through the terms of the Confidentiality Agreement to file any information marked confidential under seal and to allow Plaintiff to file a memorandum in support of maintaining a seal as contemplated by M.D. Fla. Local Rule 1.11(c). Because the discussion in Exhibit 6 includes references to Mrs. Dorworth's substantive testimony, A.B. hereby files this motion, though she believes that an unredacted copy of Exhibit 6 should be part of the public record in this case.

## STANDARD OF LAW AND ARGUMENT

A document may be filed under seal where a party shows good cause and a compelling justification. *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, No.3:15-CV-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). Filing a document under seal in a civil action requires the sealing party to identify, among other things: (A) the reason filing the item is necessary, (B) the reason sealing the item is necessary, and (C) the reason partial sealing, redaction, or means other than sealing is unavailable or unsatisfactory. M.D. Fla. Local Rule 1.11(b)(3).

Under M.D. Fla. Local Rule 1.11(c), within 14 days of service of a motion to seal, any party with an interest in maintaining the seal may file a memorandum in support of maintaining the seal. Similarly, the parties' confidentiality agreement provides that "[i]f the nondesignating Party intends to submit Confidential Materials . . . to the Court, it shall confer with counsel for the designating Party . . . to determine whether those Parties approve of the materials being filed publicly." Then, "[i]f any

3

Party wishes for the Confidential Materials . . . to be filed under seal, the filing Party shall file such under seal, however the requesting Party shall assume the obligation to confer over and move the Court to approve maintaining the files under seal."

A.B. maintains that it is necessary to file Exhibit 6 to her Motion for Sanctions under seal because it references statements made on the record during Mrs. Dorworth's deposition, which was marked confidential in its entirety by Plaintiff's counsel. As for the remaining requirements for a seal, A.B. contends that Exhibit 6 does not contain confidential information and should not be sealed. With respect to redactions, A.B. has publicly filed a redacted version of Exhibit 6 that removes references to Mrs. Dorworth's deposition testimony.

A.B. believes the seal should last only long enough for Plaintiff to make any arguments he might wish to make in favor of maintaining the seal. Thus, A.B. requests a seal that lasts only until 14 days after this motion is filed or until such time as the Court rules on the motion to seal, whichever comes first.

### **LOCAL RULE 3.01(g) CERTIFICATION**

On July 25, 2024, counsel for A.B. attempted to confer with all counsel of record for Plaintiff via email on the issues raised in this motion. Mr. Beltran has not yet responded to those communications. New counsel of record has responded and is not currently prepared to take a position. Because undersigned counsel does not want to improperly withhold the complete exhibit, and as she is about to board a flight back to Colorado and thus will shortly lose access to filing, she is filing this exhibit under seal based on Mr. Beltran's representations on July 24, 2024 that his client believes that

Mrs. Dorworth's deposition testimony should be maintained as confidential in its entirety.

Dated: July 25, 2024                            Respectfully submitted,

*s/ Laura B. Wolf*

Laura B. Wolf, Esq.* (Lead Counsel)
Colorado Bar #46833
Stephen Shaw, Esq.*
Colorado Bar #56720
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
(303) 802-5390
laura@spark-law.com (primary)
steve@spark-law.com (primary)

Christopher W. Ford, Esq.*
Colorado Bar #28632
John Clune, Esq.*
Colorado Bar #27684
Ashlyn Hare, Esq.*
Colorado Bar #59310
Hutchinson Black and Cook, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
chris.ford@hbcboulder.com (primary)
john.clune@hbcbolder.com (primary)
Ashlyn.hare@hbcboulder.com (primary)
ella.ford@hbcboulder.com (secondary)

Jesse Ian Unruh
Florida Bar No. 92121
Spire Law, LLC
2572 West State Road 426, Suite 2088
Oviedo, FL 32765
(407) 494-0135
jesse@spirelawfirm.com (primary)
marcela@spirelawfirm.com (secondary)

5

        filings@spirelawfirm.com (secondary)

        *Attorneys for Defendant A.B.*

\* *Pro hac vice* admission

**CERTIFICATE OF SERVICE**

I hereby certify that on July 25, 2024, a copy of the foregoing document was served on all counsel of record.

<i>s/Laura B. Wolf</i><br>
Laura B. Wolf