UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHRISTOPHER E. DORWORTH,**

      **Plaintiff,**

v.                                                             Case No: 6:23-cv-871-CEM-DCI

**JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC and A.B.,**

      **Defendants.**

## ORDER TO SHOW CAUSE

Plaintiff initiated this case in state court against several individuals and entities including a Defendant identified under the pseudonym "A.B." Doc. 1. Defendants removed the Complaint and Plaintiff has filed an Amended Complaint and continues to identify the Defendant as "A.B." Doc. 62. Defendant "A.B." has also proceeded in this case under the pseudonym. *See e.g.*, Docs. 46, 50, 80. However, neither Plaintiff nor Defendant "A.B." have sought the Court's permission to prosecute or defend the case in this manner.

To proceed anonymously or pseudonymously,[1] the Eleventh Circuit summarized the relevant legal principles in *Doe v. Neverson*:

---

[1] *See S.Y. v. Choice Hotels Int'l, Inc.*, 2021 WL 4822598, at *15 n. 4 (M.D. Fla. June 11, 2011), *report and recommendation adopted in part by* 2021 WL 4167677 (M.D. Fla. Sept. 14, 2021), (stating that since the plaintiff sought to use her initials as a pseudonym in lieu of disclosing her full name in the public record, the term "pseudonymously" instead of "anonymously" more accurately described the requested relief.).

> Federal Rule of Civil Procedure 10(a) requires that "every pleading" in federal court "must name all the parties." Fed. R. Civ. P. 10(a). Although this creates a "strong presumption in favor of parties proceeding in their own names . . . the rule is not absolute." [*Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011)]. A party may proceed anonymously by establishing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).
>
> Whether a party's right to privacy outweighs the presumption of openness is a "totality-of-the-circumstances question." *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. July 16, 2020). We have said that the "first step" is to consider whether the party seeking anonymity "(1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *Id*. at 1247. Along with these factors, a court "should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Id*. (quoting Francis, 631 F.3d at 1316). For example, we have also considered "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." *Francis*, 631 F.3d at 1316 (citations omitted).

820 F. App'x 984, 986-87 (11th Cir. 2020); *see also In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1246-48 (11th Cir. 2020) (finding that "[p]arties may use 'fictitious name[s]' only in 'exceptional case[s].'") (quoting *Frank*, 951 F.3d at 323). Here, neither party has identified a substantial privacy right and has not addressed whether any such right outweighs the presumption of openness in judicial proceedings.[2]

---

[2] The Court notes that Defendant "A.B." states the following in the Motion to Dismiss currently pending before the Court: "Defendant A.B. is a victim of child sex trafficking. As set forth in detail in Joel Greenberg's guilty plea, A.B. was still a minor when Mr. Greenberg trafficked her for commercial sex acts for himself and his friends." Doc. 80 at 1. Even so, the Court has not granted Plaintiff or Defendant "A.B." permission to litigate under a pseudonym.

Accordingly, **on or before August 5, 2024**, Plaintiff **and** Defendant "A.B." shall show cause why the Court should allow Defendant "A.B." to proceed in this litigation under the pseudonym. The failure of either party to respond within the allotted time may result in sanctions.

**ORDERED** in Orlando, Florida on July 25, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties