UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

   *Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG., INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

   *Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

## ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S UNOPPOSED MOTION TO SEAL THEIR MOTION FOR SUPPLEMENTAL BRIEFING

Under Local Rule 1.11, Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the Greenbergs) seek leave to file their Motion for Leave to File Supplemental Briefing ("Motion for Supplemental Briefing") under seal. The Greenbergs file this motion to both comply with their obligations under the parties' confidentiality agreement and the Local Rules, but do not agree that the Motion for Supplemental Briefing should be maintained under seal.

Concurrent with this motion to seal, the Greenbergs move for leave to file supplemental briefing in support of their pending motion to compel. Doc. 138. The

Greenbergs file their Motion for Supplemental Briefing under seal because it necessarily references information learned during the July 23, 2024 deposition of Rebekah Dorworth, which Plaintiff's counsel marked as confidential in its entirety.

At the outset of discovery in this case, the parties entered into a confidentiality agreement that permits any party to, "in good faith, designate 'Confidential' any document . . . that consists of or includes non-public information that would reasonably be subject to protection by statute, rule, regulation, or precedent." Under that provision, Plaintiff has designated Ms. Dorworth's entire deposition transcript confidential.

Though Plaintiffs believe their Motion for Supplemental Briefing should be part of the public record in this case, Plaintiff contends that the deposition of Ms. Dorworth was confidential and thus subject to sealing. Accordingly, the Greenbergs file the instant motion to comply with their obligations pursuant to M.D. Fla. Local Rule 1.11. In response, Plaintiff may file a memorandum in support of maintaining a seal as contemplated by M.D. Fla. Local Rule 1.11(c).

## MEMORANDUM OF LAW

A document may be filed under seal where a party shows good cause and a compelling justification. *Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, No.3:15-CV-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). Filing a document under seal in a civil action requires the sealing party to identify, among other things: (A) the reason filing the item is necessary, (B) the reason sealing the item is necessary, and (C) the reason partial sealing, redaction, or means other than sealing

is unavailable or unsatisfactory. M.D. Fla. Local Rule 1.11(b)(3). In addition, for any "non-party the movant knows or reasonably should know has an interest in establishing or maintain the seal," the moving party must "certify the name, mailing address, email address, and telephone number" of the non-party as well as the "the means by which . . . the movant served or otherwise delivered the motion to the non-party." *Id.* at Local Rule 1.11(b)(7).

Under M.D. Fla. Local Rule 1.11(c), within 14 days of service of a motion to seal, any party with an interest in maintaining the seal may file a memorandum in support of maintaining the seal. Similarly, the parties' confidentiality agreement provides that "[i]f the nondesignating Party intends to submit Confidential Materials . . . to the Court, it shall confer with counsel for the designating Party . . . to determine whether those Parties approve of the materials being filed publicly." Then, "[i]f any Party wishes for the Confidential Materials . . . to be filed under seal, the filing Party shall file such under seal, however the requesting Party shall assume the obligation to confer over and move the Court to approve maintaining the files under seal."

Because the item to be sealed is a motion for leave to file supplemental briefing regarding testimony offered during Ms. Dorworth's deposition, the Greenbergs must necessarily describe that testimony to the Court to explain why such briefing would be helpful in resolving the pending motion to compel. Accordingly, filing that information is necessary. As for the need to seal, the Greenbergs contend that the Motion for Supplemental Briefing does not contain confidential information and should not be sealed or partially sealed. They also contend that redactions would strip

3

the motion of material support and context. The Greenbergs believe the seal should last only long enough for Plaintiff or Ms. Dorworth to make any arguments they might wish to make in favor of maintaining the seal. Thus, the Greenbergs request a seal that lasts only until 14 days after this Court has determined that a seal is unwarranted, in accordance with Local Rule 1.11(d).

As for non-party interest, Ms. Dorworth is a non-party who may have an interest in establishing or maintaining a seal. Ms. Dorworth is represented by Mr. Beltran, counsel for Plaintiff. Mr. Beltran's contact information is the following: Email: mike@beltranlitigation.com; Address: 4920 W. Cypress St., Ste 104, PMB 5089, Tampa, FL 33607-3837; Phone: 813-870-3073. The undersigned will serve Mr. Beltran with a copy of the Motion for Supplemental Briefing, along with all counsel of record, immediately after it is filed.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Greenbergs conferred with counsel for Plaintiff regarding this motion. Plaintiff does not oppose this motion.

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
P.O. Box 1631

4

        Orlando, FL 32802-1631
        Telephone: (407) 422-2472
        Facsimile: (407) 648-0161
        fwermuth@kbzwlaw.com
        dmauser@kbzwlaw.com
        qritter@kbzwlaw.com

        *Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on July 26, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        /s/ *Frederick S. Wermuth*
        Frederick S. Wermuth
        Florida Bar No. 0184111

5