UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>    *Plaintiff*,<br><br>v.<br><br>JOEL MICAH GREENBERG,<br>ANDREW W. GREENBERG,<br>SUSAN GREENBERG, ABBY<br>GREENBERG, AWG., INC.,<br>GREENBERG DENTAL<br>ASSOCIATES, LLC, GREENBERG<br>DENTAL & ORTHODONTICS, P.A.,<br>GREENBERG DENTAL<br>SPECIALTY GROUP, LLC, and A.B.,<br><br>    *Defendants*. | Case No.: 6:23-cv-871-CEM-DCI |

**[REDACTED][1]**

**TIME-SENSITIVE UNOPPOSED MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO COMPEL**

---

[1] On July 26, 2024, the Greenbergs filed and served the instant unopposed motion (Motion to Supplement) without redactions. Doc. 153-1. Because the Motion to Supplement is based upon information that Plaintiff contends is worthy of sealing, the Greenbergs contemporaneously filed a motion to seal it, Doc. 153, and, pursuant to M.D. Fla. Local Rule 1.11(b)(8), attached to the motion to seal an unredacted version of the Motion to Supplement, Doc. 153-1. Upon reflection, the Greenbergs are uncertain as to whether the Motion to Supplement is deemed to be "filed" (and thus docketed for the Court's ruling) on the date it was filed as an attachment to the motion to seal, or whether it is deemed to be "filed" on the date the motion to seal is ultimately adjudicated. If the latter is true, then the Motion to Supplement may not be ripe until after the hearing on the Greenberg's Motion to Compel, Doc. 144 (setting hearing on motion to compel for August 7, 2024), because Plaintiff and any other non party have fourteen days to file a memorandum in support of the motion to seal—which results in a deadline of August 9, 2024. *See* M.D. Fla. Local Rule 1.11(c). For this reason, and because the Motion to Supplement is designated as time-sensitive to allow Plaintiff an opportunity to file any permitted response and to afford the Court sufficient time to review all materials in advance of the August 7, 2024 hearing, the Greenbergs file this motion in redacted form to ensure it is docketed for the Court's ruling. Aside from this footnote, redactions, and the certificate of service, this motion is identical to the version filed as an attachment to Doc. 153.

Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the Greenbergs) move for leave to file a supplemental brief in support of their motion to compel, Doc. 138, of no more than ten pages and by no later than July 30, 2024. In support, the Greenbergs state:

## INTRODUCTION

This motion for leave to file supplemental briefing is time sensitive because the Court has noticed a hearing for August 7, 2024 on the Greenbergs' pending motion to compel. The Greenbergs request a ruling on this motion no later than July 30, 2024 so that the Greenbergs may file their briefing that day, so that Plaintiff has time to respond to the additional briefing if necessary, and so that the Court has time to digest the parties' arguments in advance of the August 7, 2024 hearing.

## MEMORANDUM OF LAW

The Court's Standing Order on Discovery Motions anticipates requests for additional briefing, Doc 12. ¶ 7, and the Court has "unquestionable authority to control [its] own docket[]," *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (cleaned up). Here, this Court should exercise that authority to allow the Greenbergs to file a supplemental brief in support of their pending motion to compel because events occurring after the Greenbergs' motion (and motion for leave to reply) have created new legal and factual grounds supporting the Greenbergs' requested relief that could not have been raised in their motion to compel.

On July 15, 2024, the Greenbergs moved to compel responses to certain requests for production and interrogatories. Doc. 138. The Greenbergs argued that Plaintiff waived the spousal privilege by putting the health of his marriage at issue. *Id.* On July 22, 2024, Plaintiff responded in opposition to the Greenbergs' motion to compel, arguing, among other things, that Plaintiff's spouse, Rebekah Dorworth, also holds the spousal privilege and has not waived it. Doc. 142 at 1–2. A day later, after the Greenbergs moved for leave to reply, this Court set the motion for an August 7, 2024 hearing. Doc. 144.

Also on July 23, Defendants deposed Plaintiff's spouse, Rebekah Dorworth, who notably signed, under penalty of perjury, a verification that the facts contained in her husband's 498-paragraph Amended Complaint were true. *See* Doc. 62 at 63. REDACTED

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████[2] ██████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[2] Defendants do not yet have a copy of the transcript from Ms. Dorworth's deposition and thus the undersigned are relying on contemporaneous notes and their best recollection of Ms. Dorworth's testimony. If this motion is granted, the Greenberg's forthcoming supplement will cite to the transcript, which will be attached as an exhibit.

██████████████████████████ REDACTED ██████████████████████████

████████████████

These facts were unavailable at the time of the Greenbergs' original motion to compel and serve as additional evidence of Plaintiff's effort to impermissibly use spousal privilege both as a sword and shield, as well as grounds that both Plaintiff *and* Ms. Dorworth have waived spousal privilege. If permitted, the Greenbergs will support their forthcoming supplemental brief with the deposition transcript of Ms. Dorworth, which was also unavailable at the time of their original motion.

Because this evidence is new, the Greenbergs now move for leave to file a supplemental brief in support of their motion to compel of no more than ten pages on or before July 30, 2024 or—if the deposition transcript of Ms. Dorworth is not made available today[3]—no more than two days after receipt of the transcript.

## LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Greenbergs conferred with counsel for Plaintiff regarding this motion by email on July 25, 2024 and by phone on July 26, 2024. Plaintiff does not oppose the motion.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen

---

[3] At the conclusion of Ms. Dorworth's deposition, the Greenbergs ordered a rough version of the transcript on a "rush" basis. It is the Greenbergs' understanding that the transcript will be made available to them today, July 26, 2024. If that transcript is delayed, the Greenbergs request that their deadline to file the supplemental brief be two days after receipt of the transcript.

        Florida Bar No. 0119289
        Quinn Ritter
        Florida Bar No. 1018135
        KING, BLACKWELL, ZEHNDER
         & WERMUTH, P.A.
        P.O. Box 1631
        Orlando, FL 32802-1631
        Telephone: (407) 422-2472
        Facsimile: (407) 648-0161
        fwermuth@kbzwlaw.com
        dmauser@kbzwlaw.com
        qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

        */s/ Frederick S. Wermuth*
        Frederick S. Wermuth
        Florida Bar No. 0184111