United States District Court
Middle District of Florida
Orlando Division

CHRISTOPHER E. DORWORTH,

    *Plaintiff,*

v.                          No. 6:23-00871

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG, SUSAN
GREENBERG, ABBY GREENBERG,
AWG, INC., GREENBURG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY
GROUP, LLC, and A.B.,

    *Defendants.*

**DEFENDANT A.B.'S RESPONSE TO ORDER TO SHOW CAUSE**

Defendant A.B., by and through her undersigned counsel, hereby submits this Response to the Court's Order to Show Cause and states as follows:

**INTRODUCTION**

Plaintiff filed this action in state court against numerous Defendants alleging a widespread conspiracy to defame Plaintiff. As it pertains to A.B., Plaintiff asserts that A.B. conspired with Defendants Joel Greenberg, Abby Greenberg, Andrew Greenberg, Susan Greenberg, AWG, Inc., and Greenberg Dental Specialty Group,

1

LLC to accuse Plaintiff of engaging in illegal sex trafficking and sexual relations with a minor, A.B. *See, e.g.*, Pl.'s First Amended Compl., ECF No. 62. The Defendants removed the case to federal court, and throughout the litigation A.B. has been identified in all pleadings as A.B. by both Plaintiff and Defendants.[1] On Jul 26, 2024, this Court entered an Order to Show Cause why the Court should allow Defendant A.B. to proceed in this litigation under pseudonym. ECF No. 152. As explained further below, A.B.'s right to privacy outweighs the presumption of openness in judicial proceedings, and the Court should allow her to continue in this case under the pseudonym A.B.

## ARGUMENT

### I. LEGAL STANDARD.

In order to proceed through a lawsuit anonymously, a party must overcome a "presumption in favor of parties' proceeding in their own names," given the requirements of Fed. R. Civ. P. 10(a), which requires that "every pleading" in federal court "must name all the parties." *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011). However, a party in a civil suit in federal court may proceed under pseudonym by showing a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.*

---

[1] Notably, both Plaintiff's Complaint and Amended Complaint identify A.B. only by pseudonym. *See* ECF Nos. 1, 62.

The Eleventh Circuit has adopted a three-factor test in analyzing whether a party has shown a sufficient privacy interest. *See Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (citing *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981)). "Those factors include whether the party seeking anonymity (1) is challenging governmental activity; (2) would be compelled, absent anonymity, to disclose information of the utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution." *In re Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1247 (11th Cir. 2020). This test is only the "first step" in determining whether privacy trumps publicity; the Eleventh Circuit has stated that a request for anonymity should be evaluated under the totality of the circumstances, looking to myriad factors such as "whether the party seeking anonymity is a minor or faces a real threat of physical harm absent anonymity" and "whether the party's requested anonymity poses a unique threat of fundamental unfairness to the [opposing party]." *Id.*

## II. A.B.'S SUBSTANTIAL PRIVACY INTEREST OUTWEIGHS THE PRESUMPTION OF OPENNESS IN JUDICIAL PROCEEDINGS.

The Eleventh Circuit and this Court have routinely granted plaintiffs the right to proceed under pseudonym where they allege they have been minor victims of sex trafficking or sexual assault. *See, e.g.*, *Francis*, 631 F.3d at 1317; *Doe v. Vazquez*, No. 2:22-cv-200, 2022 WL 3099254 (M.D. Fla. Aug. 4, 2022); *Doe v. Rickey Patel, LLC*, No. 6:19-cv-2414, 2020 WL 9073327 (M.D. Fla. Mar. 4, 2020); *Florida Abolitionist, Inc. v. Backpage.com LLC*, No. 6:17-cv-218, 2018 WL 2017535 (M.D. Fla. May 1, 2018).

Indeed, this Court has even previously permitted a plaintiff such as Mr. Dorworth to proceed anonymously in a defamation case where the plaintiff alleged that the defendant falsely accused him of engaging in sexual encounters with minors. *Doe v. Predator Catchers, Inc.*, 343 F.R.D. 633, 637 (M.D. Fla. 2023).

