UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

    *Plaintiff,*

v.

    Case No.: 6:23-cv-871-CEM-DCI

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG., INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

    *Defendants.*

## RENEWED TIME-SENSITIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION TO COMPEL (Doc. 138)

    Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the Greenbergs) file this renewed motion for leave to file a supplemental brief in support of their motion to compel, Doc. 138, of no more than ten pages and by no later than August 6, 2024. The supplement seeks to, among other things, apprise the Court of recent events—known to the parties—that will necessarily impact the parties' arguments at the upcoming August 7, 2024 hearing, but which the Court currently lacks the benefit of briefing. In support, the Greenbergs state:

**INTRODUCTION REGARDING TIME-SENSITIVE NATURE OF MOTION**

This motion for leave to file supplemental briefing is time sensitive because the Court has noticed a hearing for August 7, 2024 on the Greenbergs' pending motion to compel. The Greenbergs request a ruling on this motion no later than August 6, 2024 so that the Greenbergs may provide the Court with additional highly relevant information before the August 7, 2024 hearing on the Greenbergs' motion to compel.

**PROCEDURAL BACKGROUND**

1.      On July 15, 2024, the Greenbergs originally moved to compel Plaintiff to produce documents and communications that were withheld on the basis of spousal privilege. Doc. 138.

2.      On July 23, 2024, this Court set the motion for an August 7, 2024 hearing. Doc. 144.

3.      The same day, on July 23, 2024, the Greenbergs deposed Plaintiff's wife, Rebekah Dorworth. As described in more detail below, during her deposition Ms. Dorworth waived her privilege by, among other things, selectively disclosing some marital conversations, but invoking the privilege as to others.

4.      Because Ms. Dorworth's testimony provided the Greenbergs with additional grounds supporting their motion to compel, because her testimony was highly relevant to the Greenbergs' motion to compel, and because the Greenbergs could not have relied on her testimony before they filed the motion to compel, the Greenbergs filed a motion on the morning of Friday, July 26, 2024 for leave to file a supplemental brief addressing Ms. Dorworth's testimony. Doc. 153-1. Pursuant to

2

M.D. Fla. Local Rule 3.01(e), the motion was designated as time-sensitive and it requested a ruling four days later—by Tuesday, July 30, 2024—so that Plaintiff would have time to respond to the additional briefing, if necessary, and so the Court would have sufficient time to digest the parties' argument in advance of the August 7 hearing. Plaintiff did not oppose that motion.

5.     Pursuant to Local Rule 1.11(b)(8), the Greenbergs filed that motion as an attachment to a motion to seal because the motion described the deposition testimony of Ms. Dorworth, which was designated as confidential by Plaintiff.[1]

6.     After contacting the clerk's office to inquire as to whether the sealed motion at Doc. 153-1 was appropriately docketed for the Court's consideration, counsel for the Greenbergs realized there was a possibility that a motion subject to a pending motion to seal may not be properly pending before the Court such that the Court may rule on it.

7.     For that reason, on July 30, 2024, four days after originally filing under seal the unopposed motion for leave to file supplement, the Greenbergs re-filed the same motion, only redacted, in the hopes of addressing any procedural issue created by the motion to seal, along with an explanation of their uncertainty about the affect of the motion to seal on the earlier-filed motion. *See* Doc. 155 n.1.

---

[1] According to the parties' confidentiality agreement, this designation constituted a representation by Plaintiff's former counsel that the entire transcript was "subject to protection by statute, rule, regulation, or precedent." Accordingly, the Greenbergs could not in good faith file on the public docket a motion disclosing that testimony until Plaintiff had an opportunity to move the Court for an order protecting the testimony from disclosure. This is so even though the Greenbergs disagree that the testimony is entitled to any protection from disclosure.

8.     On August 1, 2024, the Court denied the later-filed redacted motion for supplemental briefing on the ground that the motion unreasonably requested ruling on the same day it was filed and was moot because the date by which a ruling was requested has passed. Doc. 163. It then denied the motion to seal (along with the underlying motion filed as an attachment) on the ground that it had already denied the underlying motion. Doc. 164.

