UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br> *Plaintiff*,<br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG., INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br> *Defendants*. | Case No.: 6:23-cv-00871 |

**DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG,
AND AWG, INC.'S FIRST REQUESTS FOR PRODUCTION**

 Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. ("the Greenbergs"), pursuant to Rules 26 and 34, Federal Rules of Civil Procedure, serve their First Request for Production of Documents to Plaintiff Christopher Dorworth ("Plaintiff") and request that he produce the following documents at the office of King, Blackwell, Zehnder & Wermuth, P.A., 25 East Pine Street, Orlando, Florida 32801, within thirty (30) days from the date of service of this request, for the purpose of inspection and/or copying as provided by applicable rules, or at a mutually agreeable date, time, and place or through an alternative method of production mutually agreeable to the parties (including, but not limited to, electronic production via email attachment or secure file transfer).

Page **1** of **14**

## DEFINITIONS

Except as specifically defined below, the terms used in these requests shall be defined and construed in accordance with the Federal Rules of Civil Procedure, wherever applicable. Any terms not so defined shall be given their ordinary meaning. Capitalized terms in the following definitions should be construed, as appropriate, to include lower-case versions.

1. "Action" means the above-captioned proceeding.

2. "Communication" means the transmittal or attempted transmittal, whether oral, written, through electronic means or otherwise, of information of any type, including, without limitation, the transmittal or attempted transmittal of information via email, text or instant message, social media, letter, facsimile, teletype, voicemail or voice message, written memorandum, note, report, summary, or other such means.

3. "Transaction" means contracts, gifts, loans, transfers, payments, purchases, salary, bonuses, commissions, distributions, dividends, and any other payments made through any payment method. The terms "payment" and "payments" include amounts paid through any payment method, including, but not limited to, cash, cryptocurrency, real property, and personal property.

4. "Verified Amended Complaint" means the Verified Amended Complaint filed by Plaintiff in this Action on August 8, 2023, including exhibits and documents attached or incorporated by reference therein. *See* Doc. 62. "Verified Amended Complaint" also includes any amended, supplemental, or successor complaint filed in this Action.

5. "Verified Complaint" means the Verified Complaint that Plaintiff filed on April 7, 2023, in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida, and the Verified Complaint in this Action, including exhibits and documents attached or incorporated by reference therein. *See* Doc. 1-1.

6. "Document" is synonymous in meaning and scope to the term "document" as used in Federal Rule of Civil Procedure 34, covers "writings" and "recordings" as those terms are defined in Federal Rule of Evidence 1001, and includes, without limitation, any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can

be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, data, ESI, correspondence, memoranda, notes, messages, letters, electronic mail, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intraoffice telephone calls, diaries, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation photographs, digital images, video recordings, and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs and records and information stored on computers such as system backups). "Document" also includes any and all drafts, alterations, modifications, changes and amendments of any of the foregoing.

7. "Electronically stored information" or "ESI" includes any information created, stored, or best utilized with computer technology of any kind. It includes, but is not limited to, data, word-processing documents, spreadsheets, presentation documents, graphics, animations, images, email, text and instant messages (including attachments), audio, video and audiovisual recordings, voicemail stored on databases, networks, computers and computer systems, servers, archives, backup or disaster recovery systems, cloud-storage facilities, thumb drives, discs, CDs, DVDs, blu-ray discs, diskettes, tapes, cartridges and other storage media, caches, social media and other information that is stored on or accessible through the Internet, pagers, facsimile machines or services, personal digital assistants, handheld wireless devices, cellular telephones, and smartphones.

8. "The Greenbergs" refers to Andrew Greenberg, Susan Greenberg, and AWG, Inc., Defendants in this Action.

9. "Person" means not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trust groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

10. "Dorworth," "Plaintiff," "you," "your," and "yours," refers to Christopher Dorworth, the Plaintiff in this Action.

## INSTRUCTIONS

1. Unless otherwise stated, the applicable time period for these requests shall be January 1, 2016, to the present.

2. Each request for documents seeks production of all documents described therein and all attachments to such documents, and any file or other folders in which such documents are stored or filed in the ordinary course of business.

3. You shall produce all requested documents, wherever located, that are in your possession, custody, or control, including documents that you have a right to obtain, or to compel the production of, from any third party, including, without limitation, banks or other financial institutions, phone carriers, internet service providers, and hosts of web-based or cloud-based email accounts or other online services.

4. Use of the singular shall be deemed to include the plural and use of the masculine shall be deemed to include the feminine and neuter, as appropriate, and vice versa. The terms "and," "or," and "and/or" should be interpreted liberally, as conjunctive, disjunctive or both depending on the context, so that the fullest disclosure of information and documents is achieved.

