UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>*Plaintiff*,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG., INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., and GREENBERG DENTAL SPECIALTY GROUP, LLC,<br><br>*Defendants*. | Case No.: 6:23-cv-871-CEM-DCI |

**ANDREW GREENBERG, SUSAN GREENBERG,
AND AWG, INC.'S MOTION TO COMPEL
<u>ANSWERS TO DEPOSITION QUESTIONS</u>**

Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the "Greenbergs") move to compel responses to questions Rebekah Dorworth refused to answer during her deposition based on the spousal communications privilege. *See* **Exhibit 1** at 33:18–24 (refusing to testify about conversations regarding her verified allegations in complaint) 61:11 (refusing to disclose discussions with Plaintiff in preparation for deposition); 118:8–11 (refusing to testify about conversations regarding

marital problems); **248:23–249:11**,[1] 253:16–254:21, 256:24–257:4 (only partially disclosing communications with her husband about sex workers); 244:25–245:3 (refusing to discuss Plaintiff's location on July 15, 2017); 294:17–295:19 (refusing to address Plaintiff's resignation as a lobbyist); 309:13–25 (refusing at the direction of counsel to disclose discussions with Plaintiff regarding verified complaints).

A plaintiff waives the spousal communications privilege by placing martial communications at issue. *See, e.g.*, *England v. Las Vegas Metro. Police Dep't*, No. 2:07-CV-01238, 2008 WL 11389179, at *2 (D. Nev. June 10, 2008). As the Greenbergs have already noted, *see* Doc. 138, Plaintiff and his wife have waived the privilege in this case by putting privileged communications at issue and by jointly verifying the amended complaint. Further, the privilege is waived when a witness discloses the contents of privileged communications. *Bila v. RadioShack Corp.*, No. 03-10177-BC, 2004 WL 2713270, at *16 (E.D. Mich. Nov. 22, 2004) (addressing selective disclosure); *see also United States v. Brock*, 724 F.3d 817, 821 (7th Cir. 2013); *United States v. Gen. Mar. Mgmt. (Portugal) L.D.A.*, No. CRIM.A. C-08-393, 2008 WL 2810594, at *3 (S.D. Tex. July 21, 2008); *United States v. Brown*, 634 F.2d 819, 829 (5th Cir. 1981); *United States v. Premises Known as 281 Syosset Woodbury Road*, 71 F.3d 1067, 1072 (2d Cir. 1995) (applying *Brown* to find wavier).

---

[1] Ms. Dorworth's answer here was also disrupted by coaching from Plaintiff's former counsel. *See* Exhibit 1 at 249:24–250:2; *see also id.* at 249:6–11. Bolded citations contain redactions of information Plaintiff has designated confidential (to which the Greenbergs object). Should the Court so order, the Greenbergs will file a transcript omitting those redactions.

At her deposition, Ms. Dorworth—without objection—testified to some marital communications, but refused to answer as to others, waiving the privilege. *See* **Exhibit 1** at 103:5–17; 135:13–136:24; 144:18–23; 243:15–244:24; 244:25–245:3; 246:21–247:1; **248:18–24**; 249:16–250:2; 254:16–21; 255:3–257:4; 283:7–16; **286:4–16**; **287:3–15**; 288:16–21; 333:23–334:9; 343:24–344:7; **362:24–363:4**; 406:13–15; **436:5–7**.[2]

Given these selective disclosures and Plaintiff and Ms. Dorworth making the answers that the Greenbergs seek to compel directly relevant to Plaintiff's damages and liability claims, the Court should order Rebekah Dorworth to sit for a continued deposition addressing these topics and any follow-up topics naturally flowing therefrom.

## LOCAL RULE 3.01(g) CERTIFICATION

On August 22, 2024 counsel for Andrew Greenberg, Susan Greenberg, and AWG, Inc. conferred with counsel for Plaintiff and Rebekah Dorworth via telephone on the issues raised in this motion. Plaintiff and Rebekah Dorworth oppose the sought relief.

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135

---

[2] If helpful to the Court, the Greenbergs request leave to file a supplemental brief explaining how each cited line of testimony is relevant to the waiver analysis. *See* Doc. 12 ¶ 7.

>KING, BLACKWELL, ZEHNDER &
>WERMUTH, P.A.
>P.O. Box 1631
>Orlando, FL 32802-1631
>Telephone: (407) 422-2472
>Facsimile: (407) 648-0161
>fwermuth@kbzwlaw.com
>dmauser@kbzwlaw.com
>qritter@kbzwlaw.com
>
>*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 22, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

>/s/ Frederick S. Wermuth
>Florida Bar No. 0184111