## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

                Plaintiff,

vs.

JOEL MICAH GREENBERG, ANDREW
W. GREENBERG, SUE GREENBERG,
ABBY GREENBERG, AWG, INC.,
GREENBERG DENTAL ASSOCIATES,
LLC, GREENBERG DENTAL &
ORTHODONTICS, P.A., GREENBERG
DENTAL SPECIALTY GROUP, LLC,
and A.B.,

                Defendants.

Civil Action No. 6:23-cv-00871

### PLAINTIFF'S OPPOSITION TO MOTION TO COMPEL
### ANSWERS TO DEPOSITION QUESTIONS

Plaintiff, Christopher E. Dorworth, hereby responds to the Greenbergs'
Motion to Compel (Doc. 181), and states:

The Greenbergs fail to support the proposition that the Dorworths waived
marital privilege. In *England v. LVPD*, 2008 WL 11389179, at *2 (D.Nev. June 10,
2008), the injured husbands' wives sued for loss of consortium and thereby waived
their privilege. Here, nonparty Rebekah Dorworth, who also holds the privilege,
asserts no consortium or other claim. *See e.g. In re Grand Jury Investigation of
Hugle*, 754 F.2d 863, 864 (9th Cir. 1985)(holding that nonwitness spouse was
entitled to invoke privilege, even when, unlike here, spouses were estranged);

*United States v. Neal*, 532 F.Supp. 942, 944-947 (D.Colo. 1982)(one spouse cannot waive the other spouse's privilege). Further, in *England*, any waiver from consortium claims was dicta. England's jail calls were not privileged anyway because both spouses knew they were recorded. Id. at *1. *England* analyzed whether an "affirmative act, such as filing suit or asserting an affirmative defense," waived privilege, and whether application of the privilege would "deny the opposing party access to information that was vital to the opposing party's defense." Id. at. *2. Ms. Dorworth asserts no claim or defense and the marital communications are not "vital." By contrast, *Curlee v. UPS*, 2014 WL 4262036, at *7 (N.D.Tex. Aug. 29, 2014), considered a loss of consortium claim and found that "Plaintiffs have not waived their spousal communications privilege" and denied the Motion to Compel.

Contrary to Defendants' assertion, Plaintiff has not placed marital communication "at issue." Both Plaintiff and Rebekah Dorworth have testified that their relationship is "open and transparent." *See* **Exhibit 1 to Defendant's Motion to Compel** at 125:20-23, 321:5-9.

While the specific basis for Defendants' arguments supporting their Motion to Compel [Doc. 181] are a moving target, as Plaintiff has asserted in his Motion for Protective Order [Doc. 180], Defendant's arguments are, nonetheless, irrelevant to any measure of damages at issue in this case.

Additionally, Defendants' Motion seeks testimony from a non-party which would necessarily be inadmissible as hearsay. Defendants have made no

arguments citing to any exception in either the Florida Evidence Code, §90.101-958, Florida Statutes, or the Federal Rules of Evidence which would allow for the admissibility of any such hearsay testimony regarding any number of topics to which Defendants seek Rebekah Dorworth's answers.

### LOCAL RULE 3.01(g) CERTIFICATION

On August 22, 2024 counsel for Defendants, Andrew Greenberg, Susan Greenberg, and AWG, Inc. conferred with counsel for Plaintiff via telephone on the issues raised in this motion. Plaintiff and Rebekah Dorworth oppose the sought relief.

*/S/ R. Alex Andrade*
R. Alex Andrade
Florida Bar No. 111337
George R. Mead, II
Florida Bar No. 096490
Charles F. Beall, Mr.
Florida Bar No. 66944
emead@mhw-law.com
cbeall@mhw-law.com
aandrade@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
hmalone@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Christopher E. Dorworth*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 29th day of August, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ R. Alex Andrade*
R. Alex Andrade