UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG., INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
and GREENBERG DENTAL
SPECIALTY GROUP, LLC,

*Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S
TIME-SENSITIVE MOTION TO DETERMINE CONFIDENTIALITY**

Yesterday, September 5, 2024, Plaintiff voluntarily dismissed this case without prejudice pursuant to Rule 41(a)(1)(A)(i). Doc. 185. Defendants now plan to file a motion to recover their attorney's fees under the Court's continuing jurisdiction over collateral issues.[1] To support their forthcoming motion, Defendants will file numerous

---

[1] Although a voluntary dismissal strips a district court of jurisdiction over the *merits* of a case, *Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1279 (11th Cir. 2012), the Court can still decide certain "collateral issues" like "motions for costs or attorney's fees." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Hyde v. Irish*, 962 F.3d 1306, 1309 (11th Cir. 2020). Here, the Greenbergs seek a ruling from the Court related to exhibits that will be filed in support of their forthcoming motion to establish entitlement to attorney's fees—an issue over which the Court unquestionably retains jurisdiction. Because the Court unquestionably has jurisdiction to address the motion for fees, it likewise has jurisdiction to determine whether exhibits attached to such a motion to can be filed in the public docket.

exhibits, many of which Plaintiff previously designated (in whole or in part) as confidential under the parties' confidentiality agreement. Defendants, however, challenged those designations, triggering a requirement under the parties' agreement for Plaintiff to seek affirmative relief from the Court to maintain his confidentiality designations. He has failed to do so. Thus, under the parties' confidentiality agreement and the Court's inherent power, the Greenbergs request that the Court enter an order finding that Plaintiff has waived all confidentiality designations and permitting Defendants to file such documents in the public record rather than seeking to file them under seal pursuant to Local Rule 1.11. In support, the Greenbergs state:

### THE TIME SENSITIVE NATURE OF RELIEF REQUESTED

This motion is time-sensitive because Defendants intend to use the documents at issue to support a motion for fee entitlement, which is currently due on September 19, 2024—14 days after judgment. M.D. Fla. Local R. 7.01(b).[2] The Greenbergs therefore respectfully request that the Court expedite briefing on the issues raised herein and issue an order as soon as practicable, but respectfully, no later than September 17, 2024—leaving enough time for Defendants to apply appropriate redactions and to draft motions to seal, as necessary.

### BACKGROUND

Plaintiff filed his RICO, defamation, and conspiracy-based claims on April 7, 2023. In his complaints, Plaintiff alleged (among other things) that the Greenbergs

---

[2] Although a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is not a "judgment," Defendants still intend to comply with the spirit of the local rule by filing their motion within the 14-day period.

2

conspired to frame him, Matt Gaetz, and others for sexual impropriety with a minor. In doing so, Plaintiff flooded the docket with outrageous and false claims about Defendants. For example, Plaintiff alleged that the Greenbergs and the Greenberg dental entities operate an illegal "pill mill," *see, e.g.*, Doc. 1-1 ¶ 726a; Plaintiff alleged all manner of disgusting and extraneous claims regarding Abby Greenberg's sexual activities, *see, e.g.*, *id.* ¶¶ 633–35, 641–45; and Plaintiff needlessly alleged that sex trafficking victim A.B.'s pornography page "includes some of the more extreme elements of pornography," *id.* ¶ 371.

Elsewhere, in public statements, Plaintiff claimed that the evidence overwhelmingly supports his innocence and that the Greenbergs are criminals who "abuse[d]" their "wealth and power" "to implicate [Plaintiff] and Congressman Gaetz to get their degenerate son out of prison faster." **Ex. 1**. He said this all while knowing that there is a wealth of inculpatory evidence that he has effectively suppressed by designating it confidential. But as this Court has already noted, Plaintiff's allegations have all but foreclosed any claims of confidentiality:

> This is a case of public importance. It is one that there may be media interest in, and it's one that involves important issues. And the interest in sealing this to protect—I'm not seeing any confidentialities that would really overwhelm the First Amendment right for the public to see this case, especially when a plaintiff brings claims in relation to their marriage and spouses and the kind of intimate issues in this case which are laid out in extreme detail in the—in the complaint. I am unlikely to seal anything because it all seems relevant. It's been made relevant by the allegations in the complaint.

