## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>        Plaintiff,<br><br>vs.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>        Defendants. | Civil Action No. 6:23-cv-00871 |

## <u>PLAINTIFF'S SUGGESTION OF MOOTNESS</u>

Pursuant to Rule 1, providing that the Federal civil rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Plaintiff respectfully suggests the intended fee claim noticed [Doc. 189] by Defendants AWG Inc., and Andrew and Sue Greenberg, is mooted by the voluntary dismissal without prejudice, and the lack of any record ground to proceed on any other fee basis, procedural or substantive, of record in the case.

***Post-Dismissal Posture***

Plaintiff, CHRISTOPHER DORWORTH, voluntarily dismissed this entire action [Doc. 185]. Voluntary dismissal pursuant to Federal Rule of Civil Procedure

41(a)(1)(A)(i), is regularly recognized by this Court as requiring that "all pending motions are denied as moot." *Hoffman v. Ariz. Bevs*. USA, LLC, 2024 U.S. Dist. LEXIS 126042, *1.; *Glob. Strategic Bus. Consultancy, LLC v. Tampa Oaks Project, LLC*, 2024 U.S. Dist. LEXIS 125119, *1. The only pending motions are motions to dismiss, and several pertaining to discovery matters, all of which are presumptively moot.

The fee matters proposed by the movant Defendants (the subject of their yet-to-be-filed motion) were not filed, asserted or reserved of record before dismissal. Movant Defendants have not pleaded or moved any fee claims or assertions. Nor did they or the Court reserve any claim of costs or fees in the record of the case prior to dismissal.

The reasoning behind the adopted safe harbor principle has been widely held as a caution for sanctions on any grounds against matters that have been withdrawn, unless properly preserved in the record, as with a Rule 11 motion.  See, e.g.- *In re Engle Cases*, 283 F. Supp. 3d 1174, 1241 (M.D. Fla. 2017);*Giganti v. Gen-X Strategies, Inc*., 222 F.R.D. 299, 308-09 (E.D. Va. 2004) ("This principle finds support in the purpose of Rule 11's twenty-one safe harbor period, namely to allow the offending party twenty-one days to withdraw the offending claims and escape sanctions."); *In re Gonzalez*, 2019 Bankr. LEXIS 675, *18, 67 Bankr. Ct. Dec. 10 (M. D. Fl. Bankr., Mar. 5, 2019) citing *Giganti* supra, ("Usually, if a court cannot impose sanctions under Rule 11, the court should not exercise its inherent powers to sanction. Otherwise, the safe harbor of Rule 11 would be meaningless.")

No sanctions motions were filed prior to dismissal. "Ordinarily the motion [for sanctions] should be served promptly … , and, if delayed too long, may be viewed as

untimely." Rule 11, Fed. R. Civ. Proc., *Notes of Advisory Committee on 1993 amendments.* A party who seeks "sanctions based upon allegations in a complaint, cannot wait until the action has been voluntarily dismissed by the opposing party because the party who voluntarily dismisses a case has withdrawn the offending pleading by dismissing the case." *Morroni v. Gunderson*, 169 F.R.D. 168, 171, 1996 U.S. Dist. LEXIS 16148, *7-8 (Oct. 28.1996).

The proposed fee matter was not reserved by any mechanism for judicial consideration post-dismissal. Like the remainder of the closed case, it is properly moot in this Court.

### *Motion for Fees Made after Voluntary Dismissal is Unsupported by Rule*

The Eleventh Circuit "has made abundantly clear that Rule 41(a)(1) voluntary dismissal disposes of the entire action," and is "effective immediately upon filing" and "the district court is immediately deprived of jurisdiction . . . ." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021), cert. denied, 142 S. Ct. 1413, 212 L. Ed. 2d 402 (2022). Undeterred, Defendants AWG, Inc., Andrew W. Greenberg, Susan Greenberg announced intent to file a motion for fees and seeking a page enlargement, an enlargement since granted by the Court. [Doc.189 & 190, respectively].

This Court by its Local Rule 7.01[1] does reserve jurisdiction for collateral matters such as entitlement to fees "after judgment" - but Plaintiff has found no authority to support the contention that the Local Rule supports the same reservation after voluntary dismissal.

---

[1] Implementing Rule 54, allowing for fee motions filed within 14 days "after judgment."

Rule 41 expressly reserves only jurisdiction to determine fees and costs under a dismissal by court order under Rule 41(a)(2). See Rule 41(d).  It does not apply to voluntary dismissal pursuant to Rule 41(a)(1). Rule 41(a)(1), as the "governing procedural rule in this diversity action does not provide for an award of attorney's fees." *Emergency Recovery, Inc. v. Hufnagle*, No. 8:19-cv-329-SCB-JSS, 2021 U.S. Dist. LEXIS 250295, 2021 WL 6425514, at *4 (M.D. Fla. Nov. 1, 2021) (Buckley, J.)(rejecting a Florida statutory fee claim as procedurally unavailable under Rule 41).

