# EXHIBIT 10

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG, INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

*Defendants*.

Case No.: 6:23-cv-871-JA-DCI

**ANDREW GREENBERG'S RESPONSES TO INTERROGATORIES**

Defendant Andrew Greenberg, pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, hereby objects and responds to Plaintiff's Interrogatories served on June 29, 2023 (the "Interrogatories") and states as follows:

**PRESERVATION OF PRIVILEGE AND SPECIFIC
OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

To the extent the Interrogatories, together with their accompanying Definitions and Instructions, seek information that is protected from disclosure by the work-product

agreed to fund a scheme to reduce Joel's criminal sentence by implicating Dorworth in Joel's crime, injuring Dorworth in April 2021. *See* Doc. 62 ¶ 43 (alleging criminal proceedings "occurred between June 2020, when he [Joel] was first charged, and December 2022, when [Joel] Greenberg was sentenced"); ¶ 44 (first knowledge of proceedings when Joel was indicted); ¶ 283 (conspiracy "to influence . . . testimony" in that proceeding to lessen Joel's sentence); ¶ 107 (that "[Joel's] problems became [his] problems, [as] Dorworth … and others were implicated" by Joel and A.B.); ¶ 359 (alleged job loss on April 9, 2021, from being "falsely implicated."); *see also McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020) (discovery must be proportional to needs of the case).

Andrew Greenberg also objects that this request is overbroad because Plaintiff's blanket request for information as to entity ownership that amounts to financial discovery that, barring a claim for punitive damages, "is not appropriate until after a judgment is entered." *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 3906927, at *3 (M.D. Fla. July 19, 2016) (collecting cases); *see also Jeld-Wen, Inc. v. Nebula Glass Int'l Inc.*, No. 07-22326-CIV, 2008 WL 11333314, at *4 (S.D. Fla. Feb. 26, 2008) ("[D]iscovery of personal financial information is ordinarily limited to discovery in aid of execution, where punitive damages are sought, or where the financial information is relevant to the subject matter of the pending action."). Additionally, "article 1, section 23 [of the Florida Constitution] protects the [Andrew Greenberg's] interest in [his] financial information," *Optimal Logistics LLC v. AG Plus Express, LLC*, No. 618CV2224ORL41GJK, 2019 WL 13248327, at *3 (M.D. Fla. Dec. 19, 2019), absent a "relevant or compelling reason to compel disclosure." *Mogul v. Mogul*, 730 So. 2d 1287, 1290 (Fla. 5th DCA 1999); *See also Friskney v. Am. Park & Play, Inc.*, No. 04-80457-CIV, 2005 WL 8156048, at *2 (S.D. Fla. Nov. 2, 2005) ("[T]he Court recognizes that the right of privacy guaranteed by the Florida Constitution protects the financial information of private persons, unless there is a relevant and compelling need to compel disclosure."). As mentioned above, none of the entities are connected to Plaintiff's alleged claims of injury. Thus, to the extent Plaintiff seeks discovery into these entities now, he is seeking discovery into Andrew Greenberg's financial status; discovery which, again, is impermissible. Likewise, this request is objectionable because it requests unnecessary financial information, which is also protected by the Florida Constitution.

**Interrogatory No. 9:** For the period of January 1, 2016, to the present, identify payments made by, or on behalf of, Andrew Greenberg for legal fees of A.B., Joe Ellicot, and ▮▮▮▮▮▮▮▮.

**Answer:**

None.

## **VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, Andrew Greenberg, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

_____
Andrew Greenberg
Date: September 7, 2023

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 7, 2023, I served a copy of the foregoing by electronic mail to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

    *Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG, INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL
SPECIALTY GROUP, LLC, and A.B.,

    *Defendants*.

Case No.: 6:23-cv-871-JA-DCI

**AWG, INC.'S RESPONSES TO INTERROGATORIES**

Defendant AWG, Inc., pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, hereby objects and responds to Plaintiff's Interrogatories served on June 29, 2023 (the "Interrogatories") and states as follows:

**PRESERVATION OF PRIVILEGE AND SPECIFIC
OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

To the extent the Interrogatories, together with their accompanying Definitions and Instructions, seek information that is protected from disclosure by the work-product

the charges and proceedings against Joel, the Greenbergs allegedly agreed to fund a scheme to reduce Joel's criminal sentence by implicating Dorworth in Joel's crime, injuring Dorworth in April 2021. *See* Doc. 62 ¶ 43 (alleging criminal proceedings "occurred between June 2020, when he [Joel] was first charged, and December 2022, when [Joel] Greenberg was sentenced"); ¶ 44 (first knowledge of proceedings when Joel was indicted); ¶ 283 (conspiracy "to influence . . . testimony" in that proceeding to lessen Joel's sentence); ¶ 107 (that "[Joel's] problems became [his] problems, [as] Dorworth … and others were implicated" by Joel and A.B.); ¶ 359 (alleged job loss on April 9, 2021, from being "falsely implicated."); *see also McArdle v. City of Ocala, FL*, 451 F. Supp. 3d 1304, 1308 (M.D. Fla. 2020) (discovery must be proportional to needs of the case).

