# EXHIBIT 25

# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>    Plaintiff,<br><br>vs.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., and GREENBERG DENTAL SPECIALTY GROUP, LLC,<br><br>    Defendants. | Civil Action No. 6:23-cv-00871 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S SECOND SET OF INTERROGATORIES TO PLAINIFF

Plaintiff Chris Dorworth, pursuant to Rules 26 and 33, Federal Rules of Civil Procedure, hereby objects and responds to Defendants Andrew Greenberg, Susan Greenberg and AWG, Inc.'s Interrogatories served on July 25, 2024 (the 2nd Interrogatories") and states as follows:

### PRESERVATION OF PRIVILEGE AND SPECIFIC OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

To the extent the Interrogatories, together with their accompanying Definitions and Instructions, seek information that is protected from disclosure by the work-product doctrine, attorney-client privilege, constitutional and statutory

protections on privacy, joint defense or common interest privilege, and/or any other applicable privilege or protection from disclosure, Plaintiff intends to assert and protect all applicable privileges, and does not intend to, and expressly does not, waive any applicable privilege or protection in answering or otherwise responding to these 2nd Interrogatories. The inadvertent disclosure of any privileged or otherwise protected documents or information shall not be deemed or construed to constitute a waiver of any applicable privilege, doctrine, or immunity. Plaintiff further objects to the 2nd Interrogatories to the extent they attempt to impose obligations beyond the Federal Rules of Civil Procedure and applicable law.

**SPECIFIC OBJECTIONS, RESERVATION OF RIGHTS, AND RESPONSES TO INDIVIDUAL INTERROGATORIES**

The following responses are based upon information and/or documents currently within Plaintiff's possession, custody or control and, except for explicit facts stated herein, no incidental or implied admissions, are intended hereby. Plaintiff anticipates that during the course of investigation and discovery, he may obtain additional information or discern the relevance or importance of facts not yet known. Accordingly, Plaintiff provides these responses without prejudice to, and subject to, reservation of his right to provide subsequently discovered facts or interpretation thereof, or to add to, modify or otherwise amend these responses. The information contained in these responses is true and correct to the best of Plaintiff's knowledge at this time but is subject to correction of inadvertent errors or omissions,

2

if any are found to exist. The fact that Plaintiff has responded to any Interrogatory is not intended to and shall not be construed as a waiver of all or any part of any objection to any Interrogatory.

**Interrogatory No. 12:** Identify, in one-hour increments, your approximate location(s) for each hour of the day on July 15, 2017. If you were at more than one location in an hour, identify each location visited. For each location identified, provide the closest physical or mailing address and the name of the location, if available, sufficient to identify the location through ordinary mapping tools like Google Maps.

**Answer:** Plaintiff objects to this interrogatory (composed of 24 subparts) as it exceeds the number of allowed interrogatory requests each party may serve upon another party, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiff also object to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case in seeking information without any reasonable limitation, including without identification of participants, without connect to the operative claims and defenses alleged in this case.

Subject to these objections, Plaintiff cannot recall, with minute accuracy, his location, broken down by hour, on July 15th, 2017, beyond what Plaintiff has testified

3

as to his recollection at his deposition, taken by defendants on August 6th and August 7th of 2024.

Plaintiff generally recalls the day in question, but cannot identify, by precise hour, his exact location at any one specific time. Plaintiff was with his friend, Randall Morris, at approximately 6 PM on July 15th, based upon the time of a photograph Plaintiff took while on Mr. Morris's boat.

**Interrogatory No. 13:** For each location identified in your response Interrogatory 12 above, identify the individuals who accompanied you at each location.

Consistent with the definition of "identify," for each person identified, provide the person's full name, last known address, home and business telephone numbers, present occupation or business affiliation, and present or last known place of employment, and job title or role.

**Answer:** Plaintiff objects to this interrogatory (composed of 24 subparts) as it exceeds the number of allowed interrogatory requests each party may serve upon another party, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiff also object to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case in seeking information without any reasonable limitation, including without identification of participants, without connect to the operative claims and defenses alleged in this case.

Subject to these objections, Plaintiff cannot recall, with minute accuracy, his location, broken down by hour, on July 15th, 2017, beyond what Plaintiff has testified as to his recollection at his deposition, taken by defendants on August 6th and August 7th of 2024.

Plaintiff generally recalls the day in question, but cannot identify by precise hour, his exact location at any one specific time. Plaintiff was with his friend, Randall Morris, at approximately 6 PM on July 15th, based upon the time of a photograph Plaintiff took while on Mr. Morris's boat.

**Interrogatory No. 14:** Identify, in the same manner as requested in Interrogatory 12—in one-hour increments—your approximate location(s) for each hour of the day on July 16, 2017. If you were at more than one location in an hour, identify each location visited. For each location identified, provide the closest physical or mailing address and the name of the location, if available, sufficient to identify the location through ordinary mapping tools like Google Maps.

**Answer:** Plaintiff objects to this interrogatory (composed of 24 subparts) as it exceeds the number of allowed interrogatory requests each party may serve upon another party, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiff also object to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case in seeking information

5

without any reasonable limitation, including without identification of participants, without connect to the operative claims and defenses alleged in this case.

Subject to these objections, Plaintiff cannot recall, with minute accuracy, his location, broken down by hour, on July 16th, 2017, beyond what Plaintiff has testified as to his recollection at his deposition, taken by defendants on August 6th and August 7th of 2024.

**Interrogatory No. 15:** For each location identified in your response [to] Interrogatory 14 above, identify— as you did in response to Interrogatory 13—the individuals who accompanied you at each location.

**Answer:** Plaintiff objects to this interrogatory (composed of 24 subparts) as it exceeds the number of allowed interrogatory requests each party may serve upon another party, pursuant to Rule 33 of the Federal Rules of Civil Procedure. Plaintiff also object to this interrogatory as vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the case in seeking information without any reasonable limitation, including without identification of participants, without connect to the operative claims and defenses alleged in this case.

Subject to these objections, Plaintiff cannot recall, with minute accuracy, his location, broken down by hour, on July 16th, 2017, beyond what Plaintiff has testified as to his recollection at his deposition, taken by defendants on August 6th and August 7th of 2024.

## **VERIFICATION OF ANSWERS TO INTERROGATORIES**

I, Christopher Dorworth, believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief. I verify as such under penalty of perjury under 28 U.S.C. § 1746.

_____
Christopher Dorworth
Date: August 26th, 2024

        */S/ Robert Alex Andrade*
Robert Alex Andrade
Florida Bar No. 111337
George R. Mead, II
Florida Bar No. 096490
Charles F. Beall, Mr.
Florida Bar No. 66944
aandrade@mhw-law.com
emead@mhw-law.com
cbeall@mhw-law.com
hmalone@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Christopher E. Dorworth*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26th, 2024, I served a copy of the foregoing by electronic mail to all counsel of record.

        */S/ Robert Alex Andrade*
Robert Alex Andrade
Florida Bar No. 111337