UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>*Plaintiff*,<br><br>v.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUSAN GREENBERG, ABBY GREENBERG, AWG., INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., and GREENBERG DENTAL SPECIALTY GROUP, LLC,<br><br>*Defendants*. | Case No.: 6:23-cv-871-CEM-DCI |

**ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S MOTION TO PARTIALLY SEAL THE REDACTED PORTIONS OF THEIR MOTION FOR ENTITLEMENT TO FEES, COSTS, AND SANCTIONS AND <u>TO SEAL CERTAIN EXHIBITS THERETO</u>**

Under Local Rule 1.11, Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc. (the Greenbergs) seek leave to file Defendants' Motion for Attorney's Fees, Costs, and Sanctions ("Entitlement Motion") under a partial seal and to seal several exhibits thereto[1]:

---

[1] Pursuant to Rule 1.11(b)(8), the Greenbergs attach to this motion unredacted versions of these documents under seal. Note that these materials will still contain redactions to protect the identifying information of the young women who attended parties at Plaintiff's home that are relevant to this action—as well as those redactions required by Federal Rule of Civil Procedure 5.2. Such material was designated confidential by former-Defendant A.B. and later by Defendant Abby Greenberg. The Greenbergs agree that these designations are appropriate and thus have not challenged them. In

- Exhibit 1 – Deposition transcript of A.B.;

- Exhibit 2 – Affidavit of B.G.;

- Exhibit 4 – Deposition transcript of K.M.;

- Exhibit 11 – Hornsby Letter dated October 4, 2021, Bates No. DORWORTH 001075—001102;

- Exhibit 12 – Excerpt of deposition transcript of Michael Fischer (page 49);

- Exhibit 13 – Hornsby Letter dated May 7, 2021, Bates No. DORWORTH 001126–001130;

- Exhibit 19 – Joel Greenberg/Christopher Dorworth Text Message regarding A.B., Bates No. DORWORTH 002190; and

- Exhibit 27 to their Entitlement Motion—a compilation of false or misleading statements by Plaintiff.[2]

In support, the Greenbergs state:

### INTRODUCTION

At the outset of discovery in this case, the parties entered into a confidentiality agreement permitting any party to, "in good faith, designate 'Confidential' any document . . . that consists of or includes non-public information that would reasonably be subject to protection by statute, rule, regulation, or precedent." Doc. 183-3 at 3. Under that provision, Plaintiff has designated a host of depositions, declarations, and other

---

addition, the materials will contain redactions in lieu of the names of individuals engaging in potential misconduct that are not cited in or otherwise relevant to the Entitlement Motion.

[2] Exhibit 27 is only partially redacted, and thus need only be partially sealed.

exhibits discussed in great detail within the Entitlement Motion as confidential.[3] The Greenbergs strongly disagree that these materials qualify for sealing for two reasons. First, Plaintiff has waived his confidentiality designations under the parties' confidentiality agreement by failing to file the required motion to maintain his confidentiality designations within the 10-day period set by the parties' agreement. Accordingly, Plaintiff has waived any basis to assert confidentiality over these materials.[4] Second, Plaintiff cannot overcome the presumption of public access necessary for sealing these documents that merely may cause personal embarrassment and damage to reputation, particularly in light of the public interest concerning public figures such as Plaintiff and Congressman Gaetz. In any event, as the Court has noted, Plaintiff put all of the materials directly at issue by virtue of his complaints.

Despite the Greenbergs disagreement with sealing these materials, and even though Plaintiff has waived his right to assert confidentiality, the Greenbergs file this motion in an abundance of caution to ensure they have complied with the parties' confidentiality agreement and the Local Rules. *See* Doc. 179 at 28:4–16 (explaining that "if you're obligated by your confidentiality agreement to file a motion to seal

---

[3] The Greenbergs are cognizant of the Court's instruction to avoid sealing issues by "referenc[ing] maybe obliquely information that would be in an attachment." Doc. 179 at 30:1–2. But here there simply is no way to reference the information at issue without disclosing it—especially given the fact the Plaintiff has, in bad-faith, designated so many of the documents and depositions at issue as confidential in their entirety. For some of the documents designated confidential in their entirety, Plaintiff promised to provide more limited designations, but never did. *See* Doc. 186-5 at 4.

