## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

               Plaintiff,

vs.

JOEL MICAH GREENBERG, ANDREW
W. GREENBERG, SUE GREENBERG,
ABBY GREENBERG, AWG, INC.,
GREENBERG DENTAL ASSOCIATES,
LLC, GREENBERG DENTAL &
ORTHODONTICS, P.A., GREENBERG
DENTAL SPECIALTY GROUP, LLC,
and A.B.,

               Defendants.

Civil Action No. 6:23-cv-00871

## PLAINTIFF'S OPPOSITION TO DEFENDANT AWG, INC. AND ANDREW AND SUSAN GREENBERG'S TIME SENSITIVE MOTION TO DETERMINE CONFIDENTIALITY

Plaintiff, Chris Dorworth, by and through undersigned counsel, hereby submits to the Court his opposition to Defendants AWG, Inc., and Andrew & Susan Greenberg's (jointly "the Family") Time-Sensitive Motion to Determine Confidentiality [Doc. 186].

## BASIS FOR PLAINTIFF'S OPPOSITION

In support of this opposition, Plaintiff submits the accompanying Memorandum below.

## MEMORANDUM IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER

### Preface Regarding Jurisdictional Issues

The Eleventh Circuit "has made abundantly clear that Rule 41(a)(1) voluntary dismissal disposes of the entire action," and is "effective immediately upon filing." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021), cert. denied, 142 S. Ct. 1413, 212 L. Ed. 2d 402 (2022). "[T]he district court is immediately deprived of jurisdiction . . . ." *Id*.

Rule 41(a)(1)(A)(i)'s purpose is instructive: it is "intended to preserve the plaintiff's ability to control the lawsuit early in the litigation and permits voluntarily dismissing the federal action without a court order" in favor of "action in state court." *Daniels v. Gov't Emples. Ins. Co.*, No. 8:19-cv-2612-KKM-SPF, 2022 U.S. Dist. LEXIS 8590, at *9 (M.D. Fla. Jan. 18, 2022), citing *Sargeant v. Hall*, 951 F.3d 1280, 1287 (11th Cir. 2020). The subsection is "frequently used in th[e] situation when a plaintiff, who is unwilling to prosecute the action in federal court, wishes to dismiss in order to start a new action in state court." *Sargeant*, at 1287.

The Family is asking this Court to assert jurisdiction to interpret and rule upon a private contract, in order to allow the publication of **new** evidence not of record, to weigh the substantive and disputed merits of one cause of action, **after** the case has been dismissed. The Family's attempt to (1) litigate the merits of the dismissed Florida Civil RICO cause of action, to (2) persuade the Court to weigh documentary and testimonial evidence never made of record before the Court's jurisdiction concluded, and to (3) assess multiple witnesses' credibility, is

2

improper given the Court's federal question basis for jurisdiction[1] prior to dismissal.

The Family is not merely asking the Court to revive jurisdiction to rule upon the legal merits of their motion to dismiss [Doc. 77], which was disposed of by the dismissal of the case pursuant to 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. The Family is, in effect, asking the Court to entertain a post-dismissal summary judgment motion or evidentiary hearing requiring determinations of credibility of factual allegations that are firmly contested by the parties.

These disputed issues of fact continue to be the subject of an active state court proceeding[2] , one which such rulings by this Court could improperly prejudice. Once the federal question has been dismissed, a court errs in ruling on the factual merits of state claims under supplemental jurisdiction. *Williams v. Wimes*, No. 23-12437, 2024 U.S. App. LEXIS 8744, at *2 (11th Cir. Apr. 11, 2024)(supplemental jurisdiction state claims should not have been kept, but the trial court was mandated "to amend its judgment to reflect the dismissal of those claims without prejudice.") citing *Silas v. Sheriff of Broward Cnty.*, 55 F.4th 863, 866 (11th Cir. 2022) ("A district court . . . will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed.")

---

[1] [Doc. 1] Notice of Removal based upon Federal Question and Supplemental Jurisdiction;
[2] Case No.: 2024-CA-001151 in the Circuit Court of the 18th Judicial Circuit, in and for Seminole County, Florida

## I.       PROCEDURAL BACKGROUND

Plaintiff alleged in this case that Defendants committed and combined to commit acts constituting defamation per se and criminal conspiracy which caused harm to Plaintiff and his reputation. To that end, Plaintiff filed his original verified amended complaint (Doc. 1-1) on April 7, 2023 in the Circuit Court of the 18th Judicial Circuit, in and for Seminole County, Florida. That case was removed by Defendants to this Court, relying on this Court's "subject matter jurisdiction" over Plaintiff's Federal Civil RICO claims on May 10, 2023. [Doc. 1].

