UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

      Plaintiff,

v.

JOEL MICAH GREENBERG, ANDREW W.
GREENBERG, SUE GREENBERG, ABBY
GREENBERG, AWG, INC., GREENBERG
DENTAL ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A..
GREENBERG DENTAL SPECIALTY GROUP,
LLC, and A.B.,

      Defendants.

Case No.: 6:23-CV-00871

## CONFIDENTIALITY AGREEMENT GOVERNING LAWSUIT

This Confidentiality Agreement (hereinafter, "Agreement") is entered into between Plaintiff, Christopher Dorworth, and Defendants, Joel Micah Greenberg, Andrew W. Greenberg, Susan Greenberg, Abby Greenberg, AWG, Inc., Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., Greenberg Dental Specialty Group, LLC. and A.B (collectively, "the Parties" or individually a "Party") in connection with the above-referenced matter pending in the United States District Court for the Middle District of Florida with Case Number 6:23-CV-00871 and any subsequent appeals taken of such (hereinafter, "the Lawsuit").

WHEREAS, the Parties acknowledge and agree discovery in this Lawsuit will include confidential, sensitive personal information as well as documents and information that contain or constitute sensitive, confidential, and/or proprietary business and financial information; and

134184599 1

EXHIBIT 1

WHEREAS, the Parties wish to protect the confidentiality of such documents and information while completing discovery in this matter with a minimum of delay and expense;

WHEREAS, in light of the foregoing and for good cause, the Parties acknowledge, stipulate and agree as follows:

1.      Scope of Confidentiality Agreement.  This Agreement governs the production, use, and disclosure of information and materials produced by the Parties in response to their disclosure obligations under the Federal Rules of Civil Procedure; the Local Rules of the United States District Court for the Middle District of Florida; and discovery requests served in this Lawsuit (including, but not limited to, documents, interrogatory answers, responses to requests to admit, and deposition transcripts and exhibits), all information contained in those materials, and all copies, excerpts, or summaries of those materials.

2.      Designation of Confidential Materials.  The Parties may, in good faith, designate "Confidential" any document, thing, material, testimony, or other information ("Discovery Material") that consists of or includes non-public information that would reasonably be subject to protection by statute, rule, regulation, or precedent ("Confidential Materials"), including information or materials that:

      a)      Contain or refer to confidential or sensitive information of Parties, third parties, including employees;

      b)      Contain information that is confidential and privileged as provided by the laws of the State of Florida and/or any other federal or state laws;

      c)      Contain, refer to or constitute trade secrets or other confidential business information including, but not limited to research, development, business or financial information, or other confidential and/or proprietary analyses, company guidelines, policies and procedures, practices, codes, guidebooks, handbooks, market analyses, business valuations, audit reports, commercial information, sales information, customer proprietary information, customer lists, non-public agreements with third parties, materials memorializing or relating to sensitive third party business relationships; and

134184599.1

EXHIBIT 1

d)      If disclosed to a business competitor, would tend to damage the designating Party's competitive position.

3.      Designation of "Attorneys' Eyes Only" Materials. The Parties may, in good faith, designate "Attorneys' Eyes Only" any document, thing, material, testimony, or other information that, in the designating Party's opinion, reflects such highly sensitive or proprietary information that disclosure to another Party would cause personal damage or commercial damage ("AEO Materials"). Only the attorneys for the Parties, including in-house counsel, and any attorney support staff, paralegals, or law clerks, may review materials designated "Attorneys' Eyes Only." The attorneys may not share these documents or the information contained in these AEO Materials with the Parties or any third party except as expressly set forth in this Agreement.

4.      Method of Designation. Confidential and AEO Materials under this Agreement shall be so designated by writing, typing, stamping, or otherwise affixing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of the document that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in a conspicuous manner. In any production, the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents shall each be produced in a separate file from documents not so designated, which shall indicate in the filename that the materials are "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If the materials being produced cannot be so labeled, the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation must be made in some other conspicuous manner.

