# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**CHRISTOPHER E. DORWORTH,**

      **Plaintiff,**

v.                                                                                          Case No: 6:23-cv-871-CEM-DCI

**JOEL MICAH GREENBERG et al.,**

      **Defendants.**

## ORDER TO SHOW CAUSE

On September 5, 2024, Plaintiff filed a Corrected Notice of Voluntary Dismissal Without Prejudice, dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). Doc. 185 (the Notice). Dismissal of this case, therefore, took place immediately upon filing of the Notice, and dismissal took effect without the Court entering any further order. *See Affordable Aerial Photography, Inc. v. Prop. Matters USA, LLC*, 108 F.4th 1358, 1364 (11th Cir. 2024) (explaining that a in the case of a "notice of voluntary dismissal under Rule 41(a)(1)(A)(i)," the voluntarily dismissal takes effect "without a court order") (quoting *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021) ("[A] plaintiff's voluntary dismissal under Rule 41(a)(1)(A)(i) 'is effective immediately upon ... filing,' and thus no further court order is necessary to effectuate the dismissal.") (second alteration in original) (quoting *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990)).

After Plaintiff filed the Notice, Defendants Abby Greenberg, Andrew Greenberg, Susan Greenberg, and AWG, Inc. filed three bills of costs pursuant to Federal Rule of Civil Procedure 54(d)(1). Docs. 192; 193; 197. Rule 54(d)(1) allows for a "prevailing party" to recover taxable costs. Defendants' lawyers signed the bills of costs, which each state that, "Judgment having been

entered in the above entitled action on 9/5/24 against Plaintiff, the Clerk is requested to tax the following costs . . . ." *See id.* So, by filing the bill of costs, the lawyers appear to have certified to the Court two contentions: (1) that judgment was entered against Plaintiff on September 5, 2024; and (2) that their clients are "prevailing parties" in this case under Rule 54(d)(1). Indeed, Federal Rule of Civil Procedure 11 requires that every paper filed in this case must be signed by a lawyer who certifies that, amongst other things, that the "factual contentions have evidentiary support" and the "legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Yet, the Eleventh Circuit has explained that, "Under the precedents of the Supreme Court and this Court, a defendant is not the prevailing party when a plaintiff's action is voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i)." *Affordable Aerial Photography*, 108 F.4th 1358, 1362; *see, e.g.*, *Harris v. Captiva Condominiums, LLC*, 2008 WL 4911237, at *2 (M.D. Fla. Nov. 14, 2008) ("Under the rule in *Buckhannon* and its progeny, a voluntary dismissal pursuant to Rule 41(a)(1) does not create a prevailing party because it did not require judicial approval, and thus the judicial imprimatur requirement is not met. Accordingly, because Captiva is not a prevailing party, it is not entitled to an award of costs pursuant to Rule 54(d).") (citing *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604–05 (2001)); *see also Royal Palm Properties, LLC v. Pink Palm Properties, LLC*, 38 F.4th 1372, 1377 (11th Cir. 2022) ("We therefore find that the meaning of 'prevailing party' is the same in either context—fees or costs—and our analysis will proceed accordingly."). And it should go without saying that no judgment was entered against Plaintiff on September 5, 2024.

The normal consequence of filing a bill of costs, as Defendants have done, is that the Clerk will tax costs pursuant to Rule 54(d)(1) within 14 days.  So, if Defendants filed the bills costs for any other reason, they may explain the purpose to the Court.  In the meantime, the Clerk is directed to withhold taxing costs until further order of the Court.

Accordingly, **on or before October 4, 2024**, Defendants Abby Greenberg, Andrew Greenberg, Susan Greenberg, and AWG, Inc. are **ORDERED** to **SHOW CAUSE** in writing why the bills of costs (Docs. 192; 193; 197) should not be stricken.  If Defendants contend that that they are prevailing parties under Rule 54(d)(1), they should say so.  And if they are filing the bill of costs for some other reason, they should say so.  Within **seven days** of Defendants' response to this Order, Plaintiff may file a reply to that response.

**ORDERED** in Orlando, Florida on September 20, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE