UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG,
ANDREW W. GREENBERG,
SUSAN GREENBERG, ABBY
GREENBERG, AWG., INC.,
GREENBERG DENTAL
ASSOCIATES, LLC, GREENBERG
DENTAL & ORTHODONTICS, P.A.,
and GREENBERG DENTAL
SPECIALTY GROUP, LLC,

*Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**ABBY GREENBERG, ANDREW GREENBERG, SUSAN GREENBERG, AND AWG, INC.'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE (Doc. 201) AND NOTICE OF WITHDRAWAL OF BILLS OF COSTS (Docs. 192, 193, 197)**

On September 19, 2024, Defendants filed motions to establish entitlement to their fees and costs under Florida's RICO statute and the Court's inherent powers. Doc. 194. In furtherance of that motion, Defendants Abby, Andrew, and Susan Greenberg and AWG, Inc. ("Defendants") filed bills of costs. Doc. 192, 193, 197. On September 20, 2024, the Court entered an order directing Defendants to show cause why these bills of costs should not be stricken. Doc. 201.

As the Court explained, Rule 54(d)(1) allows a prevailing party to recover taxable costs. *Id.* at 1. But Defendants are not prevailing parties because Plaintiff entered a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). *Id.* at 2. The Court stated that Defendants' counsel "appear to have certified to the Court two contentions: (1) that judgment was entered against Plaintiff on September 5, 2024; and (2) that their clients are 'prevailing parties' in this case under Rule 54(d)(1)." *Id.* Because neither is true, the Court ordered Defendants to show cause, noting that "if Defendants filed the bills costs for any other reason, they may explain the purpose to the Court." *Id.* at 3.

At the threshold, Defendants agree they are not prevailing parties under Rule 54(d)(1) and that no judgment was entered against Plaintiff on September 5, 2024—it was not their intention in filing their bill of costs to suggest otherwise, despite their errant identification in the first line of the bill of costs.[1] Rather, Defendants intended only to preserve their right to seek their taxable costs—along with their attorney's fees and non-taxable costs—should the Court ultimately agree with Defendants that such costs are warranted. In doing so, Defendants submitted the form bill of costs in an abundance of caution and as a necessary predicate to any award of costs. *See* 28 U.S.C. § 1920 (providing that "[a] bill of costs *shall* be filed in the case *and, upon allowance, included* in the judgment or decree") (emphasis added). And, as necessary to document

---

[1] Indeed, a voluntary dismissal is treated like a judgment for some purposes but not others. For example, a voluntary dismissal is not a "final judgment'" for collateral estoppel purposes but is a "final proceeding" for Rule 60(b) purposes. *Yesh Music v. Lakewood Church*, 727 F.3d 356, 360-63 (5th Cir. 2013) ("[W]e are satisfied that a Rule 41(a)(1)(A) voluntary dismissal without prejudice qualifies as a 'final proceeding.' Accordingly, Yesh Music's voluntary dismissal is subject to vacatur under Rule 60(b)."); *see also Rice v. Ford Motor Co.*, 88 F.3d 914, 918 (11th Cir. 1996).

costs, Defendants were required to certify the amounts and that they were incurred. 28 U.S.C. § 1924. (providing that, "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."); *see* Doc. 193 at 1 (Defendants declaring as follows: "I declare under penalty of perjury that the foregoing costs [were] correct and were necessarily incurred in this action and that the services for which fees have been charged were actually and necessarily performed.").

Defendants readily acknowledge they are not presently entitled to *any* fees or costs, and to the extent their filing acted as a certification otherwise, they erred. As shown in their motion for entitlement to attorney's fees, Defendants seek to establish their entitlement to both taxable and non-taxable costs as a sanction under the Court's inherent powers based on Plaintiff's bad faith conduct in this litigation.[2] Doc. 194 at 2 n.1 (Defendants, pursuant to Local Rule 7.01(b)(2), providing their respective fair estimates of "fees and costs sought to be recovered," and identifying the amounts of "taxable costs"). Indeed, this Court has the inherent power to award such fees and costs based on Plaintiff's bad faith. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) ("Federal courts possess certain 'inherent powers,' not conferred by rule or statute, to manage their own affairs to achieve the orderly and expeditious disposition

---

[2] Defendants also intend to seek costs as provided in Section 772.104(3), Florida Statutes.

3

of cases." (cleaned up)); *id.* ("[O]ne permissible sanction [under the Court's inherent powers] is an . . . order . . . instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side." (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991))); *Env't Mfg. Sols., LLC v. Peach State Labs, Inc.*, 274 F. Supp. 3d 1298, 1329 (M.D. Fla. 2017) (holding that even though the defendant was "not the prevailing party in this case," it would (upon a proper showing)³ be entitled to recover its taxable costs "incurred as a result of [plaintiff's] misconduct"). Thus, in furtherance of their effort to recover their costs under the Court's inherent powers, Defendants filed their bills of costs to avoid any future argument that they did not timely do so—erring on the side of caution, even if doing so meant it may be premature.

