UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-cv-871-CEM-DCI

CHRISTOPHER E. DORWORTH,

    Plaintiff,

vs.

JOEL MICAH GREENBERG *et al.*,

    Defendants.
_____/

**THE MCCLATCHY COMPANY, LLC'S MOTION FOR
LIMITED INTERVENTION AND FOR ACCESS TO JUDICIAL RECORDS**

The McClatchy Company, LLC, publisher of *The Miami Herald* (the "*Herald*"), moves to intervene in these proceedings for the limited purpose of obtaining access to judicial records, and to be granted access to the unredacted version of Defendants Motion for Attorneys' Fees (the "Motion") (DE 194) and the sealed and redacted exhibits to the Motion. The grounds for this Motion are:

**I.    INTRODUCTION**

According to the redacted version of the Motion that is currently accessible to the public, Defendants seek to recover attorneys' fees and costs from Plaintiff on the basis of §772.104(3), Florida Statutes, which authorizes an award of reasonable attorneys' fees and court costs "upon a finding that the claimant raised a claim which was without substantial fact or legal support." DE 194 at 23-27. Defendants argue that they are entitled to recover attorneys' fees and costs for the additional and independent reason that the Court has the inherent authority to award attorneys' fees and costs to Defendants because Plaintiff allegedly acted with "subjective bad faith." *Id.* at

27-30. According to what is written in the Motion, this alleged subjective bad faith includes Plaintiff allegedly making untrue statements in two verified complaints. *Id.* at 28.

There are twenty-seven exhibits to the Motion. Seven of those exhibits are sealed in their entirety (Ex. Nos. 1, 2, 4, 11, 12, 13, and 19), and another exhibit is redacted (Ex. No. 27). As mentioned above, the Motion itself is redacted.

According to Defendants, the Motion and those exhibits were filed under seal or redacted because they contain information that Plaintiff designated as confidential during the discovery process pursuant to a confidentiality agreement into which the parties entered. DE 195 at 2-4; DE 186 at 4-5. Defendants' filings state that Defendants disagree that the information was appropriately designated as confidential under the parties' agreement – and Defendants disagree that documents containing the information should be sealed or redacted when filed as exhibits to a motion for attorneys' fees – but, in an abundance of caution, Defendants filed the materials under seal or in redacted form pending a ruling from the Court on whether sealing is appropriate. DE 195, DE 186.

Through this motion, the *Herald* seeks to intervene in this action for the limited purpose of obtaining access to judicial records, and to be granted access to (a) the unredacted version of the Motion, (b) Exhibits 1, 2, 4, 11, 12, 13, and 19 to the Motion, and (c) the unredacted version of Exhibit 27 to the Motion.

## II.     ARGUMENT

**A.    The *Herald* Has Standing To Intervene For The Purpose Of Obtaining Access To The Sealed And Redacted Materials.**

Through this Motion, the *Herald* seeks access to judicial records that have been sealed and redacted. The *Herald*, which is a daily newspaper that publishes the news throughout Florida, has standing to intervene in these proceedings for the purpose of obtaining access to, and a copy of,

2

those judicial records. *See, e.g., Tribune Co. v. United States*, 784 F.2d 1518, 1521 (11th Cir. 1986) ("The press has standing to intervene in actions to which it is otherwise not a party in order to petition for access to court proceedings and records."); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983) ("This Court has upheld the press's standing to seek access in suits to which it is not a party.").

**B.    The Sealed Documents Are Judicial Records To Which The *Herald* Has A Right Of Access.**

There can be no question that

> [t]he common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process. Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents.

*See Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (internal citation omitted); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245 (11th Cir. 2007).

The first step in determining whether the press and public have a right of access to materials filed with the Court in a civil action is to determine whether the materials at issue are "judicial records" to which the right of access attaches. *See, e.g., Federal Trade Commission v. AbbVie Products, LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Bridgestone/Firestone, Inc.*, 263 F.3d at 1311) ("'When applying the common-law right of access federal courts traditionally distinguish between those items which may properly be considered public or judicial records and those that may not; the public presumptively has a access to the former, but not to the latter.'") (internal brackets and ellipses omitted).

In simplest terms, "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access."

3

*See Romero*, 480 F.3d at 1246 (internal quotation marks and citation omitted).  Here, the *Herald* seeks access to a motion for attorneys' fees and the exhibits to that motion.  At least one district court within the Eleventh Circuit has considered this exact issue in the same context as exists here.

