**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>Plaintiff,<br><br>vs.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>Defendants. | Civil Action No. 6:23-cv-00871 |

**PLAINTIFF'S MEMORANDUM SUPPORTING DEFENDANTS' MOTION TO PARTIALLY SEAL THE REDACTED PORTIONS OF THEIR MOTION FOR ENTITLEMENT TO FEES, COSTS, AND SANCTIONS AND TO SEAL CERTAIN EXHIBITS THERETO**

Plaintiff, CHRISTOPHER DORWORTH, pursuant to Local Rule 1.11(c), hereby submits his Memorandum in Support of Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.'s (jointly "the Family") Motion to Seal [Doc. 195] and in support states:

**I.     INTRODUCTION**

Upon the commencement of discovery, the parties executed a confidentiality agreement (the "Agreement") governing the lawsuit. [Doc. 199-1]. The Agreement's purpose was to protect documents and testimony which contained,

among other things, "sensitive personal information," without burdening the discovery process with additional delay and expense. [Doc. 199-1 at 1].

The Agreement states that it "shall survive the final disposition of the Lawsuit…" and that "[n]o later than thirty (30) days following final disposition of the Lawsuit… the Parties shall assemble and return to the designating Party all Confidential Materials and AEO Materials, including any copies, extracts, and summaries of same, or, by mutual written agreement, shall certify in writing that the Confidential, and AEO Materials have been destroyed…" [Doc. 199-1 at 10 – 11].

On September 10, this Court entered its order [Doc. 187] directing the Clerk of Court to close this case upon Plaintiff's Notice of Voluntary Dismissal without prejudice [Doc. 185]. At that time, no motion for fees or pleaded claim for fees had been filed in the case. The Court did not retain jurisdiction to rule upon the motion for attorney's fees now filed by the Family. [Doc. 194].

On Friday, September 6, 2024, counsel for Plaintiff emailed all counsel of record and inquired how they would prefer to dispose of the records designated as confidential and attorney's eyes only ("AEO"). [Doc. 199-2]. Counsel for Plaintiff, at that time, reasserted all of Plaintiff's prior designations of material as either confidential or AEO. [Doc. 199-2].

On September 19, 2024, the Family filed their motion to seal 7 exhibits and redact and partially seal 1 additional exhibit related to their motion for attorney's fees and sanctions [Doc. 194], filed contemporaneously.

The Family filed their Motion for Entitlement to Attorney's Fees at 10:36 PM on September 19, 2024. At 1:40 AM on September 20, 2024, undersigned counsel received an email from a purported member of the media, asking for comment on the Family's motion. [Doc. 199-3]. Unbeknownst to undersigned counsel, the article discussing the Family's motion had already been published. [Doc. 199-4].[1]

## II.   ARGUMENT

### A. The Documents Proposed To Be Sealed Are Immaterial To The Case

#### 1. *Filings at Issue Aimed at Impertinent Scandal*

As outlined in Plaintiff's Suggestion of Mootness [Doc. 191], filed prior to the Family's Motion for Attorney's Fees [Doc. 194], this Court's jurisdiction is now severely limited to weigh evidence never before made of record. Plaintiff will further support this position in its response directed to the underlying motion for fees [Doc. 194]. Currently, Plaintiff is only permitted to address the Court's jurisdiction to consider the request for fee entitlement. [Doc. 200].

If the Court finds it lacks jurisdiction for such relief, as Plaintiff argues, then the matters filed would not just be immaterial to this case, they would be impertinent to any proper matter before the Court after dismissal. Under such circumstances, Plaintiff believes that these exhibits should not only be sealed but be stricken from the record entirely.

---

[1] On October 2, 2024, the McClatchy Company, LLC (publisher of the Miami Herald) filed a Motion for Limited Intervention and for Access to Judicial Records [Doc. 204] related to the redacted and sealed documents that are the subject of this memorandum.

