IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>　　　　Plaintiff,<br>vs.<br><br>JOEL MICAH GREENBERG, ANDREW<br>W. GREENBERG, SUE GREENBERG,<br>ABBY GREENBERG, AWG, INC.,<br>GREENBERG DENTAL ASSOCIATES,<br>LLC, GREENBERG DENTAL &<br>ORTHODONTICS, P.A., GREENBERG<br>DENTAL SPECIALTY GROUP, LLC,<br>and A.B.,<br><br>　　　　Defendants. | Civil Action No. 6:23-cv-00871 |

**PLAINTIFF'S RESPONSE ON JURISDICTION
IN OPPOSITION TO
DEFENDANTS' MOTION FOR ENTITLEMENT
TO FEES, COSTS AND SANCTIONS**

　　Plaintiff, CHRISTOPHER DORWORTH, pursuant to this Court's Order [Doc. 200] requiring response "to the pending motions for fee entitlement" [Docs. 194; 196] limited to addressing "the Court's jurisdiction to consider the request for fee entitlement at this juncture," hereby submits his Response to the respective Motions within the limit prescribed by the Court's Order.

　　The respective Defendants' two motions largely travel together. The federal RICO claim is the only substantive federal issue, and it bears no fee entitlement for Defendants at all. The balance of claims are state law claims, and the Florida RICO claim issues are

coincident to those of the federal. The Greenberg Defendants' instant motion is hardly distinguished from that of Inmate Joel Greenberg's motion. Where necessary, though, argument will distinguish between the motion of AWG, Inc. and Susan & Andrew Greenberg ("Greenberg Defendants") and that of Joel Greenberg ("Inmate Defendant").

### 1. **Movant Defendants Bear Burden to Establish Collateral Jurisdiction**

Plaintiff voluntarily dismissed this entire action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) [Doc. 186].

The party asserting jurisdiction "must carry throughout the litigation the burden of showing that he is properly in court." *WM Mobile Bay Envtl. Ctr., Inc. v. City of Mobile*, 2021 U.S. App. LEXIS 29457, *5 (11th Cir. 2021), citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). Inquiry on that burden is especially acute after a voluntary dismissal where ordinarily "the district court is immediately deprived of jurisdiction." *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265 (11th Cir. 2021), cert. denied, 142 S. Ct. 1413, 212 L. Ed. 2d 402 (2022). The Eleventh Circuit "has made abundantly clear that a Rule 41(a)(1) voluntary dismissal disposes of the entire action," and is "effective immediately upon filing." *Id.* With presumption of plenary closure of all issues by a voluntary dismissal, Defendants must affirmatively show that jurisdiction is retained of record by some recognized means for the purpose of the relief sought.

Notably, as a matter of the limits on Federal courts' jurisdiction, an "interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim." *Lewis*, supra 494 U.S. at 480 (citing

*Diamond v. Charles*, 476 U.S. 54, 70-71 (1986).  The Supreme Court has instructed the lower federal courts to tread carefully in this area where "on the face of the record it appears that the only concrete interest in the controversy has terminated… that mooted litigation is not pressed forward, and unnecessary judicial pronouncements …[are sought] solely in order to obtain reimbursement of sunk costs." *Lewis*, at 480.

    To consider a case's merits in relation to collateral proceedings after dismissal, a "concrete interest" of the Court, identified within the record before dismissal, must remain for adjudication to support a fee or sanction on such merits grounds.  See also *Peer v. Lewis*, 606 F.3d 1306, 1315 n.10 (11th Cir. 2010) (allowing sanctions motion because movant "filed his motion for sanctions before entry of the court's final order.")  *Peer* also noted that the converse situation in this context should disallow such a motion on jurisdictional grounds if it was not filed before dismissal, citing *Prosser v. Prosser*, 186 F.3d 403, 405-06 (3d Cir. 1999) (stating that where sanctionable conduct occurs and is discovered before final judgment, a motion for sanctions pursuant to the court's inherent power must be filed before entry of the court's final order).

