UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG, et al.

*Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**JOEL GREENBERG'S REPLY IN SUPPORT OF HIS MOTION FOR FEES, COSTS, AND SANCTIONS ON THE ISSUE OF JURISDICTION**

Defendant Joel Greenberg files this Reply on Jurisdiction in Support of his Motion for Fees, Costs and Sanctions (Doc. 196).[1]

## ARGUMENT

In arguing against collateral jurisdiction, Plaintiff avoids controlling cases discussing such jurisdiction. Instead, Plaintiff largely cites non-binding cases denying sanctions motions *on their merits* and cases discussing whether an action's substantive *merits* are moot. Further, Plaintiff's central assertion—that Defendants' motion must have been "reserved in the record" before dismissal—is not supported by any of his cited cases. Doc. 206 at 15.[2] Controlling law, to the contrary, holds that courts retain

---

[1] This Reply is nearly identical to, and not intended to differ substantively from, co-defendants' Reply (Doc. 207) since both address a jurisdictional question that applies equally to all Defendants.

[2] Indeed, *Lewis v. Cont'l Bank Corp.*, held that possible future fee entitlement could not save *the merits* of an action from mootness. 494 U.S. 472, 480 (1990). Similarly, *Phone-Sweeps, LLC v. Seminole Cnty.* addressed an intervenor's motion for voluntary dismissal based upon mootness, finding that the case was indeed mooted by new facts and changing law. No. 6:11-cv-155, 2013 WL 12360840, at *5 (M.D. Fla. Aug. 6, 2013). In response to a latent request by defendants to retain jurisdiction to determine fees and costs, the court cited *Lewis* and held that attorney's fees are "collateral proceedings" which could never create jurisdiction over the merits and, in any event, no such motion was pending, and thus the court was not required to retain jurisdiction. *Id.*

But all discussion of mootness is a red herring. Mootness addresses whether changing facts or law renders the dispute no longer live. *See, e.g.*, *Weinstein v. Bradford*, 423 U.S. 147, 148 (1975). This case is dismissed but not moot. Plaintiff is pursuing overlapping claims in state court—a rather obvious indication that the parties' dispute is still live.

Next, in *Dvoinik v. Philipp*, the court twice dismissed—the second time with prejudice—complaints filed by *pro se* Austrian nationals. No. 8:22-cv-1127, 2023 WL 4931593, at *1 (M.D. Fla. Aug. 2, 2023). The plaintiffs then moved for sanctions against all defendants and their counsel. *Id.* The court determined it *had* jurisdiction to rule on the post-dismissal motions for sanctions and addressed the motions on their merits. *Id.* at *1 n.2, *2. Then, the court stated that, even assuming misconduct occurred, issuing sanctions under the court's inherent power did not further the goals behind the court's inherent power—a conclusion presumably influenced by the court's view that the *pro se* plaintiffs were serial filers, having filed "five related lawsuits in three different federal districts," *Dvoinik v. Philipp*, No. 8:22-cv-1127, 2023 WL 4305213, at *1 n.1 (M.D. Fla. June 30, 2023), who sought to penalize the prevailing defendants and their counsel with sanctions—all while making arguments that "appear[ed] to be an attempt to resurrect the dismissed lawsuit, rather than a legitimate basis for sanctions." 2023 WL

jurisdiction to consider "collateral issues" after a voluntary dismissal. *Absolute Activist Value Master Fund Ltd. v. Devine*, 998 F.3d 1258, 1265–66 (11th Cir. 2021).

This rule developed from the Supreme Court's conclusion Rule 11 sanctions may be imposed after voluntary dismissal because Rule 11 sanctions are "collateral" to the merits. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). Though Rule 11 sanctions fall within the Court's collateral jurisdiction, Rule 11 does not *create* that jurisdiction. *Fed. Sav. & Loan Ins. Corp. v. Ferrante*, 364 F.3d 1037, 1041 (9th Cir. 2004) ("[A]ncillary jurisdiction was available [in *Cooter & Gell*] to adjudicate the fee issue, not because Rule 11 was the source of the substantive law, but because the fee issue was so closely related to the underlying litigation." (cleaned up)). Neither Rule 11—nor any other procedural rule—can "extend or limit the jurisdiction of the district courts." Fed. R. Civ. P. 82. The Eleventh Circuit has expanded *Cooter & Gell*'s reasoning to sanctions under a Court's inherent power, holding that sanctions present a collateral

