# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| CHRISTOPHER E. DORWORTH,<br><br>　　　　Plaintiff,<br>vs.<br><br>JOEL MICAH GREENBERG, ANDREW W. GREENBERG, SUE GREENBERG, ABBY GREENBERG, AWG, INC., GREENBERG DENTAL ASSOCIATES, LLC, GREENBERG DENTAL & ORTHODONTICS, P.A., GREENBERG DENTAL SPECIALTY GROUP, LLC, and A.B.,<br><br>　　　　Defendants. | Civil Action No. 6:23-cv-00871 |

## PLAINTIFF'S MOTION TO STAY THE MCCLATCHY COMPANY'S MOTION FOR LIMITED INTERVENTION AND FOR ACCESS TO JUDICIAL RECORDS

Plaintiff, CHRISTOPHER DORWORTH, hereby submits his Response to requested third party intervenor, the McClatchy Company's (the "*Herald*") Motion for Limited Intervention and for Access to Judicial Records [Doc. 204] and in support states:

### I.　　INTRODUCTION

On September 10, this Court entered its order directing the Clerk of Court to close this case upon Plaintiff's Notice of Voluntary Dismissal without prejudice [Doc. 185] and pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). [Doc. 187]. The Court did not retain jurisdiction to rule upon the motion for attorney's

fees now filed by AWG, Inc. and Andrew & Susan Greenberg (jointly 'the Family"). [Doc. 194].

The Family filed their Motion for Entitlement to Attorney's Fees at 10:36 PM on September 19, 2024. An article discussing the Family's motion was published online by 1:35 AM on September 20, 2024.

The Family redacted and filed several exhibits under seal pursuant to the Agreement between the parties. While not all redactions and sealed documents were designated confidential by Plaintiff, Plaintiff's designation of certain items as confidential forms the basis of the majority of the subject matter which the *Herald* wishes to gain access.

On October 2, 2024, counsel for the *Herald* filed a Motion for Intervention and for Access to Judicial Records (the "Motion"). [Doc. 204]. The Motion seeks to permit the *Herald* to intervene in this case for the purpose of obtaining access to unredacted copies of the Family's motion for attorney's fees [Doc. 194] and its related exhibits.

The *Herald* identifies the documents it wishes to gain access to within its Motion. [Doc. 204]. The documents are identified as (a) the unredacted version of the Family's motion for attorney's fees [Doc. 194], (b) Exhibits 1, 2, 4, 11, 12, 13, and 19 of the Family's motion for attorney's fees, and (c) the unredacted version of Exhibit 27 to the Family's same motion.

On October 3, 2024, Plaintiff filed his Memorandum Supporting Defendant's Motion to Partially Seal the Redacted Portions of their Motion for

2

Entitlement to Fees, Costs, and Sanctions and to Seal Certain Exhibits Thereto. [Doc. 205].

On October 4, 2024, Plaintiff filed his response to the Family's and Joel Greenberg's motions for attorney's fees and sanctions. [Doc. 206].

Plaintiff argues that the Court lacks jurisdiction to consider the merits of the factual arguments made by the Family in their motion for fees and sanctions. As Plaintiff states in his response, "Any claim for substantive entitlement to fees by virtue of the voluntary dismissal is barred as moot – and without basis for claim in the record." [Doc. 206, page 15].

## II.     ARGUMENT

### A. The Documents Requested By The *Herald* Are Not Sufficiently Related To The Case To Qualify As Judicial Record

"If the purpose of the common law right of access is to check judicial abuses, then the right should only extend to materials upon which a judicial decision is based." *Zenith Radia Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 886, 898 (E.D. Pa. 1981)(citing, *United States v. Mitchell*, 551 F.2d 1252 (D.C. Cir. 1976); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978)).

Prior to the Family's filing of their motion for attorney's fees on September 19, 2024, the exhibits the Family filed under seal were simply discovery documents. Other than Exhibits 11, 13 and 19 of the Family's motion for attorney's fees, all other documents the Family filed under seal were deposition transcripts, excerpts thereof, or affidavits. [Doc. 194-1, 2, 4, 12, 27].

3

"A party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

When considering the factors regarding whether documents should remain sealed or published, the Court can and should consider the harm caused to Plaintiff, and "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes…" *Hagestad v. Tragesser*, 49 F. 3d 1430 (9th Cir. 1995).

There is nothing upon now to proceed in this action, as outlined in Plaintiff's Suggestion of Mootness [Doc. 191] which was filed prior to the Family's Motion for Attorney's Fees [Doc. 194].

