UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-cv-871-CEM-DCI

CHRISTOPHER E. DORWORTH,

    Plaintiff,

vs.

JOEL MICAH GREENBERG *et al.*,

    Defendants.

_____/

**THE MCCLATCHY COMPANY, LLC'S
RESPONSE TO PLAINTIFF'S MOTION TO STAY**

The McClatchy Company, LLC, publisher of *The Miami Herald* (the "*Herald*"), submits this response to Plaintiff's "Motion to Stay The McClatchy Company's Motion For Limited Intervention And For Access To Judicial Records" (the "Motion to Stay") (DE 209).

The *Herald* filed a motion to intervene in these proceedings for the limited purpose of obtaining access to judicial records, and to be granted access to the unredacted version of Defendants' Motion for Attorneys' Fees and the sealed and redacted exhibits to that motion. The *Herald's* motion will be referred to as the "Motion to Unseal" (DE 204), and Defendants' Motion for Attorneys' Fees and its exhibits will be referred to, collectively, as the "Motion for Attorneys' Fees" (DE 194).

The *Herald* filed its Motion to Unseal on October 2, 2024. Plaintiff's response to the Motion to Unseal was due on October 16, 2024. *See* M.D. Fla. L.R. 3.01(c). Instead of filing a response to the Motion to Unseal, Plaintiff filed the Motion to Stay, in which it asks the Court to stay consideration of the *Herald's* Motion to Unseal until such time as the Court determines

whether it has jurisdiction to consider Defendants' Motion for Attorneys' Fees. Plaintiff's Motion to Stay should be denied.

Plaintiff argues that the Court should stay consideration of the *Herald*'s Motion to Unseal because Defendants' Motion for Attorneys' Fees does not become a judicial record to which the common law right of access attaches unless and until the Court rules upon the Motion for Attorneys' Fees and relies upon the sealed and redacted exhibits. Motion to Stay at 3 (quoting *Zenith Radio Corp. v. Matsushita Electric Industrial Co.*, 529 F. Supp. 886, 898 (E.D. Pa. 1981)); *see also* Motion to Stay at 5. Plaintiff's theory is that if the Court determines that it lacks jurisdiction to consider Defendants' Motion for Attorneys' Fees, then that motion and its redacted and sealed exhibits will never become judicial records to which the *Herald* has a right of access.

Not surprisingly, Plaintiff does not cite any decisions from the Eleventh Circuit supporting his argument that a document filed with a court does not become a judicial record unless the court relies upon the document. The reason that Plaintiff cites no such decisions is because the Eleventh Circuit has expressly rejected that exact argument because

> it distorts our case law beyond recognition. We have consistently rejected any test that would make a document's status as a judicial record dependent upon "whether it played a discernable role in the resolution of the case" or that would require us to determine "the actual role the document played."

*See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1362-63(11th Cir. 2021) (quoting *Federal Trade Commission v. AbbVie Products, LLC*, 713 F.3d 54, 64 (11th Cir. 2013)).

Instead, and as cited in the Motion to Unseal, "[a] motion that is presented to the court to invoke its powers or affect its decisions, whether or not characterized as dispositive, is subject to the public right of access." *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir.

2007) (internal quotation marks and citation omitted).[1] Defendants' Motion for Attorneys' Fees obviously fits that description, and it is a judicial record to which the press's and public's right of access attaches.

For these reasons, Plaintiff's Motion to Stay should be denied.

Respectfully submitted,

HOLLAND & KNIGHT LLP
Attorneys for The *Herald*
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 374-8500 (telephone)
(305) 789-7799 (facsimile)

By: /s/  Scott D. Ponce
Scott D. Ponce (FBN 0169528)

## CERTIFICATE OF SERVICE

I certify that on October 22, 2024, I electronically filed this document using the Court's CM/ECF system, which will serve it by e-mail on all counsel of record.

By:  /s/  Scott D. Ponce

---

[1] The exception to this rule is that "material filed with discovery motions is not subject to the common-law right of access . . . ." *See Callahan*, 17 F.4th at 1361-62 (internal quotation marks and citation omitted). Defendants' Motion for Attorneys' Fees is **not** a discovery motion. Additionally, it is irrelevant that some of the sealed and redacted exhibits to the Motion for Attorneys' Fees were exchanged during discovery because "though discovery materials do not automatically qualify as judicial records subject to the common-law right of access, they take on that status once they are filed in connection with a substantive motion." *See id.* at 1362.