# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

Case No. 6:23-cv-871-CEM-DCI

CHRISTOPHER E. DORWORTH,

    Plaintiff,

v.

JOEL MICAH GREENBERG, *et al.*,

    Defendants.

_____/

**NON-PARTY ORLANDO SENTINEL COMMUNICATION COMPANY LLC'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF JOINING THE MCCLATCHY COMPANY, LLC'S MOTION FOR ACCESS TO JUDICIAL RECORDS**

Orlando Sentinel Communications Company LLC, publisher of the *Orlando Sentinel* ("Sentinel") seeks leave to intervene in this matter for the limited purpose of joining the motion for access to judicial records filed by The McClatchy Company, LLC, publisher of *The Miami Herald* ("Herald"). [DE 204] The Sentinel specifically adopts and incorporates the substance of the Herald's motion.[1]

## MEMORANDUM OF LAW

### I. INTRODUCTION

As explained in the Herald's motion, Defendants seek to recover attorneys' fees and costs in this action, claiming that Plaintiff acted with subjective bad faith,

---

[1] The Sentinel also seeks to join and adopts The McClatchy Company, LLC's Response to Plaintiff's Motion to Stay.

1

including making untrue statements in two verified complaints. Seven exhibits to the fee motion were filed under seal and another exhibit was redacted because Plaintiff designated the underlying material confidential. Defendants disagreed with the confidentiality designation. The Herald then moved to intervene for the limited purpose of obtaining access to judicial records and requested to be granted access to the unredacted versions of the exhibits.

## II. THE SENTINEL HAS STANDING TO INTERVENE

The Eleventh Circuit has repeatedly recognized the propriety of allowing the public and the press to intervene in connection with the sealing of court records. *See, e.g.*, *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992) ("Because it is the rights of the public . . . that are at stake, any member of the public has standing to . . . unseal the court file in the event the record has been improperly sealed.") The Sentinel has closely followed and reported on these proceedings and requests permission to intervene in this action.

## III.   THE EXHIBITS SHOULD BE UNSEALED

For the reasons stated in the Herald's motion—adopted and incorporated by reference here—the Sentinel asks the Court to unseal the exhibits related to the fee motion.

In sum, it is well-settled that the public enjoys a presumptive right of access to civil court proceedings. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). "Judicial records are presumed to be public documents because '[o]nce a matter is brought before a court for resolution, it is no longer solely

the parties' case, but also the public's case.'" *Hargett v. Fla. Atl. Univ. Bd. Of Trs.*, No. 15-cv-80349, 2016 WL 10519507, *1 (S.D. Fla. Sept. 1, 2016) (quoting *Brown v. Advantage Eng., Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992)). As the Eleventh Circuit has explained, "[t]he operation of the courts and the judicial conduct of judges are matters of utmost public concern and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). *See also Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1359 (11th Cir. 2021) (explaining that access to judicial records "is crucial to our tradition and history, as well as to continued public confidence in our system of justice").

Importantly, "the Eleventh Circuit requires a strong showing by the proponent of a motion to seal before the Court will deny public access to judicial proceedings." *Schojan v. Papa John's Int'l, Inc.*, Case No. 8:14-cv-1218, 2014 WL 4674340, *2 (M.D. Fla. Sept. 18, 2014). The fact that the underlying documents may be subject to a confidentiality agreement and protective order when produced in discovery does not provide a sufficient basis to overcome the right of access to such material when it is filed in connection with a substantive pretrial motion. *Id.* at *1 ("Plaintiffs' conclusory assertion that the documents are subject to a protective order is insufficient to justify shielding [judicial records] from the public."). To be sure, a court must carefully review even an uncontested sealing request. *See Carbiener v. Lender Processing Servs.*, No. 3:13-cv-970, 2015 WL 12835680, *1 (M.D. Fla. March 6,

2015). "If a party cannot otherwise show good cause to seal information, the litigants' own arrangements to remove such information from public scrutiny will not manufacture good cause." *Hargett*, 2016 WL 10519507, *2.

As explained in the Herald's motion, this case is of public importance. Plaintiff levied verified allegations of racketeering and extortion against the Defendants and Defendants claim those verified allegations are false. There is no good cause to overcome the presumptive right of access.

## IV. CONCLUSION

The Sentinel joins the Herald's motion and requests an order granting it permission to intervene for the limited purpose of obtaining access to judicial records, and granting access to the unredacted versions of the exhibits to the fee motion.

## LOCAL RULE 3.01(g) CERTIFICATION

Undersigned counsel for the Sentinel certifies that she conferred with counsel for the parties regarding the relief requested in this Motion. The Herald has no objection to the Motion. Defendants Joel Greenberg, Abby Greenberg, Andrew Greenberg, Susan Greenberg, and AWG, Inc. do not oppose the Sentinel intervening for the limited purpose of seeking access to judicial records, and do not oppose the Sentinel being granted access to the materials identified in this Motion. Defendant Greenberg Dental Associates, LLC, Greenberg Dental & Orthodontics, P.A., and Greenberg Dental Specialty Group, LLC take no position on the Motion. Undersigned counsel emailed counsel for Plaintiff on November 26, 2024, December

4

2, 2024, and December 4, 2024, in an attempt to confer and arrange a time to discuss the Motion, but has been unable to obtain Plaintiff's position or arrange a time to discuss the Motion. However, with respect to the Herald's motion, which the Sentinel requests to join, the certification noted that counsel for Plaintiff stated that although Plaintiff might not oppose intervention at an appropriate time, Plaintiff opposes it at this juncture, and opposes the request for access to the sealed and redacted materials identified in the Herald's motion.

Respectfully submitted,

SHULLMAN FUGATE PLLC

*/s/ Rachel E. Fugate*
Rachel E. Fugate
Florida Bar No. 144029
rfugate@shullmanfugate.com
100 South Ashley Dr., Suite 600
Tampa, Florida 33602
Telephone: (813) 935-5098

*Attorneys for Orlando Sentinel Communications Company LLC*
