**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CASE NO. 6:23-cv-871-CEM-DCI**

CHRISTOPHER E. DORWORTH,

    Plaintiff,

vs.

JOEL MICAH GREENBERG et al.,

    Defendants.

_____/

## THE FLORIDA CENTER FOR GOVERNMENT ACCOUNTABILITY'S MOTION TO INTERVENE, JOINDER IN MOTION FOR ACCESS TO JUDICIAL RECORDS FILED BY THE MCCLATCHEY COMPANIES, LLC

The Florida Center for Government Accountability, a Florida not-for-profit corporation, (the "*Center*"), moves to intervene for the limited purpose of unsealing the redacted portions of Defendants' Motion for Attorneys' Fees (DE 194) (the "Motion"), and the sealed and redacted exhibits referenced in the Motion. In support, the *Center* would show the following:

    1.    The *Center* is a non-partisan charitable organization that focuses on providing support and assistance to citizens and investigative journalists to ensure government accountability and transparency.

    2.    The *Center* has unique expertise in access to governmental records, including unsealing state and federal court records. The mission of the *Center* focuses on public access to governmental records as a tool to aid citizens and journalists in obtaining information that fosters a participatory democracy. The Center also publishes original investigative journalism content via the *Florida Trident*, an online publication.

3. Defendants assert that the Motion and accompanying exhibits were filed under seal or with redactions because Plaintiff designated the information as confidential during discovery under a confidentiality agreement between the parties. *See* DE 195 at 2-4; DE 186 at 4-5. While Defendants dispute the appropriateness of the confidentiality designation under the agreement—and disagree that documents containing such information should be sealed or redacted when submitted as exhibits to a motion for attorneys' fees—they filed the materials under seal or in redacted form out of an abundance of caution, pending the Court's determination on whether sealing is warranted. *See* DE 195, DE 186.

4. Defendants assert that the Motion and accompanying exhibits were filed under seal or with redactions because Plaintiff designated the information as confidential during discovery under a confidentiality agreement between the parties. See DE 195 at 2-4; DE 186 at 4-5. While Defendants dispute the appropriateness of the confidentiality designation under the agreement—and disagree that documents containing such information should be sealed or redacted when submitted as exhibits to a motion for attorneys' fees—they filed the materials under seal or in redacted form out of an abundance of caution, pending the Court's determination on whether sealing is warranted. *See* DE 195, DE 186.

5. The *Center* seeks to intervene in this legal action for the specific and limited purpose of obtaining access to judicial records, asserting its rights under principles of public access to court documents. The *Center* argues that transparency in judicial proceedings is a cornerstone of the public's ability to monitor the functioning of

the judiciary, and therefore, it seeks access to materials that have been sealed or redacted in this case.

6. The *Center* contends that the sealing and redaction of these documents may be overly broad or unjustified and seeks judicial review to determine whether the restrictions on access meet the strict scrutiny required under applicable legal standards.

7. The *Center* emphasizes that its intervention is narrowly tailored to address only the issue of access and does not seek to participate in the substantive litigation between the parties. This limited purpose intervention is framed as necessary to ensure the public's right to observe and understand judicial proceedings and to maintain confidence in the integrity of the judicial process.

8. The Center contacted counsel for the parties in November 2024, regarding its position on intervention, but has not received any objections.

## MEMORANDUM OF LAW

A presumption exists that judicial records are open to the public. Courts must evaluate whether good cause exists to prevent such access." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021). In doing so a "balance of interests" approach is applied to determine whether access should be granted in light of the particular facts of the case. *See Bennett v. United States*, No. 12-61499-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 102771, at *21 (S.D. Fla. July 23, 2013). Courts balance the public's right to access court documents against a party's confidentiality interests by evaluating factors such as potential harm to court functions or privacy, the risk and severity of injury from disclosure, the reliability of the information, opportunities to respond to it, whether it involves public officials or matters of public

concern, and whether less restrictive alternatives to sealing are available. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

The Court must balance the public's common law right to accurate and timely information against the need for secrecy. Under the circumstances of this case, that balance strongly favors disclosure.

WHEREFORE, the *Center* respectfully requests that the Court grant its motion to intervene and enter an Order unsealing the redactions in the Motion and accompanying exhibits.

Respectfully submitted,

**BENTLEY, GOODRICH & KISON, P.A.**


*/s/ Morgan R. Bentley*
Morgan R. Bentley
783 South Orange Avenue, 3rd Floor
Sarasota, Florida 34236
Fla. Bar No. 962287
mbentley@bgk.law
eserve@bgk.law

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 10, 2024, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF system for filing.

*/s/ Morgan R. Bentley, Esq.*
Morgan R. Bentley, Esq.