UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

Case No.: 6:23-cv-871-CEM-DCI

JOEL MICAH GREENBERG, et al.,

*Defendants*.

**OBJECTION TO REPORT AND RECOMMENDATION (Doc. 217)**

The Greenbergs respectfully object to the January 23, 2025, Report and Recommendation, Doc. 217 ("R&R"), recommending denial of Doc. 194 ("the Fee Motion") and 195, a motion to seal.[1] This Objection addresses two bodies of law: (1) the Florida RICO Act's attorney's fee provision, § 772.104(3), Fla. Stat., entitling defendants to recover fees "upon a finding that the claimant raised a claim which was without substantial fact or legal support," and (2) the Court's inherent authority to sanction bad-faith litigation misconduct. Applying this law, the R&R made several errors.

*First*, the R&R recommended that the Court disregard evidence submitted with the Fee Motion and thus deny the Greenbergs' request for fees under Florida's RICO Act as unsupported. Doc. 217 at 17. But Florida law requires the Court to assess a record that includes materials filed in support of a fee motion *after* dismissal—even a voluntary dismissal without prejudice. *See, e.g.*, *Nodal v. Infinity Auto Ins. Co.*, 50 So. 3d 721, 722–24 (Fla. 2d DCA 2010) (considering, as part of the "evidence in the record," documents filed with the defendant's fee motion after "a plaintiff's voluntary dismissal" without prejudice).

*Second*, and relatedly, the R&R recommended that the Court find that some pre-dismissal "judicial determination concerning the legal or factual basis of the Florida RICO claim"—which did not occur here—was a necessary prerequisite to any Florida RICO fee award. Doc. 217 at 18 (quoting *Royal Palm Vill. Residents, Inc. v. Slider*, No. 8:19-CV-874-CEH-SPF, 2021 WL 4876391, at *4 (M.D. Fla. Aug. 2, 2021) (Flynn,

[1] The Greenbergs object to the recommendation on Doc. 195 only to the extent it recommends the Court not consider the documents at issue in any capacity.

Mag. J.) (report and recommendation, hereinafter "*Slider I*")). For that conclusion, the R&R relied on a report and recommendation of Magistrate Judge Flynn; but Judge Honeywell rejected Judge Flynn's recommendation on that specific point. *See Royal Palm Vill. Residents, Inc. v. Slider*, No. 8:19-CV-874-CEH-SPF, 2021 WL 4452898, at *5–6 (M.D. Fla. Sept. 29, 2021) (Honeywell, J.) (citing *Nodal* and rejecting Judge Flynn's report and recommendation in *Slider I* in part "as to consideration of the Court's failure to reach the merits of the Florida RICO claims in determining whether those claims lacked a legal or factual basis") (hereinafter "*Slider II*").[2]

Finally, likewise, the R&R erred in recommending the Court deny inherent authority sanctions without considering relevant evidence. Thus, respectfully, the Court should reject the R&R and grant the Fee Motion on de novo review.

**Florida RICO.** The R&R first erred in failing to apply *Nodal*. Binding law requires the Court to apply state law when determining fee entitlement under Florida's RICO Act, *see* Doc. 217 at 9 n.7, and "decide the case the way it appears the state's highest court would."[3] *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290

[2] The Greenbergs cited both *Nodal* and *Slider II* in the Fee Motion. Doc. 194 at 5, 24–25.

[3] State fee-shifting provisions are substantive and apply in federal court if not in conflict with federal statute or rule. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1259 (11th Cir. 2011). Here, § 772.104 creates a substantive right, *see* § 772.104(3), Fla. Stat. ("The defendant shall be entitled . . . ."); *see also Menendez v. Progressive Exp. Ins. Co.*, 35 So. 3d 873, 878 (Fla. 2010) ("[T]he statutory right to attorneys' fees is . . . a substantive right."), interpreted by state courts to encompass a defendant's right to recover fees on a post-voluntary dismissal showing, *Nodal*, 50 So. 3d at 724 (explaining that, when a claim lacks support at the time of dismissal, "a defendant *is entitled* to recover attorney's fees and costs") (emphasis added)). *Nodal*'s rule is not contrary to the federal rules. Rule 54 requires that a fee motion "be filed no later than 14 days *after* the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B)(i). And Rule 54 explicitly contemplates the submission of evidence under Federal Rule of Civil Procedure 43(c)—stating "[w]hen a motion relies on facts outside the record, the court may hear the matter on

