UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CHRISTOPHER E. DORWORTH,

*Plaintiff*,

v.

JOEL MICAH GREENBERG, et al.,

*Defendants*.

Case No.: 6:23-cv-871-CEM-DCI

**OBJECTION TO REPORT AND RECOMMENDATION AND REQUEST
FOR ORAL ARGUMENT (Doc. 217)**

Joel Greenberg respectfully objects to the January 23, 2025, Report and Recommendation, Doc. 217 ("R&R") on his motion for entitlement to fees and sanctions, Doc. 196 ("Entitlement Motion").

### *STATEMENT OF FACTS*

***Joel Greenberg's Entitlement Motion.*** Joel Greenberg's Entitlement Motion sought relief on two bases: 1) the Florida RICO statute; and (2) the Court's inherent powers. Doc. 196 at 1.[1] The motion noted that a defendant in a civil RICO action can recover fees when the RICO claim is "without substantial fact or legal support." *Id.* at 10-11 (citing *Royal Palm Village Residents, Inc. v. Slider, Inc.*, No. 8:19-CV-874-CEH-SPF, 2021 WL 4452898, at *1 (M.D. Fla. Sept. 29, 2021) (hereinafter *Slider II*)).

Concerning sanctions, the Entitlement Motion asserted that this Court should sanction Plaintiff under its inherent power because he acted willfully and in bad faith by filing verified complaints with false, egregious and defamatory lies. Doc. 196 at 16. The motion further noted that Plaintiff was unrepentant in asserting lies throughout the litigation process and enlisting his spouse in such falsehoods. *Id.* Furthermore, the "Plaintiff sought to usurp the federal criminal justice system" by attacking a cooperating defendant and a minor, who was the victim of a federal crime. *Id.* Finally, the Entitlement Motion maintained that the Plaintiff continued to perpetuate his misconduct by bringing similar claims in a state action. *Id.* at 16-17.

---

[1] As noted in the R&R, Joel Greenberg's Entitlement Motion relied on the exhibits filed with his co-defendants' motion for fee entitlement (Doc. 194). See Doc. 217 at 5, fn 4. Such a reliance or strategy resulted from an agreement between all Defendants and was designed to provide the Court with one set of exhibits with the same numbers.

*The R&R.* On January 23, 2025, the lower court issued an R&R recommending that Joel Greenberg's Entitlement Motion be denied. Doc. 217 at 2. The R&R agreed that the Florida RICO statute provides for fees "upon a finding that the claimant raised a claim which was without fact or legal support." *Id.* at 9 (citing Fla. Stat. § 772104(3)). Nevertheless, the R&R contended that the Defendant sought to have "this Court decide whether they have met [this] statutory standard based upon evidence not part of the judicial record at the time of voluntary dismissal" and failed to provide any legal support for such a proposition. *Id.* at 10. It recommended that this Court hold that a party cannot obtain fees under Florida's RICO Act in the absence of a pre-dismissal "finding concerning the sufficiency of the claim." Doc. 217 at 12.

The R&R further recommended that the Court disregard evidence submitted with the Entitlement Motion and thus deny Joel Greenberg's request for fees under Florida's RICO Act as unsupported. Doc. 217 at 17. The R&R contended that without a judicial determination of the legal or factual basis of the Florida RICO claim, the court could not find that the Florida RICO claims were 'without substantial fact or legal support' or that an award of fees is warranted." Doc. 217 at 18 (quoting *Royal Palm Village Residents, Inc. v. Slider*, Case No. 8:19-cv-874-CEH-SPF, 2021 WL 4876391, at *4 (M.D. Fla. 2021) (Flynn, J.) (report and recommendation, hereinafter "*Slider I*")). Finally, for similar reasons, the R&R recommended the Court deny inherent authority sanctions without considering relevant evidence. The R&R concluded this Court should not exercise its inherent power since Rule 11, of the Federal Rules of Civil Procedure, was up to the task. *Id.* at 21.

2

# ARGUMENT

On objection, a report and recommendation is subject to de novo review. 28 U.S.C. § 636(b)(1)(C). Florida's RICO Act entitles defendants to fees when a plaintiff's claims are "without substantial fact or legal support." § 772.104(3), Fla. Stat. Inherent power sanctions are warranted for "bad faith," vexatious, wonton, or "oppressive" behavior in litigation. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991).

### I.   The R&R erred in failing to consider binding Florida law and in relying upon a rejected report and recommendation.