Here, the factors similarly weigh in Defendant A.B.'s favor. First, at the time of the events in question in this lawsuit, A.B. was a minor and the victim of child sex trafficking at the hands of Defendant Joel Greenberg and others. Mr. Greenberg has pled guilty to engaging in the trafficking of a minor with respect to A.B. and is currently serving a prison sentence arising from such, along with other criminal conduct. Moreover, the evidence in this case has revealed "information of the utmost intimacy," including A.B.'s detailed testimony of the sexual acts she had to perform as a minor.

Additionally, the publicity that this case has received, along with high-profile investigations by the Department of Justice and the House of Representatives Committee on Ethics into the same set of facts underlying this lawsuit, will likely result in additional psychological harm to A.B. and potential threats to her safety if her identity is disclosed. *See, e.g.*, *Vazquez*, 2022 WL 3099254, at *2 (finding that the defendant's celebrity status and extensive media attention placed plaintiff at risk of violence and additional psychological trauma); *see also Stegall*, 653 F.2d at 186 (granting motion to proceed under pseudonym in part due to possibility of "extensive harassment and violent reprisals" if the plaintiffs' identities were exposed). This is particularly true given the high-profile nature of the individuals alleged to have engaged in the sexual misconduct at the heart of this lawsuit.

The final factor—whether anonymity poses a unique threat of fundamental unfairness to the defendant—also weighs in A.B.'s favor. Notably, the vast majority of cases considering anonymity in this district concern a *plaintiff* seeking to proceed under pseudonym. *See, e.g.*, *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (setting forth test for whether a *plaintiff* can proceed anonymously); *Vazquez*, 2022 WL 3099254, at *1 (before the court on plaintiff's motion to proceed under pseudonym); *Rickey Patel, LLC*, 2020 WL 9073327, at *1 (plaintiff moved to proceed anonymously). In this case, Defendant A.B. has been brought into court by the Plaintiff and forced to defend statements that she has made confidentially and to various law enforcement officials about being sex-trafficked as a minor. All parties are aware of A.B.'s identity and discovery has not been impeded by A.B.'s anonymity throughout this case. Nor can Plaintiff assert that he is uniquely prejudiced by A.B.'s proceeding anonymously, as he did not identify A.B. in his Complaint or Amended Complaint and has thereby effectively waived any contention that A.B. must be identified for this case to proceed. *See* ECF Nos. 1, 62.

Accordingly, the Eleventh Circuit's factors weigh in favor of protecting A.B.'s privacy interest and this Court should permit her to continue under pseudonym.

## **CONCLUSION**

For the foregoing reasons, Defendant A.B. respectfully requests that the Court permit her to proceed under pseudonym. It should also be noted that counsel for A.B. has conferred with newly retained counsel for Plaintiff, who has indicated that Plaintiff

does not oppose the maintenance of the confidential designation and the use of this pseudonym to refer to A.B.

Dated: July 31, 2024

Respectfully submitted,

*s/ Laura B. Wolf*

Laura B. Wolf, Esq.* (Lead Counsel)
Colorado Bar #46833
Stephen Shaw, Esq.*
Colorado Bar #56720
Spark Justice Law LLC
3435 S. Inca Street, Suite C-113
Englewood, CO 80110
(303) 802-5390
laura@spark-law.com (primary)
steve@spark-law.com (primary)

Christopher W. Ford, Esq.*
Colorado Bar #28632
John Clune, Esq.*
Colorado Bar #27684
Ashlyn Hare, Esq.*
Colorado Bar #59310
Hutchinson Black and Cook, LLC
921 Walnut Street, Suite 200
Boulder, CO 80302
(303) 442-6514
chris.ford@hbcboulder.com (primary)
john.clune@hbcbolder.com (primary)
Ashlyn.hare@hbcboulder.com (primary)
ella.ford@hbcboulder.com (secondary)

Jesse Ian Unruh
Florida Bar No. 92121
Spire Law, LLC
2572 West State Road 426, Suite 2088
Oviedo, FL 32765
(407) 494-0135
jesse@spirelawfirm.com (primary)
marcela@spirelawfirm.com (secondary)

        filings@spirelawfirm.com (secondary)

        *Attorneys for Defendant A.B.*

\* *Pro hac vice* admission

## CERTIFICATE OF SERVICE

I hereby certify that on July 31, 2024, a copy of the foregoing document was served on all counsel of record.

                                                 *s/Laura B. Wolf*
                                                 Laura B. Wolf, Esq.