9.     The Greenbergs now file this motion in an attempt to place their request for relief before the Court in a procedurally proper manner.[2] Though Plaintiff now opposes this motion, the Greenbergs are contemporaneously serving on Plaintiff a copy of their 10-page supplemental filing that the Greenbergs will file should this Court grant the Greenbergs leave to supplement.

## MEMORANDUM OF LAW

The Court's Standing Order on Discovery Motions anticipates requests for additional briefing, Doc 12. ¶ 7, and the Court has "unquestionable authority to control [its] own docket[]," *Barber v. Am.'s Wholesale Lender*, 289 F.R.D. 364, 366 (M.D. Fla. 2013) (cleaned up). Here, this Court should exercise that authority to allow the Greenbergs to file a supplemental brief in support of their pending motion to compel because events occurring after the Greenbergs' motion have created new legal and factual grounds supporting the Greenbergs' requested relief that could not have been raised in their motion to compel.

---

[2] To avoid any procedural issues with the sealing process, Plaintiff has agreed that this motion may be filed publicly on the docket.

On July 15, 2024, the Greenbergs moved to compel responses to certain requests for production and interrogatories. Doc. 138. The Greenbergs argued that Plaintiff waived the spousal privilege by putting the health of his marriage at issue. *Id.* On July 22, 2024, Plaintiff responded in opposition to the Greenbergs' motion to compel, arguing, among other things, that Plaintiff's spouse, Rebekah Dorworth, also holds the spousal privilege and has not waived it. Doc. 142 at 1–2. A day later, after the Greenbergs moved for leave to reply, this Court set the motion for an August 7, 2024 hearing. Doc. 144.

Also on July 23, Defendants deposed Plaintiff's spouse, Rebekah Dorworth, who notably signed, under penalty of perjury, a verification that the facts contained in her husband's 498-paragraph Amended Complaint were true. *See* Doc. 62 at 63. When questioned in her deposition about her personal knowledge of the facts contained in the Amended Complaint, Ms. Dorworth testified that statements by Plaintiff to her (i.e., spousal communications) provided one of the sources—if not the exclusive source—of information on which she based her verification of much of the Amended Complaint. Furthermore, Ms. Dorworth improperly, selectively, waived spousal privilege throughout the deposition. Despite repeatedly refusing to answer questions citing spousal privilege, she also repeatedly and voluntarily testified as to communications with her husband, presumably when she believed that testimony was beneficial to Plaintiff.

These facts were unavailable at the time of the Greenbergs' original motion to compel and serve as additional evidence of Plaintiff's effort to impermissibly use

spousal privilege both as a sword and shield, as well as grounds that both Plaintiff *and* Ms. Dorworth have waived spousal privilege. If permitted, the Greenbergs will support their forthcoming supplemental brief with the deposition transcript of Ms. Dorworth, which was also unavailable at the time of their original motion.

Plaintiff's counsel will not be prejudiced by the filing of the supplement to the Greenbergs' motion to compel, because Plaintiff was present along with then-counsel during Ms. Dorworth's deposition, Ms. Dorworth's final deposition transcript has been available since July 30, 2024, Plaintiff's counsel is being provided contemporaneous with this motion a copy of the Greenbergs' proposed supplement, the factual grounds of the proposed supplement are drawn from Ms. Dorworth's deposition, and Plaintiff's counsel should be able to address the matters referenced in supplement at the hearing on August 7, 2024, over four days from now.

Because this evidence is new, the Greenbergs now move for leave to file a supplemental brief in support of their motion to compel of no more than ten pages on or before August 6, 2024, so that the Court has the opportunity to review what the parties have had access to and a reasonable opportunity to review before the hearing on August 7, 2024.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Greenbergs conferred with counsel for Plaintiff regarding this motion by email on August 1, 2024. Plaintiff opposes the motion, but does not oppose filing this motion on the public docket.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2024 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

7