5. If you assert that any requested document is privileged or immune from discovery, please identify each such document fully, and provide the following information:

   a. the type of document;

   b. the date and manner of recording, creating or otherwise preparing the document;

   c. the subject matter of the document;

   d. the name and title or position of the person(s) who produced the document;

   e. the name and title or position of the person(s) who received a copy of the document or to whom the contents of the document were otherwise disclosed;

   f. the privilege or basis for immunity (e.g., self-incrimination, attorney-client communication) you assert with respect to the document; and

   g. the facts you contend support your assertion of privilege or immunity.

      6. If you assert that any requested document has been lost, destroyed, or discarded, please identify each such document as completely as possible, and provide the following information:

      a. the date of loss, destruction or discarding;

      b. the circumstances of the loss, destruction or discarding; and

      c. if destroyed or discarded:

          1) the manner of destruction or discarding;

          2) the reason for destruction or discarding;

          3) the identity of the person who authorized the destruction or discarding; and

          4) the identity of the person who destroyed or discarded the document.

      7. If a given request may be narrowly or more broadly construed, you should apply the broadest construction that will produce the most comprehensive response.

      8. In producing documents responsive to these requests, each document produced should include all attachments and enclosures referred to in the document or that were originally attached to or enclosed with the document to be produced.

## ELECTRONIC DOCUMENTS

Documents created, sent, or received in electronic format should be produced in their native electronic format with metadata preserved.

## DOCUMENTS TO BE PRODUCED

      1. All communications between or involving Plaintiff and A.B.

      2. All documents that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and A.B.

3. All documents or communications that reference, discuss, regard, or relate to A.B., including by her name, any nickname, or under any pseudonym, such as "Vintage 99."

4. All documents and communications that reference, discuss, reflect, regard, or relate to any one or more of the Greenbergs entering into any agreement with A.B. to pay A.B.'s attorney's fees.

5. All documents and communications that reference, discuss, reflect, regard, or relate to any one or more of the Greenbergs entering into any transaction with A.B.

6. All communications between or involving Plaintiff and Joel Greenberg.

7. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Joel Greenberg.

8. All documents supporting your claim of financial harm stemming from your termination or resignation from Ballard Partners.

9. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Ballard Partners and Joel Greenberg.

10. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Ballard Partners and the Seminole County Tax Collector's Office, including any employee, contractor, consultant, attorney, advisor, agent, or representative of the Seminole County Tax Collector's Office.

11. All communications between or involving Plaintiff and the Seminole County Tax Collector's Office, including any employee, contractor, consultant, attorney, advisor, agent, or representative of the Seminole County Tax Collector's Office.

12. All documents and communications that reference, discuss, reflect, regard, or relate to any transaction between Plaintiff and the Seminole County Tax Collector's Office, including any employee, contractor, consultant, attorney, advisor, agent, or representative of the Seminole County Tax Collector's Office.

13. All documents and communications that reference, discuss, reflect, regard, or relate to your employment relationship with Ballard Partners and one or

any combination of the following: (a) your performance, (b) compensation, (c) hours worked, (d) billing status, (e) company policies, and (d) relationships with other persons employed or otherwise associated with Ballard Partners.

14. All Ballard Partners' policies, bylaws, regulations, employee handbooks, codes of conduct, or similar documents.

15. Any employment agreement between Plaintiff and Ballard Partners.

16. Any severance agreement between Plaintiff and Ballard Partners.

17. All documents and communications that reference, discuss, reflect, regard, or relate to your termination or resignation from Ballard Partners.

18. All communications involving any person employed or otherwise associated with Ballard Partners regarding one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

19. All documents and communications that reference, discuss, reflect, regard, or relate to your efforts to seek employment while employed at Ballard Partners or after your termination or resignation from Ballard Partners.

20. All payroll records, accounting records, and checks or other documents or communications that reference, discuss, reflect, or regard your wages, salary, bonuses, independent contractor income, distributions, dividends, and any of your other income or earnings in any capacity, whether as an employee, independent contractor, sole proprietor, partner, member or shareholder of an organization, or otherwise.

21. All federal, state, and local income tax returns that you submitted, or that were submitted on your behalf, to a federal, state, or local government.

22. All I.R.S. forms and schedules (including, but not limited to, Form W-2, Form 1099, and Schedule K-1) that reflect your wages, salary, bonuses, independent contractor income, distributions, dividends, and any other income or earnings in any

capacity, whether as an employee, independent contractor, sole proprietor, partner, member or shareholder of an organization, or otherwise.

23. All financial statements for any entity or organization in which you have any ownership interest. This request does not seek financial statements for entities or organizations listed on the following stock exchanges: New York Stock Exchange, Nasdaq, American Stock Exchange, Europe's STOXX 600, and London's FTSE.

24. All documents and communications that reference, discuss, reflect, regard, or relate to any harm to Plaintiff's reputation as a result of the Greenbergs' alleged conduct referenced in the Verified Amended Complaint. As noted in the Definitions above, Verified Amended Complaint includes any amended, supplemental, or successor complaint filed in this Action.