Doc. 179 at 27:7–17.

Early in this case, the parties entered into the confidentiality agreement that Plaintiff has used to make his confidentiality designations. *See generally* Doc. 183-3. That agreement allows a party to, "in good faith, designate 'Confidential' any document, thing, material, testimony, or other information ('Discovery Material') that consists of or includes non-public information that would reasonably be subject to protection by statute, rule, regulation, or precedent." *Id.* ¶ 2. Once designated, confidential material may only be filed under seal. *Id.* ¶ 14.

If a party disagrees with a designation, they "may challenge the designation at any time through conferral with the designating Party." *Id.* ¶ 15. Upon receiving such challenge, the designating party "must file a motion directed to the United States District Court for the Middle District of Florida or otherwise act in conformity with the Court's practice standards for resolving discovery disputes within ten (10) days of receiving notice of the challenged designation." *Id.* "[T]he designating Party bears the burden of proof that such documents . . . are . . . subject to protection pursuant to applicable law." *Id.* The parties are required to "treat materials designated as [confidential] . . . [as] set forth in [the] Agreement ***unless and until*** . . . . "the designating Party fail[s] to file a motion or otherwise act in conformity with the Court's practice standards for resolving discovery disputes within the [10-day] time period." *Id.* (emphasis added). In other words, if a party fails to seek a court ruling within 10 days after receiving a challenge to a confidentiality designation, the challenging parties need not continue to treat such documents as confidential, and thus need not file such documents under seal.

Throughout this action, Plaintiff has abused this agreement, designating almost all of his discovery, entire deposition transcripts, and (later) portions of transcripts as confidential—even though these designated materials were extremely relevant to the claims Plaintiff himself has filed.

In response, the Greenbergs issued a series of challenges to Plaintiff's confidentiality designations under their agreement. *See* **Ex. 2** (July 31, 2024 letter challenging Plaintiff's designation of A.B., K.M., Michael Fischer, and Rebekah Dorworth's entire deposition transcripts as confidential); **Ex. 3** (August 3, 2024 letter challenging Plaintiff's designation of much of his production as confidential).

The Greenbergs July 31, 2024 challenge joined in an earlier challenge issued by then-Defendant A.B. *See* **Ex. 4**. Even so, Plaintiff took the position that "the PARTY wishing to challenge the designation had to challenge and we had 10 days to respond to that challenge." **Ex. 5** at 1. Thus, according to Plaintiff, the Greenbergs could not join A.B.'s earlier challenge, which afforded Plaintiff until August 9th to file a motion. *Id.* at 2. Without accepting that interpretation, the Greenbergs agreed to allow Plaintiff until August 9th "to de-designate or move the court to maintain the designations for the transcripts of AB, Mr. Fischer, and [K.M.]." *Id.* at 1. Plaintiff, however, did neither.

Rather, Plaintiff responded to these challenges by designating more limited portions of Rebekah Dorworth's deposition transcript as confidential. **Ex. 6** (August 5, 2024 letter addressing Rebekah Dorworth's deposition transcript). The Greenbergs

5

then challenged those designations. **Ex. 7** (August 16, 2024 letter challenging new designations in Rebekah Dorworth's transcript).