Even dispensing with some Rule basis for the relief, absent a judgment, there must be, either by rule, pleading, order, or motion - something  of record prior to dismissal, laying the fee claim before the Court so as to reserve a previous jurisdiction over it.  Here, there is nothing. See, *State Farm Mut. Auto. Ins. Co. v. Coker*, 505 Fed. Appx. 824, 826, 2013 U.S. App. LEXIS 1930, *4, 2013 WL 323214 (11th Cir. 2013)(a party is "not entitled to pursue attorneys' fees and costs after the underlying … suit had terminated because it did not reserve the right to recover its costs ...")

### *Substantive Fee Claims are Moot*

Movant Defendants filed no answer asserting a claim of fees or costs. Nor did their motion to dismiss (Doc. 77 - pending at the time of Plaintiff's voluntary dismissal) assert any right to fees or costs. No fee entitlement substantively exists on the dismissed federal statutory claims, which provide no fee entitlement for a defendant. See 18 U.S.C. §§1962(c) & (d), 1964(c). Voluntary dismissal under Rule 41(a)(1) does not establish a substantive fee basis under the state statute at issue (§772.103, 772.104, Fla. Stat.). Such a fee entitlement requires, in addition to being a prevailing party, that the claim be "on a

4

finding that the claimant raised a claim which was without substantial fact or legal support." §772.104(3), Fla. Stat. There is no such finding in the record. There is no substantive jurisdiction reserved to now determine it, nor yet any procedural path to address it.

As a matter of Florida law in applying a state statute, the issue of a prevailing party for fee entitlement purposes may be determined by a voluntary dismissal. *Shore*, supra , 2019 U.S. Dist. LEXIS 195233, at *6, n.2, citing *Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006). However, the ruling adopted by the Court in which it denied the movant's Florida statutory fee claim, noted that where statutory fee entitlement (much as here [2]) rests on a determination that the claim "fails to raise a justiciable issue of law or fact." a prevailing party does not obtain such fee entitlement by virtue of a finding that they simply prevailed. *Id*. at *5-6. In such a determination, it is "consistently held" that, for fee purposes, the claim must "be devoid of merit so as to not have a justiciable issue, the claims must be frivolous." *Id*. at *6.

The cases relied upon by the movant Defendants for the prospect of continuing substantive fees jurisdiction also do not avail them on this record. For instance, in the Middle District case cited, *Royal Palm Vill. Residents, Inc. v. Slider*, 2021 U.S. Dist. LEXIS 186597, *15, (Sep. 29, 2021). The Court in *Royal Palm* relied on Florida authority holding "entitlement to fees under section 772.104 arose "where civil RICO counts were

---

[2] §772.104 Fla. Stat. at issue here makes that added standard a lack of "substantial issue" vice a "justiciable issue." Both, however, are standards of merits adjudication well above the merely ministerial "prevailing party" question, and thus affected by loss of jurisdiction over merits by a voluntary dismissal.

dismissed with prejudice or a verdict was directed in the defendant's favor" and in such cases the fee "determination can be made after a plaintiff's voluntary dismissal of the claim." *Id*. at *14.  The Court noted that cases supporting fees under the Florida RICO statute "do not control the outcome in this case as none of the claims here were dismissed with prejudice."

Similarly, a case voluntarily dismissed by Rule 41(a)(1)(i) is expressly not dismissed with prejudice. See Rule 4(a)(1)(B), *Fed. R. Civ. P.*  In *Royal Palm Vill.* this Court expressly found that it did "not reach the merits of the RICO claims and gave Plaintiffs an opportunity to amend the original and the first amended complaints.". at (denying fee motion). Absent a dismissal with prejudice or verdict, "what is requested here is an assessment of the legal merits of Plaintiff's complaint; a more substantive decision than whether Defendant is a prevailing party under Florida law." *Shore*, supra 2019 U.S. Dist. LEXIS 195233, at *8. The *Shore* Court therefore adopted the recommended Order and *Royal Palm* denied the Florida statutory claim for fees turning on an evaluation of merits.

Substantively, jurisdiction over merits is necessary for the statutory fee claim, and it is both lacking by the dismissal and unpreserved on this record for post-dismissal collateral determination. It is moot.