AWG, Inc. also objects that this request is overbroad because Plaintiff's blanket request for information as to entity ownership that amounts to financial discovery that, barring a claim for punitive damages, "is not appropriate until after a judgment is entered." *In re: Fiddler's Creek, LLC*, No. 2:14-CV-379-FTM-29CM, 2016 WL 3906927, at *3 (M.D. Fla. July 19, 2016) (collecting cases); *see also Jeld-Wen, Inc. v. Nebula Glass Int'l Inc.*, No. 07-22326-CIV, 2008 WL 11333314, at *4 (S.D. Fla. Feb. 26, 2008) ("[D]iscovery of personal financial information is ordinarily limited to discovery in aid of execution, where punitive damages are sought, or where the financial information is relevant to the subject matter of the pending action."). Additionally, "article 1, section 23 [of the Florida Constitution] protects the [AWG, Inc.'s] interest in [its] financial information," *Optimal Logistics LLC v. AG Plus Express, LLC*, No. 618CV2224ORL41GJK, 2019 WL 13248327, at *3 (M.D. Fla. Dec. 19, 2019), absent a "relevant or compelling reason to compel disclosure." *Mogul v. Mogul*, 730 So. 2d 1287, 1290 (Fla. 5th DCA 1999); *See also Friskney v. Am. Park & Play, Inc.*, No. 04-80457-CIV, 2005 WL 8156048, at *2 (S.D. Fla. Nov. 2, 2005) ("[T]he Court recognizes that the right of privacy guaranteed by the Florida Constitution protects the financial information of private persons, unless there is a relevant and compelling need to compel disclosure."). As mentioned above, none of the entities are connected to Plaintiff's alleged claims of injury. Thus, to the extent Plaintiff seeks discovery into these entities now, he is seeking discovery into AWG, Inc.'s financial status; discovery which, again, is impermissible. Likewise, this request is objectionable because it requests unnecessary financial information, which is also protected by the Florida Constitution.

**Interrogatory No. 7:** For the period of January 1, 2016, to the present, identify payments made by, or on behalf of, AWG, Inc., for legal fees of A.B., Joe Ellicot, and ▮▮▮▮▮▮▮▮▮▮.

**Answer:**

None.

11

## **VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, Andrew Greenberg, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

                                                        Andrew Greenberg
                                                        President, AWG, Inc.
                                                        Date: September 7, 2023

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2023, I served a copy of the foregoing by electronic mail to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>*Plaintiff*,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>*Defendants*. | Case No.: 6:23-cv-871-JA-DCI |

**SUSAN GREENBERG'S RESPONSES TO INTERROGATORIES**

Defendant Susan Greenberg, pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, hereby objects and responds to Plaintiff's Interrogatories served on June 29, 2023 (the "Interrogatories") and states as follows:

**PRESERVATION OF PRIVILEGE AND SPECIFIC OBJECTIONS
TO DEFINITIONS AND INSTRUCTIONS**

To the extent the Interrogatories, together with their accompanying Definitions and Instructions, seek information that is protected from disclosure by the work-product

1290 (Fla. 5th DCA 1999); *See also Friskney v. Am. Park & Play, Inc.*, No. 04-80457-CIV, 2005 WL 8156048, at *2 (S.D. Fla. Nov. 2, 2005) ("[T]he Court recognizes that the right of privacy guaranteed by the Florida Constitution protects the financial information of private persons, unless there is a relevant and compelling need to compel disclosure."). As mentioned above, none of the entities are connected to Plaintiff's alleged claims of injury. Thus, to the extent Plaintiff seeks discovery into these entities now, he is seeking discovery into Susan Greenberg's financial status; discovery which, again, is impermissible. Likewise, this request is objectionable because it requests unnecessary financial information, which is also protected by the Florida Constitution.

**Interrogatory No. 9:** For the period of January 1, 2016, to the present, identify payments made by, or on behalf of, Sue Greenberg for legal fees of A.B., Joe Ellicot, and ▮.

**Answer:**

None.

**Interrogatory No. 10:** Identify (a) individuals retained by or on behalf of Sue Greenberg to investigate or surveil Chris Dorworth, Rebekah Dorworth, or their business enterprises, (b) the dates performed, and (c) documents regarding any such investigation or surveillance.

**Answer:**

None.

## **VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, Susan Greenberg, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

*Susan R. Greenberg*
Susan Greenberg
Date: September 7, 2023


Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER &
WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 7, 2023, I served a copy of the foregoing by electronic mail to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111