[4] Given Plaintiff's failure to file any motion to maintain his confidentiality designations, the Greenbergs proactively, and in an abundance of caution, filed a motion to determine that Plaintiff has waived his confidentiality designations. *See* Doc. 186. That motion is still pending and further supports the relief sought in this motion.

3

because something's been designated as confidential . . . then file a motion to seal . . . . If you don't think it should be sealed, just say that.").

Concurrent with this motion to seal, the Greenbergs have filed a redacted version of their motion on the public docket. In the event the Court (as the Greenbergs believe it should) denies Plaintiff's request to partially seal these materials, the Greenbergs request that the Court permit the Greenbergs to file unredacted versions of the Entitlement Motion and exhibits in the public docket. *See* Doc. 179 at 29:5–8 (explaining that filing a redacted motion on the public docket and a motion to seal the unredacted motion is the appropriate way to put the issue before the Court).

Accordingly, the Greenbergs file the instant motion to comply with their obligations pursuant to M.D. Fla. Local Rule 1.11.

## MEMORANDUM OF LAW

A document may be filed under seal where a party shows good cause and a compelling justification. *See Pat. Asset Licensing, LLC v. Bright House Networks, LLC*, No. 3:15-CV-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016). Filing a document under seal in a civil action requires the sealing party to identify, among other things: (A) the reason filing the item is necessary, (B) the reason sealing the item is necessary, and (C) the reason partial sealing, redaction, or means other than sealing is unavailable or unsatisfactory. M.D. Fla. Local Rule 1.11(b)(3). In addition, for any "non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal," the moving party must "certify the name, mailing address, email address, and telephone number" of the non-party as well as the "the means

4

by which . . . the movant served or otherwise delivered the motion to the non-party." M.D. Fla. Local Rule 1.11(b)(7).[5]

Under M.D. Fla. Local Rule 1.11(c), within 14 days of service of a motion to seal, any party with an interest in maintaining the seal may file a memorandum in support of maintaining the seal. Similarly, the parties' confidentiality agreement provides that "[i]f the nondesignating Party intends to submit Confidential Materials . . . to the Court, it shall confer with counsel for the designating Party . . . to determine whether those Parties approve of the materials being filed publicly." Doc. 183-3 § 14. Then, "[i]f any Party wishes for the Confidential Materials . . . to be filed under seal, the filing Party shall file such under seal, however the requesting Party shall assume the obligation to confer over and move the Court to approve maintaining the files under seal." *Id.*

Here, none of the confidentially-designated materials should be sealed.

**1. Plaintiff has waived any claim of confidentiality under the Parties' confidentiality agreement.**

In this case, Plaintiff and his counsel have routinely abused the parties' confidentiality agreement to improperly suppress unfavorable evidence. That agreement anticipates that a party who designates material as confidential must file a motion to

---

[5] The Parties' confidentiality agreement provides that "Confidential Materials produced pursuant to this Agreement may be disclosed or made available only to: . . . j) Any other person who is so designated by order of the United States District Court for the Middle District of Florida, by written agreement of the designating Party, *or as otherwise required by law*." *See* Doc. 183-3 § 9(j) (emphasis added). Because Local Rule 1.11(b)(7) requires serving non-parties with confidentially-designated information, such persons may receive the information without signing the acknowledgement to the parties' confidentiality agreement or otherwise violating the confidentiality agreement.

5

maintain such designation within 10-days of receiving a challenge to the designation by another party. *See id.* § 15 ("The Party receiving Confidential or AEO Materials may challenge the designation at any time . . . . If the designating Party intends to maintain the designation, they must file a motion directed to [the Court] . . . within ten (10) days . . . . The Parties agree to treat materials designated [as confidential] . . . unless and until . . . the designating Party fails to file a motion . . . within the [10-day] period set forth above.").