Plaintiff filed his verified amended complaint on August 8, 2023. [Doc. 62].

The defendants variously filed motions to dismiss the verified amended complaint in August of 2023. [Doc. 77, 79, 80, 81, 82]. At the time the case was voluntarily dismissed and closed by the Court, defendants' motions had not been ruled upon.

Upon the commencement of discovery, the parties executed a confidentiality agreement (the "Agreement") governing the lawsuit. Ex. 1. The Agreement's purpose was to protect documents and testimony which contained, among other things, "sensitive personal information," without burdening the discovery process with additional delay and expense. Ex. 1 at 1.

All parties executed the Agreement.

The Agreement states that it "shall survive the final disposition of the Lawsuit..." and that "[n]o later than thirty (30) days following final disposition of the Lawsuit... the Parties shall assemble and return to the designating Party all Confidential Materials and AEO Materials, including any copies, extracts, and summaries of same, or, by mutual written agreement, shall certify in writing that the Confidential, and AEO Materials have been destroyed..." Ex. 1 at 10 - 11.

On September 10, this Court entered its order directing the Clerk of Court to close this case upon Plaintiff's Notice of Voluntary Dismissal without prejudice [Doc. 185] and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [Doc. 187]. At that time no motion for fees, pleaded claim for fees, or demand for relief by attorney fee recovery had been filed in the case, not even in respect to the defendants' motions to dismiss. The Court did not retain jurisdiction to rule upon the motion for attorney's fees now filed by the Family. [Doc. 194].

On September 4, the Family filed with this Court their Opposition to Plaintiff's Motion for Protective Order pursuant to that Agreement and rules of Court. [Doc. 183]. Attached as Exhibit 5 to the Family's opposition was the full transcript of the Deposition of Chris Dorworth, which had been completed on August 7, 2024. The Agreement states that "All deposition and legal proceeding transcript shall be treated as containing Confidential Materials for the thirty (30)

day period after the designating Party has a received a copy of the transcript. Ex. 1 at 4.[3]

On Friday, September 6, 2024, counsel for Plaintiff emailed all counsel of record and inquired of all counsel of record how they would prefer to dispose of the records designated as confidential and attorney's eyes only. Ex. 2. Counsel for Plaintiff, at that time, reasserted all of Plaintiff's prior designations of material as either confidential or AEO. Ex. 2.

After counsel for Plaintiff had sent this email and reasserted his designations, the Family filed their Time-Sensitive Motion to Determine Confidentiality. [Doc. 186].

Plaintiff is now in the untenable position of seeking relief from this Court against the filing of an unknown universe of documents. All that Plaintiff is capable of discerning from the Family's Time-Sensitive Motion to Determine Confidentiality [Doc. 186] is that the Family challenges "all confidentiality designations…" [Doc. 186 at 2].

The Family filed their Motion for Entitlement to Attorney's Fees at 10:36 PM on September 19, 2024.

At 1:40 AM on September 20, 2024, undersigned counsel received an email from a purported member of the media, asking for comment on the Family's

---

[3] The 30 day period had not yet expired at that time, and Plaintiff believes such filing is a violation of the Agreement.

motion. Ex. 3.[4]  Unbeknownst to undersigned counsel, the purported member of the media published an article discussing the Family's motion at 1:35 AM. Ex. 4.

There is no question that discovery, as it was contemplated under the Agreement, is now closed. While the Family and presumably other defendants may desire to submit motions to the Court arguing entitlement to fees, Plaintiff contests these motions as moot and has filed a Suggestion of Mootness to that effect. [Doc. 191].

In the event the Court determines that the questions the Family desires to submit to the Court are not in fact, moot, Plaintiff must seek appropriate relief either from the Court or collaterally from any harm caused by the Family or other defendant's violations of the Agreement.

As undersigned counsel has maintained since as early as September 7, 2024, "the case was dismissed... All items asserted as confidential remain confidential upon the dismissal of the case, and any disclosure of confidential material by opposing counsel will be addressed in a *separate pleading* as a violation of the confidentiality agreement." Ex. 3 (emphasis added).

## II.   LEGAL STANDARDS APPLICABLE

"Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for **improper**

---

[4] The parties agree that the identifying name of the individual referenced as B.G. in the Family's Motion for Fees [Doc. 194] and the Family's Motion to Seal [Doc. 195 footnote 1 at 1] should be maintained as confidential. Plaintiff redacted B.G.'s full name in compliance with prior designations of B.G. name as confidential.