5.      Confidential Deposition or Proceeding Designations. Portions of deposition and legal proceeding transcripts in which the subject matter or information quoted, paraphrased, discussed or referred to is confidential, shall be subject to the same treatment as Confidential Materials as applicable. Testimony or exhibits may be designated CONFIDENTIAL on the record in the deposition or proceeding or by written notice within thirty (30) days of the designating Party

134184599.1

EXHIBIT 1

receiving the transcript. Upon receipt of the notice, the "CONFIDENTIAL" designation shall be promptly made to the transcripts, including exhibits, and any copies thereof, within the possession, custody, or control of the Parties. All deposition and legal proceeding transcripts shall be treated as containing Confidential Materials for the thirty (30) day period after the designating Party has received a copy of the transcript. The Parties may use Confidential Materials as an exhibit in a deposition, subject to such exhibit being marked CONFIDENTIAL. If deposition testimony concerning Confidential Materials is requested or elicited, counsel for the designating Party may request that the room in which the deposition is being taken shall be closed except to persons who are permitted access to such information under the terms of this Agreement and only for the portion of time that the Confidential Materials are being utilized and/or discussed.

6.      Attorneys' Eyes Only Deposition or Proceeding Designations. In accordance with the terms of this Agreement, the Parties may use AEO Materials as an exhibit in a deposition or hearing only when the witness is the designating Party (or a current officer, director, or employee of the designating Party). AEO Materials may be presented in deposition to a former officer, director, or employee of the designating Party to the extent the AEO Materials were accessible and available to the officer, director, or employee during the period in which the witness was an employee of the designating Party. AEO Materials may also be used as an exhibit in a deposition or hearing when the witness is a designated expert of any Party. If testimony concerning AEO Materials is requested or elicited, counsel for the designating Party may demand that the room be closed except to persons who are permitted access to such information under the terms of this Agreement and only for the portion of time that the AEO Materials are being utilized and/or discussed. Portions of deposition and legal proceeding transcripts in which the subject matter or information quoted, paraphrased, discussed, or referred to as ATTORNEY'S EYES ONLY, shall be subject to the same treatment as AEO Materials.

154184599 1

EXHIBIT 1

Testimony or exhibits may be designated ATTORNEYS' EYES ONLY on the record in the deposition or proceeding or by written notice within thirty (30) days of the designating Party receiving the transcript. Upon receipt of the notice, the "ATTORNEYS' EYES ONLY" designation shall be promptly made to the transcripts, including exhibits, and any copies thereof, within the possession, custody, or control of the Parties. All depositions or legal hearings in which AEO Materials are used or raised shall be treated as ATTORNEYS' EYES ONLY for the thirty (30) day period after the designating Party has received a copy of the transcript.

7.      Failure to Designate. The failure of any Party to designate information or documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with this Agreement, and the failure to object to such a designation, shall not preclude a subsequent designation or objection to the designation of such information or documents as CONFIDENTIAL or ATTORNEYS' EYES ONLY. From the time the designating Party provides written notice of the designation to counsel for the receiving Party, such discovery materials shall be treated in accordance with their designation under this Agreement. The designating Party shall provide the receiving party with a substitute copy of the materials bearing the legend CONFIDENTIAL or ATTORNEYS' EYES ONLY, whereupon the undesignated copies shall be returned to the designating Party or destroyed, as directed by the designating Party.

8.      Use of Confidential Materials . Confidential Materials including any summaries, copies, abstracts, testimony, or documents derived in whole or in part from Confidential Materials, may be used solely in accordance with this Agreement. Except as expressly exempted in this Agreement, the Parties shall use the Confidential Materials only for the purposes of prosecution, defense, or settlement of the Lawsuit or to enforce an award or judgment entered arising from the Lawsuit, and for no other purpose.