By way of comparison, Middle District of Florida Local Rule 7.01 sets out a procedure by which parties must seek entitlement to fees and non-taxable expenses. That Rule provides that any motion for a finding of entitlement must be filed within 14 days "after entry of judgment." M.D. Fla. Loc. R. 7.01(b); *see also* Fed. R. Civ. P. 54(d)(2)(B)(i) (same). There is no local rule governing the timing for seeking attorney's fees outside of the context of a judgment. *See* Doc. 186 at 2 n.2 (Defendants acknowledging that "a voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) is not a 'judgment,'" but nevertheless that they still "intend to comply with the spirit of the

---

³ The Court ultimately did not award taxable costs because the moving party failed to "provide[] [a] breakdown of . . . costs . . . . attributable to the [opposing party's] misconduct and therefore fail[ed] to meet its burden." *Env't Mfg. Sols., LLC*, 274 F. Supp. 3d at 1329. But that does not change the Court's ruling that the Court may "exercise its inherent powers to award [defendant] the litigation expenses and costs it incurred as a result of EMS's litigation misconduct." *Id.* at 1327.

4

local rule by filing their motion within the 14-day period" in Local Rule 7.01)). But even so, it appears that courts hold that the 14-day deadline to seek attorney's fees runs from a voluntary dismissal under Rule 41—even though a Rule 41 voluntary dismissal is not a judgment. *See, e.g.*, *M&L Rest. Grp., LLC v. Atif Hosp. Concepts, LLC*, No. 8:17-CV-2119-T-33TGW, 2018 WL 4608256, at *4 (M.D. Fla. Apr. 12, 2018) (finding motion for attorney's fees timely because it was filed within 14 days of a notice of voluntary dismissal under Rule 41(a)(1)(A)(i)); *Squire v. Huntoon*, No. 13 CV 3986 VB, 2014 WL 3887190, at *1 (S.D.N.Y. July 15, 2014) (stating that "the rule could not be clearer" that "[a] voluntary dismissal that is unconditional and does not 'contemplate any further proceedings'—like the one here—triggers the fourteen-day filing requirement, even if no separate judgment is entered.").

As the Court is aware, Plaintiff is already arguing that Defendants failed to timely act to maintain this Court's jurisdiction—for example, by failing to preemptively file documents "prior to dismissal of the case," Doc. 199 at 13, or by failing to "have lodged . . . in the record some basis of claim . . . of fee entitlement prior to the loss of the Court's jurisdiction over such merits by the voluntary dismissal," Doc. 191 at 6–7. Had Defendants waited to file their motion for attorney's fees until after the 14-day deadline for seeking attorney's fees under Local Rule 7.01 and Rule 54—both applicable only to "judgments"—Plaintiff would have doubtlessly claimed that such a motion was untimely. Accordingly, anticipating timeliness arguments both as to their motion for attorney's fees and taxable costs, Defendants sought to ensure they were acting as diligently as possible by complying with "the spirit

5

of the local rule," Doc. 186 at 2 n.2, by presenting both their motion for entitlement to attorney's fees, as well as their provable taxable costs, within the earliest potentially applicable deadline—the same 14-day deadline as required by M.D. Fla. Local Rule 7.01 and Rule 54(d)(2)(B)(i).[4]

Thus, though recognizing that they are not a prevailing party and are not entitled to costs unless the Court grants their motion for sanctions, in an abundance of caution, Defendants filed their bills of costs along with their entitlement motion with the intent of timely documenting and certifying the costs actually incurred in this action, and in an attempt to preclude any future argument—in the event that the Court granted their entitlement motion—that their request for costs was untimely in relation to Plaintiff's voluntary dismissal.

To be sure, because a voluntary dismissal is not a judgment *against* either party, the statement in the form bill of costs that judgment was entered *against* Plaintiff was an error, which was inadvertent, as Plaintiffs did not intend to suggest that a judgement on the merits was entered as a function of the voluntary dismissal under Rule 41. Counsel acknowledges that, to fully capture their intent in filing the bill of costs, they should have left both the date of judgment and the "against" line in the AO 133 form blank—and likely waited to file if, and when, they prevailed on their pending motion

---

[4] "[A] bill of costs may be filed within a reasonable time after the entry of judgment." *Rodriguez v. Walmart Stores E., L.P.*, No. 2:20-CV-474-SPC-NPM, 2022 WL 1062286, at *1 (M.D. Fla. Apr. 8, 2022) (recognizing that "[t]he previous version of this court's local rules required any bill of costs to be filed within fourteen days of the judgment" and that a bill of costs filed on the 15th day was not untimely).

invoking this Court's inherent power and under § 772.104(3), Fla. Stat. Given this inaccuracy in the bills of costs—for which defense counsel apologizes—counsel for the Defendants withdraw their bills of costs and agree that they should be stricken from the docket.

Dated:  September 25, 2024

Respectfully submitted,

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth (Lead Counsel)
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER
 & WERMUTH, P.A.
P.O. Box 1631
Orlando, FL 32802-1631
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

/s/ *William E. Peters, Jr.*
William E. Peters, Jr.
Florida Bar No. 50230
WICKER SMITH O'HARA MCCOY &
FORD, P.A.
515 E. Las Olas Boulevard
SunTrust Center, Suite 1400
Ft. Lauderdale, FL 33301
Telephone: (954) 847-4800
Facsimile: (954) 760-9353
WPeters@wickersmith.com

*Attorney for Defendants*
*Andrew Greenberg and Susan Greenberg*

/s/ *Jason A. Perkins*
Jason A. Perkins, Esq.
Florida Bar No. 0610852
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Phone: (407) 849-0300
Fax: (407) 648-9099
jperkins@carltonfields.com (primary)
mbryan@carltonfields.com (secondary)
dcarlucci@carltonfields.com (secondary)

*Attorney for Defendant, Abby Greenberg*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 25, 2024 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111

8