In *BASF Corp. v. SNF Holding Co.*, 2019 WL 2881594, at *2, 4 (S.D. Ga. July 3, 2019), portions of the defendants' motion for attorneys' fees contained information that had previously been designated as confidential during discovery pursuant to a protective order.  After citing the decisions of the U.S. Supreme Court holding that "[t]he right of access to judicial records pursuant to common law is well-established" and "[t]his right extends to the inspection and the copying of court records and documents," the district court held that the movants-defendants were *not* required to file the motion and the "confidential" discovery material under seal:

> Because Defendants' Motion invokes the Court's powers to determine substantive rights and asks it to assess the underlying merits of Plaintiff's case, the Motion and the discovery material it discusses are plainly judicial records.  Therefore, the common law presumption of public access attaches to Defendants' Motion for Attorneys' Fees and Expenses and the content therein.

*Id.* at 6 (internal citations omitted); *see also id.* at 4 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978)).

That is the same situation that exists here.  By filing the Motion, Defendants have invoked this Court's powers to determine substantive rights.  Additionally, because the Motion seeks the imposition of attorneys' fees and costs on the basis of allegations that Plaintiff's claims lacked factual or legal support – and that Plaintiff's verified pleadings supposedly contained untrue statements – the Motion also asks the Court to assess the underlying merits of Plaintiff's case.  The Motion and its exhibits are judicial records to which the public's right of access attaches.

"Still, determining that a document is a judicial record is not the end of the inquiry. It is true—such records are presumptively available to the public under the common law so that the

4

judicial process can remain accessible and accountable to the citizens it serves. But even when the right of public access attaches, it is not absolute." *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal quotation marks omitted). Even if a showing of "good cause" were all that is necessary to overcome the public's right of access to the sealed materials here, Plaintiff cannot meet that standard.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *See Romero*, 480 F.3d at 1246 (quoting *Bridgestone/Firestone*, 263 F.3d at 1309).

> [W]hether good cause exists . . . is . . . decided by the nature and character of the information in question. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (internal citations and citation omitted) (ellipses in original).

In opposing Defendants' motion seeking leave to file the entirety of the Motion and its exhibits in the publicly available docket, Plaintiff points to notions of privacy, libel, and embarrassment as constituting good cause to seal those materials.[1] DE 199 at 10-11. However, where, as here, the plaintiff's publicly available verified amended complaint (DE 62) makes

---

[1] Plaintiff also argues that good cause exists for sealing because "[d]etermination of fees on the underlying merits of a claim, if proper at all, should be confined to the record of the matters that were before the Court in the case before it was closed. New merits materials for merits arguments, submitted after closure, are presumptively laid for an improper purpose when merits jurisdiction has ended, and should be so treated by the Court." DE 199 at 10. Plaintiff cites no authority in support of that argument.

detailed and serious allegations of racketeering and extortion against the defendants – and where the publicly available portions of the defendants' motion for attorneys' fees (DE 194) allege that those verified allegations are provably false – there is no good cause to seal any or all of the Motion and its exhibits. Indeed, as Judge Irick correctly noted at a discovery hearing on August 13, 2024:

> This is a case of public importance. It is one that there may be media interest in, and it's one that involves important issues. And the interest in sealing this to protect—I'm not seeing any confidentialities that would really overwhelm the First Amendment right for the public to see this case, especially when a plaintiff brings claims in relation to their marriage and spouses and the kind of intimate issues in this case which are laid out in extreme detail in the—in the complaint. I am unlikely to seal anything because it all seems relevant. It's been made relevant by the allegations in the complaint.

DE 186 at 3 (quoting DE179 at 27:7–17).

The Motion and its exhibits are judicial records to which the common law right of access attaches, and there is no good cause that, in the circumstances here, overcomes the public access to them.

### III.   CONCLUSION

For these reasons, the *Herald* respectfully requests the entry of an Order granting it permission to intervene in this action for the limited purpose of obtaining access to judicial records, and granting it access to (a) the unredacted version of the Motion, (b) Exhibits 1, 2, 4, 11, 12, 13, and 19 to the Motion, and (c) the unredacted version of Exhibit 27 to the Motion.

### CERTIFICATE OF CONFERRAL

Prior to filing this Motion, counsel for the *Herald* conferred with counsel for the parties regarding the relief requested in this Motion. Counsel for Plaintiff stated that although Plaintiff might not oppose intervention at an appropriate time, Plaintiff opposes it at this juncture, and opposes the *Herald*'s request for access to the sealed and redacted materials identified in the Motion. Defendants Joel Greenberg, Andrew Greenberg, Susan Greenberg, Abby Greenberg, and

AWG, Inc. do not oppose the *Herald* intervening for the limited purpose of seeking access to judicial records, and do not oppose the *Herald* being granted access to the materials identified in this Motion. Defendant Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC take no position on the Motion and do not intend to file any response to the Motion.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for The *Herald*
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/ Scott D. Ponce
Scott D. Ponce (FBN 0169528)

## CERTIFICATE OF SERVICE

I certify that on October 2, 2024, I electronically filed this document using the Court's CM/ECF system, which will serve it by e-mail on all counsel of record.

By: /s/ Scott D. Ponce