Other than Exhibits 11, 13 and 19 of the Family's motion, all other documents the Family filed under seal were deposition transcripts, excerpts thereof, or affidavits. [Doc. 194-1, 2, 4, 12, 27]. The Family's motion includes scandalous and salacious statements of fact, all of which Plaintiff contests. The Family never made a record of the majority of the documents they filed to support their unreserved, untimely and mooted fee claim. [Doc. 194]. Prior to dismissal, the Court had never before seen the majority of the 27 exhibits included in the motion. These 27 filings, irrelevant to this case, have been covered by the press due to their salacious allegations, despite the nonexistence of any pertinent judicial purpose.

2. *<u>Legal Standards for Sealing Met</u>*

When considering the factors regarding whether documents should remain sealed, the Court should consider the harm caused to Plaintiff, and "whether disclosure… could result in improper use of the material for scandalous or libelous purposes…" *Hagestad v. Tragesser*, 49 F. 3d 1430 (9th Cir. 1995). "A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

"If the purpose of the common law right of access is to check judicial abuses, then the right should only extend to materials upon which a judicial decision is based." *Zenith Radia Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 886, 898 (E.D. Pa. 1981)(citing, *United States v. Mitchell*, 551 F.2d 1252 (D.C. Cir. 1976); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)).

## B. Unsealing The Documents May Prejudice Related Cases

Plaintiff asserts many of the same fundamental allegations made in this case in his active state court action. Case No.: 2024-CA-001151 in the Circuit Court of the 18th Judicial Circuit of Florida. In his state court action, Plaintiff alleges, (1) False Report of Criminal Conduct, (2) Spoliation by Witness Tampering, Destruction & Fabrication of Evidence, (3) Defamation, (4) Conspiracy, and (5) Fraudulent Transfer of Assets.

Plaintiff's state court case is brought against Joel Greenberg and the Family, and Plaintiff has demanded a trial by jury. Given the speed with which their redacted versions were published, Plaintiff is concerned that these documents may prejudice Plaintiff's ability to try his state case before a fair and impartial jury.

If the Family's documents became unsealed, Plaintiff would feel compelled to file documents of his own to contest the allegations made within them. Many such documents were designated confidential or AEO by the defendants.

"The common law right of access may be overcome by a showing of good cause, which requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero* at 1245 (quoting *Chicago Tribune v. Bridgestone/Firestone*, 263 F.3d 1304, 1309 (11th Cir.2001)); *Digital Assur. Certification, LLC v. Pendolino*, 2017 WL 320830, at *2 (M.D. Fla. Jan. 23, 2017) (stating same).

The question of whether good cause exists is decided:

> by the nature and character of the information in question. *Id.* at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

"When a party seeks to seal only particular documents within the record, our task is only "to balance the competing interests of the parties." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F. 3d 1304, 1312 (11th Cir. 2001). "Our case law lists several relevant factors to consider, including 'whether the records are sought for such illegitimate purposes as to promote public scandal … [and] whether access is likely to promote public understanding of historically significant events.'" *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir.2013) (quoting *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir.1983))." *United States v. Almengo*, 2014 U.S. Dist. LEXIS 171438, *4 (M.D. Fla. Dec. 11, 2014)(citing *Perez-Guerrero v. U.S. Attorney General*, 717 F.3d 1224, 1235-36 (11th Cir. 2013)).

By requesting this Court make determinations upon the merits of the underlying action at this stage, the Family is attempting to circumvent the state court case and risks prejudicing the jury trial requested in state court.

Plaintiff believes these documents should remain sealed until the close of Plaintiff's state court action, be sealed permanently, or be stricken from the court record entirely.

*/S/ R. Alex Andrade*
R. Alex Andrade
Florida Bar No. 111337
George R. Mead, II
Florida Bar No. 096490
Charles F. Beall, Mr.
Florida Bar No. 66944
emead@mhw-law.com
cbeall@mhw-law.com
aandrade@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
hmalone@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Dorworth*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 3rd day of October, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ R. Alex Andrade*
R. Alex Andrade