    Among other things, a pre-dismissal basis assures that the inquiry is narrowly confined to the discrete procedural interest or authority to be vindicated.  Lacking such constraints - and where the "argument appears to be an attempt to resurrect the dismissed lawsuit, rather than a legitimate basis for sanctions" - the Court's inherent power does not have the "concrete interest" *Lewis* noted to extend merits matters post-dismissal. See *Dvoinik v. Philipp*, No. 8:22-cv-1127-TPB-CPT, 2023 U.S. Dist. LEXIS 134384, at *6 (M.D. Fla. Aug. 2, 2023); accord *Brieva v. Freezing Mech., Corp.,* No. 17-22980-CIV,

3

2018 U.S. Dist. LEXIS 136427 (S.D. Fla. Aug. 9, 2018) adopted *Brieva v. Freezing Mech., Corp.*, No. 17-cv-22980-KMM, 2018 U.S. Dist. LEXIS 221475, at *3 (S.D. Fla. Aug. 28, 2018)(applied these principles drawn from *Peer* et al. to a RICO claim). *Brieva* is also discussed in substance below.

A Court's interest in "managing its own affairs so as to achieve the orderly and expeditious disposition of cases" does not extend indefinite merits questions ad hoc into collateral post-dismissal proceedings. *Id*. To the contrary, "it would undermine the Court's responsibility to see that its resources are allocated in a way that promotes the interests of justice." *Id*. at *6-7, cleaned up, quoting *In re McDonald*, 489 U.S. 180, 184, 109 S. Ct. 993, 103 L. Ed. 2d 158 (1989); and citing *Consolidated Doors, Inc. v. Mid-America Door Co.*, 120 F. Supp. 2d 759, 768 (E.D. Wisc. 2000) (denying Rule 11 sanctions because, among other things, a "mini-trial" would be required to decide disputed issues).

### 2. Collateral Jurisdicton Post-Dismissal is Not Plenary

The Court's procedural power to ensure conformity to its requirements is collateral to its power to determine questions on their merits. *Cooter & Gell v. Hartmarx Corporation*, 496 U.S. 384, 395-98, 110 S. Ct. 2447 (1990); *Willy v. Coastal Corporation*, 503 U.S. 131, 132, 112 S. Ct. 1076 (1992). Courts "retain jurisdiction following a Rule 41(a)(1)(A)(i) notice to handle certain collateral matters, such as entertaining … sanctions motions filed prior to voluntary dismissal." *Shore v. Greenspoon Marder, P.A.*, 2019 U.S. Dist. LEXIS 195233, *8, 2019 WL 5865286 (Oct. 23, 2019, IRICK Mag. J.)(recommended Order adopted *Shore v. Greenspoon Marder, PA*, 2019 U.S. Dist. LEXIS 194919, *1, 2019 WL 5864174 (M.D. Fla., Nov. 8, 2019).

4

This Court has similarly strongly cautioned parties that the "concrete interest" of the Court in imposing sanctions under its inherent power should be precisely identified and beyond question. "This power . . . is for rectifying disobedience, …Courts considering whether to impose sanctions under their inherent power should look for disobedience and be guided by the purpose of vindicating judicial authority." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1225 (11th Cir. 2017). This Court has applied this principle; such jurisdiction on merits issues is not invoked upon matters that do "not involve bad faith or disobedience to the Court." *Dvoinik v. Philipp*, No. 8:22-cv-1127-TPB-CPT, 2023 U.S. Dist. LEXIS 134384, at *4-5 (M.D. Fla. Aug. 2, 2023).

In this posture, a "motion for sanctions does not provide parties an opportunity to litigate fully -- conduct discovery, present and cross-examine witnesses -- as required for application of collateral estoppel." *Klayman v. Barmak*, 602 F. Supp. 2d 110, 117 (D.D.C. 2009) (Because sanctions "inquiries are severely restricted, it seems odd to extrapolate from them to the subsequent litigation of issues on the merits.") To maintain the distinction between the underlying merits of a case and any justification for fee awards, courts must confine their jurisdictional attention to matters within the record prior to dismissal or explicitly reserved for later determination to substantiate any proposed sanctions.