---

4931593, at *2. With that background, the court decided that a mini-trial or an evidentiary hearing on "conversations that took place many months ago and *which had no discernable consequence* would not further the court's interest" and would instead undermine the court's responsibility to do justice. *Id.* at *3 (emphasis added). The instant motions for sanctions seek to do the reverse: address the conduct of a plaintiff who brought a frivolous lawsuit and lied throughout.

Last, *Brieva v. Freezing Mech., Corp.*, 2018 WL 5098978 (S.D. Fla. Aug. 9, 2018), *Emergency Recovery, Inc. v. Hufnagle*, 2021 WL 6425514 (M.D. Fla. Nov. 1, 2021), and *Whispering Pines Mobile Homeowners' Ass'n, Inc. v. Wallach*, 2020 WL 9455632 (M.D. Fla. Oct. 14, 2020) likewise addressed sanctions or fee motions on their merits and said nothing about jurisdiction. But a court may not find it lacks jurisdiction because it would otherwise rule against the party invoking it. *Gardner v. Mutz*, 962 F.3d 1329, 1339 (11th Cir. 2020). Further, *State Farm Mutual Auto. Ins. Co. v. Coker*, said nothing of jurisdiction: *Coker* held that an insurer who defends an action under a reservation of rights could not recover fees in a later action when it failed to reserve the right to do so in the underlying negligence action. 505 F. App'x 824, 826 (11th Cir. 2013). *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218 (11th Cir. 2017) discussed diversity, but not collateral, jurisdiction. And finally, in *Maale v. Kirchgessner*, the court found that it *could* issue sanctions for misconduct connected to a state law claim the court had declined to exercise jurisdiction over *even after* it became clear that the court lacked jurisdiction. 2012 WL 2254083, at *4 (S.D. Fla. May 29, 2012).

2

issue since a Court need not make a preclusive ruling on the merits to award them. Rather, it must determine whether a party abused the judicial process.[3] *Hyde v. Irish*, 962 F.3d 1306, 1309–10 (11th Cir. 2020) (holding that the reasoning applied to Rule 11 "appl[ies] equally to sanctions under a court's inherent powers" as "the purpose of the sanctions outlasts the end of the case").[4]

It is irrelevant whether a sanctions or fee motion was filed before dismissal because parties cannot confer jurisdiction on the Court where such jurisdiction would not otherwise exist. *See Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Similarly, given the inherent nature of the Court's collateral jurisdiction,[5] jurisdiction over such issues "need not have been explicitly 'retained'" prior to dismissal. *K.C. ex rel. Erica C. v. Torlakson*, 762 F.3d 963, 970 (9th Cir. 2014); *Mahone v. Ray*, 326 F.3d 1176, 1180 (11th Cir. 2003) (motions that "raise issues that are collateral to the merits . . . *may be filed* even after the court no longer has jurisdiction over the substance of the case." (emphasis added)); *see also Chambers,* 501 U.S. at 40, 56 (affirming

---

[3] Unlike Rule 11 sanctions—applicable only to pleadings—sanctions under the Court's inherent power are appropriate when a party acts in bad faith. *Chambers v. Nasco, Inc.*, 501 U.S. 32, 46 (1991) (rejecting the proposition that Rule 11 "displaces the inherent power to impose sanctions").

[4] The Eleventh Circuit has further applied *Cooter & Gell*'s logic to other sanctions. *Matthews v. Gaither*, 902 F.2d 877, 880–81 (11th Cir. 1990) (allowing sanction for "a bad-faith misstatement of assets in an *in forma pauperis* affidavit" after a "Rule 41(a)(1) notice of dismissal"); *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 888 (11th Cir. 2014) (explaining that, even after voluntary dismissal, courts retain jurisdiction to impose discovery sanctions); *Thomas v. Early Cnty., Ga.*, 360 F. App'x 71, 75 (11th Cir. 2010) ("[M]otions seeking attorney's fees and costs pursuant to statute or the court's inherent powers may be considered by the district court after dismissal."); *Ware v. Pine State Mortg. Corp.*, 754 F. App'x 831, 833 (11th Cir. 2018) (a court may consider fee motions after it has remanded an action for lack of jurisdiction).