In the present circumstance, the Family filed their motion for fees [Doc. 194] and exactly three (3) hours later, a reporter "miraculously" reviewed the document and published a story at 1:35 AM on September 20.

The Family's motion for fees includes scandalous and salacious statements of fact, the vast majority of which were never placed before this Court prior to the dismissal of this case; all of which Plaintiff contests. Under the circumstances, the Court may consider whether the Family's motion was filed for a proper purpose.

Discovery proceedings are a fairly recent innovation and public access to the discovery process has been found not to play a significant role in the administration of justice. *Anderson v. Cryovac, Inc.*, 805 F. 2d 1, 12 (1st Cir. 1986).

**B. Until Such Time as the Documents the Herald Requests Become Relevant to a**

**Decision by this Court, the Herald's Motion Should be Stayed**

As outlined in Plaintiff's Suggestion of Mootness [Doc. 191], filed prior to the Family's Motion for Attorney's Fees [Doc. 194], this Court's jurisdiction is now severely limited to weigh evidence never before made of record. Plaintiff further supported this position in its response directed to the underlying motion for fees [Doc. 206]. Currently, Plaintiff is only permitted to address the Court's jurisdiction to consider the request for fee entitlement. [Doc. 200].

If the Court agrees with Plaintiff, and finds it lacks jurisdiction for such relief, then the matters filed would not just be immaterial to this case, they would be impertinent to any proper matter before the Court after dismissal. Under such circumstances, Plaintiff believes that these exhibits should not only be sealed but be stricken from the record entirely.

Other than Exhibits 11, 13 and 19 of the Family's motion, all other documents the Family filed under seal were deposition transcripts, excerpts thereof, or affidavits. [Doc. 194-1, 2, 4, 12, 27]. The Family's motion includes scandalous and salacious statements of fact, all of which Plaintiff contests. The Family never made a record of the majority of the documents they filed to support their unreserved, untimely and mooted fee claim. [Doc. 194]. Prior to dismissal, the Court had never before seen the majority of the 27 exhibits included in the motion. The redacted versions of these 27 filings, irrelevant to this case, have only been covered by the press due to their salacious allegations, despite the nonexistence of any pertinent judicial purpose.

5

"The Court has broad discretion to stay proceedings as incidental to its power to control its own docket." *Nguyen v. Raymond James & Associates*, 2021 WL 3680360, at *4 (M.D. Fla. August 19, 2021)(citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1360 (11th Cir. 2002)). "District courts have inherent power not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*, (citing *Castle v. Appalachian Technical College*, 430 Fed. Appx. 840, 841 (11th Cir. 2011) (internal quotations omitted).

In cases with potentially public significance, a party may be required to submit to delay if "the public welfare or convenience will thereby be promoted." *Clinton v. Jones*, 520 U.S. 681 at 707. If these documents are ultimately determined irrelevant to any decision of this Court, the potential harm to the Plaintiff of releasing unredacted versions thereof is sufficient grounds to stay consideration of the *Herald's* Motion [Doc. 204] until such time as the Court makes such determination.

## **CONCLUSION**

Until the Court rules upon the Defendants' motions for sanctions and attorney's fees, Plaintiff believes the *Herald's* request to unseal and review the confidential documents is premature. In the event this Court agrees with Plaintiff, and finds that it lacks jurisdiction to consider the 27 exhibits in its ruling, Plaintiff intends to request the exhibits be stricken from the judicial record entirely. The public interest is not served in any way

by releasing confidential information upon which the Court has never relied to make any decision in this case. Until such circumstances change, Plaintiff requests this Court affirmatively stay its consideration of the *Herald's* request.

*/S/ R. Alex Andrade*
R. Alex Andrade
Florida Bar No. 111337
George R. Mead, II
Florida Bar No. 096490
Charles F. Beall, Mr.
Florida Bar No. 66944
emead@mhw-law.com
cbeall@mhw-law.com
aandrade@mhw-law.com
tstokes@mhw-law.com
kalbini@mhw-law.com
hmalone@mhw-law.com
MOORE, HILL & WESTMORELAND, P.A.
350 West Cedar Street
Maritime Place, Suite 100
Pensacola FL 32502
Telephone: (850) 434-3541
*Counsel for Plaintiff, Dorworth*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY this 16th day of October, 2024, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF system, which will automatically serve notice of this filing via e-mail notification to all registered counsel of record.

*/S/ R. Alex Andrade*
R. Alex Andrade