(11th Cir. 2001). And because the Florida Supreme Court has not addressed whether fee entitlement under Florida's RICO Act may be established post dismissal, this Court must follow applicable intermediate state court decisions absent "persuasive evidence" that the Florida Supreme Court "would conclude otherwise." *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1348 (11th Cir. 2011); *Freeman v. First Union Nat.*, 329 F.3d 1231, 1232 (11th Cir. 2003) ("A lack of explicit Florida case law on an issue does not absolve us of our duty to decide what the state courts would hold if faced with it." (cleaned up)). *Nodal*'s interpretation of the relevant standard binds the Court.

*First*, *Nodal* directly addresses the central issue raised in the R&R: what evidence may a court consider when deciding, post-dismissal, whether "the claimant raised a claim without substantial legal or factual support"? In *Nodal*, the plaintiff alleged, *inter alia*, violations of Florida's civil theft statute, § 772.11, Fla. Stat.[4] *Id.* at 723. After the defendants moved to dismiss but before the trial court ruled on the motion, the plaintiff voluntarily dismissed his operative complaint. *Id.* The trial court then denied the

---

affidavits or may hear it wholly or partly on oral testimony or on depositions"—and requires fact finding under Rule 52(a). Fed. R. Civ. P. Rule 54(d)(2)(C). Rule 54 thus does not conflict with *Nodal*.

[4] Although *Nodal* addressed Florida's civil theft statute, the standard for entitlement to attorney's fees in the Florida RICO statute is virtually identical. *Compare* § 772.11(1), Fla. Stat. ("The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support."), *with* § 772.104(3), Fla. Stat. (same, except replacing "is entitled" with "shall be entitled" and "claim that" with "claim which"); *see also Rioberg Int'l Trade Co., LLC v. Mangels Indus. S.A.*, No. 6:23-CV-2084-ACC-LHP, 2024 WL 5055406, at *3 n.5 (M.D. Fla. Sept. 30, 2024) (Hoffman-Price, Mag. J.) (describing §§ 772.11 and 772.104's fee provisions as "identical"), *R&R adopted*, 2024 WL 5055411 (M.D. Fla. Oct. 17, 2024) (Conway, J.); *see also Bronson v. Bronson*, 685 So. 2d 994, 995 (Fla. 5th DCA 1997) (Antoon, J.) (citing the two provisions as interchangeable); *Marcus v. Miller*, 663 So. 2d 1340, 1342 (Fla. 4th DCA 1995) (analyzing the two provisions together); *see State v. Hearns*, 961 So. 2d 211, 217 (Fla. 2007) ("We have held that where the Legislature uses the exact same words or phrases in two different statutes, we may assume it intended the same meaning to apply.").

defendants subsequent fee motion. *Id.* In doing so, the trial court applied the R&R's logic, ruling that "[t]here is nothing in the record to date upon which a finding can be made that the underlying claims . . . were without substantial fact or legal support." *Id.* (some alteration in original).

Reversing, the Second DCA explained that "in fact there was evidence in the record on this very issue" because the defendants "filed documents to support their motions"—namely, the evidence submitted with the post-dismissal motion for attorney's fees. *Id.* After analyzing the defendants' evidence, *Nodal* concluded that "[a] determination of a claim's substantial fact or legal support can be made after a plaintiff's voluntary dismissal" and that if "a plaintiff chooses to voluntarily dismiss its suit at a point when no record evidence supports the factual or legal basis for its civil theft claim, then a defendant is entitled to recover attorney's fees and costs expended in challenging the action."[5] *Id.* at 724.