The R&R erred in finding that a court could not award fees under Florida's RICO Act in the absence of a substantive ruling on Plaintiff's RICO claim prior to dismissal. In reaching this conclusion, R&R incorrectly stated that Greenberg cited no cases supporting his contrary contention. Doc. 217 at 10. Moreover, the R&R erred in concluding that the Court should not consider post-dismissal evidence and could not award fees absent a pre-dismissal ruling on the merits. *See* Doc. 217 at 12, 17-18. The R&R is wrong since (a) it fails to consider *Nodal*, which is the binding Florida interpretation of the relevant standard, and (b) it relies on a report and recommendation that was rejected by a district judge in reliance on *Nodal*.

### A. The R&R erred by failing to consider *Nodal*, which is binding Florida interpretation of the relevant statutory standard.

A significant error in the R&R is its contention that Greenberg failed to provide case law in support of his argument. Indeed, Greenberg cited *Slider II*. *See* Doc. 196 at 11; 12 (citing *Slider II*, 2021 WL 4452898, at *5 (a defendant could show that a Florida RICO claim lacked substantial fact or legal support even "after a plaintiff's voluntary

3

dismissal of the claim" before any judicial determination as to the claim's sufficiency). And this error is critical to the R&R's analysis. In ignoring *Slider II* in favor of *Slider I*, the R&R ignored the paramount importance of *Nodal v. Infinity Auto Insurance Co.*, Ins. Co., 50 So. 3d 721, 722–24 (Fla. 2d DCA 2010), to the instant matter. Indeed, *Slider II*, relied on *Nodal*, in rejecting *Slider I*'s finding that there had to be determination of the merits of a fee claim prior to a voluntary dismissal. *See Slider* II, WL445898, at *5.

As a result, the R&R not only erred in ignoring *Slider II*, but also in failing to consider *Nodal*. This Court must apply state law when determining fee entitlement under Florida's RICO Act, *see* Doc. 217 at 9 n.7, and "decide the case the way it appears the state's highest court would." *Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 (11th Cir. 2001). Because the Florida Supreme Court has not addressed whether fee entitlement under Florida's RICO Act may be established post dismissal, this Court must follow applicable intermediate state court decisions absent "persuasive evidence" that the Court "would conclude otherwise." *Molinos Valle Del Cibao, C. por A. v. Lama,* 633 F.3d 1330, 1348 (11th Cir. 2011). *Nodal* binds this Court if it is (a) on point and (b) there is no persuasive evidence that the Florida Supreme Court would rule otherwise. *Nodal* meets both those prerequisites.

To be sure, *Nodal* directly addresses the issue raised in the R&R. In *Nodal*, the plaintiff alleged a violation of Florida's civil theft statute, § 772.11, Fla. Stat.[2] *Id.* at

---

[2] As explained below, the statutory text setting forth the standard for entitlement to attorney's fees in Florida's civil theft statute and the Florida RICO Act are virtually identical—they both afford attorney's fees "upon a finding that the claimant raised a claim that was without substantial fact or legal

4

723. Before the court ruled on the defendants' motions to dismiss, the plaintiff voluntarily dismissed his complaint. *Id.* The trial court denied the defendants' motion for attorney's fees applying the same logic as the R&R, ruling that "[t]here is nothing in the record to date upon which a finding can be made that the underlying claims . . . were without substantial fact or legal support." *Id.* (some alteration in original).

Reversing, *Nodal* explained that there was record evidence because the defendants filed documents to their motions —namely, the evidence submitted with the post-dismissal motion for attorney's fees. *Id.* After analyzing such evidence, *Nodal* concluded "[a] determination of a claim's substantial fact or legal support can be made after a plaintiff's voluntary dismissal" and that if "a plaintiff chooses to voluntarily dismiss its suit at a point when no record evidence supports the factual or legal basis for its civil theft claim, then a defendant is entitled to recover attorney's fees and costs expended in challenging the action." *Id.* at 724.[3]

Although *Nodal* addressed Florida's civil theft act, that statute is in the same chapter as Florida's RICO Act and the relevant standard for entitlement to attorney's fees in both statutes is virtually identical.[4] *See Rioberg Int'l Trade Co., LLC v. Mangels Indus. S.A.*, 2024 WL 5055406, at *3 n.5 (M.D. Fla. Sept. 30, 2024) (describing

---

support" § 722.11(1), Fla. Sat, § 772.104(3), Fla. Stat.—and state and federal courts have thus treated the two statutes as interchangeable.

[3] *Nodal* relied on an earlier—and equally binding—decision interpreting the same standard. *See Tangerine Bay Company v. Derby Road Investments*, 664 So. 2d 1045 (Fla. 2d DCA 1995).

[4]*Compare* § 772.11(1), Fla. Stat. ("The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support."), *with* § 772.104(3), Fla. Stat. ("The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support.")