25. All communications between or involving Plaintiff and Matt Gaetz.

26. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Matt Gaetz—or any staff person, family member, employee, contractor, consultant, attorney, advisor, agent, or representative of Matt Gaetz.

27. All communications involving Matt Gaetz—or any staff person, family member, employee, contractor, consultant, attorney, advisor, agent, or representative of Matt Gaetz—that reference, discuss, regard, or relate to one or more of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes any amended, supplemental, or successor complaint filed in this Action.

28. All communications between or involving Plaintiff and Halsey Beshears.

29. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Halsey Beshears.

30. All communications involving Halsey Beshears that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above,

Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

31. All documents or communications that reference, discuss, reflect, regard, or relate to state or federal investigations of Plaintiff related to any event or occurrence referenced in the Verified Complaint or Verified Amended Complaint. As noted in the Definitions above, Verified Amended Complaint includes any amended, supplemental, or successor complaint filed in this Action.

32. Any documents and communications supporting your allegation that the Greenbergs financed Joel's alleged defamatory and unlawful activities described in the Verified Amended Complaint with knowledge of those actions and with the intent that they be carried out. As noted in the Definitions above, Verified Amended Complaint includes any amended, supplemental, or successor complaint filed in this Action.

33. All communications between Plaintiff and any Defendant in this Action.

34. All documents and communications that reference, discuss, reflect, regard, or relate to polygraph tests, including but not limited to polygraph tests referenced in the Verified Complaint or the Verified Amended Complaint. As noted in the Definitions above, Verified Amended Complaint includes any amended, supplemental, or successor complaint filed in this Action.

35. All communications between or involving Plaintiff and the person referred to as "K.M." in the Verified Complaint.

36. All communications involving the person referred to as "K.M." in the Verified Complaint that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

37. All communications between or involving Plaintiff and Brianna Garcia.

38. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Brianna Garcia.

39. All communications involving Brianna Garcia that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

40. All documents that discuss, reflect, support, or show that Joel Greenberg or A.B. made defamatory statements about Plaintiff or containing the statements themselves.

41. All communications between or involving Plaintiff and Michael Shirley.

42. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Michael Shirley.

43. All communications involving Michael Shirley that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

44. All communications between or involving Plaintiff and Joe Ellicott.

45. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Joe Ellicott.

46. All communications involving Joe Ellicott that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

47. All communications between or involving Plaintiff and Keith Ingersoll.

48. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Keith Ingersoll.

49. All communications involving Keith Ingersoll that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

50. All communications between or involving Plaintiff and Jestine Iannotti.

51. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Jestine Iannotti.

52. All communications involving Jestine Iannotti that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

53. All communications between Plaintiff and any other person regarding Iannotti's 2020 state senate campaign and any documents reflecting transactions involving Plaintiff and Iannotti's 2020 state senate campaign.

54. All communications between or involving Plaintiff and Eric Foglesong.

55. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Eric Foglesong.

56. All communications involving Eric Foglesong that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

57. All communications between or involving Plaintiff and James H. Stelling.

58. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and James H. Stelling.

59. All communications involving James H. Stelling that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

60. All communications between or involving Plaintiff and Ben Paris.

61. All documents and communications that reference, discuss, reflect, regard, or relate to transactions between Plaintiff and Ben Paris.

62. All communications involving Ben Paris that reference, discuss, regard, or relate to one or any combination of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any event or occurrence referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

63. All communications involving any news reporting entity (including any newspaper, journal, online publication, magazine, or blog), or reporter, editor, employee, agent, volunteer, or proprietor thereof, that reference, discuss, regard, or relate to one or more of the following: (a) Joel Greenberg, (b) the Greenbergs, (c) any events or occurrences referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

64. All communications involving any other person that reference, discuss, regard, or relate to one or more of the following: (a) Joel Greenberg, (b) the

Greenbergs, (c) any events or occurrences referenced in the Verified Amended Complaint, (d) this Action, (e) the Verified Complaint, (f) the Verified Amended Complaint, and (g) any filing in this Action. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint. This Request does not seek communications solely between Plaintiff and his attorney, Michael Beltran.

65. All documents or bank statements from any bank or transaction service, such as Venmo, CashApp, PayPal, Apple Cash, etc., that reference, discuss, regard, or relate to any transaction between Plaintiff and Joel Greenberg or any transaction between Plaintiff and any other person referenced in the Verified Complaint or the Amended Verified Complaint. As noted in the Definitions above, Verified Amended Complaint includes the Verified Amended Complaint and any amended, supplemental, or successor complaint.

66. All communications with individuals other than your attorney(s) about your decision to file this lawsuit.

67. All drafts, amendments, modifications, or prior, successive, revised, or alternate versions of any of the foregoing documents.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 14, 2023, I served a copy of the foregoing by electronic mail to all counsel of record.

<u>/s/ *Frederick S. Wermuth*</u>
Frederick S. Wermuth
Florida Bar No. 0184111