As with his other designations, Plaintiff did not file a motion within 10 days of the Greenbergs' August 16th challenge letter addressing his new designations in Rebekah Dorworth's deposition transcript. Even so, counsel for the Greenbergs reached out to counsel for Plaintiff to clarify Plaintiff's waiver and to confer on a separate issue relating to tax returns. **Ex. 8** at 3. The parties then held a telephonic conferral on the tax return issue. During that conferral, counsel for Plaintiff separately asked for more time to file a motion to maintain his confidentiality designations. In response, counsel for the Greenbergs suggested that counsel for Plaintiff send an email requesting additional time to file a motion to maintain confidentiality, if he intended to do so. Plaintiff's counsel then emailed that request, seeking just over a week from the day of the request (until Friday, September 6, 2024) to file "a motion for protective order regarding the redacted portions of Rebekah Dorworth's testimony and certain minor portions of the deposition transcript's [sic] of Mike Fisher, A.B. and K.M." *Id.* at 2. Counsel for the Greenbergs responded that Plaintiff "ha[s] waived any claim of confidentiality . . . by failing to file a motion within 10 days of our formal challenges." *Id.* However, as a professional courtesy, the Greenbergs would "agree not to file any of the documents or portions of transcripts you have marked confidential on the open docket until after Wednesday, September 4, 2024," but warned Plaintiff that he needed to file "on or before that date." *Id.* at 1–2.

But Plaintiff did not do so and *still* has not filed any motion with the Court seeking to maintain his confidentiality designations. Instead, Plaintiff voluntarily dismissed this action. Doc. 185. For the Court's benefit, a timeline of the parties' conferrals is incorporated within this motion as Appendix A.

Because Plaintiff frivolously filed and prosecuted this action, Defendants are entitled to their attorney's fees under state and federal law. To establish that entitlement in their forthcoming fee motion, Defendants will rely on the materials Plaintiff has previously designated as confidential. For this reason, the Greenbergs ask that the Court rule that Plaintiff has waived any claim of confidentiality over materials that were (1) previously designated as confidential, (2) challenged under the parties confidentiality agreement, and (3) on which Plaintiff failed to timely seek relief. This includes: the deposition transcripts of Rebekah Dorworth, Michael Fischer, A.B., and K.M, as well as those documents referenced by bates number in Exhibit 3.[3] The Greenbergs further request that the Court permit Defendants to file those materials on the open docket in support of their forthcoming motion for entitlement of attorney's fees.[4]

---

[3] On September 3, 2024, Plaintiff also designated as confidential a declaration provided by B.G. The same day, the Greenbergs challenged Plaintiff's designation. Plaintiff has until September 13, 2024 to file a motion to maintain the confidentiality designation, as Defendants will be citing it in support of their forthcoming motion for attorney's fees.

[4] These materials, if filed, will still contain redactions to protect the identifying information of the young women who attended parties at Plaintiff's home that are relevant to this action—as well as those redactions required by Federal Rule of Civil Procedure 5.2. Such material was designated confidential by former-Defendant A.B. and later by Defendant Abby Greenberg. The Greenbergs agree that these designations are appropriate and thus have not challenged them.

## MEMORANDUM OF LAW

This Court should reject Plaintiff's claim of confidentiality in the documents at issue because Plaintiff failed to move to maintain his confidentiality designations within the time required by the parties' confidentiality agreement. Indeed, for some documents, Plaintiff allowed his agreed time to file elapse several times over by also failing to file within the additional time to seek protection that the Greenbergs granted to him. For this reason, the Court should grant this motion.

**I.   Plaintiff has waived any right to claim confidentiality in any of the items the Greenbergs have challenged as confidential.**

The Court should grant this motion because Plaintiff did not file a timely motion to maintain his confidentiality designations—as required by the parties' confidentiality agreement. As to A.B., K.M., and Michael Fischer's deposition transcripts—by Plaintiff's counsel's own admission—this deadline to seek protection ran on August 9th. *See* Ex. 5 at 2. As to the documents addressed in the Greenbergs' August 3rd letter, Plaintiff's deadline to seek protection ran August 13th. *See* Ex. 3. And as to the Greenbergs' August 16th letter addressing Rebekah Dorworth's deposition, Plaintiff's deadline to seek protection ran on August 26th. *See* Ex. 7. Then, when the Greenbergs offered—while still asserting their position that Plaintiff waived confidentiality—Plaintiff until September 4th to seek relief as to *all* of these documents, Plaintiff again allowed his deadline to expire without seeking relief from the Court. *See generally* Ex. 8. Plaintiff has plainly waived any confidentiality argument he could otherwise raise.