### *Procedural Fee Sanctions re Without Record Assertions are Moot*

For a fee entitlement to be preserved for judicial determination it is incumbent on the movant Defendants to have lodged or the Court to have ruled in the record some basis of claim or assertion of fee entitlement prior to the loss of the Court's jurisdiction over such

merits by the voluntary dismissal. Courts "retain jurisdiction following a Rule 41(a)(1)(A)(i) notice to handle certain collateral matters, such as entertaining Rule 11 sanctions motions filed prior to voluntary dismissal." *Shore v. Greenspoon Marder, P.A.*, 2019 U.S. Dist. LEXIS 195233, *8, 2019 WL 5865286 (Oct. 23, 2019, IRICK Mag. J.)(recommended Order adopted *Shore v. Greenspoon Marder, PA*, 2019 U.S. Dist. LEXIS 194919, *1, 2019 WL 5864174 (M.D. Fla., Nov. 8, 2019). The proposed motion for fees was not filed, much less filed prior to the voluntary dismissal.

For collateral fee determination jurisdiction to be preserved there should be some record assertion of grounds for sanctions filed before the case was dismissed. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020), relying on *Willy v. Coastal Corp.*, 503 U.S. 131, 133, 112 S. Ct. 1076, 1078 (motion for Rule 11 sanctions filed before a loss of jurisdiction was ruled upon, was preserved for collateral determination after loss of merits jurisdiction). No case found citing to *Willy* or *Hyde* holds that any such a motion for procedural sanctions may be <u>filed</u> after voluntary dismissal concluded substantive jurisdiction. None was filed in this case.  The other case relied upon, *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) has since been legislatively overruled by amendment of Rule 11 by institution of the 21-day safe harbor notice prior to filing.

This Court in *Morroni v. Gunderson*, 169 F.R.D. 168, 171, 1996 U.S. Dist. LEXIS 16148, *6-7 (Oct. 28, 1996), applying the change in sanctions law since *Cooter* in this context, has said that it is improper to file a "motion for sanctions based upon a [matter] when the allegedly offensive [matter] had already been withdrawn by Plaintiffs' voluntary dismissal of the case." The Court in *Morroni* commended the purpose of the Rule 11

amendment in these terms, citing the Rules Advisory Committee Notes: "Under the former rule, parties were sometimes reluctant to abandon a questionable contention lest that be viewed as evidence of a violation … ; under the revision, the timely withdrawal of a contention will protect a party against a motion for sanctions."

While this stated policy purpose is in the specific Rule 11 context, the Advisory Committee Notes further recited in *Morroni* also point out that "ordinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely …. Given the "safe harbor" provisions … a party cannot delay…" *Morroni* at *6-7.  (quoting Rule 11, Fed. R. Civ. P, *Notes of Advisory Committee on 1993 amendments*). Not filing <u>any</u> such motion prior to dismissal appears woefully untimely.

Reconsideration of a prior-filed (and denied) Rule 11 motion for sanctions may be preserved for further determination post-dismissal. *Emergency Recovery*, supra, 2021 U.S. Dist. LEXIS 250295, *14, 2021 WL 6425514. (motion of record ripe for reconsideration but substantively again denied as baseless). But no such motion exists in the record to be reserved for redetermination. No motion on any purported ground for sanctions, whether under Rule 11 or otherwise, was ever lodged of record before the case was voluntarily dismissed.

Plaintiff respectfully suggests that movant Defendants' filing any motion for sanctions on any basis after voluntary dismissal ended the case is both improper and untimely.  To allow a sanction motion to be filed and pursued without <u>any</u> record assertion of the sanctions claim preceding the dismissal flies in the face of the structure of reserved

jurisdiction under Rule 41 and Rule 54.  The Rule 11 amendment's purpose in adding the safe-harbor period before adjudicating a question of grounds for sanction would be capsized if a post-dismissal motion were entertained for sanctions that were never reserved of record in some manner prior to the dismissal.

If recourse to safe harbor were thus unavailing, then the neutered safe-harbor would not really end a debatable litigation. It would merely and routinely shift merits adjudication into a subsequent and even higher-stakes sanctions posture, completely defeating the "safe" aspect of the safe-harbor. It would seem to actually reverse its intended incentive to voluntarily reduce litigation that an opposing party believes is frivolous.

## CONCLUSION

Any claim for substantive or procedural sanction fee entitlement by virtue of the voluntary dismissal is barred as moot. There is no such fee claim preserved for the Court to rule upon - whether by Rule, Local Rule, Order or even Motion of record prior to the termination of the Court's jurisdiction. For movant Defendants to persist in this windmill-jousting effort runs perilously close to an improper multiplication of proceedings. That risk may be wholly avoided by the Court duly considering this suggestion of the immediate mootness of the matters proposed, without more.

We respectfully suggest the intended motion for fees is MOOT.

*/S/ R. Alex Andrade*
R. Alex Andrade
Florida Bar No. 111337
George R. Mead, II
Florida Bar No. 096490
Charles F. Beall, Mr.
Florida Bar No. 66944

emead@mhw-law.com
cbeall@mhw-law.com
aandrade@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
hmalone@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Dorworth*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 19th day of September, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ R. Alex Andrade*
R. Alex Andrade