As explained in the Greenbergs' motion to determine confidentiality, Plaintiff has repeatedly designated materials confidential, but then failed to file a motion to maintain that confidentiality designation within 10 days, as required by the parties' agreement. *See* Doc. 186 at 4–7. Specifically, the Greenbergs issued a series of challenges to Plaintiff's confidentiality designations under their agreement. *See* Doc. 186-2 (July 31, 2024 letter challenging, as relevant here, Plaintiff's designation of A.B., K.M., and Michael Fischer's entire deposition transcripts as confidential); Doc. 186-3 (August 3, 2024 letter challenging, as relevant here, Plaintiff's designation of DOR-WORTH 002190, DORWORTH 001126–001130, and DORWORTH 001075—001102 as confidential).

The Greenbergs letter dated July 31, 2024, Doc. 186-2, joined in an earlier challenge issued by then-Defendant A.B, Doc. 186-4. Even so, Plaintiff took the position that "the PARTY wishing to challenge the designation had to challenge and we had 10 days to respond to that challenge." Doc. 186-5 at 1. Thus, according to Plaintiff, the Greenbergs could not join A.B.'s earlier challenge, which afforded Plaintiff until

6

August 9th to file a motion. *Id.* at 2. Without accepting that interpretation, the Greenbergs agreed to allow Plaintiff until August 9th "to de-designate or move the court to maintain the designations for the transcripts of AB, Mr. Fischer, and [K.M.]." *Id.* at 1. Plaintiff, however, did neither. Plaintiff also missed his deadline to maintain confidentiality over DORWORTH 002190, DORWORTH 001126–001130, and DORWORTH 001075–001102, which was due by August 13, 2024 based on the Greenbergs' August 3 letter. Doc. 186-3.

Later, counsel for the Greenbergs reached out to counsel for Plaintiff to clarify Plaintiff's waiver and to confer on a separate issue relating to tax returns. Doc. 186-8 at 3. The parties then held a telephonic conferral on the tax return issue. During that conferral, counsel for Plaintiff separately asked for more time to file a motion to maintain his confidentiality designations. In response, counsel for the Greenbergs suggested that counsel for Plaintiff send an email requesting additional time to file a motion to maintain confidentiality, if he intended to do so. Plaintiff's counsel then emailed that request, seeking just over a week from the day of the request (until Friday, September 6, 2024) to file "a motion for protective order regarding . . . certain minor portions of the deposition transcript's [sic] of Mike Fisher [sic], A.B.[,] and K.M." *Id.* at 2. Counsel for the Greenbergs responded that Plaintiff "ha[s] waived any claim of confidentiality . . . by failing to file a motion within 10 days of our formal challenges." *Id.* at 1. However, as a professional courtesy, the Greenbergs would "agree not to file any of the documents or portions of transcripts you have marked confidential on the open docket until after Wednesday, September 4, 2024," but warned Plaintiff that he needed

7

to file "on or before that date." *Id.* at 1–2. But Plaintiff never moved to maintain any of his confidentiality designations.

Additionally, when B.G. signed her declaration on September 3, 2024, Plaintiff immediately designated it as confidential. Ex. A at 2. The Greenbergs challenged that designation the same day—making Plaintiff's deadline to move to maintain that designation September 13, 2024. *Id.* at 1. Again, Plaintiff failed to file any motion to maintain that designation.

On September 6, the day after Plaintiff voluntarily dismissed his case, counsel for the Greenbergs filed a motion to determine the confidentiality of these items based on Plaintiff's failure to file a motion to maintain the confidentiality designations pursuant to the parties' confidentiality agreement. Doc. 186. That motion previewed that the Greenbergs would be filing the Entitlement Motion. *Id.* at 1.