**purposes**." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978)(emphasis added).Because a district court's decision to seal its records is an exercise of its inherent supervisory power, such decisions are reviewed only for abuse of discretion. *Valley Broadcasting Co. v. United States Dist. Court*, 798 F. 2d 1289, 1294 (9th Cir. 1986).

### *Balancing of Interests and Rights of Access*

"The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assur. Certification, LLC v. Pendolino*, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> by the nature and character of the information in question. *Id*. at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

"The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so. *San Jose Mercury News*, 187 F.3d at 1102. In making the determination, courts should consider all relevant factors, including:

> the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

*Folts v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)(citing *Hagestad v. Tragesser*, 49 F. 3d 1430 (9th Cir. 1995)).

"When a party seeks to seal only particular documents within the record, our task is only "to balance the competing interests of the parties." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.,* 263 F. 3d 1304, 1312 (11th Cir. 2001). "Our case law lists several relevant factors to consider, including 'whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, [and] whether access is likely to promote public understanding of historically significant events.'" *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir.2013) (quoting *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983))." *United States v. Almengo*, 2014 U.S. Dist. LEXIS 171438, *4 (M.D. Fla. Dec. 11, 2014)(citing *Perez-Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1235-36 (11th Cir. 2013)).

9

In this case, the Family never before made a record of the majority of the documents they have now filed in support of their unreserved, untimely and mooted fee claim. [Doc. 194]. The Court has never seen the vast majority of the 27 exhibits included in the Family's motion [Doc. 194], and they were never placed before this Court prior to the dismissal of this case.

Those documents have no legitimate purpose for the merits of the matters over which the Court formerly had jurisdiction, because that jurisdiction ended and the case was closed by the Court. [Doc. 187] The Court's collateral jurisdiction on any basis for fees was not invoked in pleadings nor preserved by rule, motion or Order, while the Court retained jurisdiction over those merits.

Determination of fees on the underlying merits of a claim, if proper at all, should be confined to the record of the matters that were before the Court in the case before it was closed.  New merits materials for merits arguments, submitted after closure, are presumptively laid for an improper purpose when merits jurisdiction has ended, and should be so treated by the Court.

The Family's claim for fees under the Florida Civil RICO Act is tenuous. Plaintiff asserts the same fundamental allegations in his common law conspiracy claim within his active state court action. Case No.: 2024-CA-001151 in the Circuit Court of the 18th Judicial Circuit, in and for Seminole County, Florida.

When considering the factors regarding whether documents should remain sealed or published, the Court can and should consider the harm caused to Plaintiff, and "whether disclosure of the material could result in improper use of

10

the material for scandalous or libelous purposes…" *Hagestad v. Tragesser*, 49 F. 3d 1430 (9th Cir. 1995).

In the present circumstance, the Family filed their motion for fees [Doc. 194] and exactly three (3) hours later, a reporter "miraculously" reviewed the document and published a story. Ex. 4.

The Family's motion for fees includes scandalous and salacious statements of fact, the vast majority of which were never placed before this Court prior to the dismissal of this case; all of which Plaintiff contests. This concern now rises to the point that Plaintiff must consider whether the Family's motion was filed for a proper purpose, in light of the 11ᵗʰ Circuit and Middle District's clear authority outlining that these matters are now moot. There is nothing upon now to proceed in this action, as outlined in Plaintiff's Suggestion of Mootness [Doc. 191] which was filed prior to the Family's Motion for Attorney's Fees [Doc. 194].

Even if this Court (1) reasserts substantive jurisdiction, (2) allows additional substantive discovery, and (3) entertains extensive evidentiary briefing, the Family's motion [Doc. 194] poses a substantial risk of unjustifiably harming Plaintiff's reputation, and that of third parties unrelated to this case, regardless of what Plaintiff files his response to the motion.