5

EXHIBIT 1

9.      Permitted Disclosure of Confidential Materials. Confidential Materials produced pursuant to this Agreement may be disclosed or made available only to:

   a)      A trier of fact or law in the United States District Court for the Middle District of Florida, Orlando Division, where this matter is pending, and any court to which an appeal of the Lawsuit may arise, as well as the courts' administrators, under a request of seal;

   b)      The Parties, including only present officers, directors, and other employees of the Parties, to the extent reasonably necessary for the prosecution, defense or settlement of this Lawsuit;

   c)      The Parties' outside and in-house counsel and their respective support personnel whose functions require access to the Confidential Materials;

   d)      Witnesses, and their counsel, to the extent reasonably necessary to prepare for or give deposition, hearing, or trial testimony in the Lawsuit;

   e)      Outside vendors who perform copying, ediscovery or similar clerical functions, but only for the purposes of performing such services and only so long as necessary to perform those services;

   f)      Court reporters and other persons engaged in preparing transcripts of testimony or proceedings in this Lawsuit;

   g)      Investigators retained by counsel of record for assistance in the preparation or prosecution of claims or defenses in this Lawsuit;

   h)      Experts or consultants (together with their clerical staff) retained by the Parties, or their respective counsel, to assist in the prosecution, defense or settlement of this Lawsuit;

   i)      A mediator or arbitrator charged with resolving the dispute between the Parties; and

   j)      Any other person who is so designated by order of the United States District Court for the Middle District of Florida, by written agreement of the designating Party, or as otherwise required by law.

   Prior to a receiving Party disclosing Confidential Material to persons identified in subparagraphs d, e, g, and h, those persons must review this Agreement and either: (1) sign the Acknowledgement and Agreement to be Bound attached as EXHIBIT A to this Agreement; or (2) agree on the record at a deposition to be bound by the terms of this Agreement.

6

EXHIBIT 1

10.     Use of Attorneys' Eyes Only Materials. AEO Materials. including any summaries,

copies, abstracts, testimony, or documents derived in whole or in part from AEO Materials, may

be used solely in accordance with this Agreement. The Parties shall use the AEO Materials only

for the purposes of prosecution, defense, or settlement of the Lawsuit and for no other purpose.

11.     Permitted Disclosure of Attorneys' Eyes Only Materials. AEO Materials produced

pursuant to this Agreement may be disclosed or made available only to:

    a)     The Court before which the Lawsuit is pending and any court to which an
appeal of the Lawsuit may arise, as well as the courts' administrators, under a request of
seal;

    b)     Law enforcement pursuant to a duly executed subpoena with notice to the
designating Party and to which no objection has been made:

    c)     The Parties' outside and in-house counsel and their respective support
personnel whose functions require access to the AEO Materials; and

    d)     Experts or consultants (together with their clerical staff) retained by the
Parties, or their respective counsel, to assist in the prosecution, defense or settlement of
the Lawsuit.

Prior to a receiving Party disclosing AEO Materials to persons identified in subparagraph

d, those persons must review this Agreement and either: (1) sign the Acknowledgment and

Agreement to be Bound attached as EXHIBIT A to this Agreement; or (2) agree on the record at

a deposition to be bound by the terms of this Agreement.

In the event that counsel for a Party determines in good faith that counsel needs to disclose

AEO Materials to a person other than those set forth above in this paragraph (and outside of a court

order), counsel shall seek the designating Party's written consent to such further disclosure. In the

event that the designating Party is unable or unwilling to consent, counsel may petition the United

States District Court for the Middle District of Florida to authorize further disclosure of the AEO

Materials, taking into consideration alternative measures to appropriately protect the highly

134184599.1

EXHIBIT 1

sensitive and proprietary information. In the event that a Party is subpoenaed or receives another form of court order to produce AEO Materials to a person other than those set forth above in this paragraph, counsel shall immediately notify counsel for the designating Party so that the designating Party has sufficient time to move to quash the subpoena or otherwise challenge the court order.

12.     **Exemptions for Authors and Materials Independently Obtained or Publicly Available.** Nothing in this Agreement shall restrict the Parties from presenting documents or information marked Confidential or AEO to the author of the document; the recipient of the document; or any person identified on the face of the document. The Parties do not waive a Confidential or Attorneys' Eyes Only designation by presenting those materials, in accordance with the terms of this Agreement, to an author or recipient or the person identified on the face of the document. Additionally, regardless of whether the same materials were produced during this Lawsuit, the restrictions hereunder will not apply where Confidential or AEO Materials are lawfully obtained or publicly available to a receiving Party, independent of discovery in this Lawsuit.