This is especially true where the federal case is dismissed as of right under Rule 41(a)(1)(A)(i) in favor of pending state court proceedings on similar disputes of fact, as is the case here. See *Plf. Opp. to [Def's] Time-Sensitive Mot. to Det. Confidentiality* [Doc. 199, p.10]. Thus, the limited scope of collateral considerations requires a tie to some procedural action demonstrating the basis for sanctions was actually invoked, presented or

5

decided in the record of the underlying proceeding in order to reserve that issue after dismissal.

Under these and the authorities below, such a reservation of collateral jurisdiction may arise by two proper means:

1) documented invocation of the identified collateral issue by the movant within the pre-dismissal record, via motion, notice, suggestion or other appropriate method; or

2) judicial reservation of the collateral issue by a rule, order, finding or judgment that implicates the need for the procedural vindication claimed.

Under either of those means, unresolved procedural issues like fees or sanctions may allow an analysis of the underlying merits thus reserved (and to that extent) in order to fully resolve the matters of record remaining under that collateral jurisdiction in the case after dismissal.

In this case, Defendants have not met their burden of identifying any record invocation of the issue or judicial reservation prior to dismissal of these issues that have now been moved afterward. There appears to be none of record comporting with the authorities here cited, even searching the record beyond their Motions.

### 3. Record Posture Does not Reserve Post-Dismissal Collateral Jurisdiction

As regularly recognized by this Court, a voluntary dismissal also determines that "all pending motions are denied as moot." *Hoffman v. Ariz. Bevs*. USA, LLC, 2024 U.S. Dist. LEXIS 126042, *1.; *Glob. Strategic Bus. Consultancy, LLC v. Tampa Oaks Project, LLC*, 2024 U.S. Dist. LEXIS 125119, *1. The only motions pending at the time of the

voluntary dismissal were Motions to dismiss the *Verified Amended Complaint* by the Greenberg Defendants' [Doc. 77,79, 81 & 82], and Inmate Defendant [Doc. 82].

No answer or summary judgment was filed prior to the voluntary dismissal, and pursuant to Rule 41(a)(1)(B), the dismissal was "without prejudice." The voluntary dismissal "disposes of the entire action, …effective immediately upon filing." *Absolute Activist*, 998 F.3d at 1265. It "immediately" deprives the District Court of jurisdiction. *Id*.

The post-dismissal fees motions of the Greenberg Defendants [Doc. 194] and of the Inmate Defendant [Doc. 196] each assert fee claims based on: 1) the Florida RICO statute; and (2) the Court's inherent powers. Both fee motions were filed after the dismissal [Doc. 186] and the Court's Order closing the case. [Doc. 187]. The pre-dismissal record lacks support for any post-dismissal collateral jurisdiction on either ground noted above.

### a. *No Reservation of Collateral Jurisdiction by Defendants*

Prior to dismissal, the Defendants had filed no motion or other invocation on the issue of fees or sanctions to carry forward under this collateral jurisdiction branch of *Erie's* distinctions between the proper substantive and procedural authority of the federal courts. The motion as to the Greenberg Defendants makes no showing of a basis for collateral jurisdiction on fees or sanctions. The Inmate Defendant's motion makes even less effort, and is wholly dependent on the Greenbergs for any substance on the grounds for relief sought.

A plaintiff's voluntary dismissal does not automatically divest the district court of its procedural jurisdiction to consider a defendants sanctions motion filed <u>pre</u>-dismissal "because it is a collateral proceeding unrelated to the merits of the underlying claims."

7

*Phone-Sweeps v. Seminole Cty.*, No. 6:11-cv-155-Orl-28GJK, 2013 U.S. Dist. LEXIS 207697, at *6 (M.D. Fla. Aug. 6, 2013), citing *Cooter* and *Willy*.

In *Cooter,* the party seeking sanctions had "moved to dismiss … alleging, among other things, that [the Complaint] had no basis in fact, and "also moved for sanctions…" *Cooter*, 496 U.S. at 389, 110 S. Ct. 2447, 2452 (1990). Even reconsideration of a prior-filed (and denied) Rule 11 motion for sanctions may be arguably preserved for further determination post-dismissal. *Emergency Recovery*, supra, 2021 U.S. Dist. LEXIS 250295, *14, 2021 WL 6425514. (denied as baseless). But no such motion or claim for fees or sanctions existed in the record to be preserved for determination post-dismissal. See, *State Farm Mut. Auto. Ins. Co. v. Coker*, 505 Fed. Appx. 824, 826, 2013 U.S. App. LEXIS 1930, *4, 2013 WL 323214 (11th Cir. 2013)(a party is "not entitled to pursue attorneys' fees and costs after the underlying … suit had terminated because it did not reserve the right to recover its costs...")