[5] Collateral jurisdiction extends from a Court's authority to "manage its proceedings, vindicate its authority, and effectuate its decrees." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 380 (1994).

3

motion for inherent power sanctions filed after final judgment and appeal and rejecting argument that sanctions were untimely); *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1346 (11th Cir. 2022) (motions presenting collateral issues "may be filed and considered even after the merits are resolved"); *Baker v. Alderman*, 158 F.3d 516, 523 (11th Cir. 1998) (motions "collateral to an action . . . are not barred if filed after a dismissal order"); *First Time Videos, LLC v. Oppold*, 559 F. App'x 931, 932 (11th Cir. 2014) (argument that the district court lacked jurisdiction to adjudicate post voluntary dismissal fee motion was "without merit"); *Simon Prop. Grp., L.P. v. Taylor*, 2021 WL 4432686, at *1, *2 n.2 (11th Cir. Sept. 27, 2021) (adjudicating fee motion filed after voluntary dismissal, in part by finding that the case was not "exceptional" given the "substantive strength of a party's litigating position").[6]

---

[6] Plaintiff relies on non-binding dicta in footnote 10 of *Peer v. Lewis*, 606 F.3d 1306, 1315 n.10 (11th Cir. 2010) for the proposition that Defendants must file their motion before dismissal, *see Hill v. Clark*, No. 2:10-CV-00260, 2012 WL 13018385, at *5 (N.D. Ga. Aug. 16, 2012) (describing *Peer*'s footnote 10 as "arguably dicta"). *Peer* relied on a Third Circuit rule requiring "parties to file all motions for Rule 11 sanctions before entry of the court's final order." *Prosser v. Prosser*, 186 F.3d 403, 405 (3d Cir. 1999). But *Peer*'s dicta cannot be reconciled with the Supreme Court's decision in *Chambers*, which affirmed a decision granting a motion for sanctions under the court's inherent power filed after the final judgment. 501 U.S. at 40, 42, 55. Nor can *Peer*'s dicta be reconciled with earlier Eleventh Circuit cases holding that motions "collateral to an action . . . are not barred if filed after a dismissal order, or after entry of judgment." *See, e.g.*, *Baker*, 158 F.3d at 523; *see Monaghan v. Worldpay US, Inc.*, 955 F.3d 855, 862 (11th Cir. 2020) ("when there are conflicting prior panel decisions, the oldest one controls"); *Huggins*, 39 F.4th at 1346 (reaffirming *Baker* as controlling law). If *Peer* sought to create a *jurisdictional* rule that sanctions motions must be filed while the Court had jurisdiction over a claim's merits (which *Peer* did not claim to do), that rule would have governed in *Hyde*, where the court addressed whether the district court had jurisdiction over a motion for sanctions filed when the court lacked jurisdiction from the start. 962 F.3d at 1310–11. But contra the footnote in *Peer*, *Hyde* held that the district court had collateral jurisdiction. *Accord Willy v. Coastal Corp.*, 503 U.S. 131, 139 (1992) (affirming order on Rule 11 motion filed when the court lacked jurisdiction from the beginning). Given the binding precedent to the contrary, it is unsurprising Plaintiff relies on footnoted dicta. *See Torlakson*, 762 F.3d at 970 (holding that "Defendants have identified no authority for the proposition that a district court's dismissal order can divest (or otherwise impose a time limit upon) the court's inherent jurisdiction over a collateral attorney's fees dispute."). Indeed, one of Plaintiff's own cases held that courts retain jurisdiction to consider sanctions motions filed after final judgment. *Dvoinik*, 2023 WL 4931593, at *1 n.2.