*Second, Nodal* therefore governs absent persuasive evidence that the Florida Supreme Court would rule otherwise. There is none. To start, the R&R erred because it failed to undertake this analysis. If it had, it would have found no persuasive evidence that the Florida Supreme Court would disregard *Nodal*. Indeed, that Court has said nothing to undermine *Nodal* since it was decided 15 years ago. Further, no Florida

[5] *Nodal* relied on an earlier—and equally binding—decision interpreting the same standard, which similarly concluded that a court may consider evidence post-voluntary dismissal under Florida's civil theft statute. *Tangerine Bay Co. v. Derby Road Invs.*, 664 So. 2d 1045 (Fla. 2d DCA 1995) (reversing and remanded with instructions that "the parties may present evidence as to substantial fact or legal support for the civil theft claim").

appellate court has registered disagreement with *Nodal*. Rather, Florida courts continue to cite *Nodal* approvingly. *See Levy v. Tabib*, 389 So. 3d 651 (Fla. 3d DCA 2024). Indeed, other decisions of this Court—issued after the Greenbergs filed the Fee Motion—have cited *Nodal* for the proposition that fees might be warranted in some cases when "a plaintiff voluntarily dismissed her civil theft claim when faced with a motion to dismiss." *See Rioberg*, 2024 WL 5055406, at *3 n.5 (noting that, in *Nodal*, "the defendant and the plaintiff both submitted record evidence and discovery responses"). The R&R thus erred by failing to apply or consider *Nodal*.

The R&R also erred in relying on a partially rejected report and recommendation. Specifically, the R&R relied on Magistrate Judge Flynn's report and recommendation preceding the *Slider II* decision discussed above. *See* Doc. 217 at 12, 18 (quoting *Slider I*, 2021 WL 4876391, at *4). In *Slider I*, Magistrate Judge Flynn considered a motion for attorney's fees under Florida's RICO Act filed after a voluntary dismissal but before any judicial determination regarding the substance of the claim. 2021 WL 4876391, at *2. *Slider I* started its analysis by citing several cases in which courts awarded fees under Florida's RICO Act after a dismissal with prejudice. *Id.* at *4. Then, in the passage quoted in the R&R, after noting that "the Court did not reach the merits of the RICO claims," *Slider I* concluded:

> Based on the line of cases awarding fees under § 772.104 when a dismissal with prejudice is entered and the specific facts of this case to the contrary, the undersigned cannot find that Plaintiffs' Florida RICO claims were "without substantial fact or legal support" or that an award of fees is warranted.

*Id.* In turn, Judge Honeywell adopted *Slider I* in all respects, *except* as to the proposition on which the R&R relies. *See Slider II*, 2021 WL 4452898, at *6 (rejecting *Slider I* "as to consideration of the Court's failure to reach the merits of the Florida RICO claims in determining whether those claims lacked a legal or factual basis").[6]

Relying on *Nodal*, Judge Honeywell—who issued the trial court's decision in *Nodal* when she was on the state bench—agreed with the defendants that "the time to address the merits of the RICO claims comes on Defendants' motions for fees," *id.* at *5 n.3, which is a determination that "can be made after a plaintiff's voluntary dismissal of the claim." *Id.* at *5 (citing *Nodal*, 50 So. 2d at 724).[7] In turn, because *Slider II* explicitly rejected *Slider I*'s legal conclusions on this point, the R&R erred in relying on *Slider I* to recommend that the Court deny the Greenbergs' request for fees under Florida's RICO Act.[8]

For these reasons, the Court should respectfully reject the R&R's recommendation that it only consider pre-dismissal judicial determinations and evidence.[9]

---

[6] As to the merits of the claim, Judge Honeywell concluded that "Defendants have not met their burden," noting that "the motion for fees [was] conclusory" and had "no clear explanation as to why the Florida RICO claims lack factual or legal support" aside from mere "pleading defects" which she concluded was itself "unsupported." *Slider II* at *5.

[7] *See also Eaton v. Bank of N.Y. Mellon*, No. 3:21cv251/MCR/EMT, 2021 WL 4452019, at *2 (N.D. Fla. Sept. 28, 2021) (granting, after *sua sponte* dismissal for failure to effect service, a motion for fees under Florida's RICO Act and noting that the "parties declined the court's offer of an evidentiary hearing").