5

§§ 772.11 and 772.104's fee provisions as "identical"), *report and recommendation adopted*, No. 6:23-CV-2084-ACC-LHP, 2024 WL 5055411 (M.D. Fla. Oct. 17, 2024). *Nodal* therefore governs absent persuasive evidence that the Supreme Court would rule otherwise. *See, e.g.*, *State v. Hearns*, 961 So. 2d 211, 217 (Fla. 2007).

Moreover, there is no persuasive evidence the Florida Supreme Court would rule otherwise. To start, the R&R erred in failing to undertake this analysis. If it had, it would have found no persuasive evidence that the Florida Supreme Court would disregard *Nodal*. Indeed, that court has said nothing to undermine *Nodal* since it was decided 15 years ago, and no other Florida appellate court has registered its disagreement with *Nodal*. Rather, Florida courts continue to cite *Nodal* approvingly. *See Levy v. Tabib*, 389 So. 3d 651 (Fla. 3d DCA 2024). And other decisions of this Court—issued after Greenberg's Entitlement Motion—have cited *Nodal* in finding that, in some cases, fees might be warranted when "a plaintiff voluntarily dismissed her civil theft claim when faced with a motion to dismiss." *See Rioberg*, 2024 WL 5055406, at *3 n.5. The R&R erred by failing to follow, or even consider, *Nodal*. And again, it erred in stating the Defendants cited no legal authority for their argument.

### B. The R&R erred by relying on *Slider I* for a legal proposition which was rejected by the higher court in *Slider II*.

The R&R's failure to consider *Nodal* was compounded by its reliance on a partially rejected report and recommendation. Specifically, the R&R relied on Magistrate Judge Flynn's report and recommendation preceding the *Slider II* decision discussed above. *See* Doc. 217 at 12, 18 (quoting *Slider I*, 2021 WL 4876391, at *4). In *Slider I*,

6

Magistrate Judge Flynn considered, among other things, a motion for attorney's fees under Florida's RICO Act filed after a voluntary dismissal but before any judicial determination regarding the substance of the claim. 2021 WL 4876391, at *2. In the passage quoted in the R&R, after noting that "the Court did not reach the merits of the RICO claims," *Slider I* concluded "[b]ased on the line of cases awarding fees under § 772.104 when a dismissal with prejudice is entered and the specific facts of this case to the contrary, the undersigned cannot find that Plaintiffs' Florida RICO claims were 'without substantial fact or legal support' or that an award of fees is warranted." *Id.*

*Slider II* adopted *Slider I* in all respects, *except* for the specific proposition that the R&R relies on and cites to. 2021 WL 4452898 at *6 (rejecting *Slider I* "as to consideration of the Court's failure to reach the merits of the Florida RICO claims in determining whether those claims lacked a legal or factual basis"). Relying on *Nodal*, *Slider II* concluded that "the time to address the merits of the RICO claims comes on Defendants' motions for fees," *id.* at *5 n.3, which is a determination that "can be made after a plaintiff's voluntary dismissal of the claim." *Id.* at *5 (citing *Nodal*, 50 So. 2d at 724).[5] Because *Slider II* explicitly rejected *Slider I*'s legal conclusions on this point, the R&R

---

[5] Other cases, while not citing *Nodal*, have implicitly permitted post-dismissal Entitlement Motions and supporting evidence in deciding whether a Florida RICO claim had a substantial legal or factual basis—even where a defendant was never properly served or moved to dismiss. *See Eaton v. Bank of N.Y. Mellon*, No. 3:21cv251/MCR/EMT, 2021 WL 4452019, at *2 (N.D. Fla. Sept. 28, 2021).

7

erroneously relied on *Slider I* in recommending the denial of Geenberg's request for fees under Florida's RICO Act.[6]

For these reasons, the Court should respectfully reject the R&R's recommendation it can only consider pre-dismissal judicial determinations and evidence. This Court should consider the evidence, along with the lack of evidence supporting Plaintiff's claim, and find an entitlement to fees under § 772.104(3).

## II. The Court should reject the Magistrate Judge's recommendation to decline to award sanctions under its inherent powers

The R&R erred in recommending the Court decline to issue inherent powers sanctions for at least three reasons. *First*, the R&R did not consider the evidence supporting the Entitlement Motion restricting its analysis to the unredacted pleadings before it. Doc. 217 at 27. Because Rule 11 reaches only pleadings, and the R&R considered only pleadings, this led the R&R to conclude that Rule 11 was sufficient to address Plaintiff's misconduct. *Id.* at 21; *see also id.* at 24 (characterizing "the allegedly sanctionable falsities" as a "group of statements only within the Initial Complaint and . . . a second group of four allegations in the Amended Complaint"). And *third*, the R&R failed to recognize how central these false allegations were to Plaintiff's claims.