On this point, the law is clear: "When counsel agree to the terms of a confidentiality agreement, they are bound by its terms." *Gazzara v. Pulte Home Corp.*, No. 6:16-cv-657-ORL-31TBS, 2016 WL 6947351, at *3 (M.D. Fla. Nov. 28, 2016); *see also Wyndham Vacation Ownership, Inc. v. Slattery, Sobel & Decamp, LLP*, No. 6:19-CV-1908-WWB-EJK, 2022 WL 8217011, at *2 (M.D. Fla. July 22, 2022) (explaining that case management orders like the one in this case, Doc. 51, permit "the parties to stipulate among themselves to binding confidentiality agreements"). Thus, Plaintiff bound himself to the terms of the parties' confidentiality agreement, which required him to seek relief as to any challenged confidentiality designation within 10 days of the Greenbergs' challenges. Doc. 183-3 ¶ 15.

By allowing the time the confidentiality agreement permitted him to seek Court intervention to expire (several times), and by then failing to seek protection of the documents within the additional time the Greenbergs granted Plaintiff to file such a motion (which the Greenbergs would have opposed based on waiver), Plaintiff again waived any confidentiality argument as to all of the relevant materials.

## CONCLUSION

For these reasons, this Court should grant this motion and permit Defendants to file the materials addressed in this motion on the open docket in conjunction with their forthcoming motion for entitlement to an award of attorney's fees.

## LOCAL RULE 3.01(g) CERTIFICATION

On September 6, 2024 counsel for the Greenbergs conferred with counsel for Plaintiff by phone on this motion. Plaintiff opposes the relief sought.

Dated: September 6, 2024

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 6, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

# Appendix A
# Timeline of Conferral

**July 18, 2024**: Then-Defendant A.B. challenges Plaintiff's "designation of AB's entire deposition as confidential." Ex. 4.

**July 31, 2024**: The Greenbergs challenge Plaintiff's designation of A.B., K.M., Mr. Fischer, and Ms. Dorworth's entire deposition transcripts as confidential. Ex. 2.

**August 1, 2024**: Plaintiff dismisses claims against A.B. Doc. 165.

**August 2, 2023 through August 3, 20204**: The parties agree on August 9, 2024 as Plaintiff's deadline to de-designate or move the Court to maintain the designations for the transcripts of AB, Mr. Fischer, and K.M. Ex. 5.

**August 3, 2024**: The Greenbergs challenge Plaintiff's designation of text messages bates-stamped DORWORTH 002191 through 002420, as well as letters bates-stamped DORWORTH 000909 through 000931, DORWORTH 001075 through 001102, DORWORTH 001126 through 001130, and DORWORTH 001585 through 001587 as confidential. The Greenbergs also challenge Plaintiff's designation of the text chain bates-stamped DORWORTH 002190 as confidential in its entirety. Ex. 3.

**August 5, 2024**: Plaintiff rescinds his former-counsel's carte blanche designation of Ms. Dorworth's deposition transcript as confidential and makes new designations. Ex. 6.

**August 9, 2024**: Plaintiff's deadline to move to maintain designations in A.B., K.M., and Mr. Fischer's deposition transcripts expires.

**August 13, 2024**: Plaintiff's deadline to move to maintain designations for text messages and other produced documents identified in Exhibit 3 expires.

**August 16, 2024**: The Greenbergs challenge Plaintiff's new designations in Ms. Dorworth's transcript. Ex. 7.

**August 27, 2024 through August 30, 2024**: Counsel for the Greenbergs confer with counsel for Plaintiff resulting in a September 4, 2024 final deadline for Plaintiff to seek relief. Ex. 8.

**September 4, 2024**: Plaintiff's deadline to move to maintain any confidentiality designations expires.

**September 5, 2024**: Plaintiff dismisses action. Doc. 185.