Hours before the Greenbergs filed their motion to determine confidentiality, but after conferring on the motion, Plaintiff sent an email "reassert[ing] his prior designations of material previously designated as confidential and AEO." Ex. B at 2. The next day, Saturday September 7, 2024, Plaintiff also attempted to retroactively designate as confidential the entire deposition transcripts of Plaintiff Christopher Dorworth's two-day deposition. *See* Ex. B at 1. He did so after he took no action for weeks to designate the deposition as confidential[6] and after the transcripts were previously filed in the

---

[6] Plaintiff's deposition took place over August 6 and 7, 2024.

public docket[7] at Docs. 183-5 and 183-6. The same day, the Greenbergs challenged the designation as being made in bad faith, again triggering Plaintiff's requirement to file a motion to maintain the confidentiality designation within 10 days—expiring on September 17, 2024. *Id.* at 1. Despite Plaintiff's apparent urgency to maintain his deposition transcript as confidential when he learned of the forthcoming Entitlement Motion, Plaintiff's 10-day deadline passed and he did not file any motion to maintain its confidentiality.

Despite the Greenbergs' numerous and repeated challenges to Plaintiff's confidentiality designations, Plaintiff has not sought to maintain *any* of his confidentiality designations throughout the case, despite knowing that the Greenbergs would be relying on such materials in their Entitlement Motion. More bizarrely, Plaintiff has taken no action to either seal or otherwise remove Plaintiff's alleged "confidential" deposition transcripts from the public docket, which have since been accessed, downloaded, and made available by news outlets. *See, e.g.*, Mike DeForest, *Ex-Florida lawmaker dismisses defamation lawsuit against Joel Greenberg*, ClickOrlando.com (Sept. 6, 2024), https://www.clickorlando.com/news/local/2024/09/06/ex-florida-lawmaker-dismisses-defamation-lawsuit-against-joel-greenberg/ (last visited September 19, 2024) (linking to PDF downloads of Plaintiff's deposition transcripts); *see also Ward Edwards, Inc. v. Devlin Group, Inc.*, 3:16-MC-60-J-32PDB, 2018 WL 11466152, at *2 (M.D. Fla.

---

[7] The Greenbergs redacted only the names of the young women who were involved in the sex parties at issue.

9

May 31, 2018) (denying motion to seal where the same information was sitting on a public docket and had not been sealed).

In short, Plaintiff has waived any entitlement to claim confidentiality over the materials at issue and he should be estopped from making any such arguments now. *See* Doc. 186.

### 2. Plaintiff cannot overcome the presumption of public access.

Even if Plaintiff had not waived his confidentiality designations, he cannot overcome the presumption of public access because Plaintiff merely seeks to keep embarrassing and reputational information confidential. Indeed, "[e]xposure comes with the territory of seeking court intervention: if a plaintiff claims harm to his personal and professional reputation . . . , his business and personal relationships may be publicly scrutinized." *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1260 (S.D. Fla. 2019). For this reason, "[t]he mere fact that the production of records may lead to a litigant's embarrassment" or "incrimination . . . will not, without more, compel the court to seal its records." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Plaintiff alleges throughout his complaint that the Greenbergs were part of a RICO conspiracy to frame both himself and Gaetz relating to interactions with a minor. *See, e.g.*, Doc. 61 ¶¶ 87–107; *see* Doc. 61 ¶¶ 118–29 (section of complaint titled, "Greenberg, Abby, A.B. and others Conspire and Cooperate to Frame Dorworth, Gaetz, and Others."). In other words, Plaintiff put potentially embarrassing information at issue in a case involving public figures—indeed, Plaintiff is a former state representative, majority-leader designate, and speaker-designate for the Florida House

of Representatives, while Gaetz is a sitting member of the U.S. House of Representatives. Doc 61 ¶ 14. Plaintiff framed his case to involve his "close friend" Gaetz, Doc. 1-1 ¶¶ 339, 786–87), *see generally* Doc. 62 (naming "Gaetz" in 39 separate paragraphs); Doc. 1-1 (naming "Gaetz" in 52 separate paragraphs), and the public interest in accessing information relating to Plaintiff and Gaetz is high. A simple Google search for "Dorworth Gaetz Greenberg" (without quotes) reveals numerous news articles covering this case, some of which include quoted comments from Dorworth's counsel. This is consistent with Magistrate Judge Irick's previous comments during a hearing on a motion to compel:

> This is a case of public importance. It is one that there may be media interest in, and it's one that involves important issues. And the interest in sealing this to protect—I'm not seeing any confidentialities that would really overwhelm the First Amendment right for the public to see this case, especially when a plaintiff brings claims in relation to their marriage and spouses and the kind of intimate issues in this case which are laid out in extreme detail in the—in the complaint. I am unlikely to seal anything because it all seems relevant. It's been made relevant by the allegations in the complaint.