### *Jurisdictional Analysis on Litigation-Related Agreements*

*Hagestad* took up a similar question as the one before this Court. The parties had entered into a negotiated settlement agreement over a dispute regarding claims of sexual abuse. *Hagestad v. Tragesser* at 1433.  The settlement agreement

11

contained terms requiring the parties to keep discovery documents confidential. *Id.* The court entered an order of dismissal with prejudice, but did not retain jurisdiction to enforce the settlement agreement. *Id.* at 1433. The State Bar of Oregon attempted to subpoena Hagestad to produce the records of the case. *Id.* at 1144. Hagestad moved to quash the subpoena and enforce the settlement agreement, and the District Court granted Hagestad's motion. *Id.*

The 9th Circuit determined that the District Court lacked jurisdiction to enforce the settlement agreement because it had not retained such jurisdiction in its order, despite the fact the "district court *intended* to retain jurisdiction." *Id.* at 1433. "The district court had jurisdiction over the underlying action between Hagestad and Tragesser based on diversity of citizenship. 28 U.S.C. § 1332(a)(1). That basis for jurisdiction, however, does not necessarily extend to the order now on appeal." *Id.*

More simply, a district court does not retain "inherent" or "ancillary" subject matter jurisdiction to enforce an agreement, even if that agreement was predicated upon the dismissal of a cause of action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 396 (1994). Unlike in *Kokkonen*, the Agreement [Ex. 1] at issue is simply a contract between the parties, the enforcement of which the Court has never asserted jurisdiction.

This Court possessed subject matter jurisdiction related to Plaintiff's claims under the *Federal* Civil RICO statute, yet the Family's Motion for Attorney's Fees is predicated upon the Court retaining jurisdiction to weigh the substantive factual

12

and legal support for Plaintiff's *Florida* Civil RICO claims alone, § 772.104(3), Fla. Stat. [Doc. 194 at 23].

The Family also attempts to shoehorn a Rule 11 motion into its Motion for Attorney's Fees. [Doc. 194 at 27]. The Family is aware that it is improper to file a "motion for sanctions based upon a [matter] when the allegedly offensive [matter] had already been withdrawn by Plaintiffs' voluntary dismissal of the case." *Morroni v. Gunderson*, 169 F.R.D. 168, 171, 1996 U.S. Dist. LEXIS 16148, *6-7 (Oct. 28, 1996).

For a fee entitlement to be preserved for judicial determination, the Family needed to have made something of record supporting their claim *prior* to the loss of the Court's jurisdiction over the merits of the claim. Courts "retain jurisdiction following a Rule 41(a)(1)(A)(i) notice to handle certain collateral matters, such as entertaining Rule 11 sanctions motions filed *prior* to voluntary dismissal." *Shore v. Greenspoon Marder, P.A.*, 2019 U.S. Dist. LEXIS 195233, *8, 2019 WL 5865286 (Oct. 23, 2019, IRICK Mag. J.)(recommended Order adopted *Shore v. Greenspoon Marder, PA*, 2019 U.S. Dist. LEXIS 194919, *1, 2019 WL 5864174 (M.D. Fla., Nov. 8, 2019).

In this circumstance, the Family cannot cite to anything to establish that the Court retained jurisdiction within the record sufficient for the Court to still maintain supplemental or collateral jurisdiction in order to weigh the credibility of testimony and other evidence the Family failed to file prior to dismissal of the case.

Similarly, the Family cannot establish any basis or cite to anything of record supporting their belief that the Court retained jurisdiction to interpret and enforce the terms of the Agreement, a document which the Court never asserted direct jurisdiction over in the first place.

## CONCLUSION

The Family's request is specious.  This Court should not be called upon to interpret and enforce the terms of the Agreement and recoup jurisdiction it has lost to weigh substantive merits of the Florida Civil RICO claim, not to mention rule upon an untimely and improper Rule 11 motion.

This Court, independent of the Agreement, possesses the inherent authority to order any of the documents filed by the Family under seal, based upon the compelling interest, as laid out herein,  to prevent the "improper use of the material for scandalous or libelous purposes…" *Hagestad* at 1434.

**WHEREFORE**, Plaintiff requests this Court deny Defendant's Time Sensitive Motion to Determine Confidentiality as Moot, and order all documents filed by Defendants to be maintained under seal pending the resolution of Defendants' Motion for Attorney's Fees [Doc. 194].

## LOCAL RULE 301(G) CERTIFICATION

On September 13, 2024 counsel for Plaintiff conferred with counsel for Defendants via email on the issues raised in the Family's motion [Doc. 186]. Defendant opposes the relief sought by Plaintiff in this pleading.

*/S/ R. Alex Andrade*
R. Alex Andrade
Florida Bar No. 111337
George R. Mead, II
Florida Bar No. 096490
Charles F. Beall, Mr.
Florida Bar No. 66944
emead@mhw-law.com
cbeall@mhw-law.com
aandrade@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
hmalone@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Christopher E.*
*Dorworth*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 20th day of September, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ R. Alex Andrade*
R. Alex Andrade