13.     **Subpoenas for Confidential Materials or AEO Materials.** If a Party who is not the designating Party is in possession of Confidential Materials or AEO Materials and receives a court order seeking production or disclosure of such materials, the Party shall immediately give written notice to counsel for the designating Party. The notice shall identify the Confidential and/or AEO Materials sought and the deadline for production or disclosure so that the designating Party can move to quash or otherwise object to the order requiring production or disclosure.

114184599 1

EXHIBIT 1

Further, third parties who receive a subpoena in this lawsuit from a Party for information and materials that qualify as CONFIDENTIAL may designate the materials as Confidential in accordance with and be bound by this Agreement.

14.     Filing of Confidential Materials and AEO Materials Under Seal. If the non-designating Party intends to submit Confidential Materials or AEO Materials or any copy, extract, summary, or derivative thereof to the Court, it shall confer with counsel for the designating Party and any other Party that may have an interest in the designation to determine whether those Parties approve of the materials being filed publicly. If any Party wishes for the Confidential Materials or AEO Materials to be filed under seal, the filing Party shall file such under seal, however the requesting Party shall assume the obligation to confer over and move the Court to approve maintaining the files under seal.

15.     Designation Challenges. The Party receiving Confidential or AEO Materials may challenge the designation at any time through conferral with the designating Party. If the designating Party intends to maintain the designation, they must file a motion directed to the United States District Court for the Middle District of Florida or otherwise act in conformity with the Court's practice standards for resolving discovery disputes within ten (10) days of receiving notice of the challenged designation. In the event a designation is challenged, the designating Party bears the burden of proof that such documents and/or information contain or consist of sensitive information, trade secrets, confidential proprietary business information, or are otherwise subject to protection pursuant to applicable law. Further, where an ATTORNEYS' EYES ONLY designation is challenged, the designating Party bears the burden to establish the materials include information that is so highly sensitive or proprietary that the CONFIDENTIAL designation is insufficient to prevent potential commercial and/or personal damage. The Parties agree to treat materials designated

9

134184599.1

EXHIBIT 1

CONFIDENTIAL or ATTORNEYS' EYES ONLY in the manner set forth in this Agreement unless and until the Court rules that the materials may be treated otherwise or should the designating Party fail to file a motion or otherwise act in conformity with the Court's practice standards for resolving discovery disputes within the time period set forth above.

16.     No Waiver of Objections or Privilege. The execution of this Agreement shall not constitute a waiver of any Party's right to withhold information on the grounds of privilege or immunity from discovery, or to object to the production of Confidential or AEO Materials on any legal basis. In the case of inadvertent production of privileged material, upon written request by the designating Party, the receiving Party shall: (a) return the original and all copies of such inadvertently produced privileged documents, or destroy them, if return is impossible; (b) shall not review, copy, or disseminate the privileged documents or information; (c) shall instruct any person to whom such materials have been disseminated of their obligation not to review, copy, or disseminate the materials and of their obligation to return or destroy them; and (d) shall not use such documents or information for any purpose absent further ruling by the Court.

17.     No Admission. The execution of this Agreement, and any disclosure or use of information or documents, in whatever form, pursuant to this Agreement, shall not be deemed an admission, waiver, or agreement by any Party to a designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY nor to the merits of any claims or defenses raised in this Lawsuit.

18.     Continuing Effect and Jurisdiction. This Agreement shall survive the final disposition of the Lawsuit and the employment termination of any person who had access to Confidential or AEO Materials under this Agreement.

19.     Post-Action Return or Destruction. No later than thirty (30) days following final disposition of the Lawsuit, including all appellate proceedings or the expiration of time to commence

{34184599 1}

EXHIBIT 1

such appellate proceedings, the Parties shall assemble and return to the designating Party all Confidential Materials and AEO Materials, including any copies, extracts, and summaries of same, or, by mutual written agreement, shall certify in writing that the Confidential, and AEO Materials have been destroyed except that all attorneys of record or associate counsel shall be permitted to maintain confidential copies of such files for purposes of maintaining a complete case file and as otherwise required for compliance with malpractice insurance coverage obligations.

20.     Purpose of Confidentiality Agreement. This Agreement is entered for the purpose of protecting Confidential and AEO Materials and facilitating the exchange of documents and information between the Parties without unnecessarily involving the Court in the process.