Movant Defendants have not moved or otherwise reserved a basis for any claim of costs or fees in the case prior to dismissal. Movant Defendants filed no answer asserting a claim of fees or costs. Nor did their motions to dismiss [Doc. 77, 79, 81 &82], pending at the time of Plaintiff's voluntary dismissal, assert any claim of such fees or sanctions. No motion for fees or sanctions, on any ground, was ever lodged of record to be preserved for post-dismissal determination before the case was voluntarily dismissed.

    b. ***No Reservation of Collateral Jurisdiction by Court in Rule, Order or Finding***

Rule 54 illustrates a typical reservation by Rule of time-limited and scope-limited collateral jurisdiction on the issue of costs and fees after judgment. Costs are allowed to the "prevailing party" within 14 days, and upon a motion for fees "filed no later than 14 days after entry of judgment" - Rule 54(d)(1 & 2(B)) Fed. R. Civ. P.  There is no judgment here to invoke Rule 54 for collateral determination. This Court, by its Local Rule 7.02, also reserves such jurisdiction for an entitlement to fees "after judgment," but notably, as with Rule 54, not after voluntary dismissal. *Whispering Pines Mobile Homeowners' Ass'n v. Wallach*, No: 6:19-cv-487-Orl-41EJK, 2020 U.S. Dist. LEXIS 230997, at *6 (M.D. Fla. Oct. 14, 2020)("While courts have found that a dismissal with prejudice is tantamount to a finding that a claim was raised without substantial fact or legal support, here, the dismissal was without prejudice.")

A voluntary dismissal without prejudice under Federal Rule 41(a)(1) does not have the dispositive effect of judgment or its equivalent for Rule 54 treatment. Rule 41(a)(1) governing voluntary dismissal as the "governing procedural rule" does "not provide for an award of attorney's fees." *Emergency Recovery, Inc. v. Hufnagle*, No. 8:19-cv-329-SCB-JSS, 2021 U.S. Dist. LEXIS 250295, 2021 WL 6425514, at *4 (M.D. Fla. Nov. 1, 2021) (Buckley, J.)(rejecting a Florida statutory fee claim as procedurally unavailable under Rule 41) See also *Klayman*, supra. 602 F. Supp. 2d at 117.

Rule 41 elsewhere does reserve some jurisdiction to determine fees and costs of the dismissed action – but only if the same matter is refiled in federal court, and in which case, Rule 41(d) would allow an imposition of fees and costs incurred in the prior action. This portion of Rule 41 does not apply to voluntary dismissal pursuant to Rule 41(a)(1).  Nor is

9

there any arguable reservation here under a court-ordered dismissal by Rule 41(a)(2) for fees or sanctions impositions "on terms that the court considers proper."

Even dispensing with some Rule basis, absent a judgment, there must be something of record, by rule or by prior executory Order over which this Court's previous jurisdiction is reserved. Here, there is nothing.

### c. No Other Jurisidictional "Concrete Interest" for Fees/Sanctions Claim

Ordinarily, "fees are available only to a party that "prevails" by winning the relief it seeks…" *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480, 110 S. Ct. 1249, 1255 (1990)(citing see *Rhodes v. Stewart*, 488 U.S. 1 (1988); *Hewitt v. Helms*, 482 U.S. 755 (1987). In *Brieva,* supra, the Southern District applied these principles drawn from *Peer* et al. to a RICO claim. *Brieva* 2018 U.S. Dist. LEXIS 221475, at *19 n.4. The Defendant there had actually filed a purported sanctions motion pre-dismissal, but that motion was deficient. *Id.*

Before a sufficient Motion was filed, the Court then granted a pending motion to dismiss and dismissed the case, and denying the sanctions as moot. *Id*. "Defendants' pending Motions for Sanctions were denied as moot. There was no request for reconsideration of the mootness determination. The request for sanctions pursuant to Rule 11 in the Verified Motion therefore appears to be untimely, because the district court had already rejected the complained-of pleadings at the time the Verified Motion was filed." *Id*., citing *Peer v. Lewis*, 606 F.3d 1306 (11th Cir. 2010) (denying motion for sanctions for lack of support in the record, and opining that given the lack of seeking reconsideration of the underlying mootness ruling – the motion was likely also untimely).