Further, the correct inquiry in determining if an issue is collateral is not whether the issue requires factual determinations, but whether such determination will "have a res judicata effect." *Cooter & Gell*, 496 U.S. at 396 ("Even if a district court indicated that a complaint was not legally tenable or factually well founded . . . the resulting Rule 11 sanction would nevertheless not preclude the refiling of a complaint.").[7] Thus, fee motions under Florida's RICO Act do not require a ruling on the merits. The Eleventh Circuit rejected the notion that "attorney's fees in certain cases were integral to the merits of a case rather than a collateral issue," holding "attorney's fees is *always* a collateral issue."[8] *LaChance v. Duffy's Draft House, Inc.*, 146 F.3d 832, 837 (11th Cir. 1998) (emphasis added) (cleaned up); *see also Hartford Cas. Ins. v. Est. of George Williams Gage, III*, 2024 WL 982513, at *3 (M.D. Fla. Feb. 2, 2024) (applying *LaChance* to analysis of district court's collateral jurisdiction). And fees under § 772.104(3), Fla. Stat.,

---

[7] For example, in *U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc.*, the Second Circuit held that a ruling that a party was wrongfully enjoined through a TRO, and thus entitled to payment under Rule 65(c), was a collateral issue over which the court retained jurisdiction. 775 F.3d 128, 134–35 (2d Cir. 2014). As the court explained, a "court may express its views on the merits of the underlying claims in determining whether a party was wrongfully restrained, just as it may express its views on the merits of the underlying claims in determining whether a complaint is frivolous and warrants sanctions." *Id.* at 134. Even so, "awarding recovery from a Rule 65(c) security following the voluntary dismissal of a complaint" is permissible because it "is not a judgment on the merits of an action" and would not preclude the plaintiff from refiling the complaint. *Id.* (quoting *Cooter & Gell*, 496 U.S. at 396).

[8] Collateral issues are different from the merits in other important ways. For example, they can—and in some circumstances, must—be appealed separately from the merits under the "collateral order doctrine." *Ortho Pharm. Corp. v. Sona Distribs.*, 847 F.2d 1512, 1515 (11th Cir. 1988). Just as in the post-voluntary dismissal context, "[t]he collateral-order doctrine applies only to . . . issues completely separate from the merits." *Microsoft Corp. v. Baker*, 582 U.S. 23, 29 n.3 (2017) (cleaned up). Tellingly, in this context, the Eleventh Circuit has held that "[w]hether . . . plaintiffs are entitled to an award of attorneys' fees under the EAJA [Equal Access to Justice Act] is separate and collateral to the litigation on the merits." *Haitian Refugee Ctr. v. Meese*, 791 F.2d 1489, 1494 (11th Cir. 1986), *vacated in part on other grounds*, 804 F.2d 1573 (11th Cir. 1986). This is so even though fee motions under the EAJA require courts to decide—much like Florida's RICO Act—whether the government's "case had a reasonable basis both in law and fact." *Id.* at 1497.

5

like fees under Rule 11 or the Court's inherent power, are sanction designed to deter the filing of "frivolous Rico claims . . . because the stigma and burden of defending such claims is so great." *Hartford Ins. of the Midwest v. Miller*, 681 So. 2d 301, 302 (Fla. 3d DCA 1996). Thus, finding § 772.104(3) fee entitlement is not a ruling on the merits, but a finding that a plaintiff abused the judicial process by bringing claim without the necessary support. For this reason, even a trial defeat on the merits "does not necessarily mean that the claim was without substantial fact or legal support." *Ayala v. Interavia Spares & Servs., Inc.*, 350 So. 3d 388, 391 (Fla. 4th DCA 2022) (applying identical § 772.11(1) standard). Thus, a post-dismissal determination that a claim lacked substantial support would not preclude Plaintiff from refiling—just like a determination of frivolity under Rule 11. *Cf. W. Grp. Nurseries, Inc. v. Ergas*, 167 F.3d 1354, 1358–59, 1359 n.4 (11th Cir. 1999) (explaining that post voluntary dismissal determination under § 57.105 that a claim was raised in the "complete absence of a justiciable issue of either law or fact" was not "a final adjudication on the merits" and thus did not preclude the plaintiff from refiling in federal court).[9] For these reasons, the Court retains jurisdiction to consider Defendants' motion.[10]

---

[9] Plaintiff's citation to *Klayman v. Barmak*, 602 F. Supp. 2d 110 (D.D.C. 2009) only proves this point. *Klayman* held that a "resolution of a motion for sanctions is not a final judgment on the merits because it 'does not signify a district court's assessment of the legal merits of the complaint,' and therefore it cannot collaterally estop other claims from proceeding." *Id.* at 117 (quoting *Cooter & Gell*, 496 U.S. at 396–97). That's exactly why the Court *can* exercise collateral jurisdiction in this context.