[8] The R&R also relies on *Wardak v. Goolden*, No. 1:19-CV-21121-RAR, 2020 WL 6749171, at *5 n.4 (S.D. Fla. Sept. 8, 2020)—which approvingly cited *Nodal* and found it "persuasive" regarding post voluntary dismissal motions for fees under § 772.104(3). *Id.*

[9] The R&R also suggested that the Court might decline supplemental jurisdiction over the Florida RICO claim, Doc. 217 at 14–15, but it still "recommend[ed] that the Court consider the [fee] request." *Id.* at 17. The law supports this conclusion. The Court retains *collateral* jurisdiction over the

**Inherent Powers.** The R&R erred in recommending the Court decline to issue inherent powers sanctions for at least three reasons. *First*, the R&R did not consider the evidence supporting the Fee Motion—or any argument relying on allegedly confidential documents—restricting its analysis to the unredacted pleadings before it.[10] Because Rule 11 reaches only pleadings, and the R&R considered only pleadings, this step led the R&R to conclude that Rule 11 was sufficient to address Plaintiff's misconduct. *Id.* at 21; *see also id.* at 24 (characterizing "the allegedly sanctionable falsities" as statements within Plaintiff's complaint). *Second*, even if the R&R properly limited its analysis to the unredacted pleadings before it, it failed to consider that Plaintiff realleged the false statements in his first complaint by incorporating them by reference in his amended complaint. *Compare id.* at 24–25 (Plaintiff's amended complaint "entirely removed the first group of allegedly false allegations."), *with* Doc. 194 at 15 (noting that Plaintiff incorporated his first complaint by reference in his amended complaint (citing Doc. 62 ¶ 348)). And *third*, the R&R failed to recognize how central these false allegations were to Plaintiff's claims.

Start with the R&R's refusal to consider the evidence supporting the Fee

Fee Motion. It does not exercise "supplemental" jurisdiction over collateral issues. *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1308 (11th Cir. 2016) (explaining that collateral jurisdiction is "independent jurisdiction" that may be exercised "even after an action is dismissed for lack of jurisdiction"). Binding authority bears this out: this Court would have to "remand, rather than dismiss, [the] state claims over which" it has "decline[d] to exercise supplemental jurisdiction . . . ." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226 (11th Cir. 2010). But no state claims remain to remand—only a fee motion with collateral "dependence on the [this] lawsuit." *PTA-FLA Inc.*, 844 F.3d at 1308.

[10] *See* Doc. 217 at 27 ("To be clear, in making this recommendation, the undersigned relies upon neither the unredacted version of the Family Defendants' Entitlement Motion nor the attachments that Defendants seek to file under seal . . . . There is no need given the public pleadings and allegations that are now part of the record.").

Motion. As the R&R frames it, the Greenbergs ask "this Court [to] utilize an extreme and unusual mechanism to reach their desired outcome" under which the Court would consider evidence "never made part of the judicial record prior to dismissal." Doc. 217 at 25. But this Court can consider post-dismissal evidence on a motion for inherent powers sanctions. *See, e.g.*, *Grigoli v. Scott Cochrane Inc.*, No. 8:14-CV-844, 2015 WL 4529032, at *2, *5 (M.D. Fla. July 27, 2015) (rejecting plaintiff's testimony during post-dismissal evidentiary hearing that he did not bring action in bad faith based on his "demeanor").[11]

In turn, because the R&R limited its analysis to the pleadings, it concluded that Rule 11 was sufficient to address Plaintiff's misconduct.[12] But Rule 11 does not reach false statements made in depositions or written discovery responses. *See Peer v. Lewis*, No. 06-60146-CIV-TORRES, 2013 WL 1345477, at *9 (S.D. Fla. Apr. 3, 2013) ("Rule 11 sanctions are limited to conduct concerning papers filed in court." (cleaned up)). The R&R thus erred in concluding Rule 11 could address Plaintiff's misconduct.

---

[11] The R&R alternatively recommends that "comity militate[s] against exercising inherent power to consider the validity of allegations that a state court is now considering." Doc. 217 at 22. But generally, "modern expressions of comity have been limited in their application to federal cases which seek to enjoin state judicial proceedings." *Fair Assessment in Real Est. Ass'n, Inc. v. McNary*, 454 U.S. 100, 112 (1981). Thus, it is unclear if "comity remains an independent basis for abstention." *Peridot Tree, Inc. v. City of Sacramento*, 94 F.4th 916, 932 (9th Cir. 2024). Regardless, comity is irrelevant here because inherent powers sanctions "do not require a court to rule on the merits of the underlying case." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (cleaned up). Further, abstention would allow plaintiffs to escape sanctions through follow-on state actions, encouraging frivolous state claims, and is thus inimical to the interests of both the state and federal court system.