Start with the R&R's refusal to consider the evidence supporting the Entitlement Motion. As the R&R frames it, the Greenbergs ask "this Court [to] utilize an extreme and unusual mechanism to reach their desired outcome" under which the

---

[6] The R&R also relies on *Wardak v. Goolden*, WL 6749171 (S.D. Fla. September 8, 2020)—which approvingly cited *Nodal*. Doc. 217 at 13–14. But such reliance is misplaced. Indeed, *Wardak* cited *Nodal* and found it "persuasive" regarding post voluntary dismissal motions for fees under § 772.104(3). *Id.*

8

Court would consider evidence "never made part of the judicial record prior to dismissal." Doc. 217 at 25. But this Court can consider post-dismissal evidence on a motion for inherent powers sanctions. *See, e.g.*, *Grigoli v. Scott Cochrane Inc.*, 2015 WL 4529032, at *2, *5 (M.D. Fla. July 27, 2015) (rejecting plaintiff's testimony during post-dismissal evidentiary hearing that he did not bring action in bad faith based on his "demeanor").

Because the R&R limited its analysis to the pleadings, it concluded that Rule 11 was sufficient to address Plaintiff's misconduct.[7] But Rule 11 does not reach false statements made in depositions or written discovery responses. *See Peer v. Lewis*, No. 06-60146-CIV-TORRES, 2013 WL 1345477, at *9 (S.D. Fla. Apr. 3, 2013) ("Rule 11 sanctions are limited to conduct concerning papers filed in court." (cleaned up)). The R&R thus incorrectly concluded that Rule 11 could address Plaintiff's misconduct.

Furthermore, the R&R erred in discounting the significance or relevance of Plaintiff re-alleging them repeatedly in discovery. *See id.* at 24 (narrowly characterizing Plaintiff's false statements as relevant to either the first complaint or amended complaint). In doing so, however, the R&R also declined to examine evidence already on the record before Plaintiff's voluntary dismissal. *See* Doc. 194 at 18 (citing and discussing Plaintiff's deposition, which was filed on the record before dismissal). The Plaintiff's allegations that he was not home during the 2017 party and never met A.B., *see* Doc. 217 at 24, are not white lies. Indeed, these falsehoods undermine Plaintiff's entire

---

[7] Thus, although the R&R states in a footnote that it considered the Greenbergs' allegations that Plaintiff reiterated false statements during discovery, Doc. 217 at 24 n.14, the R&R could not have fully considered those statements because they were only reflected in the evidence supporting the Entitlement Motion—which the Court expressly did not consider, *id.* at 27.

theory of this case. These allegations, whether repeated in a complaint or not, go directly to the issues of causation and whether there was any evidence of a conspiracy at all. In other words, the truth of the allegations Plaintiff made in his initial complaint did not become irrelevant when they were dropped in his amended complaint; rather, they remained highly relevant to the issue of whether there was a conspiracy to falsely accuse him of misconduct—an issue that all parties hotly litigated in discovery.

These interrelated errors led the R&R to view the misconduct at issue as misstatements in "certain, cherry-picked allegations in a 498-paragaph pleading." Doc. 217 at 26. But that is not the misconduct alleged; Plaintiff lied in complaints in federal court, lied during discovery, and then continued those lies in state court. This is the exact behavior the Court's inherent powers are meant to reach. *Chambers*, 501 U.S. at 50–51. Finally, this Court should exercise its inherent power to sanction the Plaintiff to avoid an aftermath where individuals can use civil litigation to chill the testimony of criminal defendants and punish victims.

For these reasons, Joel Greenberg respectfully requests that the Court reject the R&R's recommendation that it decline to impose sanctions under its inherent power.

## CONCLUSION

For all of these reasons, Joel Greenberg respectfully requests that the Court reject the recommendations of the R&R. Mr. Greenberg requests oral argument.

Dated: February 6, 2025.   Respectfully submitted,

*/s/ Fritz Scheller*
Fritz Scheller

10

## CERTIFICATE OF SERVICE

On February 6, 2025, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all parties of record.

/s/ *Fritz Scheller*
Fritz Scheller
Florida Bar No. 183113
200 E. Robinson St., Suite 1150
Orlando, Florida 32801
PH:   (407) 792-1285
FAX:  (407) 649-1657
Email: fscheller@flusalaw.com
*Attorney for Defendant, Joel Greenberg*