Doc. 179 at 27:7–17.

Though the Greenbergs contend none of the information at issue is subject to a seal, in an abundance of caution the Greenbergs have redacted their Entitlement Motion where it references designated materials, and have avoided filing such designated materials in the public record[8] because the parties' confidentiality agreement provides that an assertion of confidentiality is a representation that the covered materials are

---

[8] As noted, the deposition transcripts of Plaintiff are already in the record.

"subject to protection by statute, rule, regulation, or precedent." Doc. 183-3 § 2. Local Rule 1.11 also suggests that a party must move to seal when a non-party may "ha[ve] an interest in establishing or maintaining the seal." *See* M.D. Fla. Loc. R. 1.11(b)(7).

And because the item to be sealed or partially sealed is a motion for fee entitlement and several exhibits, through which the Greenbergs must establish (among other things) that Plaintiff's Florida RICO claim lacked "substantial fact or legal support," § 772.104(3), Fla. Stat., the Greenbergs must necessarily detail the evidence adduced in the underlying case to show that Plaintiff's claims lacked substantial fact or legal support. Accordingly, filing the allegedly confidential information is necessary. As for the need to seal, the Greenbergs contend that the Entitlement Motion and its exhibits do not contain confidential information and should not be sealed or partially sealed. They also contend that redactions would strip the Entitlement Motion of material support and context. *See also* Doc. 179 at 29:21–23 ("[I]f the Court's going to rule on and issue an order based on the information that's sealed, the information's going to be public."). The Greenbergs believe the seal should last only long enough for Plaintiff or any third party to make any arguments they might wish to make in favor of maintaining the seal. Thus, the Greenbergs request a seal that lasts only until 14 days after this Court has determined that a seal is unwarranted, in accordance with Local Rule 1.11(d).

As for non-party interest, Congressman Gaetz is a non-party who may have an interest in establishing or maintaining a seal of certain items identified herein. Specifically, Gaetz may have an interest in establishing or maintaining a seal of the

12

Entitlement Motion, Exhibit 1 (deposition transcript of A.B.), and Exhibit 4 (deposition transcript of K.M.).

Gaetz is represented by attorney Marc Fernich of the Law Office of Marc Fernich. Mr. Fernich's contact information is the following: Email: maf@fernichlaw.com; Address: 800 Third Avenue, Floor 20, New York, NY 10022; Phone: 212-446-2346. On September 19, 2024, the undersigned delivered to Gaetz, via email to his counsel, Mr. Fernich, this motion along with Exhibits A and B thereto, and an unredacted version[9] of the Entitlement Motion, Exhibit 1 (deposition transcript of A.B.), and Exhibit 4 (deposition transcript of K.M.).

Plaintiff will be served via email an unredacted version[10] of this motion and all exhibits thereto, along with all counsel of record, immediately after this motion is filed.

### LOCAL RULE 3.01(g) CERTIFICATION

Counsel for the Greenbergs conferred with counsel for Plaintiff regarding this motion via videoconference on September 13, 2024. Plaintiff does not oppose the requested relief to seal the proposed materials.

Respectfully submitted,

*/s/ Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter

---

[9] See Note 1 regarding redactions that remain.

[10] See Note 1 regarding redactions that remain.

> Florida Bar No. 1018135
> KING, BLACKWELL, ZEHNDER &
> WERMUTH, P.A.
> P.O. Box 1631
> Orlando, FL 32802-1631
> Telephone: (407) 422-2472
> Facsimile: (407) 648-0161
> fwermuth@kbzwlaw.com
> dmauser@kbzwlaw.com
> qritter@kbzwlaw.com
>
> *Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 19, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

> /s/ Frederick S. Wermuth
> Florida Bar No. 0184111

14