21.     Lead Counsel of Record. The Parties acknowledge, stipulate, and agree that lead counsel of record for the Parties in the Lawsuit may sign this Agreement on behalf of their respective clients and that their signature binds their respective clients to the terms and conditions of this Agreement.

### SIGNATURE AND ACKNOWLEDGEMENT PAGE

| For Plaintiff, Christopher Dorworth | For Defendant, Joel Micah Greenberg |
|---|---|
| Signature: | Signature: |
| Print Name: Michael Beltran | Print Name: Frik Scheller |
| Print Title: Attorney | Print Title: |
| Date: October 4, 2023 | Date: Nov 3, 2023 |

134184599.1

11

EXHIBIT 1

| For Defendant, *Andrew W. Greenberg* | For Defendant, *Susan Greenberg* |
|---|---|
| Signature: | Signature: |
| Print Name: Frederick S. Wermuth | Print Name: Frederick S. Wermuth |
| Print Title: Attorney | Print Title: Attorney |
| Date: 10/06/23 | Date: 10/06/23 |
| For Defendant, Abby Greenberg | For Defendant, AWG, Inc. |
| Signature: | Signature: |
| Print Name: JASON A Perkin | Print Name: Frederick S. Wermuth |
| Print Title: attorney | Print Title: Attorney |
| Date: 10/4/23 | Date: 10/06/23 |
| For Defendant, Greenberg Dental Associates, LLC | For Defendant, Greenberg Dental & Orthodontics, P.A. |
| Signature: | Signature: |
| Print Name: MICHAEL FURBUSH | Print Name: MICHAEL FURBUSH |
| Print Title: ATTORNEY | Print Title: ATTORNEY |
| Date: 10/23/23 | Date: 10/23/23 |
| For Defendant, Greenberg Dental Specialty Group, LLC | For Defendant, A.B. |
| Signature: | Signature: |
| Print Name: MICHAEL FURBUSH | Print Name: |
| Print Title: A HORNEY | Print Title: |
| Date: 11/23/23 | Date: |

12

EXHIBIT 1

| For Defendant, Andrew W. Greenberg | For Defendant, Susan Greenberg |
|---|---|
| Signature: | Signature: |
| Print Name: | Print Name: |
| Print Title: | Print Title: |
| Date: | Date: |

| For Defendant, Abby Greenberg | For Defendant, AWG, Inc. |
|---|---|
| Signature: *Jason Perkins* | Signature: |
| Print Name: JASON A PERKIN | Print Name: |
| Print Title: attorney | Print Title: |
| Date: 10/4/23 | Date: |

| For Defendant, Greenberg Dental Associates, LLC | For Defendant, Greenberg Dental & Orthodontics, P.A. |
|---|---|
| Signature: | Signature: |
| Print Name: | Print Name: |
| Print Title: | Print Title: |
| Date: | Date: |

| For Defendant, Greenberg Dental Specialty Group, LLC | For Defendant, A.B. |
|---|---|
| Signature: | Signature: *Laura Wolf* |
| Print Name: | Print Name: Laura Wolf |
| Print Title: | Print Title: Attorney |
| Date: | Date: 10/4/23 |

12

EXHIBIT 1

EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

    Plaintiff,

v.

JOEL MICAH GREENBERG, ANDREW W.
GREENBERG, SUE GREENBERG, ABBY
GREENBERG, AWG, INC., GREENBERG
DENTAL ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
GREENBERG DENTAL SPECIALTY GROUP,
LLC, and A.B.,

    Defendants.

Case No.: 6:23-CV-00871

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges having read the Confidentiality Agreement dated

*October 23*, __, 2023 in the above-captioned action, and understands and agrees to

be bound by the terms thereof. The undersigned hereby submits to the jurisdiction of the United

States District Court for the Middle District of Florida, Orlando Division in matters relating to the

Confidentiality Agreement.

Name: *Abigail L. Vail*

Job Title: *Managing Partner*

Employer: *Ballard Partners*

1

134184599 1

EXHIBIT 1

Business Address:    201 E. Park Ave
                     5th Floor
                     Tallahassee, FL  32301

Signature:  _abigail l. vail_          Date:  10/23/2023

2

(14184590 1

EXHIBIT 1