The magistrate in *Brieva* examined the record nonetheless and opined notwithstanding, that the Plaintiff had not "had an opportunity to conduct the discovery he argued would provide the evidence to support his claims regarding the jurisdictional requirement of enterprise coverage. The Plaintiff's failure to affirmatively prove its case at this stage in the proceedings does not equate to frivolity, despite the strength of the Defendant's assertions otherwise." *Brieva*, 2018 U.S. Dist. LEXIS 136427, at *22-23. The District Court there similarly confined itself to a de novo review of the record in adopting the magistrate's recommendation. *Id.* 2018 U.S. Dist. LEXIS 221475, at *2-3.

In *Cooter,* supra, the sanctions motion determined post-dismissal by the court had been filed prior to the dismissal. *Cooter* at 388-389. The court in *Cooter* identified a continuing and "concrete interest" in the resolution of that collateral matter that was properly before the court before it lost its jurisdiction by the dismissal. *Willy,* supra, is similar. There, the court "granted respondent's motion to dismiss for failure to state a claim," and in conjunction with the record activity on that motion, granted Rule 11 sanctions. *Willy*, 503 U.S. at 132-33.

The subsequent loss of subject matter jurisdiction due to improper removal did not obviate the concrete procedural interest of the Court in vindicating its authority where a basis for sanctions had already appeared in the record of the case. *Id*. at 132. Under those circumstances there remained a "concrete interest" in determinations that the court already made in the record when it determined its jurisdiction, – those circumstances possessed obvious merits connections, albeit more limited, in the context of vindicating the court's

11

authority under Rule or another procedural requirement to adjudicate its jurisdiction. This case does not involve the same circumstances.

Similarly, it is the case that the Court may make merits determinations during the pendency of the case by its own findings of record that could create grounds for fees or sanctions that survive post-dismissal. This Court has identified its procedural interest in the integrity of such findings supporting post-dismissal jurisdiction for fees or sanctions related to procedural matters already before it. *Phone-Sweeps v. Seminole Cty.*, No. 6:11-cv-155-Orl-28GJK, 2013 U.S. Dist. LEXIS 207697, at *15-17 (M.D. Fla. Aug. 6, 2013) citing *Maale v. Kirchgessner*, 2012 U.S. Dist. LEXIS 86500, 2012 WL 2254083 at *4 (S.D. Fla. May 29, 2012) (discussing *Cooter*, its progeny, and finding that court could consider a Rule 11 sanctions motion filed after the Court declined jurisdiction over claim at issue).

Notably, in *Maale*, cited in *Phone Sweeps*, the Court retained jurisdiction over the sanction issue from its earlier grant of a motion for summary judgment on the merits. *Maale v. Kirchgessner*, No. 08-80131-Civ-DIMITROULEAS/S, 2011 U.S. Dist. LEXIS 18506, at *9 (S.D. Fla. Feb. 18, 2011). In *Willy*, the record basis on a merits issue for sanctions lay in a motion to dismiss for failure to state a claim. *Willy,* at 132-133. In such cases, the judicial finding in a dispositive motion that no genuine issue supported the claim was identified in the pre-dismissal record.

In this case, the record before the Court lacks any such basis for reserved jurisdiction on a collateral merits determination or asserted fee claim. With no concrete assertion of a fee entitlement or need for the Court's vindication of its authority, there is no ground to extend consideration of the merits of the case into a collateral fee or sanctions claim filed

12

post-dismissal. The Court's jurisdiction lapsed by virtue of the dismissal, the motions to dismiss on legal merits were rendered moot by the dismissal, and the Defendants' motions never sought fees or sanctions.