[10] Defendants' request that the Court convert Plaintiff's dismissal into a dismissal with prejudice does not implicate the merits either, as such relief is not a merits finding but a sanction for litigation misconduct. Thus, "the preclusion of refiling would be neither a consequence of the dismissal (which was without prejudice) nor a 'term or condition' placed upon the dismissal." *Cooter & Gell*, 496 U.S. at 396–97; *see also Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1091 (D.C. Cir.

Plaintiff argues that *Shore v. Greenspoon Marder, P.A.* requires a court to assess the merits in determining fee entitlement when a statute requires a finding beyond prevailing party status. 2019 WL 5865286, at *2 (M.D. Fla. Oct. 23, 2019). Plaintiff overstates *Shore*'s holding. *Shore* found "that the defendant failed to establish that the Court has collateral jurisdiction" due to the parties' inadequate briefing. *Kuehn v. Cambridge Vill. Ass'n, Inc.*, 2021 WL 3375337, at *1 (M.D. Fla. July 16, 2021) In *Kuehn*, the defendants (like the Defendants here) cited *Shelton v. Schar*, 2018 WL 3636698, at *2 (M.D. Fla. Apr. 23, 2018) (finding that the court had jurisdiction to consider post dismissal fee motion under Florida's RICO Act). Thus, *Kuehn* found it had jurisdiction to consider the defendants' fee motion.[11] *Id.* at *1. The Court should reach the same conclusion here.

Dated: October 11, 2024.                    Respectfully submitted,

                                            /s/ Fritz Scheller
                                            Fritz Scheller
                                            Florida Bar No. 183113

---

1998) ("In rare circumstances, a district court may use its inherent power to dismiss with prejudice (as a sanction for misconduct) even a case over which it lacks jurisdiction."); *Zow*, 595 F. App'x at 888 (affirming post voluntary dismissal conversion of dismissal without prejudice to dismissal with prejudice).

[11] Contrary to Plaintiff's assertion that "there is no procedural path," Doc. 206 at 14, to determine whether his Florida RICO claim was without support, multiple courts have held that a defendant may show that a Florida RICO claim was without support *after* a voluntary dismissal, *see, e.g.*, *Royal Palm Vill. Residents, Inc. v. Slider, Inc.*, No. 8:19-cv-874, 2021 WL 4452898, at *5 (M.D. Fla. Sept. 29, 2021); *see also Wardak v. Goolden*, No. 1:19-cv-21121, 2020 WL 6749171, at *5 n.4 (S.D. Fla. Sept. 8, 2020). These cases rely on *Nodal v. Infinity Auto Ins. Co.*, which directs courts to rely on the documents filed in support of and in opposition to fees. 50 So. 3d 721, 723 (Fla. 2d DCA 2010). In any event, Plaintiff's questions about whether there is a "procedural path" or whether Defendants' motion relies on evidence "reserved in the record" all go to the question of whether Defendants have carried their burden to establish entitlement to fees and are thus entirely irrelevant to whether the Court has jurisdiction in the first instance. If Plaintiff believes an evidentiary hearing is necessary to decide these important issues in light of the evidence presented, the Court should hold one. *See, e.g.*, *O'Neal v. Am. Shaman Franchise Sys., LLC*, 2024 WL 340767, at *8 (M.D. Fla. Jan. 12, 2024).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 11, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ Fritz Scheller
Fritz Scheller
Florida Bar No. 183113
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
PH:   (407) 792-1285
FAX: (407) 649-1657
fscheller@flusalaw.com
*Attorney for Defendant*