[12] Thus, although the R&R states in a footnote that it considered the Greenbergs' allegations that Plaintiff reiterated false statements during discovery, Doc. 217 at 24 n.14, the R&R could not have fully considered those statements because they were only reflected in the evidence supporting the Fee Motion—which the Court expressly did not consider, *id.* at 27.

The R&R further disregarded the false statements in Plaintiff's first complaint because it viewed those statements as superseded by the amended complaint. Doc. 217 at 25, 25 n.15. But this is factually incorrect because the amended complaint facially incorporated the first complaint by reference, realleging these false statements. Doc. 62 ¶ 348. And whether Plaintiff's incorporation by reference was procedurally proper or not, the salient point is that Plaintiff *intended* to reallege the false allegations in his first complaint and, because the Court never reached Defendants' motions to dismiss, the Greenbergs were forced to defend them.

The R&R further erred in discounting the relevance of Plaintiff repeating lies from his first complaint in discovery. *See* Doc. 217 at 24. Plaintiff's claim that he was not home during the 2017 party and never met A.B., *see* Doc. 217 at 24, are not white lies. If false, they undermine Plaintiff's entire theory of this case. If Plaintiff was at the party and met A.B., then it is much more likely that Plaintiff came under investigation by federal authorities due to those facts, and not due to alleged lies told by a conspiracy. In other words, the truth of Plaintiff's allegations in his initial complaint remained highly relevant to causation and whether there was a conspiracy to falsely accuse him of misconduct—an issue that all parties hotly litigated in discovery.[13]

These interrelated errors led the R&R to view the misconduct at issue as misstatements in "certain, cherry-picked allegations in a 498-paragaph pleading." Doc.

[13] Indeed, Plaintiff did not seek protection from a litany of discovery requests and deposition questions regarding his presence at a party with A.B. on the basis that such requests were no longer relevant. *See* Doc. 194 at 16–19. To the contrary, Plaintiff even produced a declaration of a friend to be his alibi regarding attendance at the party with A.B. *See also* Doc. 194-15.

217 at 26. But that is not the misconduct alleged; Plaintiff materially lied in complaints in federal court, then continued those lies during discovery and in state court. This is the exact behavior the Court's inherent powers are meant to reach. And by focusing on narrow slivers of misconduct, the R&R misses the forest for the trees.[14]

The Greenbergs respectfully request that the Court reject the R&R.

Dated: February 6, 2025

Respectfully submitted,

*/s/Frederick S. Wermuth*
Frederick S. Wermuth
Florida Bar No. 0184111
Dustin Mauser-Claassen
Florida Bar No. 0119289
Quinn Ritter
Florida Bar No. 1018135
KING, BLACKWELL, ZEHNDER & WERMUTH, P.A.
25 E. Pine Street
Orlando, FL 32801
Telephone: (407) 422-2472
Facsimile: (407) 648-0161
fwermuth@kbzwlaw.com
dmauser@kbzwlaw.com
qritter@kbzwlaw.com

*Attorneys for Defendants Andrew Greenberg, Susan Greenberg, and AWG, Inc.*

*/s/Jason A. Perkins*
Jason A. Perkins, Esq.
Florida Bar No. 0610852
CARLTON FIELDS, P.A.
200 S. Orange Avenue, Suite 1000
Orlando, Florida 32801
Phone: (407) 849-0300
Fax: (407) 648-9099
jperkins@carltonfields.com

*Attorney for Defendant, Abby Greenberg*

[14] *See Fuery v. City of Chicago*, 900 F.3d 450, 454 (7th Cir. 2018) ("[T]he whole of abusive action is greater than the sum of the parts of which it is made. Were we to view judicial abuses piecemeal, each one might not be worthy of sanctions, or even comment. But these incremental abuses chip away at the fair administration of justice. . . . .").