### 2. No Substantive Jurisdiction re Merits of Dismissed State RICO Claim

No fee entitlement substantively exists on the dismissed federal statutory claims, which provide no fee entitlement for a defendant. See 18 U.S.C. §§1962(c) & (d), 1964(c).

Nor does voluntary dismissal under Rule 41(a)(1) establish any substantive fee basis under the Florida RICO statute at issue (§772.103, 772.104, Fla. Stat.), for which the Court, prior to dismissal, possessed supplemental jurisdiction.

"To be sure, the Court is not absolutely barred from exercising supplemental jurisdiction even after all federal claims have been dismissed, but it is an understatement to say that such occasions are rare, especially when the federal claims are all dismissed prior to trial." *Johnson v. Express Serv. Messenger & Trucking*, NO. 07-20007-CIV-MORENO/SIMONTON 2008 U.S. Dist. LEXIS 60243 at *22 (S.D. Fla. July 25, 2008)(citing *Arnold v. Tuskegee Univ.*, 212 Fed. Appx. 803, 811 (11th Cir. 2006) ("When the district court has dismissed all federal claims from a case, there is a strong argument for declining to exercise supplemental jurisdiction over the remaining state law claims."); *Scarfo v. Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999) ("once the district court determines that subject matter jurisdiction over a plaintiff's federal claims does not exist, courts must dismiss a plaintiff's state law claims")).

To even obtain an award of fees under the Florida RICO statute, in addition to being a prevailing party, the Court must make "a finding that the claimant raised a claim which

was without substantial fact or legal support." §772.104(3). There is no such finding in the record, and there is no procedural path to address it.

Merely being a 'prevailing party' in that procedural sense – without more - does not create any substantive fee entitlement under a Florida fee statute requiring a substantive standard higher than "prevailing party." *Shore*, supra, 2019 U.S. Dist. LEXIS 195233, at *5-6, n.2, citing *Alhambra Homeowners Ass'n, Inc. v. Asad*, 943 So. 2d 316, 318 (Fla. Dist. Ct. App. 2006). This Court in *Shore also* noted that the statutory fee entitlement at issue required more than dismissal to substantively prevail for that statutory fee claim. *Id*. Under the Florida RICO claim a defendant must show that the claim "fails to raise a justiciable issue of law or fact"[1] in order to obtain an award of fees. *Id*. As above, there is no such judicial finding on the record, or any motion for such a determination that is reserved for post-dismissal adjudication in this posture.

Absent a pre-dismissal sanctions motion of record prior to dismissal on such grounds - or a substantive ruling by the Court on some dispositive question of fact or law - "what is requested here is an assessment of the legal merits of Plaintiff's complaint; a more substantive decision than whether Defendant is a prevailing party under Florida law." *Shore*, supra 2019 U.S. Dist. LEXIS 195233, at *8. (The *Shore* Court therefore adopted the magistrate's recommended Order on these grounds and denied the Florida statutory claim for fees).

---

[1] Again, the statute in *Shore* used the 'justiciable issue' standard for fee entitlement, denoting frivolous issues, while the instant Florida RICO statute uses the less stringent "substantial issue" standard.

Dismissal and its consequences are procedurally different in Federal court than in Florida courts; but the essential substantive dispute of the parties is now pending in the Florida courts, and it is there that any further judicial questions – substantive or procedural, should be addressed, as this case is properly moot.

## CONCLUSION

Any claim for substantive entitlement to fees by virtue of the voluntary dismissal is barred as moot – and without basis for claim in the record. There is no such fee claim on substantive matters nor as a collateral matter of procedural sanctions reserved in the record for the Court to rule upon after dismissal, whether by Rule, Local Rule, Order, finding or motion of record prior to the termination of the Court's merits jurisdiction.

The Court should hold these matters of fees, costs and sanctions moot, lacking in collateral or other jurisdiction and that the case is fully closed.

*/S/ George R. Mead, II*
George R. Mead, II
Florida Bar No. 096490
R. Alex Andrade
Florida Bar No. 111337
Charles F. Beall, Mr.
Florida Bar No. 66944
emead@mhw-law.com
cbeall@mhw-law.com
aandrade@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
hmalone@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Dorworth*

15

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY this 4th day of October, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ R. Alex Andrade*
R. Alex Andrade
